DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
KARUN A. TILAK, SBN 323939
JESSE E. LANIER, SBN  303395
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4223
Facsimile: (415) 437-4644
E-Mail:  Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF TUCSON; and CITY OF SAN DIEGO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her Official Capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity,<br><br>    Defendants. | Case No. 25-cv-09277-JD<br><br>**DECLARATION OF CAPTAIN SEAN FROST IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:          Honorable James Donato<br>Place:          Courtroom 11<br><br>Date Filed:    October 28, 2025<br>Trial Date:    None Set |

I, Sean Frost, declare as follows

1.     I am a resident of the State of California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

2.     I have been a sworn officer in the San Francisco Police Department ("SFPD") since 2005.  In 2024, I was promoted to Captain.  Previously, I served as the commanding officer of the Homeland Security Unit in the Special Operations Bureau.  During my service, I have worked in patrol, investigative, and street crime plainclothes assignments.

3.     SFPD is the municipal law enforcement agency with primary law enforcement authority for the public safety of the more than 800,000 residents and thousands of visitors in San Francisco.

4.     In my role as Captain of the Staff Services Division, I am responsible for the recruitment, background investigations, and hiring process, and ensuring that we are preforming these functions in pursuit of reaching full staffing for our department.  Full staffing will alleviate pressure on our budget because it will reduce our overtime usage and improve officer wellness because officers will not be working as many additional hours with a fully staffed department.

5.     SFPD's recommended staffing level to meet its current operational needs is 2,257 sworn officers.  However, for several years, SFPD has faced critical staffing shortages.  For example, in June 2025, SFPD was over 690 sworn officers short of its recommended staffing level (a deficit of approximately 30%).  To make up for this gap, SFPD has largely relied on overtime to meet the public safety needs of the city, which is both more costly for the City and more burdensome on SFPD officers.

6.     Because overtime pay for SFPD officers is one-and-one half (1.5) times their base pay rate, reliance on overtime is costly for the City.  By way of illustration, in fiscal year 2024-25, the City spent over $97 million on paying officers for overtime hours.  Had SFPD been fully staffed, overtime pay costs would have likely been significantly lower.

7.     Overreliance on overtime work is also burdensome on officers and hurts officer morale—making it more difficult for officers to take time off for vacation, to take sick leave without

overburdening their fellow officers, or to feel like they have meaningful regular periods to recharge in between shifts.  This can also result in unanticipated attrition such as officers retiring earlier than they otherwise would have due to the requirements to work additional hours.

8.    In fiscal year 2019-20, the city had an overtime budget of $26 million dollars and over 1,800 full duty sworn members. However, as of October 2025, the number has dwindled to 1,620, representing a substantial loss of over 209 members.  This decline can be attributed to the departure of over 200 members during fiscal year 2021-22. This significant reduction in the number of full-time sworn officers is directly linked to the increase in overtime expenditure that has continued to increase. Coupled with the nationwide shortage of police officers and the challenges associated with hiring, we are compelled to continue relying on overtime to maintain minimum staffing levels.

9.    This year, the City has prioritized increasing staffing levels for SFPD and other local public safety agencies, and SFPD has made significant progress toward recruiting and retaining new sworn officers.

10.    To date, in 2025 alone, for the first time in five years SFPD's hiring trends result in a net positive headcount relative to attrition in sworn officers.  These concerted hiring have produced impressive results:  the City has seen a decline in crime over 2025, with violent crime down by 18 percent and property crime falling by 28 percent.

11.    COPS Hiring Grants have historically played a vital role in ensuring that SFPD can continue to hire qualified officers to meet its staffing needs and fulfill its public safety mission.

12.    For example, in the fiscal year that ended June 30, 2021, the City received a $6.25 million Hiring Grant.   SFPD used this grant to fund the salaries and fringe benefits of fifty entry-level officers.  Several of these officers were assigned to the Field Operations Bureau, which is responsible for frontline policing and community engagement, including responding to emergency calls, conducting routine patrols, and enforcing traffic laws.  In hiring these entry-level officers, SFPD has worked to ensure that officers are representative of San Francisco's diverse communities, including by recruiting and hiring women officers and officers from under-represented groups.  SFPD recognizes that such diversity not only enriches the department, but also enhances the Department's ability to serve the community.

13.     In 2025, SFPD once again applied for a Hiring Grant to help the Department fund fifty sworn officer positions.  The need for Hiring Grants now is even greater than it was in 2021.  For San Francisco's budget cycle for fiscal years 2025 through 2027, the City had to close a projected $800 million deficit.  The final budget did not cut funding for sworn staff at SFPD.  But outside funding—including from COPS Hiring Grants—is an essential part of the Department's goal of reaching full staffing levels.  In fact, the Hiring Grant SFPD received this year, discussed in greater detail below, will fund approximately 75% of the costs for fifty new officer positions..

14.     SFPD submitted its application for another Hiring Grant on June 27, 2025.  On October 10, 2025, COPS approved SFPD's Hiring Grant application for $6.25 million for the payment of the salaries and fringe benefits of fifty officers and sent to SFPD a Pre-Acceptance Award Package ("SFPD Hiring Grant Award"). A true and correct copy of the SFPD Hiring Grant Award is attached hereto as **Exhibit A**.

15.     If SFPD were unable to accept the Hiring Grant, the Department would need to find another source of funds to support its recruiting and hiring efforts or that SFPD would be unable to hire or rehire fifty sworn officers.   Either option presents profound challenges for the Department and its ability to deliver critical public safety functions for the community.

16.     Finding another source of $6.25 million is a practical impossibility.  To fill that gap, SFPD would have to use additional General Fund money to cover the salaries and benefits for these officers.  However, given the City's budget deficit and strained financial position, using limited General Fund dollars in order to hire the additional fifty officers SFPD planned to fund through the Hiring Grant would likely require allocating that money away from other important SFPD services, with potentially negative consequences for public safety in San Francsico.

17.     Forgoing the hiring of additional officers is also untenable.  The hiring of additional officers is critical to maintaining the level of safety, security, and progress that we have achieved on public safety, which we intend to build on.  Adding additional officers would also bring more potential resources to fuel ongoing collaborative efforts with state and federal partners.

18.      Federal and state partnerships are a vital part of SFPD's work to protect public safety in San Francisco and SFPD regularly works with federal and state law enforcement partners on

1  criminal enforcement matters. SFPD values those partnerships and is committed to collaborative

2  efforts to enhance and address critical public safety concerns for the City, such as sex trafficking, drug

3  sales, and violent crime suppression through partnerships with the Bureau of Alcohol, Tobacco,

4  Firearms, and Explosives (ATF), the Drug Enforcement Administration (DEA), U.S. Marshals

5  Service, and Federal Bureau of Investigation (FBI).

6

7  I declare under penalty of perjury that the foregoing is true and correct and that this declaration was

8  executed on November 12TH, 2025 at San Francisco, California.

9

10

11                                     Sean Frost

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF CAPT. SEAN FROST; CASE NO. 25-CV-        5        n:\cxlit\li2025\260341\01875857.docx
09277

# Exhibit A



# Department of Justice (DOJ)

### Office of Community Oriented Policing Services (COPS Office)

*Washington, D.C. 20531*

| | |
|---|---|
| **Name and Address of Recipient:** | CITY & COUNTY OF SAN FRANCISCO<br>1245 3RD ST<br>FL 6 |
| **City, State and Zip:** | SAN FRANCISCO, CA 94158 |
| **Recipient UEI:** | SRZKDWN293M2 |

| | |
|---|---|
| **Project Title:** FY25 COPS Hiring Program | **Award Number:** 15JCOPS-25-GG-00974-UHPX |
| **Solicitation Title:** FY25 COPS Hiring Program | |
| **Federal Award Amount:** $6,250,000.00 | **Federal Award Date:** 10/10/25 |

| | |
|---|---|
| **Awarding Agency:** | Office of Community Oriented Policing Services |
| **Award Type:**<br>**Funding Instrument Type:** | Initial<br>Grant |

**Opportunity Category:** D
**Assistance Listing:**
16.068 - COPS Hiring Program

| | |
|---|---|
| **Project Period Start Date:** 10/1/25 | **Project Period End Date:** 9/30/30 |
| **Budget Period Start Date:** 10/1/25 | **Budget Period End Date:** 9/30/30 |

**Project Description:**
The FY25 COPS Hiring Program (CHP) provides funding to law enforcement agencies to hire and/or rehire additional career law enforcement officers in an effort to increase their community policing capacity and crime prevention efforts. Anticipated outcomes of CHP awards include engagement in planned community partnerships, implementation of projects to analyze and assess problems, implementation of changes to personnel and agency management in support of community policing, and increased capacity of agency to engage in community policing activities

## Award Letter

October 10, 2025

Dear Paul Yep,

On behalf of Attorney General Pamela Bondi, it is my pleasure to inform you the Office of Community Oriented Policing Services (the COPS Office) has approved the application submitted by  CITY & COUNTY OF SAN FRANCISCO  for an award under the funding opportunity entitled 2025 FY25 COPS Hiring Program. The approved award amount is $6,250,000.
Review the Award Instrument below carefully and familiarize yourself with all conditions and requirements before accepting your award. The Award Instrument includes the Award Offer (Award Information, Project Information, Financial Information, and Award Conditions) and Award Acceptance. For COPS Office and OVW funding the Award Offer also includes any Other Award Documents.

Please note that award requirements include not only the conditions and limitations set forth in the Award Offer, but also compliance with assurances and certifications that relate to conduct during the period of performance for the award. These requirements encompass financial, administrative, and programmatic matters, as well as other important matters (e.g., specific restrictions on use of funds). Therefore, all key staff should receive the award conditions, the

assurances and certifications, and the application as approved by the COPS Office, so that they understand the award requirements. Information on all pertinent award requirements also must be provided to any subrecipient of the award.

Should you accept the award and then fail to comply with an award requirement, DOJ will pursue appropriate remedies for non-compliance, which may include termination of the award and/or a requirement to repay award funds.

Prior to accepting the award, your Entity Administrator must assign a Financial Manager, Grant Award Administrator, and Authorized Representative(s) in the Justice Grants System (JustGrants). The Entity Administrator will need to ensure the assigned Authorized Representative(s) is current and has the legal authority to accept awards and bind the entity to the award terms and conditions. To accept the award, the Authorized Representative(s) must accept all parts of the Award Offer in the Justice Grants System (JustGrants), including by executing the required declaration and certification, within 45 days from the award date.

To access your funds, you will need to enroll in the Automated Standard Application for Payments (ASAP) system, if you haven't already completed the enrollment process in ASAP. The Entity Administrator should have already received an email from ASAP to initiate this process.

Congratulations, and we look forward to working with you.


Cory D. Randolph
COPS Acting Director

## Office for Civil Rights Notice for All Recipients

The Office for Civil Rights (OCR), Office of Justice Programs (OJP), U.S. Department of Justice (DOJ) enforces federal civil rights laws and other provisions that prohibit discrimination by recipients of federal financial assistance from OJP, the Office of Community Oriented Policing Services (COPS), and the Office on Violence Against Women (OVW).

Several civil rights laws, including Title VI of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act of 1973, require recipients of federal financial assistance (recipients) to give assurances that they will comply with those laws.  Taken together, these and other civil rights laws prohibit recipients from discriminating in the provision of services and employment because of race, color, national origin, religion, disability, and sex or from discriminating in the provision of services on the bases of age.

Some recipients of DOJ financial assistance have additional obligations to comply with other applicable nondiscrimination provisions like the Omnibus Crime Control and Safe Streets Act of 1968, which prohibits discrimination on the basis of religion in addition to race, color, national origin, and sex.  Recipients may also have related requirements regarding the development and implementation of equal employment opportunity programs.

OCR provides technical assistance, training, and other resources to help recipients comply with civil rights obligations. Further, OCR administratively enforces civil rights laws and nondiscrimination provisions by investigating DOJ recipients that are the subject of discrimination complaints.  In addition, OCR conducts compliance reviews of DOJ recipients based on regulatory criteria.  These investigations and compliance reviews permit OCR to evaluate whether DOJ recipients are providing services to the public and engaging in employment practices in a nondiscriminatory manner.

For more information about OCR, your civil rights and nondiscrimination responsibilities, how to notify your employees or beneficiaries of their civil rights protections and how to file a complaint, as well as technical assistance, training, and other resources, please visit www.ojp.gov/program/civil-rights-office/outreach.  If you would like OCR to assist you in fulfilling your civil rights or nondiscrimination responsibilities, please contact us at askOCR@ojp.usdoj.gov or www.ojp.gov/program/civil-rights-office/about#ocr-contacts.

## Award Information

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

**Recipient Information**

**Recipient Name**

**UEI**
SRZKDWN293M2                          **ORI Number**

**Street 1**                          **Street 2**
1245 3RD ST                           FL 6

**City**                              **State/U.S. Territory**
SAN FRANCISCO                         California

**Zip/Postal Code**                   **Country**
94158                                 United States

**County/Parish**                     **Province**

**Award Details**

**Federal Award Date**                **Award Type**
10/10/25                              Initial

**Award Number**                      **Supplement Number**
15JCOPS-25-GG-00974-UHPX              00

**Federal Award Amount**              **Funding Instrument Type**
$6,250,000.00                         Grant

| Assistance Listing Number | Assistance Listings Program Title |
|---|---|
| 16.068 | COPS Hiring Program |

| Statutory Authority |
|---|
| The Public Safety Partnership and Community Policing Act of 1994, 34 U.S.C. § 10381 et seq |

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

**Project Information**

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

**Solicitation Title**                **Awarding Agency**
2025 FY25 COPS Hiring Program         COPS

**Application Number**

GRANT14447390

| Grant Manager Name | Phone Number | E-mail Address |
|---|---|---|
| Tammy Richardson | 202-598-6908 | tammy.richardson2@usdoj.gov |

**Project Title**
FY25 COPS Hiring Program

**Performance Period Start Date**
10/01/2025

**Performance Period End Date**
09/30/2030

**Budget Period Start Date**
10/01/2025

**Budget Period End Date**
09/30/2030

**Project Description**
The FY25 COPS Hiring Program (CHP) provides funding to law enforcement agencies to hire and/or rehire additional career law enforcement officers in an effort to increase their community policing capacity and crime prevention efforts. Anticipated outcomes of CHP awards include engagement in planned community partnerships, implementation of projects to analyze and assess problems, implementation of changes to personnel and agency management in support of community policing, and increased capacity of agency to engage in community policing activities

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Financial Information

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

A financial analysis of budgeted costs has been completed. All costs listed in the approved budget below were programmatically approved based on the final proposed detailed budget and budget narratives submitted by your agency to the COPS Office. Any adjustments or edits to the proposed budget are explained below.

Budget Clearance Date:          9/15/25 5:42 PM

| Comments |
|---|
| No items |

## Budget Summary

| Budget Category | Proposed Budget | Change | Approved Budget | Percentage |
|---|---|---|---|---|
| Sworn Officer Positions: | $24,314,077 | $23 | $24,314,100 | |
| Civilian or Non-Sworn Personnel: | $0 | $0 | $0 | |
| Travel: | $0 | $0 | $0 | |
| Equipment: | $0 | $0 | $0 | |

| | | | |
|---|---|---|---|
| Supplies: | $0 | $0 | $0 |
| SubAwards: | $0 | $0 | $0 |
| Procurement Contracts: | $0 | $0 | $0 |
| Other Costs: | $0 | $0 | $0 |
| Total Direct Costs: | $24,314,077 | $23 | $24,314,100 |
| Indirect Costs: | $0 | $0 | $0 |
| Total Project Costs: | $24,314,077 | $23 | $24,314,100 |
| Federal Funds: | $6,250,000 | $0 | $6,250,000 | 25.71% |
| Match Amount: | $18,064,100 | $0 | $18,064,100 | 74.29% |
| Program Income: | $0 | $0 | $0 | 0.00% |

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Award Conditions

**This award is offered subject to the conditions or limitations set forth in the Award Information, Project Information, Financial Information, and Award Conditions.**

**Condition 1**
Restrictions on Internal Confidentiality Agreements: No recipient or subrecipient under this award, or entity that receives a contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts the lawful reporting of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information. Full-Year Continuing Appropriations and Extensions Act, 2025, Public Law 119-4; Further Consolidated Appropriations Act, 2024, Public Law 118-47, Division B, Title VII, Section 742.

**Condition 2**
Compliance with 8 U.S.C. § 1373: Authority to obligate or expend contingent on compliance with this condition. State or local government entity recipients of this award, and any subrecipient of this award at any tier that is an entity of a State or of a unit of local government, must comply with 8 U.S.C. §1373, which provides that such entities may not prohibit, or in any way restrict, any government entity or official from sending to, receiving from, maintaining, or exchanging information regarding citizenship or immigration status, lawful or unlawful, of any individual with components of the U.S. Department of Homeland Security or any other federal, state or local government entity. This includes any prohibitions or restrictions imposed or established by a State or local government entity or official.

Any obligations or expenditures of a recipient or subrecipient that are impermissible under this condition shall be unallowable costs for purposes of this award.

References to the Immigration and Naturalization Service in 8 U.S.C. 1373 are to be read, as a legal matter, as references to components of the U.S. Department of Homeland Security.

**Condition 3**
Federal Civil Rights and Nondiscrimination Laws (certification): The recipient agrees that its compliance with all applicable Federal civil rights and nondiscrimination laws is material to the government's decision to make this award and any payment thereunder, including for purposes of the False Claims Act (31 U.S.C. 3729-3730 and 3801-3812),

and, by accepting this award, certifies that it does not operate any programs (including any such programs having components relating to diversity, equity, and inclusion) that violate any applicable Federal civil rights or nondiscrimination laws.

## Condition 4
Federal Laws, Presidential Memoranda, and Executive Orders: Recipients of grant funding must comply with all applicable federal laws and Presidential Memoranda and all Executive Orders by the President.

## Condition 5
Award Monitoring Activities: Federal law requires that recipients receiving federal funding from the COPS Office must be monitored to ensure compliance with their award conditions and other applicable statutes and regulations. The COPS Office is also interested in tracking the progress of our programs and the advancement of community policing. Both aspects of award implementation—compliance and programmatic benefits—are part of the monitoring process coordinated by the U.S. Department of Justice. Award monitoring activities conducted by the COPS Office include site visits, enhanced office-based grant reviews, alleged noncompliance reviews, financial and programmatic reporting, and audit resolution. As a COPS Office award recipient, you agree to cooperate with and respond to any requests for information pertaining to your award. This includes all financial records, such as general accounting ledgers and all supporting documents. All information pertinent to the implementation of the award is subject to agency review throughout the life of the award, during the close-out process and for three-years after the submission of the final expenditure report. 2 C.F.R. §§ 200.334 and 200.337, and, as applicable, 34 U.S.C. § 10385(a).

## Condition 6
Authorized Representative Responsibility: The recipient understands that, in accepting this award, the Authorized Representatives declare and certify, among other things, that they possess the requisite legal authority to accept the award on behalf of the recipient entity and, in so doing, accept (or adopt) all material requirements throughout the period of performance under this award. The recipient further understands, and agrees, that it will not assign anyone to the role of Authorized Representative during the period of performance under the award without first ensuring that the individual has the requisite legal authority.

## Condition 7
Contract Provision: All contracts made by the award recipients under the federal award must contain the provisions required under 2 C.F.R. Part 200, Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards. Please see appendices in the Award Owner's Manual for a full text of the contract provisions.

## Condition 8
Award Owner's Manual: The recipient agrees to comply with the terms and conditions in the applicable award year COPS Office Program Award Owner's Manual; DOJ Grants Financial Guide; COPS Office statute (34 U.S.C. § 10381, et seq.) as applicable; Students, Teachers, and Officers Preventing (STOP) School Violence Act of 2018 (34 U.S.C. § 10551, et seq.) as applicable; the requirements of 2 C.F.R. Part 200 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards), including subsequent changes, as adopted by the U.S. Department of Justice in 2 C.F.R. § 2800.101; 48 C.F.R. Part 31 (FAR Part 31) as applicable (Contract Cost Principles and Procedures); the Cooperative Agreement as applicable; representations made in the application; and all other applicable program requirements, laws, orders, regulations, or circulars.

Failure to comply with one or more award requirements may result in remedial action including, but not limited to, withholding award funds, disallowing costs, suspending, or terminating the award, or other legal action as appropriate.

Should any provision of a condition of this award be held to be invalid or unenforceable by its terms, then that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law (to any person or circumstance) under this award. Should it be held, instead, that a condition (or a provision thereof) is of utter invalidity or unenforceability, such condition (or such provision) shall be deemed severable from this award.

## Condition 9
Federal Civil Rights: The recipient and any subrecipient must comply with applicable federal civil rights and nondiscrimination statutes and regulations including: Section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d),

as implemented in Subparts C and D of 28 C.F.R. Part 42; section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), as implemented in Subpart G of 28 C.F.R. Part 42; section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681), as implemented in Subpart D of 28 C.F.R. Parts 42 and 54; section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102), as implemented in Subpart I of 28 C.F.R. Part 42; and section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)), as implemented in Subpart D of 28 C.F.R. Part 42. In addition to applicable federal statutes and regulations that pertain to civil rights and nondiscrimination, the recipient and any subrecipient must comply with the requirements in 28 C.F.R. Parts 22 (Confidentiality of Identifiable Research and Statistical Information); 28 C.F.R. Part 23 (Criminal Intelligence Systems Operating Policies); 28 C.F.R. Part 38 (Partnerships with Faith-Based and Other Neighborhood Organizations); and 28 C.F.R. Part 46 (Protection of Human Subjects). For an overview of the civil rights laws and nondiscrimination requirements in connection with your award, please see https://www.ojp.gov/program/civil-rights/overview.

**Condition 10**
Duplicative Funding: The recipient understands and agrees to notify the COPS Office if it receives, from any other source, funding for the same item or service also funded under this award.

**Condition 11**
Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and COPS Office authority to terminate award): The recipient and subrecipient agree to comply with the following requirements of 2 C.F.R. Part 175, Appendix A to Part 175 – Award Term:
I. Trafficking in Persons
(a) Provisions applicable to a recipient that is a private entity. (1) Under this award, the
recipient, its employees, subrecipients under this award, and subrecipient's employees must not engage in:
(i) Severe forms of trafficking in persons;
(ii) The procurement of a commercial sex act during the period of time that this award
or any subaward is in effect;
(iii) The use of forced labor in the performance of this award or any subaward; or
(iv) Acts that directly support or advance trafficking in persons, including the following acts:
(A) Destroying, concealing, removing, confiscating, or otherwise denying an employee access to that employee's identity or immigration documents;
(B) Failing to provide return transportation or pay for return transportation costs to an employee from a country outside the United States to the country from which the employee was recruited upon the end of employment if requested by the employee, unless:
(1) Exempted from the requirement to provide or pay for such return transportation by the Federal department or agency providing or entering into the grant or cooperative agreement; or
(2) The employee is a victim of human trafficking seeking victim services or legal redress in the country of employment or a witness in a human trafficking enforcement action;
(C) Soliciting a person for the purpose of employment, or offering employment, by means of materially false or fraudulent pretenses, representations, or promises regarding that employment;
(D) Charging recruited employees a placement or recruitment fee;
(E) Providing or arranging housing that fails to meet the host country's housing and safety standards.
(2) The Federal agency may unilaterally terminate this award or take any remedial
actions authorized by 22 U.S.C. 7104(c), without penalty, if any private entity under this award:
(i) Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or
(ii) Has an employee that is determined to have violated a prohibition in paragraph
(a)(1) of this this appendix through conduct that is either:
(A) Associated with the performance under this award; or
(B) Imputed to the recipient or the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in 2 CFR part 180, ''OMB
Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement),'' as implemented by DOJ at 2 C.F.R. Part 2867.
(b) Provision applicable to a recipient other than a private entity. (1) The Federal agency
may unilaterally terminate this award or take any remedial actions authorized by 22 U.S.C.
7104b(c), without penalty, if a subrecipient that is a private entity under this award:
(i) Is determined to have violated a prohibition in paragraph (a)(1) of this
appendix; or
(ii) Has an employee that is determined to have violated a prohibition in paragraph
(a)(1) of this appendix through conduct that is either:

(A) Associated with the performance under this award; or

(B) Imputed to the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in 2 CFR part 180, ''OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement),'' as implemented by 2 C.F.R. Part 2867.

(c) Provisions applicable to any recipient.

(1) The recipient must inform the Federal agency and the Inspector General of the Federal agency immediately of any information you receive from any source alleging a violation of a prohibition in paragraph (a)(1) of this appendix.

(2) The Federal agency's right to unilaterally terminate this award as described in paragraphs (a)(2) or (b)(1) of this appendix:

(i) Implements the requirements of 22 U.S.C. 78, and

(ii) Is in addition to all other remedies for noncompliance that are available to the Federal agency under this award.

(3) The recipient must include the requirements of paragraph (a)(1) of this award term in any subaward it makes to a private entity.

(4) If applicable, the recipient must also comply with the compliance plan and certification requirements in 2 CFR 175.105(b).

(d) Definitions. For purposes of this award term:

Employee means either:

(1) An individual employed by the recipient or a subrecipient who is engaged in the performance of the project or program under this award; or

(2) Another person engaged in the performance of the project or program under this award and not compensated by the recipient including, but not limited to, a volunteer or individual whose services are contributed by a third party as an in-kind contribution toward cost sharing requirements.

Private Entity means any entity, including for-profit organizations, nonprofit organizations, institutions of higher education, and hospitals. The term does not include foreign public entities, Indian Tribes, local governments, or states as defined in 2 CFR 200.1.

The terms ''severe forms of trafficking in persons,'' ''commercial sex act,'' ''sex trafficking,'' ''Abuse or threatened abuse of law or legal process,'' ''coercion,'' ''debt bondage,'' and ''involuntary servitude'' have the meanings given at section 103 of the TVPA, as amended (22 U.S.C. 7102).


**Condition 12**

Termination: Recipient understands and agrees that the COPS Office may terminate funding, in whole or in part, for the following reasons:

(1) When the recipient fails to comply with the terms and conditions of a Federal award.

(2) When the recipient agrees to the termination and termination conditions.

(3) When the recipient provides the COPS Office written notification requesting termination including the reasons, effective date, and the portion of the award to be terminated. The COPS Office may terminate the entire award if the remaining portion will not accomplish the purposes of the award.

(4) Pursuant to any other award terms and conditions, including, when an award no longer effectuates the program goals or agency priorities to the extent such termination is authorized by law.

2. C.F.R. § 200.340.


**Condition 13**

Recipient Integrity and Performance Matters: For awards over $500,000, the recipient agrees to comply with the following requirements of 2 C.F.R. Part 200, Appendix XII to Part 200 – Award Term and Condition for Recipient Integrity and Performance Matters:

I. Reporting of Matters Related to Recipient Integrity and Performance

(a) General Reporting Requirement.

(1) If the total value of your active grants, cooperative agreements, and procurement contracts from all Federal agencies exceeds $10,000,000 for any period of time during the period of performance of this Federal award, then you as the recipient must ensure the information available in the responsibility/qualification records through the System for Award Management (SAM.gov), about civil, criminal, or administrative proceedings described in paragraph (b) of this award term is current and complete. This is a statutory requirement under section 872 of Public Law 110–417, as amended (41 U.S.C. 2313). As required by section 3010 of Public Law 111– 212, all information posted in responsibility/qualification records in SAM.gov on or after April 15, 2011 (except past performance reviews required for Federal procurement contracts) will be publicly available.

(b) Proceedings About Which You Must Report.

(1) You must submit the required information about each proceeding that—
(i) Is in connection with the award or performance of a grant, cooperative agreement, or procurement contract from the Federal Government;
(ii) Reached its final disposition during the most recent five-year period; and
(iii) Is one of the following—
(A) A criminal proceeding that resulted in a conviction;
(B) A civil proceeding that resulted in a finding of fault and liability and payment of a monetary fine, penalty, reimbursement, restitution, or damages of $5,000 or more;
(C) An administrative proceeding that resulted in a finding of fault and liability and your payment of either a monetary fine or penalty of $5,000 or more or reimbursement, restitution, or damages in excess of $100,000; or
(D) Any other criminal, civil, or administrative proceeding if—
(1) It could have led to an outcome described in paragraph (b)(1)(iii)(A) through (C);
(2) It had a different disposition arrived at by consent or compromise with an acknowledgment of fault on your part; and
(3) The requirement in this award term to disclose information about the proceeding does not conflict with applicable laws and regulations.
(c) Reporting Procedures. Enter the required information in SAM.gov for each proceeding described in paragraph (b) of this award term. You do not need to submit the information a second time under grants and cooperative agreements that you received if you already provided the information in SAM.gov because you were required to do so under Federal procurement contracts that you were awarded.
(d) Reporting Frequency. During any period of time when you are subject to the requirement in paragraph (a) of this award term, you must report proceedings information in SAM.gov for the most recent five-year period, either to report new information about a proceeding that you have not reported previously or affirm that there is no new information to report. If you have Federal contract, grant, and cooperative agreement awards with a cumulative total value greater than $10,000,000, you must disclose semiannually any information about the criminal, civil, and administrative proceedings.
(e) Definitions. For purposes of this award term—
Administrative proceeding means a nonjudicial process that is adjudicatory in nature to make a determination of fault or liability (for example, Securities and Exchange Commission Administrative proceedings, Civilian Board of Contract Appeals proceedings, and Armed Services Board of Contract Appeals proceedings). This includes proceedings at the Federal and State level but only in connection with the performance of a Federal contract or grant. It does not include audits, site visits, corrective plans, or inspection of deliverables.
Conviction means a judgment or conviction of a criminal offense by any court of competent jurisdiction, whether entered upon a verdict or a plea, and includes a conviction entered upon a plea of nolo contendere. Total value of currently active grants, cooperative agreements, and procurement contracts includes the value of the Federal share already received plus any anticipated Federal share under those awards (such as continuation funding).


**Condition 14**
Reporting Subawards and Executive Compensation: The recipient agrees to comply with the following requirements of 2 C.F.R. Part 170, Appendix A to Part 170 – Award Term:
I. Reporting Subawards and Executive Compensation
(a) Reporting of first-tier subawards—(1) Applicability. Unless the recipient is exempt as provided in paragraph (d) of this award term, the recipient must report each subaward that equals or exceeds $30,000 in Federal funds for a subaward to an entity or Federal agency. The recipient must also report a subaward if a modification increases the Federal funding to an amount that equals or exceeds $30,000. All reported subawards should reflect the total amount of the
subaward.
(2) Reporting Requirements. (i) The entity or Federal agency must report each subaward described in paragraph (a)(1) of this award term to the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) at http://www.fsrs.gov.
(ii) For subaward information, report no later than the end of the month following the month in which the subaward was issued. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025).
(b) Reporting total compensation of recipient executives for entities—(1) Applicability. The recipient must report the total compensation for each of the recipient's five most highly compensated executives for the preceding completed fiscal year if:
(i) The total Federal funding authorized to date under this Federal award equals or
exceeds $30,000;
(ii) in the preceding fiscal year, the recipient received:
(A) 80 percent or more of the recipient's annual gross revenues from Federal procurement contracts (and

subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and

(B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,

(iii) The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986 after receiving this subaward. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at http://www.sec.gov/answers/execomp.htm.)

(2) Reporting Requirements. The recipient must report executive total compensation described in paragraph (b)(1) of this appendix:

(i) As part of the recipient's registration profile at https://www.sam.gov.

(ii) No later than the month following the month in which this Federal award is made, and annually after that. (For example, if this Federal award was made on November 7,

2025, the executive total compensation must be reported by no later than December 31,

2025.)

(c) Reporting of total compensation of subrecipient executives—(1) Applicability. Unless a first-tier subrecipient is exempt as provided in paragraph (d) of this appendix, the recipient must report the executive total compensation of each of the subrecipient's five most highly compensated executives for the subrecipient's preceding completed fiscal year, if:

(i) The total Federal funding authorized to date under the subaward equals or exceeds $30,000;

(ii) In the subrecipient's preceding fiscal year, the subrecipient received:

(A) 80 percent or more of its annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,

(B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts), and Federal awards (and subawards) subject to the Transparency Act; and

(iii) The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986 after receiving this subaward. (To determine if the public has access to the compensation information, see

the U.S. Security and Exchange Commission total compensation filings at http://www.sec.gov/answers/execomp.htm.)

(2) Reporting Requirements. Subrecipients must report to the recipient their executive total compensation described in paragraph

(c)(1) of this appendix. The recipient is required to submit this information to the

Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) at http://www.fsrs.gov no later than the end of the month following the month in which the subaward was made. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025).

(d) Exemptions. (1) A recipient with gross income under $300,000 in the previous tax year is exempt from the requirements to report:

(i) Subawards, and

(ii) The total compensation of the five most highly compensated executives of any subrecipient.

(e) Definitions. For purposes of this award term:

Entity includes:

(1) Whether for profit or nonprofit:

(i) A corporation;

(ii) An association;

(iii) A partnership;

(iv) A limited liability company;

(v) A limited liability partnership;

(vi) A sole proprietorship;

(vii) Any other legal business entity;

(viii) Another grantee or contractor that is not excluded by subparagraph (2); and

(ix) Any State or locality;

(2) Does not include:

(i) An individual recipient of Federal financial assistance; or

(ii) A Federal employee.

Executive means an officer, managing partner, or any other employee holding a management position.

Subaward has the meaning given in 2 CFR200.1.

Subrecipient has the meaning given in 2CFR 200.1.

Total Compensation means the cash and noncash dollar value an executive earns during an entity's preceding fiscal year. This includes all items of compensation as prescribed in 17 CFR 229.402(c)(2).

**Condition 15**
Assurances and Certifications: The recipient acknowledges its agreement to comply with the Assurances and Certifications forms that were signed as part of its application.

**Condition 16**
Conflict of Interest: Recipients and subrecipients must disclose in writing to the COPS Office or pass-through entity, as applicable, any potential conflict of interest affecting the awarded federal funding in 2 C.F.R. § 200.112.

**Condition 17**
Debarment and Suspension: The recipient agrees not to award federal funds under this program to any party which is debarred or suspended from participation in federal assistance programs. 2 C.F.R. Part 180 (Government-wide Nonprocurement Debarment and Suspension) and 2 C.F.R. Part 2867 (DOJ Nonprocurement Debarment and Suspension).

**Condition 18**
Equal Employment Opportunity Plan (EEOP): Please see the Office for Civil Rights website https://www.ojp.gov/eeop-notice for current information on the recipient's responsibilities related to the federal regulations pertaining to the development and implementation of an Equal Employment Opportunity Plan.

**Condition 19**
Employment Eligibility: The recipient agrees to complete and keep on file, as appropriate, the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS) Employment Eligibility Verification Form (I-9). This form is to be used by recipients of federal funds to verify that persons are eligible to work in the United States. Immigration Reform and Control Act of 1986 (IRCA), Public Law 99-603.

**Condition 20**
Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information: Recipients and subrecipients agree not to discharge, demote, or otherwise discriminate against an employee as reprisal for the employee disclosing information that he or she reasonably believes is evidence of gross mismanagement of a federal contract or award, a gross waste of federal funds, an abuse of authority relating to a federal contract or award, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or award. Recipients and subrecipients also agree to provide to their employees in writing (in the predominant native language of the workforce) of the rights and remedies provided in 41 U.S.C. § 4712. Please see appendices in the Award Owner's Manual for a full text of the statute.

**Condition 21**
False Statements: False statements or claims made in connection with COPS Office awards may result in fines, imprisonment, debarment from participating in federal awards or contracts, and/or any other remedy available by law. 31 U.S.C. § 3729-3733.

**Condition 22**
Mandatory Disclosure: Recipients and subrecipients must timely disclose in writing to the Federal awarding agency or pass-through entity, as applicable, all federal criminal law violations involving fraud, bribery, or gratuity that may potentially affect the awarded federal funding. Recipients that receive an award over $500,000 must also report certain civil, criminal, or administrative proceedings in SAM and are required to comply with the Term and Condition for Recipient Integrity and Performance Matters as set out in 2 C.F.R. Part 200, Appendix XII to Part 200. Failure to make required disclosures can result in any of the remedies, including suspension and debarment, described in 2 C.F.R. § 200.339. 2 C.F.R. § 200.113.

**Condition 23**
Reports/Performance Goals: To assist the COPS Office in monitoring and tracking the performance of your award,

your agency will be responsible for submitting semi-annual programmatic performance reports that describe project activities during the reporting period and quarterly Federal Financial Reports using Standard Form 425 (SF-425). 2 C.F.R. §§ 200.328 - 200.329. The performance report is used to track your agency's progress in implementing the award, and, as applicable, community policing strategies including gauging the effectiveness of your agency's community policing capacity. The Federal Financial Report is used to track the expenditures of the recipient's award funds on a cumulative basis throughout the life of the award.

**Condition 24**
System for Award Management (SAM.gov) and Universal Identifier Requirements: The recipient agrees to comply with the following requirements of 2 C.F.R. Part 25, Appendix A to Part 25 – Award Term:
I. System for Award Management (SAM.gov) and Universal Identifier Requirements
(a) Requirement for System for Award Management. (1) Unless exempt from this requirement under 2 CFR 25.110, the recipient must maintain a current and active registration in SAM.gov. The recipient's registration must always be current and active until the recipient submits all final reports required under this Federal award or receives the final payment, whichever is later. The recipient must review and update its information in SAM.gov at least annually from the date of its initial registration or any subsequent updates to ensure it is current, accurate, and complete. If applicable, this includes identifying the recipient's immediate and highest-level owner and subsidiaries and providing information about the recipient's predecessors that have received a Federal award or contract within the last three years.
(b) Requirement for Unique Entity Identifier (UEI). (1) If the recipient is authorized to make subawards under this Federal award, the recipient:
(i) Must notify potential subrecipients that no entity may receive a subaward until the entity has provided its UEI to the recipient.
(ii) Must not make a subaward to an entity unless the entity has provided its UEI to the recipient. Subrecipients are not required to complete full registration in SAM.gov to obtain a UEI.
(c) Definitions. For the purposes of this award term:
System for Award Management (SAM.gov) means the Federal repository into which a recipient must provide the information required for the conduct of business as a recipient. Additional information about registration procedures may be found in SAM.gov (currently at https://www.sam.gov).
Unique entity identifier means the universal identifier assigned by SAM.gov to uniquely identify an entity.
Entity is defined at 2 CFR 25.400 and includes all of the following types as defined
in 2 CFR 200.1:
(1) Non-Federal entity;
(2) Foreign organization;
(3) Foreign public entity;
(4) Domestic for-profit organization; and
(5) Federal agency.
Subaward has the meaning given in 2 CFR 200.1.
Subrecipient has the meaning given in 2 CFR 200.1.

**Condition 25**
Additional High-Risk Recipient Requirements: The recipient agrees to comply with any additional requirements that may be imposed during the award performance period if the awarding agency determines that the recipient is a high-risk recipient. 2 C.F.R. § 200.208.

**Condition 26**
Evaluations: The COPS Office may conduct monitoring or sponsor national evaluations of its award programs. The recipient agrees to cooperate with the monitors and evaluators. 34 U.S.C. § 10385(b).

**Condition 27**
Background Investigations: Recipients agree to ensure that each officer(s) hired with CHP funding will be subject to a background investigation, notify the COPS Office upon completion of the background investigation for each officer hired under the CHP award, and cooperate with the COPS Office and provide updates on the status of background investigations upon request. 2 C.F.R. § 200.208
If the COPS Office determines that CHP funds are being used to pay the salary and fringe benefits of an officer who has not undergone a background investigation, the COPS Office may temporarily suspend grant funds in accordance with 2 C.F.R. §200.339 until the agency can demonstrate the background investigation has been completed.

**Condition 28**
Retention: At the time of award application, your agency committed to retaining all sworn officer positions awarded under the CHP award with state and/or local funds for a minimum of 12 months following the conclusion of 36 months of federal funding for each position, over and above the number of locally-funded sworn officer positions that would have existed in the absence of the award. Your agency cannot satisfy the retention requirement by using CHP-funded positions to fill locally-funded vacancies resulting from attrition. 34 U.S.C. § 10382 (c)(8).

**Condition 29**
Allowable Costs Condition: The funding under this project is for the payment of three years (36 months) of approved full-time entry-level salaries and fringe benefits during the five-year (60 months) period of performance. The maximum federal share is $125,000 per officer position (unless a local match waiver is approved) for career law enforcement officer positions hired and/or rehired on or after the official award start date. Any salary and fringe benefit costs higher than entry-level that your agency pays a CHP-funded officer must be paid with local funds. Your agency is required to use CHP award funds for the specific hiring categories awarded. In accordance with 2 C.F.R. § 200.400(g), the recipient or subrecipient must not earn or keep any profit resulting from the award. Funding under this program may be used for the following categories:
• Hiring new officers, which includes filling existing officer vacancies that are no longer funded in your agency's budget;
• Rehiring officers laid off by any jurisdiction as a result of state, local, or Bureau of Indian Affairs (BIA) budget reductions; and/or
• Rehiring officers who were, at the time of award application, scheduled to be laid off (by your jurisdiction) on a specific future date as a result of state, local, or BIA budget reductions.
If your agency's local fiscal conditions have changed and your agency needs to change one or more of the funded hiring categories, your agency should request an award modification and receive prior approval before spending CHP funding under the new category. The approved budget in the award package specifies the amount of CHP funds awarded to your agency. Please note that the salary and fringe benefit costs requested in your CHP application may have been adjusted or removed. Your agency may only be reimbursed for the approved cost categories up to the amounts specified in the approved budget. Only actual allowable costs incurred during the award period will be eligible for reimbursement and drawdown. If your agency experiences any cost savings over the course of the award (for example, your award application overestimated the total entry-level officer salary and fringe benefits package), your agency may not use that excess funding to continue salary payments to the officers beyond 36 months. Any funds remaining after your agency has drawn down for the costs of approved salaries and fringe benefits incurred for each awarded position during the 36-month funding period will be deobligated during the closeout process and should not be spent by your agency.

**Condition 30**
Advancing Department of Justice Priority Problem Focus Areas: This condition applies to agencies that selected one of the following priority crime problem/focus areas to address in their COPS Hiring Program (CHP) application:
• Violent Crime
• Squatting and Encampment Enforcement
• Homeland and Border Security
• Nuisance and Abatement and Quality of Life
• School Based Policing
Your agency understands and agrees to the following: Your agency will implement the one specific community policing plan identified in your CHP award application?
Your agency will address its specific priority crime problem throughout the entire CHP award period?

Your agency will implement any organizational changes identified in its CHP award application;
Your agency will cooperate with any award monitoring by the COPS Office to ensure that it is initiating or enhancing its community policing efforts to address its priority crime problem, which may include your agency having to respond to additional or modified reporting requirements.

**Condition 31**
Supplementing, not Supplanting: State, local, and tribal government recipients must use award funds to supplement, and not supplant, state, local, or Bureau of Indian Affairs (BIA) funds that are already committed or otherwise would have been committed for award purposes (hiring, training, purchases, and/or activities) during the award period. In other words, state, local, and tribal government recipients may not use COPS Office funds to supplant (replace) state, local, or BIA funds that would have been dedicated to the COPS Office-funded item(s) in the absence of the COPS

Office award. 34 U.S.C. § 10384(a).

**Condition 32**
Career Law Enforcement Officer: Officer hiring funds may only be used to pay entry-level salaries and fringe benefits for full-time "career law enforcement officers" for 36 months. The COPS Office's statute defines a "career law enforcement officer" as "a person hired on a permanent basis who is authorized by law or by a State or local public agency to engage in or supervise the prevention, detection, or investigation of violations of criminal laws." 34 U.S.C. §10389(1). A recipient agency may use officer hiring funds to pay the salary and benefits of recruits while in academy training to become "career law enforcement officers" if it is the standard practice of the agency to do so with locally-funded recruits. The State of Alaska, and any Indian tribe or tribal organization in that State, may also use officer hiring funds for a "village public safety officer" defined as "an individual employed as a village public safety officer under the program established by the State pursuant to Alaska Statute 18.65.670." Tribal Law and Order Act of 2010, Pub. L. 111-211, title II, § 247 (a)(2).

**Condition 33**
Local Match: COPS Hiring Program award recipients are required to contribute a local match of at least 25 percent towards the total cost of the approved award project, unless waived in writing by the COPS Office. The local match must be a cash match from funds not previously budgeted for law enforcement purposes and must be paid during the award period. The local match contribution must be made on an increasing basis during each year of the three-year award period, with the federal share decreasing accordingly. 34 U.S.C. § 10381(g).

**Condition 34**
Modifications: Occasionally, a change in an agency's fiscal or law enforcement situation necessitates a change in its COPS Office CHP award. Award modifications under CHP are evaluated on a case-by-case basis in accordance with 2 C.F.R. § 200.308(i). For federal awards in excess of the simplified acquisition threshold (currently $250,000), any modification request involving the reallocation of funding between budget categories that exceed or are expected to exceed 10 percent (10%) of the total approved budget requires prior written approval by the COPS Office. Regardless of the federal award amount or budget modification percentage, any reallocation of funding is limited to approved budget categories. In addition, any budget modification that changes the scope of the project requires prior written approval by the COPS Office. In addition, please be aware that the COPS Office will not approve any modification request that results in an increase of federal funds.

In addition, modification requests should be submitted to the COPS Office when an agency determines that it will need to shift officer positions awarded in one hiring category into a different hiring category and/or reduce the total number of positions awarded. For example, if an agency was awarded CHP funding for two new, additional sworn officer positions, but due to fiscal distress/constraints the agency needs to change the hiring category from the new hire category to the rehire category for officers laid off or scheduled for layoff on a specific future date post-application, the agency would have to request a modification. The COPS Office will only consider a modification request after an agency makes final, approved budget and/or personnel decisions. An agency may implement the modified award following written approval from the COPS Office. Please be aware that the COPS Office will not approve any modification request that results in an increase of federal funds.
During the CHP award period, it may become necessary for an agency to modify its CHP award due to changes in an agency's fiscal or law enforcement situation. Modification requests should be submitted to the COPS Office when an agency determines that it will need to shift officer positions awarded in one hiring category into a different hiring category, reduce the total number of positions awarded, shift funds among benefit categories, and/or reduce the entry-level salary and fringe benefit amounts. For example, an agency may have been awarded CHP funding for 10 new, additional full-time sworn officer positions, but due to severe fiscal distress/constraints, the agency determines it is unable to sustain all 10 positions and must reduce its request to five full-time positions; or an agency may have been awarded CHP funding for two new, additional sworn officer positions, but due to fiscal distress/constraints the agency needs to change the hiring category from the new hire category to the rehire category for officers laid off or scheduled for layoff on a specific future date post-application. Award modifications under CHP are evaluated on a case-by-case basis. The COPS Office will only consider a modification request after an agency makes final, approved budget and/or personnel decisions. An agency may implement the modified award following written approval from the COPS Office. Please be aware that the COPS Office will not approve any modification request that results in an increase of federal funds.

**Condition 35**

School Resource Officer (SRO) Training Requirement: COPS Office-funded SROs are required to complete a 40-hour basic SRO training course from a list of COPS Office-approved providers. Training must be completed no later than nine months after the date shown on the award congratulatory letter or six months from the date of the SRO's hire, whichever comes first. If a COPS Office-funded SRO leaves the recipient agency after completing the training, the recipient agrees to pay for the new SRO, who is assigned to backfill this position, to attend a 40-hour basic training course. The new SRO must complete the training no later than nine months after being placed in the school. If the officer has completed 40-hour basic training within the last 12 months prior to the award date, the condition has been fulfilled. Any longer than 12 months will require the officer to retake the course. The agency must coordinate with the training provider to secure funding to cover registration and travel expenses.

If your agency fails to comply with the SRO basic training within the specified timeframe, the COPS Office may temporarily suspend grant funds or take other remedial actions in accordance with 2 C.F.R. §200.339 until your agency complies with this requirement.

## Condition 36

Extensions: Your agency may request an extension of the 60-month award performance period to receive additional time to implement your award program. Such extensions do not provide additional funding. Any request for an extension will be evaluated on a case-by-case basis. Only those recipients that can provide a reasonable justification for delays will be granted no-cost extensions. Reasonable justifications may include difficulties in filling COPS Office-funded positions, officer turnover, or other circumstances that interrupt the 36-month funding period. An extension allows your agency to compensate for such delays by providing additional time to complete the full 36 months of funding for each position awarded. 2 C.F.R. §§ 200.308(f)(10) and 200.309. Extension requests must be received prior to the end date of the award.

## Condition 37

Contracts and/or MOUs with other Jurisdictions: Sworn law enforcement officer positions awarded must be used for law enforcement activities or services that benefit your agency and the population that it serves. The items funded under the CHP award cannot be utilized by other agencies unless the items benefit the population that your agency serves. Your agency may use items funded under the CHP award to assist other law enforcement agencies under a resource sharing, mutual aid, or other agreement to address multi-jurisdictional issues as described in the agreement.

## Condition 38

Community Policing: Community policing activities to be initiated or enhanced by your agency and the officers funded by this award program were identified and described in your CHP award application. Your agency developed a community policing plan for the CHP award with specific reference to a crime or disorder problem and the following elements of community policing: (a) problem solving—your agency's plan to assess and respond to the problem identified; (b) community partnerships and support, including related governmental and community initiatives that complement your agency's proposed use of CHP funding; and (c) organizational transformation—how your agency will use the funds to reorient its mission to community policing or enhance its involvement in and commitment to community policing. Throughout the CHP award period, your agency is required to implement the community policing plan it set forth in the CHP award application.

The COPS Office defines community policing as a philosophy that promotes organizational strategies that support the systematic use of partnerships and problem-solving techniques to proactively address the immediate conditions that give rise to public safety issues such as crime, social disorder, and fear of crime. CHP awards through the specific officers funded (or an equal number of redeployed veteran officers) must be used to initiate or enhance community policing activities. All newly hired additional or rehired officers (or an equal number of redeployed veteran officers) funded under CHP must implement your agency's approved community policing plan, which you described in your award application.

## Condition 39

Memorandum of Understanding Requirement (for School Resource Officers only)

Recipients using award funding to hire and/or deploy School Resource Officers into schools understand and agree to the following:

• Your agency must submit a signed Memorandum of Understanding (MOU) between the law enforcement agency and the school partner(s) to the COPS Office before obligating or drawing down funds under this award. The MOU must be submitted to the COPS Office within 90 days of the date shown on the award letter. If your agency fails to submit the MOU within the 90 days, the COPS Office may temporarily suspend grant funds in accordance with 2 C.F.R. §200.339 until your agency submits the MOU.

• Your agency's MOU must contain the following information?

o The purpose of the MOU
o Clearly defined roles and responsibilities of the school district and the law enforcement agency, focusing officers' roles on safety
o Information sharing
o Supervision responsibility and chain of command for the SRO
o Signatures
Note: Please refer to the MOU Fact Sheet for a detailed explanation of the requirements under each of the bullets.

[ ] *I have read and understand the information presented in this section of the Federal Award Instrument.*

## Award Acceptance

**Declaration and Certification to the U.S. Department of Justice as to Acceptance**

By checking the declaration and certification box below, I--

A.    Declare to the U.S. Department of Justice (DOJ), under penalty of perjury, that I have authority to make this declaration and certification on behalf of the applicant.

B.    Certify to DOJ, under penalty of perjury, on behalf of myself and the applicant, to the best of my knowledge and belief, that the following are true as of the date of this award acceptance: (1) I have conducted or there was conducted (including by applicant's legal counsel as appropriate and made available to me) a diligent review of all terms and conditions of, and all supporting materials submitted in connection with, this award, including any assurances and certifications (including anything submitted  in connection therewith by a person on behalf of the applicant before, after, or at the time of the application submission and any materials that accompany this acceptance and certification); and (2) I have the legal authority to accept this award on behalf of the applicant.

C.    Accept this award on behalf of the applicant.

D.    Declare the following to DOJ, under penalty of perjury, on behalf of myself and the applicant:  (1) I understand that, in taking (or not taking) any action pursuant to this declaration and certification, DOJ will rely upon this declaration and certification as a material representation; and (2) I understand that any materially false, fictitious, or fraudulent information or statement in this declaration and certification (or concealment or omission of a material fact as to either) may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271-10273), and also may subject me and the applicant to civil penalties and administrative remedies under the federal False Claims Act (including under 31 U.S.C. §§ 3729-3730 and/or §§ 3801-3812) or otherwise.

**Agency Approval**

| **Title of Approving Official** | **Name of Approving Official** | **Signed Date And Time** |
|---|---|---|
| COPS Acting Director | Cory D. Randolph | 9/29/25 5:32 AM |

## Authorized Representative

☐ Declaration and Certification (Law Enforcement Executive/Program Official)

**Entity Acceptance**

**Title of Authorized Entity Official**
 no value

**Name of Authorized Entity Official**
 no value

**Signed Date And Time**
no value

☐ Declaration and Certification (Government Executive/Financial Official)

**Entity Acceptance**

**Title of Authorized Entity Official**
Chief Financial Officer

**Name of Authorized Entity Official**
no value

**Signed Date And Time**
no value