# Exhibit J



# 2024 COPS Office Community Policing Development (CPD) Program

Award Owner's Manual

# 2024 COPS Office CPD Program Award Owner's Manual

This manual was created to assist COPS Office award recipients with the administrative and financial matters associated with their award.

For more information about your award, please contact your COPS Office Program Manager. If you do not know the name or telephone number of your COPS Office Program Manager, please contact the COPS Office Response Center at **AskCOPSRC@usdoj.gov** or 800-421-6770.



U.S. Department of Justice
Office of Community Oriented Policing Services
145 N Street NE
Washington, DC 20530
Visit the COPS Office online: **cops.usdoj.gov**
Published August 2024

# Contents

Getting Started ............................................................................................................................................1

I. Award Acceptance, Terms, and Conditions .........................................................................................2

    Award package .......................................................................................................................................2

    The Cooperative Agreement ...............................................................................................................3

    Accepting the award ............................................................................................................................3

    Who should sign the award package for our organization?...............................................................4

    By when must the award package be signed? ....................................................................................4

    What are the specific rules regarding termination of award funding?..............................................4

    Award terms and conditions ...............................................................................................................5

II. Accessing Award Funds ......................................................................................................................43

    Payment method................................................................................................................................43

    Additional payment questions ..........................................................................................................44

III. Procurement Process.........................................................................................................................46

IV. Financial Record Maintenance .........................................................................................................47

    What accounting systems are required?...........................................................................................47

    What records must be kept?..............................................................................................................47

    How long must records be kept? ......................................................................................................47

    What if we have more than one award?............................................................................................48

    Who may access our records?...........................................................................................................48

V. Federal Audit Requirements ..............................................................................................................49

    Single Audit Act (SAA) requirements................................................................................................49

    Office of Inspector General (OIG) recipient audits ..........................................................................50

    Typical audit findings.........................................................................................................................51

VI. Reporting Requirements ...................................................................................................................53

    Federal Financial Reports ..................................................................................................................53

    Performance Reports ........................................................................................................................55

    Contact points to obtain technical assistance and report violations ...............................................57

VII. When the Award Period Has Ended .................................................................................................58

   Final Federal Financial Report (SF-425) ............................................................................................58

   Final Performance (Closeout) Report ...............................................................................................58


VIII. Conclusion .......................................................................................................................................60


Appendices ..............................................................................................................................................61

   Appendix A. List of source documents ............................................................................................61

   Appendix B. U.S. Department of Justice Certified Standard Assurances ..........................................62

   Appendix C. U.S. Department of Justice Certifications Regarding Lobbying; Debarment, Suspension and Other Responsibility Matters; Drug-Free Workplace Requirements; Law Enforcement and Community Policing ..........64

   Appendix D. Conference and Event Guidance.................................................................................68

   Appendix E. Enhancement of contractor protection from reprisal for disclosure of certain information (41 U.S.C. § 4712)..................................................................................................................................80

   Appendix F. 2 C.F.R. Appendix II to Part 200: Contract provisions for nonfederal entity contracts under federal awards ............................................................................................................................84

   Appendix G. Remittance of Interest Earned Amounts ....................................................................86

   Appendix H. Additional resources for Cooperative Agreement recipients .........................................87


Glossary of Terms ....................................................................................................................................88

# Getting Started

Congratulations on receiving an award from the U.S. Department of Justice (DOJ), Office of Community Oriented Policing Services (COPS Office). The 2024 COPS Office Community Policing Development (CPD) Program awards includes the following CPD programs:

- Accreditation
- De-Escalation Training
- Emerging Issues Forums
- Promoting Access to Crisis Teams (PACT)
- Innovations in Recruitment and Hiring
- Microgrants
- Tolerance, Diversity, and Anti-Bias Training

These programs are used to develop the capacity of law enforcement to implement community policing strategies by providing guidance on promising practices through the development and testing of innovative strategies; building knowledge about effective practices and outcomes; and supporting new, creative approaches to preventing crime and promoting safe communities. According to the COPS Office, community policing is a philosophy that promotes organizational strategies that support the systematic use of partnerships and problem-solving techniques to proactively address the immediate conditions that give rise to public safety issues such as violent crime, nonviolent crime, and fear of crime. For a complete definition, please see *Community Policing Defined*, which can be found at **https://portal.cops.usdoj.gov/resourcecenter?item=cops-p157**.

Compliance with this Award Owner's Manual is a condition of your award and this manual is binding guidance. This manual will assist your organization with the administrative and financial matters associated with your award. It was developed to ensure that all award recipients are able to clearly understand and meet the requirements of their award. Please review this manual carefully because failure to follow award requirements can have serious ramifications. Please do not hesitate to contact your COPS Office Program Manager if you need assistance with the implementation of your award.

The Uniform Administrative Requirements, Cost Principles, and Audit requirements for Federal Awards (known as the "Uniform Guidance" or "Part 200"), have been updated. The updates will be codified in the Code of Federal Regulations at 2 C.F.R. Part 200 on October 1, 2024. The U.S. Department of Justice (DOJ) adopted the Uniform Guidance, first promulgated in 2013, via regulation at 2 C.F.R. Part 2800 and it includes "any subsequent changes" to Part 200.

DOJ is continuing to assess the impact of the OMB updates on its recipients of federal financial assistance. To the extent practicable, revisions to 2 C.F.R. Part 200 are incorporated into this Award Owner's Manual but may be subject to additional clarifications. Recipients remain responsible for complying with all Part 200 revisions, published in the Federal Register :: Guidance for Federal Financial Assistance, at **https://www.federalregister.gov/documents/2024/04/22/2024-07496/guidance-for-federal-financial-assistance**.

Thank you for providing us with the opportunity to work in partnership with you on this important project.

# I. Award Acceptance, Terms, and Conditions

Your entity must successfully set up their JustGrants account and enroll in the Automated Standard Application for Payments (ASAP) to accept and manage their award. Accepting or declining an award can only be done through the Justice Grants System (JustGrants). In JustGrants, you may print the PDF of the award for reference.

Prior to accepting an award, the entity administrator must assign a financial manager, a grant administrator, and two Authorized Representatives for each award in JustGrants. COPS Office recipients will have two Authorized Representatives assigned to each award; both are required to accept the award. When the Authorized Representative(s) log(s) into their JustGrants account, they can view accepted awards and awards that need to be accepted. An email notification will also be sent to the Application Submitter, the Authorized Representatives, and the Entity Administrator to sign and accept their award.

**To officially accept your award,** you must carefully review and electronically sign **the Award Package (which includes your Award Information, Financial Information, Award Conditions, and Other Award Documents including the cooperative agreement) within 45 days from the date shown on the award letter.** Please see the JustGrants training: **Grant Award Acceptance** for detailed information on accepting your award.

Your organization will **not** be able to draw down award funds until the COPS Office receives your signed award package and you have completed all steps in the ASAP system. For more information on drawing down award funds, please see the section titled "Accessing Award Funds" in this manual.

## Award package

The award package indicates your official award funding amount, the award number, the award terms and conditions, and the award start and end dates. Please note that the cooperative agreement is incorporated by reference into the award document and that by signing the award document, your organization has entered into the cooperative agreement with the COPS Office and agrees to abide by all the requirements in the cooperative agreement.

Be sure to familiarize yourself with all terms, conditions, and requirements of your award before signing the award package. Print and retain a copy of the award package including the award terms and conditions, the financial information, and the cooperative agreement and any other award documents for your records.

The Project Period start date on the award package means that your organization may be reimbursed for any allowable costs incurred on or after this date. Project Period end date shows the last date that allowable costs may be incurred.

Your award number is in the following format: 15JCOPS-24-GG-XXXXX-XXXX as shown in figure 1 on page 3. The COPS Office tracks award information based upon this number. Therefore, it is important to have your organization's award number (or your organization's System for Award Management (SAM) Unique Entity Identifier (UEI) number) readily available when corresponding with the COPS Office.

**Figure 1. Award number example**



## The Cooperative Agreement

If your project requires substantial involvement on the part of the COPS Office, a multipage cooperative agreement document will accompany your award package. Please note that the cooperative agreement is included in the award package, and by signing the award package, your organization has entered into the cooperative agreement with the COPS Office and agrees to abide by all the requirements in the cooperative agreement.

Under the Federal Grant and Cooperative Agreement Act of 1977, a cooperative agreement is the legal instrument used by a federal agency to enter into a relationship with a state, local government, or other recipient when the principal purpose of assistance is to carry out a public purpose of support or stimulation authorized by federal law and substantial involvement is expected between the federal agency and the recipient. See 31 U.S.C. § 6305.

To officially accept and begin your award, your organization will review and approve the cooperative agreement document along with the award package and electronically sign for all documents within 45 days of the date shown on the award letter.

Your organization will not be able to draw down funds until the COPS Office receives your electronically signed award package in JustGrants.

If you have any additional questions concerning your cooperative agreement, please contact your designated COPS Office Program Manager.

## Accepting the award

After you have reviewed the conditions of your award and your organization agrees with these conditions, you are ready to accept the award. The Director of the COPS Office or designee has signed the award package indicating approval of your award, an obligation of federal funds to your organization, and our commitment to the award. As stated at the beginning of this section, to officially begin your award and draw down your funds, the authorized representatives (see the Glossary of Terms following the appendices) of your organization must access the JustGrants website to log in, review, and electronically sign the award package and, if applicable, the special award conditions or high risk conditions in the award package supplement within 45 days of the date shown on the award letter.

Refer to the Job Aid Reference Guide titled ***Grantee Acceptance***, which will walk you through the necessary steps to follow in accepting an award package.

## Who should sign the award package for our organization?

The authorized representatives are the authorized officials who have ultimate and final responsibility for all programmatic and financial decisions regarding this award as representatives of the legal recipient and those who have the ultimate signatory authority to sign contracts on behalf of your organization. Typically, these are the same executives who signed the forms in your COPS Office application.

For non–law enforcement agencies (institutions of higher education, school districts, private organizations, etc.), COPS Office awards require that both the programmatic official (e.g., executive director, chief executive officer, or equivalent) and financial official (e.g., chief financial officer, treasurer, or equivalent) sign the application, and (if awarded funding) accept the Award Package. The programmatic official must be assigned the role of Authorized Representative 1 and the financial official must be assigned the role of Authorized Representative 2 in JustGrants.

If the Authorized Representatives changes between the time of application submission and award receipt, the Entity Administrator (EA) will need to update the Authorized Representative in JustGrants.

## By when must the award package be signed?

Please electronically sign the award package within 45 days of the date on the award letter. Award funds will not be released until we have received your organization's signed award package, your budget has received final clearance, and any other relevant award conditions particular to your organization have been satisfied. Failure to electronically sign your original award document within the 45-day award acceptance period may result in your award being withdrawn and the funds deobligated without additional notification. If your organization requires an extension for accepting the award beyond the 45-day acceptance time frame, please contact your COPS Office program manager. Be sure to explain the circumstances that prevent your organization from electronically signing the award document within the 45-day period and identify the date by which the award package will be signed. The COPS Office will review such requests on a case-by-case basis. The COPS Office reserves the right to deny requests to extend the award acceptance period. If you have any questions, please contact your COPS Office Program Manager.

## What are the specific rules regarding termination of award funding?

The COPS Office may suspend, in whole or in part, or terminate funding or impose other sanctions on a recipient for the following reasons:

- Failure to substantially comply with the requirements or objectives of the Public Safety Partnership and Community Policing Act of 1994, program guidelines, or other provisions of federal law
- Failure to make satisfactory progress toward the goals or strategies set forth in the recipient's application
- Failure to adhere to award agreement requirements or special conditions
- Proposing substantial plan changes to the extent that, if originally submitted, would have resulted in the application not being selected for funding
- Failure to submit required or requested reports
- Filing a false statement or certification in this application or other report or document
- Other good cause shown

Prior to imposing sanctions, the COPS Office will provide reasonable notice to the recipient of its intent to impose sanctions and will attempt to resolve the problem informally. Appeal procedures will follow those in the U.S. Department of Justice regulations in 28 C.F.R. Part 18.

Awards terminated because of noncompliance with the federal statutes, regulations, or award terms and conditions will be reported to the integrity and performance system accessible through SAM.gov under Entity Information, Responsibility/Qualification (formerly FAPIIS.gov).

False statements or claims made in connection with COPS Office awards may result in fines, imprisonment, debarment from participating in federal awards or contracts, and any other remedy available by law.

Please be advised that recipients may not use COPS Office funding for the same item or service also funded by another U.S. Department of Justice award.

## Award terms and conditions

The award terms and conditions are included in the award package. By accepting this award, you are obtaining federal funds from the COPS Office. As part of that agreement, your organization acknowledges that it will comply with these terms and conditions (and, if applicable, any additional special or high-risk conditions specific to your organization). The section that follows describes, in detail, all of the award conditions, their rationales, and their implications. It also addresses many frequently asked questions. If you have additional questions concerning any of these award conditions, please contact your COPS Office Program Manager.

In limited circumstances, your award may be subject to special conditions that prevent your organization from drawing down or accessing award funds until the special conditions are satisfied as determined by the COPS Office. Any special or high-risk conditions will be included in the award conditions section of the award package. If you have questions about the special or high-risk conditions, please contact your assigned COPS Office Program Manager.

### Reasons for award terms and conditions

The requirements of your award are established within

- the Public Safety Partnership and Community Policing Act of 1994, which established the COPS Office;
- the applicable rules, regulations and policies issued by the U.S. Department of Justice, Office of Management and Budget (OMB), the Government Accountability Office (GAO), and the United States Treasury;
- the specific programmatic requirements established by the COPS Office.

A list of source documents for this manual is provided in the appendices. You may request copies of any source reference document from

**Office of Administration, Publication Unit**
**New Executive Office Building**
**725 17th Street NW, Room G 236**
**Washington, D.C. 20503**

COPS Office–specific documents may be requested directly from the COPS Office by contacting your COPS Office Program Manager.

2024 COPS Office Community Policing Development (CPD) Program Award Owner's Manual

## Review of award terms and conditions

By signing the award package to accept this award, your organization agrees to abide by the following award terms and conditions:

### 1. Reporting Subawards and Executive Compensation

**Condition:**

*The recipient agrees to comply with the following requirements of 2 C.F.R. Part 170, Appendix A to Part 170 – Award Term:*

*I. Reporting Subawards and Executive Compensation*

*(a) Reporting of first-tier subawards—(1) Applicability. Unless the recipient is exempt as provided in paragraph (d) of this award term, the recipient must report each subaward that equals or exceeds $30,000 in Federal funds for a subaward to an entity or Federal agency. The recipient must also report a subaward if a modification increases the Federal funding to an amount that equals or exceeds $30,000. All reported subawards should reflect the total amount of the subaward.*

*(2) Reporting Requirements. (i) The entity or Federal agency must report each subaward described in paragraph (a)(1) of this award term to  the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) at https://www.fsrs.gov.*

*(ii) For subaward information, report no later than the end of the month following the month in which the subaward was issued. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025.)*

*(b) Reporting total compensation of recipient executives for entities—(1) Applicability. The recipient must report the total compensation for each of the recipient's five most highly compensated executives for the preceding completed fiscal year if:*

*(i) The total Federal funding authorized to date under this Federal award equals or exceeds $30,000;*

*(ii) in the preceding fiscal year, the recipient received:*

*(A) 80 percent or more of the recipient's annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and*

*(B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,*

*(iii) The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986 after receiving this subaward. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at https://www.sec.gov/answers/execomp.htm.)*

*(2).Reporting Requirements. The recipient must report executive total compensation described in paragraph (b)(1) of this appendix:*

*(i) As part of the recipient's registration profile at https://www.sam.gov.*

*(ii) No later than the month following the month in which this Federal award is made, and annually after that. (For example, if this Federal award was made on November 7, 2025, the executive total compensation must be reported by no later than December 31, 2025.).*

*(c) Reporting of total compensation of subrecipient executives—(1) Applicability. Unless a first-tier subrecipient is exempt as provided in paragraph (d) of this appendix, the recipient must report the executive total compensation of each of the subrecipient's five most highly compensated executives for the subrecipient's preceding completed fiscal year, if:*

*(i) The total Federal funding authorized to date under the subaward equals or exceeds $30,000;*

*(ii) in the subrecipient's preceding fiscal year, the subrecipient received:*

*(A) 80 percent or more of its annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,*

*(B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts), and Federal awards (and subawards) subject to the Transparency Act; and*

*(iii) The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986 after receiving this subaward. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at https://www.sec.gov/answers/execomp.htm.)*

*(2) Reporting Requirements. Subrecipients must report to the recipient their executive total compensation described in paragraph (c)(1) of this appendix. The recipient is required to submit this information to the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) at https://www.fsrs.gov/ no later than the end of the month following the month in which the subaward was made. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025.)*

*(d) Exemptions. (1) A recipient with gross income under $300,000 in the previous tax year is exempt from the requirements to report:*

*(i) Subawards, and*

*(ii) The total compensation of the five most highly compensated executives of any subrecipient.*

*(e) Definitions. For purposes of this award term:*

*Entity includes:*

*(1) Whether for profit or nonprofit:*

*(i) A corporation;*

*(ii) An association;*

*(iii) A partnership;*

*(iv) A limited liability company;*

*(v) A limited liability partnership;*

*(vi) A sole proprietorship;*

*(vii) Any other legal business entity;*

*(viii) Another grantee or contractor that is not excluded by subparagraph (2); and*

*(ix) Any State or locality;*

*(2) Does not include:*

*(i) An individual recipient of Federal financial assistance; or*

*(ii) A federal employee.*

*Executive means an officer, managing partner, or any other employee holding a management position.*

*Subaward has the meaning given in 2 C.F.R. 200.1.*

*Subrecipient has the meaning given in 2 C.F.R. 200.1.*

*Total Compensation means the cash and noncash dollar value an executive earns during an entity's preceding fiscal year. This includes all items of compensation as prescribed in 17 C.F.R. 299.402(c)(2).*

**Why this condition:**

To further federal spending transparency, the Federal Funding Accountability and Transparency Act of 2006 (FFATA) requires, among other things, that information on federal awards (federal financial assistance and expenditures) be made available to the public via a single, searchable website, which is www.USASpending.gov. Recipients are responsible for reporting their applicable executive compensation and subaward information, and the award term provides guidance to report the related information as required by FFATA.

**What you should do:**

At the time of award application, your organization was asked to ensure that it has the necessary processes and systems in place to comply with the applicable subaward and executive compensation reporting requirements should it receive funding. If your organization received awards of $30,000 or more, you are required to report award information on any first-tier subawards totaling $30,000 or more, and, in certain cases, to report information on the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients. The FFATA Subaward Reporting System (FSRS), accessible via the website at www.fsrs.gov, is the reporting tool that your organization will use to capture and report subaward information and any executive compensation data required by FFATA. The subaward information entered in FSRS will then be displayed on www.USASpending.gov associated with your organization's award, furthering federal spending transparency.

For additional information regarding the executive compensation and subaward reporting requirements, please see **https://www.federalregister.gov/documents/2024/04/22/2024-07496/guidance-for-federal-financial-assistance**.

## 2. Restrictions on Internal Confidentiality Agreements

**Condition:**

*No recipient or subrecipient under this award, or entity that receives a contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts the lawful reporting of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.* Further *Consolidated Appropriations Act, 2024, Public Law, 118-47 Division B, Title VII, Section 742.*

**Why this condition:**

Under the Appropriations Act, neither the recipient, subrecipient, nor any entity that receives a contract or subcontract with any funds under this or any other Act may require its employees or contractors to sign an internal confidentiality agreement or statement prohibiting or otherwise restricting their lawful reporting of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency. This provision protects the public interest and ensures the proper management and use of federal funds. This limitation is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

**What you should do:**

In accepting this award, the recipient

- represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above;

- represents that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict) reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide prompt written notification to the agency making this award, and will resume such obligations only if expressly authorized to do so by that agency.

If the recipient does or is authorized to make subawards or contracts under this award, in accepting, the recipient

- represents that it has or will determine that no other entity that the recipient proposes may or will receive award funds (whether through a subaward, contract, or subcontract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above;

- represents that it has or will make appropriate inquiry, or otherwise has an adequate factual basis, to support this representation;

- represents that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict) reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

## 3. Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons (Including Reporting Requirements and COPS Office Authority to Terminate Award)

**Condition:**

*The recipient and subrecipient agree to comply with the following requirements of 2 C.F.R. Part 175, Appendix A to Part 175) – Award Term:*

*I. Trafficking in Persons.*

*(a) Provisions applicable to a recipient that is a private entity. (1) Under this award, the recipient, its employees, subrecipients under this award, and subrecipients' employees must not engage in:*

*(i).Severe forms of trafficking in persons;*

*(ii) The procurement of a commercial sex act during the period of time that this award or any subaward is in effect;*

*(iii) The use of forced labor in the performance of this award or any subaward; or*

*(iv) Acts that directly support or advance trafficking in persons, including the following acts:*

*(A) Destroying, concealing, removing, confiscating, or otherwise denying an employee access to that employee's identity or immigration documents;*

*(B) Failing to provide return transportation or pay for return transportation costs to an employee from a country outside the United States to the country from which the employee was recruited upon the end of employment if requested by the employee, unless:*

*(1) Exempted from the requirement to provide or pay for such return transportation by the Federal department or agency providing or entering into the grant or cooperative agreement; or*

*(2) The employee is a victim of human trafficking seeking victim services or legal redress in the country of employment or a witness in a human trafficking enforcement action;*

*(C) Soliciting a person for the purpose of employment, or offering employment, by means of materially false or fraudulent pretenses, representations, or promises regarding that employment;*

*(D) Charging recruited employees a placement or recruitment fee; or*

*(E) Providing or arranging housing that fails to meet the hose country's housing and safety standards.*

*(2) The Federal agency may unilaterally terminate this award or take any remedial actions authorized by 22 U.S.C. 7104b(c), without penalty, if any private entity under this award:*

*(i) Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or*

*(ii) Has an employee that is determined to have violated a prohibition in paragraph (a)(1) of this appendix through conduct that is either:*

*(A) Associated with performance under this award; or*

*(B) Imputed to the recipient or the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in 2 C.F.R. part 180, "OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement)," as implemented by DOJ at 2 C.F.R. Part 2867.*

*(b) Provision applicable to a recipient other than a private entity. (1) The Federal agency may unilaterally terminate this award or take any remedial actions authorized by 22 U.S.C. 7104b(c), without penalty, if a subrecipient that is a private entity under this award:*

*(i). Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or*

*(ii) Has an employee that is determined to have violated a prohibition in paragraph (a)(1) of this appendix through conduct that is either:*

*(A) Associated with performance under this award; or*

*(B) Imputed to the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in 2 C.F.R. part 180, "OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement)," as implemented by 2 C.F.R. Part 2867.*

*(c) Provisions applicable to any recipient.*

*(1) The recipient must inform the Federal agency and the Inspector General of the Federal agency immediately of any information you receive from any source alleging a violation of a prohibition in paragraph (a)(1) of this appendix.*

*(2) The Federal agency's right to unilaterally terminate this award as described in paragraphs (a)(2) or (b)(1) of this appendix:*

*(i) Implements the requirements of 22 U.S.C. 78, and*

*(ii) Is in addition to all other remedies for noncompliance that are available to the Federal agency under this award.*

*3. The recipient must include the requirements of paragraph (a)(1) of this award term in any subaward it makes to a private entity.*

*(4) If applicable, the recipient must also comply with the compliance plan and certification requirements in 2 C.F.R. 175.105(b).*

*(d) Definitions. For purposes of this award term:*

*"Employee" means either:*

*(1) An individual employed by the recipient or a subrecipient who is engaged in the performance of the project or program under this award; or*

*(2) Another person engaged in the performance of the project or program under this award and not compensated by the recipient including, but not limited to, a volunteer or individual whose services are contributed by a third party as an in-kind contribution toward cost sharing requirements.*

*"Private entity" means any entity, including for-profit organizations, nonprofit organizations, institutions of higher education, and hospitals. The term does not include foreign public entities, Indian Tribes, local governments, or states as defined in 2 C.F.R. 200.1.*

*The terms "severe forms of trafficking in persons," "commercial sex act," "sex trafficking," "Abuse or threatened abuse of law or legal process," "coercion," "debt bondage," and "involuntary servitude" have the meanings given at section 103 of the TVPA, as amended (22 U.S.C. 7102).*

**Why this condition:**

The purpose of this government-wide award term is to implement the requirement in paragraph (g) of section 106 of the Trafficking Victims Protection Act of 2000 (TVPA), as amended, (22 U.S.C. § 7104(g)). The award term authorizes the COPS Office to terminate an award to a private entity, without penalty, if the recipient or a subrecipient:

(a) Engages in severe forms of trafficking in persons during the period of time that the award is in effect;

(b) Procures a commercial sex act during the period of time that the award is in effect;

(c) Uses forced labor in the performance of the award or subawards under the award; or

(d) Acts that directly support or advance trafficking in persons as described in the award term.

2 C.F.R. § 175.105.

**What you should do:**

During the time that the award is in effect, recipients, subrecipients at any tier, and their employees must not engage in severe forms of trafficking in persons, procure commercial sex acts, use forced labor in the performance of the award, or engage in acts that directly support or advance trafficking persons. The recipient must include the above award term in any subaward to a private entity. The recipient must also promptly notify the COPS Office of any information received from any source alleging a violation of prohibited conduct described in the award term.

## 4. Duplicative Funding

**Condition:**

*The recipient understands and agrees to notify the COPS Office if it receives, from any other source, funding for the same item or service also funded under this award.*

**Why this condition:**

This award was made to your organization for approved project costs that are not funded with other funds, including federal, state, local, tribal, or BIA funds. Consequently, your organization may not use this funding for items or services that you already have funding for from other sources.

**What you should do:**

If your organization receives funding from another source for the same item(s) or services(s) also funded under this award, please contact your COPS Office Program Manager. If necessary, the COPS Office will work with your organization to reprogram funding for items or services that are allowable under this award program.

## 5. Termination

**Condition:**

*Recipient understands and agrees that the COPS Office may terminate funding, in whole or in part, for the following reasons:*

*(1) When the recipient fails to comply with the terms and conditions of a Federal award.*

*(2) When the recipient agrees to the termination and termination conditions.*

*(3) When the recipient provides the COPS Office written notification requesting termination including the reasons, effective date, and the portion of the award to be terminated. The COPS Office may terminate the entire award if the remaining portion will not accomplish the purposes of the award.*

*(4) Pursuant to any other award terms and conditions, including, when an award no longer effectuates the program goals or agency priorities to the extent such termination is authorized by law.*

*2. C.F.R. § 200.340.*

**Why this condition:**

This condition sets forth the circumstances under which your federal award may be terminated.

**What you should do:**

Carefully review the reasons for termination in this condition to ensure that your organization is aware of when award funding may be terminated. If you have any questions regarding the provisions, please contact your COPS Office Program Manager.

## 6. Award Owner's Manual

**Condition:**

*The recipient agrees to comply with the terms and conditions in the applicable award year COPS Office Program Award Owner's Manual; DOJ Grants Financial Guide; COPS Office statute (34 U.S.C. § 10381, et seq.) as applicable; Students, Teachers, and Officers Preventing (STOP) School Violence Act of 2018 (34 U.S.C. § 10551, et seq.) as applicable; the requirements of 2 C.F.R. Part 200 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards), including subsequent changes, as adopted by the U.S. Department of Justice in 2*

*C.F.R. § 2800.101; 48 C.F.R. Part 31 (FAR Part 31) as applicable (Contract Cost Principles and Procedures); the Cooperative Agreement as applicable; representations made in the application; and all other applicable program requirements, laws, orders, regulations, or circulars.*

*Failure to comply with one or more award requirements may result in remedial action including, but not limited to, withholding award funds, disallowing costs, suspending, or terminating the award, or other legal action as appropriate.*

*Should any provision of an award condition be deemed invalid or unenforceable by its terms, that provision will be applied to give it the maximum effect permitted by law. Should the provision be deemed invalid or unenforceable in its entirety, such provision will be severed from this award.*

**Why this condition:**

This manual has been designed to inform you of the requirements, laws, regulations, and policies that apply to your award. Your organization will be responsible for the information and rules contained in this manual and for implementing your award in compliance with the applicable terms, conditions, and regulations. Please note that in accordance with 2 C.F.R. § 200.101(a)(2), the COPS Office applies 2 C.F.R. Subparts A through E to for-profit (or commercial) entities. More detailed guidance regarding any particular award requirement or your organization's specific circumstances can be requested through your COPS Office Program Manager.

**What you should do:**

Please read the entire CPD Award Owner's Manual carefully prior to signing the award package. If you have any questions, please contact your COPS Office Program Manager. When accepting your award, you should ensure that the proper reporting and financial systems are in place to satisfy the award requirements.

## 7. Authorized Representative Responsibility

**Condition:**

*The recipient understands that, in accepting this award, the Authorized Representatives declare and certify, among other things, that they possess the requisite legal authority to accept the award on behalf of the recipient entity and, in so doing, accept (or adopt) all material requirements throughout the period of performance under this award. The recipient further understands, and agrees, that it will not assign anyone to the role of Authorized Representative during the period of performance under the award without first ensuring that the individual has the requisite legal authority.*

**Why this condition:**

The Authorized Representatives are responsible for reviewing and accepting a recipient's COPS Office award and must possess the legal authority to accept awards. This action binds the recipient to the award requirements.

**What you should do:**

The recipient must ensure it assigns two officials as the required Authorized Representatives for its COPS Office award who have ultimate and final responsibility for all programmatic and financial decisions for the agency, as the legal recipient. For guidance on who should be assigned as your agency's two Authorized Representatives, please see the Award Acceptance, Terms, and Conditions section of the Award Owner's Manual.

## 8. Award Monitoring Activities

**Condition:**

*Federal law requires that recipients receiving federal funding from the COPS Office must be monitored to ensure compliance with their award conditions and other applicable statutes and regulations. The COPS Office is also interested in tracking the progress of our programs and the advancement of community policing. Both aspects of award implementation—compliance and programmatic benefits—are part of the monitoring process coordinated by the U.S. Department of Justice. Award monitoring activities conducted by the COPS Office include site visits, enhanced office-based grant reviews, alleged noncompliance reviews, financial and programmatic reporting, and audit resolution. As a COPS Office award recipient, you agree to cooperate with and respond to any requests for information pertaining to your award. This includes all financial records, such as general accounting ledgers and all supporting documents. All information pertinent to the implementation of the award is subject to agency review throughout the life of the award, during the close-out process and for three-years after submission of the final expenditure report. 34 U.S.C. § 10385(a) and 2 C.F.R. §§ 200.334 and 200.337.*

**Why this condition:**

The Public Safety Partnership and Community Policing Act of 1994 states that each award program must contain a monitoring component. The COPS Office actively monitors how recipients are complying with COPS Office award requirements. In addition, the monitoring component provides customer service and technical assistance to help ensure recipients understand how to remain in compliance while implementing their awards.

**What you should do:**

Your organization may be required to accommodate routine and nonroutine efforts by the COPS Office, or an entity designated by the COPS Office, to examine your organization's use of federal funds both programmatically and financially. The four primary means of ensuring recipients' compliance with the terms and conditions of their awards are as follows:

1. **Site visits.** The COPS Office strategically selects award recipients based on a variety of risk factors to conduct site visits to ensure compliance with award terms and conditions. The purpose of site visits is threefold:

   i. To review for compliance with the terms and conditions of the award

   ii. To review the recipient's community policing strategies

   iii. To provide customer service and technical assistance

   If selected, recipients will be notified in writing in advance with detailed instructions for how to prepare for the review of their COPS Office awards. This review is generally performed over a period of one to two days. Recipients will have an opportunity to resolve any identified noncompliance issues while on-site or, if necessary, following the site visit. In addition, recipients will also have an opportunity to seek customer service and/or technical assistance on the implementation of their award.

2. **Enhanced Office-Based Grant Reviews (EOBGR).** In lieu of a site visit, awards may be selected for an EOBGR conducted at the COPS Office via teleconference or video conference. EOBGRs serve as an alternative for conducting award monitoring reviews in support of the COPS Office's overall award monitoring strategy. The purpose of the EOBGR is threefold:

   i. To review for compliance with the terms and conditions of the award

   ii. To review the recipient's community policing strategies

iii.  To provide customer service and technical assistance

If selected, the recipient will be notified in writing in advance of any EOBGR of its COPS Office awards. This review is generally performed over a one-to two-day period. Recipients will have an opportunity to resolve any identified noncompliance issues, if necessary, following the EOBGR interview. In addition, award recipients will also have an opportunity to seek customer service and/or technical assistance on the implementation of their award.

3.  **Alleged Noncompliance Referral (ANCR).** An ANCR is an allegation of suspected noncompliance that originates from an internal source within the COPS Office or an external referral from one of many sources. Internal ANCRs generally originate from COPS Office Grants Administration Division, Finance Division, or the Office of General Counsel (OGC), although any COPS Office component may refer a noncompliance issue to the ANCR. External noncompliance referrals may be received from anonymous complainants, media, citizens, law enforcement agencies, other Federal agencies, or other outside sources. On a case-by-case basis, COPS Office ANCR staff members determine the appropriate course of action to take to investigate complaints of alleged noncompliance. This may include phone or letter contact or a site visit by COPS Office staff or the OIG. Each ANCR referral is resolved as a violation or nonviolation based upon the preponderance of the supporting documentation or other facts to determine if the award recipient is in compliance or noncompliance.

4.  **Audit liaison.** The OIG may conduct a random audit for any recipient of a COPS Office award. In the event your organization has undergone an OIG audit and there are audit recommendations (findings) resulting from noncompliance or poor accountability practices, the COPS Office Grant Monitoring Division Audit Liaison Section will work with your organization to resolve and close these recommendations. Remedies to close recommendations may include repayment of award funds, providing adequate documentation to demonstrate compliance, or providing proof of policies or procedures that were created or revised to directly address the causes for the noncompliance as a proactive preventative measure to avoid future noncompliance.

Recipients are responsible for remedying any award noncompliance that is identified during site visits, EOBGRs, and/or ANCRs. In addition, recipients are responsible for remedying noncompliance stemming from audit recommendations identified in audits of COPS Office awards conducted by the OIG and the Office of the Chief Financial Officer (OCFO). Remedies for noncompliance may include but are not limited to repayment of award funds for unallowable or unsupported costs, providing adequate documentation to demonstrate compliance, suspending active award funding, voluntary withdrawal from or involuntary termination of remaining award funds, or a restriction from receiving future COPS Office awards for a period of time. Under certain conditions, additional actions may include referral and placement on the U.S. Department of Justice's High-Risk List, which will include mandatory completion of the Office of Justice Programs Financial Management Training and being subject to increased monitoring of current and future awards while on the list. In the event of criminal misuse of award funds, recipients may also be subject to fines and imprisonment. To avoid findings of noncompliance, recipients are strongly encouraged to become familiar with the ***COPS Office Grant Monitoring Division's Grant Monitoring Standards and Guidelines*** and Award Owner's Manual for the year in which the award was made. Recipients should also contact their COPS Office Program Manager at any time during the life of a COPS Office award with questions concerning award conditions, terms, or requirements to seek guidance to avoid noncompliance. It is necessary for recipients to maintain all relevant documentation (administrative, financial, and programmatic) used to develop the application and implement the award that may be necessary or required to demonstrate award compliance for a period of three-years from the date of submission of the final expenditure report. For more information, please contact the COPS Office Response Center at **AskCopsRC@usdoj.gov**.

## 9. Contract Provision

**Condition:**

*All contracts made by the award recipients under the federal award must contain the provisions required under 2 C.F.R. Part 200, Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards. Please see appendices in the Award Owner's Manual for a full text of the contract provisions.*

**Why this condition:**

Federal regulations require recipients and subrecipients to comply with the necessary contract provisions in order to standardize and strengthen oversight of all contracts made under federal awards. This provision protects the public interest and ensures the proper management and use of federal funds as it relates to contracts entered into by the recipient.

**What you should do:**

The recipient should review all contracts made under the federal award to ensure that they contain the provisions required under *2 C.F.R. Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards* in the appendices of this manual.

## 10. Assurances and Certifications

**Condition:**

*The recipient acknowledges its agreement to comply with the Assurances and Certifications forms that were signed as part of its application.*

**Why this condition:**

Although the COPS Office has made every effort to simplify the process of applying for and receiving awards, several provisions of federal law require us to obtain the recipient's Assurances and Certifications regarding certain matters. Most of the Assurances and Certifications apply to all federal award programs.

**What you should do:**

Applicants to COPS Office award programs are required to sign the Assurances and Certifications forms at the time of application. Signing these documents assures the COPS Office that you have read, understood, and accepted the award terms and conditions outlined in the Assurances and Certifications. Please read these documents carefully, because signatures on these documents are treated as a material representation of fact upon which reliance will be placed when the U.S. Department of Justice determines to make an award. Additional copies of the Assurances and Certifications forms are contained in the appendices of this manual. If you have any questions about the Assurances and Certifications, please contact your assigned COPS Office Program Manager.

## 11. Conflict of Interest

**Condition:**

*Recipients and subrecipients must disclose in writing to the COPS Office or pass-through entity, as applicable, any potential conflict of interest affecting the awarded federal funding in accordance with 2 C.F.R. § 200.112.*

**Why this condition:**

Recipients and subrecipients are required to use federal funding in the best interest of their award program. Any decisions related to these funds must be free of hidden personal or organizational conflicts of interest, both in fact and in appearance.

This means that recipients and subrecipients should not participate in any award-related decisions or recommendations that involve any of the following people or groups:

- an immediate family member
- a partner
- an organization in which they are serving as an officer, director, partner, or employee
- any person or organization with whom they are negotiating or who has an arrangement concerning prospective employment, has a financial interest, or for other reasons can have less than an unbiased transaction with the recipient or subrecipient

This also means that recipients and subrecipients should avoid any action which might result in or create the appearance of

- using your official position for private gain;
- giving special treatment to any person;
- losing complete independence or objectivity;
- making an official decision outside official channels; or
- affecting negatively the confidence of the public in the integrity of the Federal Government or the program.

**What you should do:**

Ensure that you report in writing to the COPS Office or pass-through entity, as applicable, any potential conflict of interest that may affect your federal award.

## 12. Debarment and Suspension

**Condition:**

*The recipient agrees not to award federal funds under this program to any party which is debarred or suspended from participation in Federal assistance programs. 2 C.F.R. Part 180 (Governmentwide Nonprocurement Debarment and Suspension) and 2 C.F.R. Part 2867 (DOJ Nonprocurement Debarment and Suspension).*

**Why this condition:**

Under federal regulations, recipients are required to ensure that federal funds are not given to parties that are debarred or suspended from participation in federal assistance programs. This is to protect the public interest and to ensure proper management and integrity in federal activities by conducting business only with responsible parties. For details regarding the debarment and suspension requirements, please see 2 C.F.R. Part 180 (Governmentwide Nonprocurement Debarment and Suspension), and 2 C.F.R. Part 2867 (DOJ Nonprocurement Debarment and Suspension.)

**What you should do:**

If under a COPS Office award you enter into a contract for goods or services for $25,000 or more or any subaward, you must verify that the vendor or subrecipient and their respective principals (e.g., owners, top managers) with whom you intend to do business are not excluded or disqualified from participation in federal assistance programs. In addition, you must include a term or condition in the contract or subaward requiring the vendor or subrecipient to comply with subpart C of the OMB guidance in 2 C.F.R. Part 180 (Governmentwide Nonprocurement Debarment and Suspension) and subpart C of 2 C.F.R. Part 2867 (DOJ Nonprocurement Debarment and Suspension).

## 13. Employment Eligibility

**Condition:**

*The recipient agrees to complete and keep on file, as appropriate, the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS) Employment Eligibility Verification Form (I-9). This form is to be used by recipients of federal funds to verify that persons are eligible to work in the United States. Immigration Reform and Control Act of 1986 (IRCA), Public Law 99-603.*

**Why this condition:**

Under federal immigration law, all employers are required to take certain steps to ensure that persons that are hired are legally permitted to work in the United States. The United States Citizenship and Immigration Services Employment Eligibility Verification Form (I-9) outlines the types of documents that an employer should review to confirm that a new hire is eligible for employment.

**What you should do:**

You do not need to submit any documentation to the COPS Office to satisfy this condition. Rather, you should complete and maintain the I-9 forms for all new employees under the guidelines set forth by the United States Citizenship and Immigration Services. For further information about this requirement, please visit **https://www.uscis.gov/i-9-central**.

## 14. Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information

**Condition:**

*Recipients and subrecipients agree not to discharge, demote, or otherwise discriminate against an employee as reprisal for the employee disclosing information that he or she reasonably believes is evidence of gross mismanagement of a federal contract or award; a gross waste of federal funds; an abuse of authority relating to a federal contract or award; a substantial and specific danger to public health or safety; or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or award. Recipients and subrecipients also agree to provide to their employees in writing (in the predominant native language of the workforce) of the rights and remedies provided in 41 U.S.C. § 4712. Please see appendices in the Award Owner's Manual for a full text of the statute.*

**Why this condition:**

Under "Enhancement of contractor protection from reprisal for disclosure of certain information" (41 U.S.C. § 4712), recipients and subrecipients are prohibited from taking reprisal actions against employees for certain whistleblowing activities in connection with federal awards and contracts. The law protects the public interest and ensures the proper management and use of federal funds.

**What you should do:**

Recipients and subrecipients must not take reprisal actions against an employee for disclosing misconduct under federal contracts and awards to certain persons and entities.

Recipients and subrecipients are prohibited from discharging, demoting, or otherwise discriminating against an employee as reprisal for disclosing information that he or she reasonably believes is evidence of

- gross mismanagement of a federal contract or award;
- a gross waste of federal funds;
- an abuse of authority relating to a federal contract or award;
- a substantial and specific danger to public health or safety; or
- a violation of law, rule, or regulation related to a federal contract (including the competition for or negotiation of a contract) or award.

In addition, the disclosure must also have been made to

- a member of Congress or a representative of a committee of Congress;
- an inspector general;
- the Government Accountability Office;
- a federal employee responsible for contract or award oversight or management at the relevant agency;
- an authorized official of the U.S. Department of Justice or other law enforcement agency;
- a court or grand jury; or
- a management official or other employee of the contractor, subcontractor, or recipient who has the responsibility
- to investigate, discover, or address misconduct.

An employee is deemed to have made a protected disclosure if he or she initiates or provides evidence of misconduct in any judicial or administrative proceeding relating to waste, fraud, or abuse on a federal contract or award.

Recipients and subrecipients must inform their employees in writing, in the predominant language of the workforce, of employee whistleblower rights, protections, and remedies under 41 U.S.C. § 4712. Recipients and subrecipients who wish to use the U.S. Department of Justice, Office of Inspector General whistleblower information brochure to inform their employees of their rights, may obtain a copy at **https://oig.justice.gov/sites/default/files/2020-04/NDAA-brochure.pdf**.

Please see the appendices in this manual for a full text of the "Enhancement of contractor protection from reprisal for disclosure of certain information" (41 U.S.C. § 4712).

## 15. Equal Employment Opportunity Plan (EEOP)

**Condition:**

*All recipients of funding from the COPS Office must comply with the federal regulations pertaining to the development and implementation of an Equal Employment Opportunity Plan. 28 C.F.R. Part 42 subpart E.*

**Why this condition:**

It is the experience of the U.S. Department of Justice in implementing its responsibilities under the Omnibus Crime Control and Safe Streets Act of 1968 (Safe Streets Act), the statute that established the COPS Office, that "the full and equal participation of women and minority individuals in employment opportunities in the criminal justice system is a necessary component to the Safe Streets Act's program to reduce crime and delinquency in the United States" 28 C.F.R. § 42.301. The Equal Employment Opportunity Plan (EEOP) does not impose quotas or hiring requirements on recipients of federal funds.

**What you should do:**

The obligations to comply with the EEOP requirement differ depending on your organization's legal status, the number of its employees, and the amount of the award. If your organization is a government agency or private business and has received a single award for $25,000 or more and has fifty or more employees (counting both full- and part-time employees but excluding political appointees), then it has to prepare a Utilization Report and submit it to the Office for Civil Rights (OCR) within 120 days from the date of the award. Although the OCR has discretion to review all submitted Utilization Reports, it will review the Utilization Reports from recipients that receive an award of $500,000 or more.

To begin developing a Utilization Report, please consult the OCR's website at **https://ojp.gov/about/ocr/eeop.htm** and click EEOP Reporting Tool Login. Additional assistance can be found online at the bottom of the same webpage by clicking the EEO Reporting Tool Job Aid and Frequently Asked Questions.

If your organization has fewer than 50 employees or receives an award of less than $25,000 or is a nonprofit organization, a medical institution, an educational institution, or an Indian tribe, then it is exempt from the EEOP requirement. To claim the exemption, however, your organization must certify that it is exempt by logging into the EEO Reporting Tool on the OCR website at **https://ojp.gov/about/ocr/eeop.htm**, providing the contact and organizational profile information, and then submitting a Certificate of Exemption.

If you have further questions regarding the EEOP requirements, you may contact an EEOP specialist at the OCR by telephone at 202-616-1771or by email at **EEOPforms@usdoj.gov**.

## 16. False Statements

**Condition:**

*False statements or claims made in connection with COPS Office awards may result in fines, imprisonment, debarment from participating in federal awards or contracts, and/or any other remedy available by law. 31 U.S.C. § 3729–3733.*

2024 COPS Office Community Policing Development (CPD) Program Award Owner's Manual

**Why this condition:**

This condition advises recipients of the consequences of submitting false claims or statements on applications, financial and programmatic reports, or other award documents.

**What you should do:**

Ensure that all documentation related to your organization's receipt and use of award funding (award applications, progress reports, Federal Financial Reports, etc.) is true and accurate.

## 17. Federal Civil Rights

**Condition:**

*The recipient and any subrecipient must comply with applicable federal civil rights and nondiscrimination statutes and regulations, including section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), as implemented in subparts C and D of 28 C.F.R. Part 42; section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), as implemented in subpart G of 28 C.F.R. Part 42; section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681), as implemented in subpart D of 28 C.F.R. Parts 42 and 54; section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102), as implemented in subpart I of 28 C.F.R. Part 42; and section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)), as implemented in subpart D of 28 C.F.R. part 42.*

*In addition to applicable federal statutes and regulations that pertain to civil rights and nondiscrimination, the recipient and any subrecipient must comply with the requirements in 28 C.F.R. Parts 22 (Confidentiality of Identifiable Research and Statistical Information); 28 C.F.R. Part 23 (Criminal Intelligence Systems Operating Policies); 28 C.F.R. Part 38 (Partnership with Faith-Based and Other Neighborhood Organizations); and 28 C.F.R. Part 46 (Protection of Human Subjects). For an overview of the civil rights laws and nondiscrimination requirements in connection with your award, please see https://www.ojp.gov/program/civil-rights/overview.*

**Why this condition:**

In establishing financial assistance programs, Congress linked the receipt of federal funding to compliance with federal civil rights and nondiscrimination laws. As a result, recipients are required to comply with the civil rights and nondiscrimination laws referenced above. A hold may be placed on your award if it is deemed that your organization is not in compliance with federal civil rights laws or is not cooperating with an ongoing federal civil rights investigation. If a hold is placed on your award, you will not be able to obligate or draw down federal funds under your organization's COPS Office award until you comply with federal civil rights laws or cooperate with any ongoing federal civil rights investigation.

**What you should do:**

The Office for Civil Rights (OCR), Office of Justice Programs, U.S. Department of Justice has been delegated the responsibility for ensuring that recipients of federal financial assistance from the COPS Office are not engaged in discrimination prohibited by law. Included with your award package is a memorandum from the OCR, which addresses the federal civil rights statutes and regulations applicable to your award. You should review this memorandum to understand your organization's civil rights responsibilities. For an overview of the civil rights laws and nondiscrimination requirements in connection with your award, please see **https://www.ojp.gov/program/civil-rights/overview**.

The recipient and any subrecipient must comply with all applicable requirements of 28 C.F.R. Part 38, which includes rules that prohibit specific forms of discrimination on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipients and subrecipients that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations. Recipients and subrecipients that provide social services under this award must give written notice to beneficiaries and prospective beneficiaries prior to the provision of services (if practicable) which shall include language substantially similar to the language in 28 C.F.R. Part 38, Appendix C, sections (1) through (4). A sample written notice and other important Part 38 information may be found at **https://www.ojp.gov/program/civil-rights-office/partnerships-faith-based-and-other-neighborhood-organizations**. In addition, a faith-based recipient or subrecipient *may* consider religion in hiring *provided* it satisfies particular requirements, which can be found at **https://www.ojp.gov/funding/explore/legaloverview2024/civilrightsrequirements**.

As a recipient of federal financial assistance from the COPS Office, you are required to comply with the applicable federal civil rights and nondiscrimination laws to collect data and information sufficient to permit effective enforcement of such laws, and to cooperate with any federal civil rights investigation, which includes providing access to records, accounts, documents, information, facilities, and staff.

## 18. Mandatory Disclosure

**Condition:**

*Recipients and subrecipients must timely disclose in writing to the COPS Office or pass-through entity, as applicable, all federal criminal law violations involving fraud, bribery, or gratuity that may potentially affect the awarded federal funding. Recipients that receive an award over $500,000 must also report certain civil, criminal, or administrative proceedings in SAM and are required to comply with the Term and Condition for Recipient Integrity and Performance Matters as set out in 2 C.F.R part 200, Appendix XII to Part 200. Failure to make required disclosures can result in any of the remedies, including suspension and debarment, described in 2 C.F.R. § 200.339. 2 C.F.R. § 200.113.*

**Why this condition:**

Federal regulations require recipients and subrecipients to report all federal violations involving fraud, bribery, or gratuity that may affect the awarded federal funds. In addition, recipients that receive an award of more than $500,000 must also report certain civil, criminal, or administrative proceedings in SAM and are required to comply with the Term and Condition for Recipient Integrity and Performance Matters as set out in 2 C.F.R. part 200, Appendix XII to Part 200. This condition advises your organization of the requirement and the consequences of failing to report such violations to the COPS Office or pass-through entity.

**What you should do:**

Ensure that you timely report in writing to the COPS Office or pass-through entity all federal violations involving fraud, bribery, or gratuity that may affect your federal award and, if applicable, report certain civil, criminal, or administrative proceedings in SAM.

## 19. Reports/Performance Goals

**Condition:**

*To assist the COPS Office in monitoring and tracking the performance of your award, your agency will be responsible for submitting semi-annual programmatic performance reports that describe project activities during the reporting period and quarterly Federal Financial Reports using Standard Form 425 (SF-425). 2 C.F.R. §§ 200.328–200.329. The performance report is used to track your agency's progress toward implementing community policing strategies and to collect data to gauge the effectiveness of increasing your agency's community policing capacity through COPS Office funding. The Federal Financial Report is used to track the expenditures of the recipient's award funds on a cumulative basis throughout the life of the award.*

**Why this condition:**

The Public Safety Partnership and Community Policing Act of 1994 and other federal regulations and policies require that financial assistance provided by the Federal Government must be monitored carefully to ensure the proper use of federal funds. In addition, the COPS Office seeks to document, on a continuing basis, the progress of our programs and recipients.

**What you should do:**

This award condition is designed to make your organization aware of reporting requirements associated with CPD awards. Semi-annual programmatic performance reports and a final programmatic performance report must be submitted directly to the COPS Office through the JustGrants system. Your organization is also required to submit quarterly Federal Financial Reports using Standard Form 425 (SF-425) within 30 days after the end of each calendar quarter. A final SF-425 will be due within120 days after the end of the award period. This report reflects the actual cumulative federal expenditures incurred during the funding period, and the remaining unobligated balance of federal funds. Under federal regulations, your organization is not permitted to draw down federal funding for costs incurred after the official award end date; however, you will have a 120-day grace period after the award end date during which you can drawdown funds for eligible expenditures incurred before the award end date. Organizations with more than one delinquent programmatic or financial report submission per fiscal year may be subject to delays in receiving reimbursement for allowable expenses and may be required to receive technical assistance to improve compliance with reporting. These reports are discussed in greater detail in the section titled "Reports" in this manual. All reports should be submitted within the deadlines given to avoid suspension or possible termination of award funds or other remedial actions; failure to submit required reports may also impact future funding opportunities.

## 20. Recipient Integrity and Performance Matters

**Condition:**

*For awards over $500,000, the recipient agrees to comply with the following requirements of 2 C.F.R. Part 200, Appendix XII to Part 200 – Award Term and Condition for Recipient Integrity and Performance Matters:*

*I. Reporting of Matters Related to Recipient Integrity and Performance*

*(a) General Reporting Requirement.*

*(1) If the total value of your active grants, cooperative agreements, and procurement contracts from all Federal agencies exceeds $10,000,000 for any period of time during the period of performance of this Federal award, then you as the recipient must ensure the information available in the responsibility/qualification records through the System for Award Management (SAM.gov), about civil, criminal, or administrative proceedings described in paragraph (b) of this award term is current and complete. This is a statutory requirement under section 872 of Public Law 110–417, as amended (41 U.S.C. 2313). As required by section 3010 of Public Law 111–212, all information posted in responsibility/qualification records in SAM.gov on or after April 15, 2011 (except past performance reviews required for Federal procurement contracts) will be publicly available.*

*(b) Proceedings About Which You Must Report.*

*(1) You must submit the information required about each proceeding that—*

*(i) Is in connection with the award or performance of a grant, cooperative agreement, or procurement contract from the Federal Government;*

*(ii) Reached its final disposition during the most recent five year period; and*

*(iii) Is one of the following—*

*(A) A criminal proceeding that resulted in a conviction;*

*(B) A civil proceeding that resulted in a finding of fault and liability and payment of a monetary fine, penalty, reimbursement, restitution, or damages of $5,000 or more;*

*(C) An administrative proceeding that resulted in a finding of fault and liability and your payment of either a monetary fine or penalty of $5,000 or more or reimbursement, restitution, or damages in excess of $100,000; or*

*(D) Any other criminal, civil, or administrative proceeding if—*

*(1) It could have led to an outcome described in paragraph (b)(1)(iii)(A) through (C);*

*(2) It had a different disposition arrived at by consent or compromise with an acknowledgment of fault on your part; and*

*(3) The requirement in this award term and condition to disclose information about the proceeding does not conflict with applicable laws and regulations.*

*(c) Reporting Procedures. Enter the required information in SAM.gov for each proceeding described in paragraph (b) of this award term. You do not need to submit the information a second time under grants and cooperative agreements that you received if you already provided the information in SAM.gov because you were required to do so under Federal procurement contracts that you were awarded.*

*(d) Reporting Frequency. During any period of time when you are subject to the requirement in paragraph (a) of this award term, you must report proceedings information in SAM.gov for the most recent five year period, either to report new information about a proceeding that you have not reported previously or affirm that there is no new information to report. If you have Federal contract, grant, and cooperative agreement awards with a cumulative total value greater than $10,000,000, you must disclose semiannually any information about the criminal, civil, and administrative proceedings.*

*(3) Definitions. For purposes of this award term—*

*Administrative proceeding means a nonjudicial process that is adjudicatory in nature to make a determination of fault or liability (for example, Securities and Exchange Commission Administrative proceedings, Civilian Board of Contract Appeals proceedings, and Armed Services Board of Contract Appeals proceedings). This includes proceedings at the Federal and State level but only in connection with performance of a Federal contract or grant. It does not include audits, site visits, corrective plans, or inspection of deliverables.*

*Conviction means a judgment or conviction of a criminal offense by any court of competent jurisdiction, whether entered upon a verdict or a plea, and includes a conviction entered upon a plea of nolo contendere. Total value of currently active grants, cooperative agreements, and procurement contracts includes the value of the Federal share already received plus any anticipated Federal share under those awards (such as continuation funding).*

**Why this condition:**

Under 2 C.F.R. § 200.211(c)(1)(iii), recipients of awards in excess of $500,000 are required to report certain civil, criminal, and administrative proceedings if they have active federal grants, cooperative agreements, or contracts (or any combination of these) that total more than $10,000,000 during the COPS Office award period. The purpose is to protect the public interest and to ensure proper management in federal activities by conducting business with responsible parties.

**What you should do:**

If the total value of your active grants, cooperative agreements, and contracts from all federal awarding agencies exceeds $10,000,000 during the COPS Office award period, then you must ensure that the proceedings described in paragraph 2 of this award term that are reported in the System for Award Management (SAM) are current. The information about the reported proceedings is made available in SAM via the designated integrity and performance system (currently the Federal Awardee Performance and Integrity Information System (FAPIIS)).

During the award period, you must either report for the most recent five year period new information about any proceeding(s) that you have not reported previously or affirm that there is no new information to report. You must also disclose semiannually any information about criminal, civil, and administrative proceedings.

## *21. System for Award Management (SAM) and Universal Identifier Requirements*

**Condition:**

*The recipient agrees to comply with the following requirements of 2 C.F.R. Part 25, Appendix A to Part 25 – Award Term:*

*I. System for Award Management and Universal Identifier Requirements*

*(a) Requirement for System for Award Management. (1) Unless exempt from this requirement under 2 C.F.R. 25.110, the recipient must maintain a current and active registration in SAM.gov. The recipient's registration must always be current and active until the recipient submits all final reports required under this Federal award or receives the final payment, whichever is later. The recipient must review and update its information in SAM.gov at least annually from the date of its initial registration or any subsequent updates to ensure it is current, accurate,*

*and complete. If applicable, this includes identifying the recipient's immediate and highest-level owner and subsidiaries and providing information about the recipient's predecessors that have received a Federal award or contract within the last three years.*

*(b) Requirement for Unique Entity Identifier (UEI). (1) If the recipient is authorized to make subawards under this Federal award, the recipient:*

*(i) Must notify potential subrecipients that no entity may receive a subaward until the entity has provided its UEI to the recipient.*

*(ii) Must not make a subaward to an entity unless the entity has provided its UEI to the recipient. Subrecipients are not required to complete full registration in SAM.gov to obtain a UEI.*

*(c) Definitions. For the purposes of this award term:*

*System for Award Management (SAM.gov) means the Federal repository into which a recipient must provide the information required for the conduct of business as a recipient. Additional information about registration procedures may be found in SAM.gov (currently at https://www.sam.gov).*

*Unique entity identifier means the universal identifier assigned by SAM.gov to uniquely identify an entity.*

*Entity is defined at 2 C.F.R. 25.400 and includes all of the following types as defined in 2 C.F.R. 200.1::*

*1. Non-Federal entity;*

*2. Foreign organization;*

*3. Foreign public entity;*

*4. Domestic for-profit organization; and*

*5. Federal agency.*

*Subaward has the meaning given in 2 C.F.R. 200.1.*

*Subrecipient has the meaning given in 2 C.F.R. 200.1.*

**Why this condition:**

The purpose of this standard award term is to ensure government-wide uniformity in establishing a universal unique entity identifier for federal financial assistance applicants, as well as recipients and their direct subrecipients (if applicable) and to establish the SAM as the repository for standard information about applicants and recipients.

**What you should do:**

At the time of award application, your organization was required to provide its SAM unique entity identifier and be registered in the SAM database.

Your organization should continue to use the same unique entity identifier provided in your award application and update, as needed, the information associated with that unique entity identifier. If your organization is authorized to make subawards under its award, your organization may make subawards only to entities that have unique entity identifiers.

Your organization must maintain active registration and current information in the SAM until you submit the final financial report or receive the final payment under your award, whichever is later. **Your organization must review and update its SAM information at least once per year to maintain an active registration status.** For more information about SAM registration, please visit **www.sam.gov**.

## 22. Additional High-Risk Recipient Requirements

**Condition:**

*The recipient agrees to comply with any additional requirements that may be imposed during the award performance period if the awarding agency determines that the recipient is a high-risk recipient. 2 C.F.R. § 200.208.*

**Why this condition:**

In accordance with 2 C.F.R. § 200.208, the DOJ may impose additional requirements specific to your award, as needed, when it determines that there is unsatisfactory performance, financial or administrative instability, noncompliance with award terms and conditions, or other lack of responsibility risk factors. In such cases, the DOJ may impose special conditions or restrictions that may include requiring the production of documentation, financial award administration training, on-site monitoring, prior approval for expenditure of funds, quarterly progress reports, separate bank accounts, or other requirements.

**What you should do:**

In order to obtain a COPS Office award, recipients must agree to comply with any additional requirements that may be imposed during the award performance period if the awarding agency determines that the recipient is a high-risk recipient.

## 23. Supplementing, Not Supplanting

**Condition:**

*State, local, and tribal government recipients must use award funds to supplement, and not supplant, state, local, or Bureau of Indian Affairs (BIA) funds that are already committed or otherwise would have been committed for award purposes (hiring, training, purchases, and/or activities) during the award period. In other words, state, local, and tribal government recipients may not use COPS Office funds to supplant (replace) state, local, or BIA funds that would have been dedicated to the COPS Office-funded item(s) in the absence of the COPS Office award. 34 U.S.C. § 10384(a).*

**Why this condition:**

The COPS Office statutory nonsupplanting requirement mandates that award funds not be used to replace state or local funds (or, for tribal recipients, BIA funds) that would, in the absence of federal aid, be made available for the award purposes.

**What you should do:**

For state, local, and tribal recipients, CPD funds may not be used to pay for any item or cost funded under the award (equipment, personnel, training, etc.) if that item or cost was otherwise budgeted with state, local, or BIA funds. In addition, recipients may not reallocate state, local, or BIA funds already budgeted for award purposes as a result of receiving CPD award funds. If you have questions concerning this award term and how it pertains to your project budget, please contact your COPS Office Program Manager.

## 24. Sole Source Justification

**Condition:**

*Recipients who have been awarded funding for the procurement of an item (or group of items) or service in excess of $250,000 and who plan to seek approval for use of a noncompetitive procurement process must provide a written sole source justification to the COPS Office for approval prior to obligating, expending, or drawing down award funds for that item or service. 2 C.F.R. § 200.325(b)(2).*

**Why this condition:**

In general, recipients are required to procure funded items through open and free competition. However, in some instances, recipients may have already determined that competition is not feasible.

**What you should do:**

If you have received an award for an item (or group of items) or service in excess of $250,000 and have already determined that the award of a contract through a competitive process is infeasible, you must provide a justification in JustGrants that explains why it is necessary to contract noncompetitively (see ***Grant Award Modification Job Aid Reference Guide***).

The initial determination that competition is not feasible can be made if one of the following circumstances exists:

* Competition is determined inadequate after soliciting several sources.

* The COPS Office authorizes noncompetitive proposals in response to a written request from the recipient.

* The procurement transaction can only be fulfilled from a single source.

* The public exigency or emergency for the requirement will not permit a delay resulting from providing public notice of a competitive solicitation.

The COPS Office will review your request and the supporting information that you provide and will make a determination as to whether or not an exception can be made to the general rule regarding competition. If submitting a sole source justification request to the COPS Office, please use the format described in the *Sole Source Justification* fact sheet which can be found at the **Award Management Materials web page**.

## 25. Modifications

**Condition:**

*Award modifications are evaluated on a case-by-case basis in accordance with 2 C.F.R. § 200.308(i). For federal awards in excess of $250,000, any modification request involving the reallocation of funding between budget categories that exceed or are expected to exceed 10 percent (10%) of the total approved budget requires prior*

*written approval by the COPS Office. Regardless of the federal award amount or budget modification percentage, any reallocation of funding is limited to approved budget categories. In addition, any budget modification that changes the scope of the project requires prior written approval by the COPS Office.*

**Why this condition:**

The COPS Office realizes that organizations may need to reprogram award funds. Acceptable examples of such award modifications include purchasing additional equipment using cost-savings from approved items or purchasing a different type of equipment due to changing needs. Under federal regulations, you are required to expend federal funds only as approved in the award package. Requests to change or alter an award that meet certain threshold requirements must be submitted to the COPS Office for written approval prior to their purchase or implementation. Without prior written approval, you must continue to implement your award as it was originally outlined and accepted by your organization. Reprogrammed funds must be allocated for items covered within the original scope of the award. Please be advised that reprogramming requests for unallowable costs will not be approved.

Your organization may reprogram its budget up to an aggregate (over the course of your project) of 10 percent of the total project cost without prior written approval from the COPS Office. However, you should notify your COPS Office Program Manager of any reprogramming that falls below the 10 percent threshold as well. For awards in excess of the simplified acquisition threshold (currently $250,000), any reprogramming of funds that totals an aggregate of 10 percent or more of the approved budget requires prior written approval from the COPS Office.

**What you should do:**

You are required to notify your COPS Office Program Manager if you determine that your organization will need to reprogram award funds. If your modification exceeds an aggregated (over the course of your project) 10 percent of your overall award, your organization must log into JustGrants. Please contact your COPS Office Program Manager for further direction on any additional requirements that may apply to your modification request. The COPS Office will then evaluate your request and notify your organization of our decision in writing. Implementation of the modified award budget may begin following written approval from the COPS Office. Please note that modification approvals for active awards will be accompanied by a modified financial section reflecting the approved changes.

## 26. Evaluations

**Condition:**

*The COPS Office may conduct monitoring or sponsor national evaluations of its award programs. The recipient agrees to cooperate with the monitors and evaluators. 34 U.S.C. § 10385(b).*

**Why this condition:**

The Public Safety Partnership and Community Policing Act of 1994 states that evaluations of the program may be carried out or commissioned by the Attorney General for the furtherance of the purposes of the Act. The COPS Office conducts evaluations to determine which programs are working, how programs may be improved, and why certain programs are more successful than others. Specifically, the COPS Office may assess the way in which your organization implements its CPD award. COPS Office staff or evaluators may study the effectiveness of funded programs, projects, and activities. Evaluators may collect information about the programs' effect on crime, victims

of crime, and the quality of life in communities. In addition, they may ask questions about the challenges encountered during project implementation, how residents feel about community policing, and how police feel about their work. This information will be useful to other communities and police agencies across the country.

**What you should do:**

When evaluations are undertaken, you may be contacted in writing with specific requests for information. In general, evaluators may need to speak with individuals in your organization, observe activities, and obtain written reports about and from your organization. You will be asked to facilitate any site visits and information-gathering activities. In addition, you will be asked to provide accurate and timely information about your award activities. You should fully comply with any requests made regarding these evaluations.

## 27. Allowable Costs

**Condition:**

*The funding under this award is for the payment of approved costs for program-specific purposes. The allowable costs approved for your agency's award are limited to those listed in your agency's award package. In accordance with 2 C.F.R. § 200.400(g), the recipient or subrecipient must not earn or keep any profit resulting from the award. Your agency may not use award funds for any costs not identified as allowable in the award package.*

**Why this condition:**

Funding may only be used to pay for items and services approved by the COPS Office as reflected in the financial information section of the award package. FY 2024 CPD funds must be used as outlined in the approved cooperative agreement and budget. Please note that in accordance with 2 C.F.R. § 200.101(c), the COPS Office applies the cost principles set forth in 2 C.F.R. Part 200, Subpart E to for-profit organizations. In addition, in accordance with 2 C.F.R. § 200.400(g), the recipient or subrecipient must not earn or keep any profit resulting from the award.

To be eligible for payment under this award, the purchase of approved items must be made on or after the award start date and comply with the guidelines described in the section "Accessing Award Funds" in this manual. The section "Financial Record Maintenance" outlines the types of records you must keep to document that you followed this award condition. Purchases must also reflect the costs that were approved in the award package.

**What you should do:**

Refer to your award package for the list of approved allowable cost categories. Listed below are the budget categories that may appear. If your organization's operating budget categories differ from those approved in the award package, your organization should maintain a cross-reference to clearly identify where the funds were budgeted. As long as funds are spent during the award period on project costs that were documented in your application's budget summary and approved by the COPS Office through the issuance of the award package, this award condition will be satisfied. The award number should be included on all budgetary documentation including purchase orders, receipts, and other documentation. All recipients should keep and maintain the most recent, approved version of their 2024 CPD application and award package for future reference.

*Civilian Personnel (salaries and benefits)*

Personnel expenses may be reimbursed for project activities that take place on or after the award start date. In addition, a position's salary must be reasonable for the services rendered and must be paid to a person appointed under the law or rules governing hiring by your organization. Salary payments must be based on payroll records. Time and attendance records or the equivalent must support payroll records. A recipient may not use federal funds to pay total cash compensation to any employee of the recipient at a rate that exceeds 110 percent of the maximum annual salary payable to a member of the Federal Government's Senior Executive Service (SES) at an agency with a Certified SES Performance Appraisal System for that year. The 2024 salary table for SES employees is available at the Office of Personnel Management website: **https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/**.

If any civilian personnel are employed on a part-time or temporary basis, your organization must specify the percentage of time that each person is working solely on the project identified in your organization's CPD proposal. Fringe benefits may be paid if they are part of a reasonable compensation package offered to your employees. Particular items of fringe benefits must fall within the categories authorized by the COPS Office. Authorized fringe benefits include FICA, Social Security, health insurance, life insurance, vacation, sick leave, retirement, worker's compensation, and unemployment insurance.

*Travel*

Travel costs for transportation, lodging, meals, temporary dependent care, and incidental expenses incurred by personnel while on official business, such as attendance at an award-related meeting or conference when travel is further than 50 miles from program location, are allowable with prior approval from the COPS Office. In accordance with 2 C.F.R. § 200.475, travel costs for official business directly related to the award will be reimbursed based upon the recipient's written travel reimbursement policies if the costs are reasonable and allocable under the project. In the absence of an acceptable written policy regarding travel costs, allowable rates and amounts established by the U.S. General Services Administration (GSA) for the relevant geographic area will apply. The current GSA travel policy and per diem rates can be found at **www.gsa.gov**.

Allowable airfare costs will be reimbursed based upon the least expensive unrestricted accommodations class offered by commercial airlines—for example, lowest discount commercial airfare, the Federal Government contract airfare (if authorized and available), or standard coach airfare—unless otherwise authorized in advance by the COPS Office.

Temporary dependent care costs above and beyond regular dependent care that directly results from conference travels are allowable as long as the costs incurred (1) are a direct result of the individual's travel for the federal award; (2) are consistent with the recipient's documented travel policy for all entity travel; and (3) are only temporary during the travel period.

The CPD program will fund award-related travel costs for the recipient agency or other (nonrecipient) individuals to attend training and technical assistance conferences, seminars, or classes or to visit a site specified in the application. Allowable award-related travel costs that were included in the application have been approved by the COPS Office as part of the CPD award and final budget. Your organization should keep timely and accurate records of all travel expenses. If at any time these costs change, you should immediately contact your COPS Office Program Manager.

*Equipment*

To be eligible for payment under this award, the purchase of equipment and technology must occur on or after the award start date, the items must be those specifically applied for and approved by the COPS Office, and they must meet the guidelines described in 2 C.F.R. Part 200, Subpart E – Cost Principles. For recipients that are state, local, or tribal government entities, award-funded equipment and technology must supplement, not supplant (replace), locally funded items that would have been funded even in the absence of this award. Funds currently budgeted or obligated for the purchase of equipment and technology may not be reallocated to other purposes or reimbursed upon receiving the CPD award. Organizations should establish practices to receive, label, inventory, and track the location of all purchases made for award-funded equipment and/or technology.

*Supplies*

All supplies must be solely used for the project identified in your project proposal. Reimbursements for office supplies that are consumed by routine administrative purposes instead of project-related activities are prohibited. Items must meet the guidelines described in 2 C.F.R. Part 200, Subpart E – Cost Principles. For any training awards, the COPS Office allows the purchase of flash drives or USB devices to distribute training materials with approval prior to purchasing.

*Sub-awards/Procurement Contracts*

The applicant should distinguish clearly between subawards and contracts in allocating any funds to other entities. Pursuant to 2 C.F.R. § 200.331, a subaward is for the purpose of carrying out a portion of the federal award, and a contract is for the purpose of obtaining goods and services for the recipient's own use. The substance of the relationship is more important than the form of the agreement in determining whether the recipient of the pass-through funds is a subrecipient or a contractor. Keep in mind that the awarding and monitoring of contracts must follow documented procurement procedures, including full and open competition, pursuant to the procurement standards in 2 C.F.R. §§ 200.318- 200.327, and the issuance of subawards must meet the requirements of 2 C.F.R. § 200.332.

Any recipient of an award will be responsible for monitoring subawards and contracts in accordance with all applicable statutes, regulations, and guidelines. Primary recipients will be responsible for oversight of subrecipient or partner spending and monitoring specific performance measures and outcomes attributable to the use of COPS Office funds.

All sole-source procurements of goods and services (those not awarded competitively) in excess of $250,000 require prior approval from the COPS Office. Please see the *Sole Source Justification* fact sheet, which can be found at the **Award Management Materials web page**.

Consultant expenses include goods or services that directly contribute to the implementation or enhancement of the project. The use of a consultant should be more economical than direct employment. Compensation for individual consultant services procured under a COPS Office award must be reasonable and allocable in accordance with Office of Management and Budget (OMB) cost principles, and consistent with that paid for similar services in the marketplace. The services should be commensurate with the rate or salary paid by the primary employer.

Unless otherwise approved by the COPS Office, independent consultant rates will be approved based on the salary a consultant receives from his or her primary employer, as applicable, up to $650 per day (or $81.25 per hour). Please note that this does not mean that the rate can or should be as high as $650 for all consultants. If individuals

receive fringe benefits from their primary employer, such fringe benefit costs should not be included in the calculation of consultant rates. A consultant rate justification will need to be submitted for review and approval to the COPS Office for any consultants paid more than $650 per day prior to incurring any costs. Determinations of approval will be made on a case-by-case basis. Please see the *Consultant Rate Justification* fact sheet, which can be found at the **Award Management Materials web page**.

Consultant travel costs follow the same guidelines as the "Travel" category but should be costs associated with consultant travel. These costs should not be reflected in the "Civilian Personnel" or "Travel" categories.

All other consultant-related expenses should be included in this section such as supply and equipment requests. The same guidelines as previously stated in the above sections will apply.

If an applicant proposes a program or activity that would deliver services or benefits to individuals, the costs of taking reasonable steps to provide meaningful access to those services or benefits for individuals with limited English proficiency may be allowable. Reasonable steps to provide meaningful access to services or benefits may include interpretation or translation services, where appropriate. For additional information, see the "Civil Rights Compliance."

*Other costs*

Items that do not conform to any of the category descriptions specific above but that have a direct correlation to the overall success of a recipient's project objectives and are necessary for the project to reach full implementation will be considered on a case-by-case basis by the COPS Office.

If at any time you are unsure if an item is considered allowable or unallowable, please contact your COPS Office Program Manager for further assistance.

*Indirect costs*

Indirect (facilities and administrative, or F&A) costs are costs that are incurred for a common or joint purpose benefiting more than one cost objective and not readily assignable to a particular project but are necessary to the operation of the agency and the performance of the project. Indirect costs are allowable for this program, but must adhere to the standards set forth in the applicable Office of Management and Budget (OMB) guidance as stated in 2 C.F.R. Part 200 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards) as adopted by the U.S. Department of Justice in 2 C.F.R. § 2800.101. Examples of indirect costs include those incurred for facility operation and maintenance, depreciation, and administrative salaries.

Indirect cost rates are federally negotiated and approved rates that are based on audited and documented expenses approved to be included within an indirect cost rate. It is important that your organization carefully track and update its indirect cost rate during the COPS Office award period.

The recipient understands that if they were approved for indirect costs based on an expired indirect cost rate at the time of application, a special condition may have been added to the award prohibiting the drawdown of funds for reimbursement of indirect costs until a current indirect cost rate has been determined by their cognizant agency and a copy of the "new" approved and signed Indirect Cost Negotiation Agreement has been submitted to the COPS Office.

The recipient understands that indirect costs may typically only be requested at the time of application. Transferring funds into or out of the indirect cost category is not allowable without prior approval from the COPS Office. A budget modification is required.

If your organization's approved indirect cost rate expires during the award period, a current approved rate must be submitted to the COPS Office in order to continue to draw down award funding for indirect costs. Your expired rate must be renegotiated or extended by your cognizant federal agency. An approved indirect cost rate may be extended one time for up to four years, and once the cognizant federal agency has approved your extension, you must abide by that rate for the agreed-upon time period. At the end of the extension period, you must renegotiate a new indirect cost rate. Your organization must advise the COPS Office in writing of any changes to your approved indirect cost rate during the award period and must request a budget modification with the COPS Office to reflect any rate change.

In addition, if a provisional indirect cost rate is in effect at award closeout, your organization shall proceed with closeout, but you will need to complete an expenditure analysis upon receipt of the approved final indirect cost rate to determine if an adjustment is necessary. If your organization drew down excess COPS Office funding for indirect costs, then your organization must return the overpayment to the COPS Office and submit a revised Federal Financial Report (SF-425). If your organization incurred additional indirect costs, then your organization may request a budget modification if the award is still open and award funds are available. If your organization returns or draws down COPS Office funding, then your organization will need to submit a revised final Federal Financial Report (SF-425).

Please see the *Indirect Costs* fact sheet*,* which can be found at the **Award Management Materials web page**.

*Please be advised that recipients may not use COPS Office funding for the same item or service also funded by another U.S. Department of Justice award.*

Please also see "Duplicative Funding" condition.

## 28. Extensions

**Condition:**

*Recipients may request an extension of the award period to receive additional time to implement their award program. Such extensions do not provide additional funding. Only those recipients that can provide a reasonable justification for delays will be granted no-cost extensions. Extension requests must be received prior to the end date of the award.* 2 C.F.R. §§ 200.308(f)(10) and 200.309.

**Why this condition:**

Under federal regulations, requests to extend the award period require prior written approval from the COPS Office. Without an approved extension, your organization is not permitted to draw down federal funding for costs incurred beyond the official award end date. When justified, the COPS Office will seek to accommodate reasonable requests for no-cost time extensions to fully implement the COPS Office award.

**What you should do:**

The COPS Office will contact your organization during the last quarter of the award period to determine whether a no-cost time extension is needed. Requests to extend the award period must be received by the COPS Office before the official award end date. Failure to submit a request for a no-cost time extension before the award end date may result in the immediate deobligation of any remaining award funds. Please note that the project period of performance will be extended, if necessary, until the deliverable is considered final. If the award is set to expire, prior to the final approval of the deliverable, a no-cost extension will be executed for a reasonable amount of time for the recipient to complete the final deliverable.

## 29. Computer Network Requirement

**Condition:**

*The recipient understands and agrees that no award funds may be used to maintain or establish a computer network unless such network blocks the viewing, downloading, and exchanging of pornography. Nothing in this requirement limits the use of funds necessary for any federal, state, tribal, or local law enforcement agency or any other entity carrying out criminal investigations, prosecution, or adjudication activities. Consolidated Appropriations Act, 2024, Public Law 118–42, Division C, Title V, Section 527.*

**Why this condition:**

The Appropriations Act prohibits the use of federal funds to maintain or establish a computer network that does not block the viewing, downloading, and exchanging of pornography. This provision protects the public interest in the proper management and use of federal funds.

**What you should do:**

The recipient must not use award funds to maintain or establish a computer network unless the network blocks pornography. This does not limit the use of funds for criminal investigations, prosecution, or adjudication activities.

## 30. Public Release Information

**Condition:**

*The recipient agrees to submit one copy of all reports and proposed publications resulting from this award ninety (90) days prior to public release. Any publications (written, curricula, visual, sound, reports, or websites) or computer programs, whether or not published at government expense, shall contain the following statement:*

> *"This project was supported, in whole or in part, by federal award number YYYY-XX-XXXX awarded to [entity] by the U.S. Department of Justice, Office of Community Oriented Policing Services. The opinions contained herein are those of the author(s) or contributor(s) and do not necessarily represent the official position or policies of the U.S. Department of Justice. References to specific individuals, agencies, companies, products, or services should not be considered an endorsement by the author(s) or the U.S. Department of Justice. Rather, the references are illustrations to supplement discussion of the issues.*
>
> *The internet references cited in this publication were valid as of the date of publication. Given that URLs and websites are in constant flux, neither the author(s) nor the COPS Office can vouch for their current validity."*

**Why this condition:**

The COPS Office wants to ensure the quality, objectivity, utility, and integrity of information in funded projects that are disseminated to the public. However, award-funded reports and publications are not works of authorship by the Federal Government and should not be construed to reflect the official policy or position of the U.S. Department of Justice.

**What you should do:**

Ensure that all publications developed under your award contain the required statement listed above.

## 31. Paperwork Reduction Act Clearance and Privacy Act Review

**Condition:**

*The recipient agrees, if required, to submit all surveys, interview protocols, and other information collections to the COPS Office for submission to the Office of Management and Budget (OMB) for clearance under the Paperwork Reduction Act (PRA). Before submission to OMB, all information collections that request personally identifiable information must be reviewed by the COPS Office to ensure compliance with the Privacy Act. The Privacy Act compliance review and the PRA clearance process may take several months to complete. 44 U.S.C. §§ 3501-3520 and 5 U.S.C. § 552a.*

**Why this condition:**

The purpose of the Paperwork Reduction Act is to reduce, minimize, and control paperwork burdens on the public while maximizing the practical utility and public benefit of information created, collected, disclosed, maintained, used, shared, and disseminated by or for the Federal Government. See 5 C.F.R. § 1320.1. In addition, the Privacy Act establishes a "code of fair information practices" that regulates the collection, maintenance, use, and disclosure of personally identifiable records. 5 U.S.C. § 552a.

A collection of information undertaken by a recipient is considered to be conducted or sponsored by a federal agency only if (1) the recipient is conducting the collection of information at the specific request of the agency, or (2) the terms and conditions of the award require specific approval by the agency of the collection of information or the collection procedures. See 5 C.F.R. § 1320.3(d).

**What you should do:**

When you undertake surveys, interviews, and other methods of information collection in furtherance of the objectives of the award, you should contact your COPS Office Program Manager. The COPS Office Program Manager will inform you whether Office of Management and Budget (OMB) approval of the information collection method is required and of the procedures necessary to obtain this approval. As part of the OMB approval process, a privacy assessment will be completed to determine if an information collection requires a privacy-related notice. OMB approval may take several months to receive, so recipients are advised to allow ample time for the processing of this request.

## 32. Copyright

**Condition:**

*If applicable, the recipient may copyright any work that is subject to copyright and was developed, or for which ownership was acquired, under this award in accordance with 2 C.F.R. § 200.315(b). The COPS Office reserves a royalty-free, nonexclusive and irrevocable license to reproduce, publish, or otherwise use the work, in whole or in part (including create derivative works), for Federal Government purposes, and to authorize others to do so. The COPS Office also reserves the right, at its discretion, not to publish deliverables and other materials developed under this award as a U.S. Department of Justice resource.*

*Products and deliverables developed with award funds and published as a U.S. Department of Justice resource will contain the following copyright notice:*

> *"This resource was developed under a federal award and may be subject to copyright. The U.S. Department of Justice reserves a royalty-free, nonexclusive, and irrevocable license to reproduce, publish, or otherwise use the work for Federal Government purposes and to authorize others to do so. This resource may be freely distributed and used for noncommercial and educational purposes only."*

**Why this condition:**

U.S. Department of Justice regulations allow the recipient of a CPD award to copyright any work that is subject to copyright and was developed, or for which ownership was purchased, under an award.

As a Federal Government agency whose activities include producing and disseminating law enforcement materials to advance public safety through community policing across the nation, the COPS Office has an interest in making your deliverables and products widely available and accessible to the public. The COPS Office may make any work that was developed or purchased under this award publicly available by any means without restriction, including through designated public access repositories, a U.S. Department of Justice website, social media account, a hard copy, or in electronic form. The COPS Office also reserves the right, at its discretion, to not publish deliverables and other materials (e.g., reports, publications, manuals, and training curricula) developed under this award as a U.S. Department of Justice resource.

**What you should do:**

The recipient is responsible for acquiring the rights, and ensuring that its subrecipients/contractors/authors acquire the rights, including the payment of required fees, to use copyrighted material for inclusion in deliverables that are developed under this award. All licensing, publishing, or similar agreements with a copyright holder, publisher, or other relevant party must include provisions giving the COPS Office a royalty-free, nonexclusive, and irrevocable license to reproduce, publish, or otherwise use the work in whole or in part (including create derivative works) for Federal Government purposes and to authorize others to do so. If the recipient retains a contractor or consultant to author or coauthor a work under this award, the recipient must ensure that there is a written agreement with the contractor or consultant that explicitly (1) assigns and transfers all rights to the copyright in the work to the recipient for the full term of copyright and, if a copyright transfer is not feasible, (2) awards the COPS Office the same royalty-free, nonexclusive, and irrevocable license to use, and authorize others to use, the work for Federal Government purposes.

The U.S. Department of Justice is a nonexclusive licensee to copyrighted work that was developed, or for which ownership was purchased, under this award. Only the legal or beneficial owner of an exclusive right under a copyright is entitled to institute an infringement action. The recipient should therefore consult its own legal counsel with any copyright infringement questions. For more information about registering a copyright, please visit the U.S. Copyright Office at **www.copyright.gov**.

## 33. Human Subjects Research

**Condition:**

*The recipient agrees to comply with the provisions of the U.S. Department of Justice's common rule regarding Protection of Human Subjects, 28 C.F.R. Part 46, prior to the expenditure of Federal funds to perform such activities, if applicable. The recipient also agrees to comply with 28 C.F.R. Part 22 regarding the safeguarding of individually identifiable information collected from research participants.*

**Why this condition:**

Protections for human subjects of research are required under U.S. Department of Justice regulations at 28 C.F.R. Part 46. This regulation constitutes the Federal Policy (Common Rule) for the Protection of Human Subjects. Each institution engaged in (nonexempt) COPS Office–supported human subjects research must provide a written assurance of compliance, satisfactory to the COPS Office, that it will comply with the U.S. Department of Justice human subjects regulations.

**What you should do:**

If any part of your CPD project contains research or statistical activities which involve human subjects that are not covered by an exemption set forth in 28 C.F.R. Part 46.101(b), you must comply with the requirements in the U.S. Department of Justice's common rule regarding the Protection of Human Subjects, 28 C.F.R. Part 46, including, but not limited to Institutional Review Board (IRB) approval and the appropriate assurances prior to the expenditure of federal funds to perform such activities. By signing the award document, you also agree to comply with 28 C.F.R. Part 22 regarding the confidentiality of identifiable research and statistical information including safeguarding of identifiable information collected from research participants.

## 34. Domestic Preferences for Procurements

**Condition:**

*Recipient agrees that it, and its subrecipients, to the greatest extent practicable, will provide a preference for the purchase, acquisition, or use of goods, products, and materials produced in, and services offered in, the United States. 2. C.F.R. § 200.322 and Executive Order 14005, Ensuring the Future is Made in All of America by All of America's Worker, January 25, 2021.*

**Why this condition:**

It is the policy of the United States Government to use federal funds to buy American whenever possible. This condition promotes domestic preferences in procurements under federal awards.

2024 COPS Office Community Policing Development (CPD) Program Award Owner's Manual

**What you should do:**

Ensure that your organization provides a preference for American goods and services funded under your award to the greatest extent practicable and consistent with applicable law.

## 35. Prohibition on Certain Telecommunications and Video Surveillance Services or Equipment

**Condition:**

*Recipient agrees that it, and its subrecipients, will not use award funds to extend, renew, or enter into any contract to procure or obtain any covered telecommunication and video surveillance services or equipment as described in 2 CFR §200.216. Covered services and equipment include telecommunications or video surveillance services or equipment produced or provided by Huawei Technologies Company or ZTE Corporation (or any subsidiary or affiliate of such entities); Hytera Communications Corporation, Hangzhou Hikvision Digital Technology Company, or Dahua Technology Company (or any subsidiary or affiliate of such entities); or an entity that the Secretary of Defense, in consultation with the Director of the National Intelligence or the Director of the Federal Bureau of Investigation, reasonably believes to be an entity owned or controlled by, or otherwise connected to, the government of China. The use of award funds on covered telecommunications or video surveillance services or equipment are unallowable. 2. C.F.R. § § 200.216 & 471. See also Section 889 of the John S. McCain National Defense Authorization Act of Fiscal Year 2019, Public Law 115–232.*

**Why this condition:**

Section 889 of the John S. McCain National Defense Authorization Act of Fiscal Year 2019, Public Law 115–232, as implemented by 2 C.F.R. §200.216, prohibits the use of award funds to extend, renew, or enter into any contract to procure or obtain any covered telecommunication and video surveillance services or equipment as explained in the condition.

**What you should do:**

Ensure that your organization does not use award funds to extend, renew, or enter into any contract to procure or obtain any covered telecommunication and video surveillance services or equipment.

## 36. Travel Costs

**Condition:**

*Travel costs for transportation, lodging and subsistence, and related items are allowable with prior approval from the COPS Office. Payment for allowable travel costs will be in accordance with 2 C.F.R. § 200.475.*

**Why this condition:**

CPD funding will cover award-related travel costs for the recipient agency or other (nonrecipient) individuals to attend training and technical assistance conferences, seminars, or classes or to visit a site specified in the original application. Allowable expenses for award-related lodging, meals, temporary dependent care, and incidental expenses that were included in the application were approved by the COPS Office as part of your organization's CPD award and final budget. For more information, please refer to the award condition on "Allowable Costs."

**What you should do:**

Your organization should refer to your JustGrants approved budget for a list of approved travel costs and use CPD funds only for approved travel costs incurred during the award period. In addition, your organization should keep timely and accurate records of all travel expenses. If at any time these costs change, you should immediately contact your COPS Office Program Manager.

## 37. Information Data Breach

**Condition:**

*The recipient (and any subrecipient at any tier) must have written procedures in place to respond in the event of an actual or imminent breach (as defined in OMB M-17-12) if it (or a subrecipient-- 1) creates, collects, uses, processes, stores, maintains, disseminates, discloses, or disposes of personally identifiable information (PII) (as defined in 2 C.F.R. 200.1) within the scope of a COPS Office grant-funded program or activity, or 2) uses or operates a Federal information system (as defined in OMB Circular A-130). The recipient's breach procedures must include a requirement to report actual or imminent breach of PII to the recipient's COPS Office Program Manager no later than 24 hours after an occurrence of an actual breach, or the detection of an imminent breach. OMB Memorandum M-17-12, Preparing for and Responding to a Breach of Personally Identifiable Information.*

**Why this condition:**

OMB requires recipients and subrecipients to establish written procedures to respond to an actual breach, or the detection of an imminent breach involving personally identifiable information (PII), if within the scope of their award, they will create, collect, use, process, store, maintain, disseminate, disclose, or dispose of PII or will use or operate a Federal information system. Recipient breach procedures must include a requirement to notify the Federal awarding agency in the event of such a breach.

**What you should do:**

If any part of your COPS Office award involves your agency creating, collecting, using, processing, storing, maintaining, disseminating, disclosing, or disposing of PII, or the use or operation of a Federal information system, your agency must have written procedures in place to respond to an actual breach, or the detection of an imminent breach involving personally identifiable information (PII), including notification to your COPS Office Program Manager no later than 24 hours following such breach.

Written procedures should promote cooperation and the free exchange of information with the COPS Office, as needed, to properly escalate, refer, and respond to a breach.

## 38. Training Guiding Principles
**Condition:**

*Any training or training materials developed or delivered with award funding provided by the Office of Community Oriented Policing Services is to adhere to the following guiding principles–*

1. *Trainings must comply with applicable law.*

   *In developing and conducting training under the award, recipients (and any subrecipients) shall not violate the Constitution or any federal law, including any law prohibiting discrimination.*

2.  *The content of trainings and training materials must be accurate, appropriately tailored, and focused.*

    *The content of training programs must be accurate, useful to those being trained, and well matched to the program's stated objectives. Training materials used or distributed at trainings must be accurate, relevant, and consistent with these guiding principles.*

3.  *Trainers must be well-qualified and skilled in presenting the subject area.*

    *Trainers must possess the subject-matter knowledge and the subject-specific training experience necessary to meet the objectives of the training. In selecting or retaining a trainer, recipients (or subrecipients) should consider such factors as the trainer's resume and written materials, interviews with the trainer, observation of other trainings conducted by the trainer, feedback from other entities with which the trainer has worked, training participant feedback and evaluations, and the general reputation of the trainer.*

4.  *Trainers must demonstrate the highest standards of professionalism.*

    *Trainers must comport themselves with professionalism. While trainings will necessarily entail varying teaching styles, techniques, and degrees of formality, as appropriate to the particular training goal, professionalism demands that trainers instruct in the manner that best communicates the subject matter while conveying respect for all.*

**Why this condition:**

This condition sets forth the Training Guiding Principles for the development and delivery of training and training materials funded under a COPS Office award to ensure that such deliverables meet the highest standards for compliance with applicable law, content accuracy and effectiveness, and skilled and professional trainers.

**What you should do:**

Recipients and subrecipients must ensure that any training or training materials supported with COPS Office award funding adhere to the Training Guiding Principles, which are incorporated into the COPS Office training guides. This includes, but is not limited to, the following: (1) **In-Person Curriculum Standards and Review Process Guide**; (2) **Instructor Quality Assurance Guide**; (3) **On-Demand Online Curriculum Process Guide**; and (4) **Video Development Process Guide**. To access these guides and other helpful resources, please visit **TRAINING | COPS OFFICE (usdoj.gov)**.

# II. Accessing Award Funds

This section provides answers to payment-related questions, including all the information needed to provide access to request payments from your COPS Office awards. For assistance with financial management and award administration, please contact the COPS Office Response Center at **AskCOPSRC@usdoj.gov** or visit our website at **https://cops.usdoj.gov**.

## Payment method

### What method of payment is used?

There is currently one payment system available for accessing federal award funds - The Automatic Standard Application for Payments (ASAP) which is the shared services payment system used by the Department of the Treasury. Through this platform, recipients of DOJ grant awards and other forms of federal assistance will be able to request and receive payments for grants managed through JustGrants.

To learn more about the ASAP registration process, please see the ***ASAP Registration Checklist***.

If you have questions or need help using ASAP, you can contact the OCFO Customer Service Center by email at **Ask.OCFO@usdoj.gov** or by phone at 800-458-0786.

### When should Federal Financial Reports be filed?

After your agency accepts the award, under current regulations, you are required to submit quarterly Federal Financial Reports (FFRs) using a Standard Form 425 (SF-425). This report reflects the actual monies spent and unliquidated obligations incurred by your agency. *You will not be able to make drawdowns from you ASAP account if the SF-425 for the most recent reporting quarter has not been submitted in JustGrants by the deadline date.* Recipients are required to submit their SF-425 reports in the JustGrants portal: **https://justicegrants.usdoj.gov/**

For more information on how to complete and where to submit your quarterly SF-425 report, see the section in this manual titled "Reporting Requirements."

*Filing the Federal Financial Report (SF-425) identifies your federal and local expenditures made during that calendar quarter. However, to receive actual payment, you must request it through ASAP.*

The FFR is submitted in JustGrants, and can only be submitted by someone with the role of "Financial Manager." FFRs may be submitted 10 calendar days or less from a reporting period end date until the due date. Once the due date passes, a delinquent report can still be submitted by a Financial Manager. A Financial Manager also has privileges to edit and resubmit FFRs. The most recent Quarterly FFR can be reopened and resubmitted if the due date has not passed. Similarly, a Final FFR can be reopened and resubmitted up to 120 days after the project period end date. You must contact your awarding office to reopen and resubmit a final FFR anytime beyond 120 days after the award end date. Funds are frozen one day after the due date if the report is not submitted. Funds are released once the delinquent FFR is submitted.

# Additional payment questions

## Can we receive advances?

Yes. If you receive funds through electronic transfer, the period allowed is 10 days in advance. In general, the concept of "minimum cash on hand" applies to COPS Office awards. This concept requires that your organization request funds based upon immediate cash disbursement needs. You should time your request for payment to ensure that federal cash on hand is the minimum that you need.

There should be no excess federal award funds on hand, except for advances not exceeding 10 days, as noted above.

The Federal Government has four basic rules regarding advances. Advances can be terminated if the recipient

1.  is unwilling or unable to attain project goals;

2.  maintains excess cash on hand;

3.  does not adhere to the terms and conditions of the award;

4.  fails to submit reliable or timely reports.

## How often can we request reimbursement of costs?

There are no limitations on how often your organization may request reimbursements; however, your reimbursement requests should cover a specific time frame and include only costs that were approved in the award package. As a general guideline, most organizations request reimbursement on a monthly or quarterly basis. Also, please note that a date range for a reimbursement request can only be used once.

## Can we earn interest on our award funds?

For nonfederal entities other than states, payment methods must minimize the time between your drawdown of federal funds and your payment of award costs to avoid earning excess interest on your award funds. You must account for interest earned on advances of federal funds as follows:

- The Office of Management and Budget (OMB) uniform guidance at 2 C.F.R. § 200.305(b)(12) states that interest earned on federal advance payments deposited in interest-bearing accounts **up to $500 per year** may be retained by the nonfederal entity for administrative expenses.

- Any interest earned on federal advance payments deposited in interest-bearing accounts that is **in excess of $500 per year** must be remitted annually to the Department of Health and Human Services Payment Management System (PMS) through an electronic medium using either Automated Clearing House (ACH) network or a Fedwire Funds Service payment. For detailed information on remittance, please see appendices for a full text of the electronic medium remittance options. Instructions for returning interest on can be found at **https://pms.psc.gov/grant-recipients/returning-funds-interest.html**.

- If you do not have access to an electronic medium option, then please make a check payable to "The Department of Health and Human Services" and mail the check to Treasury-approved lockbox: HHS Program Support Center, P.O. Box 530231, Atlanta, GA 30353-0231. (Please allow 4–6 weeks for processing of a payment by check to be applied to the appropriate Payment Management System (PMS) account).

- Please notify your COPS Office Staff Accountant in the COPS Office Finance Business Unit when any interest that is earned is remitted to the Department of Health and Human Services, Payment Management System.

## Matching funds

Under the COPS Office CPD Program, no local match is required. The COPS Office is funding 100 percent of the allowable items approved in your award package. Any organization desiring to contribute additional funds to this project is encouraged to do so by reporting these funds on the SF-425 as a recipient share of expenditures (line 10j).

2024 COPS Office Community Policing Development (CPD) Program Award Owner's Manual

# III. Procurement Process

In general, recipients are required to procure funded items through open and free competition when feasible. When conducting a procurement transaction under a Federal award, a State or Indian Tribe must follow the same policies and procedures it uses for procurements with non-Federal funds. If such policies and procedures do not exist, States and Indian Tribes must follow the procurement standards in §§ 200.318 through 200.327. In addition to its own policies and procedures, a State or Indian Tribe must also comply with the procurement standards: §§ 200.321 (Contracting with small and minority businesses, women's business enterprises, veteran-owned businesses, and labor surplus area firms), 200.322 (Domestic preferences for procurement), and 200.323 (Procurement of recovered material) and ensure that every purchase order or other contract includes any clauses required by § 200.327 (Contract provisions). All other recipients and subrecipients, including subrecipients of a State or Indian Tribe, must follow the procurement standards in §§ 200.318 through 200.327. 2 C.F.R. § 200.317.

Consistent with the uniform administrative requirements that prohibit procurement practices that restrict competition, recipients and subrecipients may not discriminate against any person or entity on the basis of a person or entity's status as an "associate of the Federal Government" (or on the basis of a person or entity's status as a parent, affiliate, or subsidiary of an associate of the Federal Government). The term "associate of the Federal Government" means any person or entity engaged or employed (in the past or at present) by or on behalf of the Federal Government as an employee, contractor, subcontractor, award recipient, subrecipient, agent, or otherwise.

As described in the award condition titled "Sole Source Justification," recipients are required to submit a sole source justification (SSJ) request to the COPS Office for noncompetitive procurements in excess of $250,000 prior to purchasing equipment, technology, or services; obligating funding for a contract; or entering into a contract with award funds. If submitting a sole source justification request to the COPS Office, please follow the steps described in the *Sole Source Justification* fact sheet, which can be found at the **Award Management Materials web page**.

If you have any questions regarding the federal requirements that guide procurement procedures, please contact your COPS Office Program Manager.

# IV. Financial Record Maintenance

Your organization is required to establish and maintain accounting systems and financial records to accurately account for funds awarded and disbursed. These records must include both federal funds and any local funds contributed to this project.

## What accounting systems are required?

Your organization needs to establish and maintain accounting systems and financial records to accurately account for the funds awarded.

As required by 2 C.F.R. § 200.1, 200.302, and 200.303, internal controls and financial management systems must provide reasonable assurance that your organization is managing the Federal award in compliance with the U.S. Constitution, Federal statutes, regulations, and award terms and conditions and provide full accountability for expenditures including but not limited to:

- Transactions are properly recorded and accounted for to prepare reliable financial statements and federal reports and to maintain accountability over assets.
- Transactions are executed in compliance with all applicable federal statutes, regulations, and the award terms and conditions.
- Funds, property, and other assets are safeguarded against loss from unauthorized use or disposition.

## What records must be kept?

Your organization's fiscal control and accounting systems should enable you to make accurate, current, and complete disclosure of the financial activity under your award. Your accounting records should contain information showing expenditures under the award and must be supported by items such as payroll records, time and attendance records, canceled checks, purchase orders, or similar documents.

Your organization must adequately safeguard award funds and make sure that they are used for authorized purposes only. Your organization will be responsible for refunding any unallowable expenses.

## How long must records be kept?

All financial records and supporting documents associated with your award (including payroll, time and attendance records, canceled checks, and purchase orders) must be retained for a period of three years from the date of submission of the final expenditure report as stated in 2 C.F.R § 200.334 (Retention requirements for records).

Your organization should maintain records so that you can identify them by award year or by fiscal year, whichever you find more convenient. If any litigation, claim, negotiation, audit, or other action involving these records has been started before the end of the three-year period, the records should be kept until completion of the action. These records should be easily located and should be properly protected against fire or other damage. *Failure to maintain adequate records to document award expenditures may result in a requirement to repay all federal funds that cannot be supported with appropriate records.*

## What if we have more than one award?

If your organization has more than one COPS Office award or an award from another federal agency, funds received under one project may not be used to support another project without specific written authorization from the COPS Office, or in the case of an award from another agency, from both awarding agencies. Your accounting systems and financial records must reflect expenditures for each project separately.

## Who may access our records?

Authorized federal representatives, including representatives from the U.S. Department of Justice, the Comptroller General of the United States, the COPS Office, and any entity designated by the COPS Office may access these records for the purposes of conducting audits, site visits, or other examinations.

# V. Federal Audit Requirements

In addition to oversight by the COPS Office, your award may be subject to an audit by independent examiners. The two primary types of audit are Single Audit Act (SAA) audits and U.S. Department of Justice, Office of the Inspector General (OIG) audits.

## Single Audit Act (SAA) requirements

### What are the regulations governing SAA requirements?

The Single Audit Act (SAA) of 1984 established uniform guidelines for state and local governments , and Indian tribal governments receiving federal financial assistance. The 1984 Act was amended in July 1996, by extending these requirements to all nonprofit recipients of federal financial assistance. The Office of Management and Budget (OMB) issued final guidance for 2 C.F.R. Part 200—Uniform Administrative Requirements, Cost Principles and Audit Requirements for Federal Awards (Uniform Guidance) on December 26, 2013. This guidance applies to all federal awards or funding increments awarded on or after December 26, 2014, and provides additional guidelines regarding the implementation of SAA requirements. 2 C.F.R. Part 200, Subpart F – Audit Requirements, available at **https://www.ecfr.gov/current/title-2/subtitle-A/chapter-II/part-200/subpart-F**, establishes the requirements for organizational audits that apply to COPS Office award recipients. Recipients must arrange for the required organization-wide (not award-by-award) audit in accordance with the requirements of Subpart F.

### Who must have an SAA audit?

A recipient that expends $1,000,000 or more during the recipient's fiscal year in federal awards must have a single audit conducted in accordance with 2 C.F.R. § 200.514 (Scope of audit) except when it elects to have a program-specific audit conducted in accordance with 2 C.F.R. § 200.501(c). An auditee may be a recipient, a subrecipient, or a vendor.

SAA audits are required to be conducted annually, unless a state or local government, or Indian tribe is required (by constitution or statute that was in effect on January 1, 1987), to undergo audits less frequently than annually. The primary objective of an SAA audit is to express opinions on the recipient's financial statements, internal controls, major and nonmajor award programs, and compliance with government laws and regulations. Single Audits may also address specific compliance issues with respect to COPS Office award requirements.

In cases of continued inability or unwillingness to have an audit conducted in accordance with this part, federal agencies and pass-through entities must take appropriate action as provided in §200.339. Remedies for noncompliance. See 2 C.F.R. § 200.505.

If the Federal awarding agency or pass-through entity determines that noncompliance cannot be remedied by imposing additional conditions, the Federal awarding agency or pass-through entity may take one or more of the following actions, as appropriate in the circumstances: These sanctions under 2 C.F.R. § 200.339 could include the following:

- Temporarily withholding cash payments pending correction of the deficiency by the nonfederal entity or more severe enforcement action by the federal awarding agency or pass-through entity.

- Disallowing (that is, denying both use of funds and any applicable matching credit for) all or part of the cost of the activity or action not in compliance.

- Wholly or partly suspending or terminating the federal award.
- Initiating suspension or debarment proceedings as authorized under 2 C.F.R. part 180 and federal awarding agency regulations (or in the case of a pass-through entity, recommending such a proceeding be initiated by a federal awarding agency).
- Withholding further federal awards for the project or program.
- Taking other remedies that may be legally available.

**Your SAA reports should not be sent to the COPS Office.**

Your SAA reports should not be sent to the COPS Office. If the U.S. Department of Justice is your cognizant federal agency (see the Glossary of Terms in the appendices), they should be sent to the Federal Audit Clearinghouse at **https://www.fac.gov**.

The U.S. Department of Justice, Office of Justice Programs (OJP) Office of Audit Assessment and Management (OAAM) serves as the liaison between recipients and auditors in the conduct of resolving and closing SAA audits. Questions and comments regarding SAA audits may contact the OJP Customer Service Center at 800-458-0786.

# Office of Inspector General (OIG) recipient audits

## What is the role of the OIG for award audits?

The OIG is a separate component of the U.S. Department of Justice and is independent of the COPS Office. The primary objective of OIG recipient audits is to assess compliance with award terms and conditions. OIG audits are designed to prevent fraud, waste, and abuse of federal funds. The OIG audit process promotes efficiency and effectiveness in the administration and implementation of awards by evaluating compliance with the terms and conditions of awards.

## How are COPS Office awards selected for an OIG audit?

The OIG randomly selects awards to be audited or may conduct a COPS Office recipient audit in response to a referral that the OIG believes warrants further evaluation. The OIG also surveys DOJ award-making agencies on an annual basis to solicit input on suggested audit areas for the upcoming fiscal year. In most instances, however, the OIG generally selects awards to be audited based on a number of factors, including the geographical distribution of awards funded, award amount, population served, award status (active and expired), and type of award (hiring and non-hiring). As such, the fact that a recipient has been selected for an OIG audit is not necessarily indicative of a suspected concern or problem area.

## What are the steps in an OIG audit?

The COPS Office Grant Monitoring Division's Audit Liaison Section serves as the liaison between recipients and the OIG's Audit Division, which conducts the audit. The OIG steps in the audit process will determine the interactions between the OIG, the recipient, and the COPS Office Grant Monitoring Division Audit Liaison Section:

- **Call for award data.** The OIG requests award documentation from the COPS Office.
- **Entrance conference.** The OIG schedules to meet with the recipient to gather documentation and conduct audit.

- **Draft audit report.** The OIG reviews documentation and presents initial recommendations (findings) to the recipient and copies the COPS Office. The COPS Office interacts with the recipient to coordinate any repayments and/or policy or procedure documents to be submitted to the OIG before release of the Final Audit Report.

- **Final audit report.** The OIG has completed its direct interaction with the recipient. The COPS Office directs the recipient to formulate a Corrective Action Plan to address recommendations (findings). As each recommendation is successfully addressed by the recipient, the COPS Office requests closure on the recommendation.

- **Closing the audit.** When all recommendations have been closed, the COPS Office requests closure on the audit from the OIG and notifies the recipient that the audit is closed.

If you have any questions regarding an OIG audit, please contact the COPS Office Grant Monitoring Division's Audit Liaison Section via the COPS Office Response Center at **AskCOPSRC@usdoj.gov**. Questions and comments regarding the administration of your COPS Office CPD award, not specifically related to an audit, should be referred to your COPS Office Program Manager.

## Typical audit findings

The OIG has typically reported the following audit findings pertaining to awards as a result of lack of proper documentation, poor business practices, or inadequate accounting and record keeping systems:

- **Unallowable costs.** Recipient incurred costs that were not approved in the original budget or a budget modification, were in excess of the approved budget, or were charged to the award after the expiration date and an award extension was not obtained.

- **Unsupported costs.** Specific award expenditures and reimbursements could not be supported by adequate documentation (including but not limited to receipts or purchase orders), that may have been allowable under the program, but for which no prior written approval was obtained from the COPS Office, or award expenditures were in excess of actual approved award costs.

- **Lack of complete/timely programmatic and financial reporting.** Recipient failed to submit required programmatic and financial reports in a timely manner and/or had inadequate record keeping systems.

- **Funds to better use.** Funds could be used more efficiently based on management actions such as reductions in outlays; deobligation of funds; withdrawal; costs not incurred by implementing recommended improvements; and other identified savings.

- **Questioned costs.** Costs that are questioned by the auditor because of an audit finding which resulted from a violation or possible violation of a provision of law, regulation, award terms and conditions, or other document governing the use of federal funds; or because costs incurred appear unreasonable and do not reflect the actions a prudent person would take under the same circumstances; or because costs at the time of the audit are not supported by adequate documentation.

- **Policy and procedure.** Weaknesses are identified in a recipient's accounting practices, fiscal stewardship, accuracy of data used in the development of the award applications, and/or inventory controls that led to the recommendation cited in the audit. The recipient is required to develop or revise policies and/or procedures consistent with their existing practices and submit to the COPS Office to forward to the OIG to close the recommendation.

After the final OIG audit report has been issued, the COPS Office Grant Monitoring Division's Audit Liaison Section will continue working as the liaison between your organization and the OIG to obtain closure on any audit findings. The COPS Office will issue a closure letter once all audit recommendations have been closed by the OIG.

# VI. Reporting Requirements

Your organization will be required to submit quarterly Federal Financial Reports as well as semiannual Performance Reports. Award recipients should be prepared to track and report award funding separately from all other funding sources (including other COPS Office awards) to ensure accurate financial and programmatic reporting on a timely basis. Your organization should ensure that you have adequate financial internal controls in place to monitor the use of all funding and also to ensure that its use is consistent with the award terms and conditions. Good stewardship in this area includes written accounting practices, use of an accounting system that adequately tracks all award drawdowns and expenditures, and has the ability to track when COPS Office award–funded positions are filled or approved purchases are made. *Failure to submit complete reports or submit them in a timely manner may result in the suspension and possible termination of your organization's COPS Office award funding or other remedial actions.*

## Federal Financial Reports

As a reminder, the only role within JustGrants that can submit the Federal Financial Report (FFR) is the Financial Manager. Individuals with that role in JustGrants should review JustGrants resources online for guidance on how to complete and submit FFRs in the JustGrants system.

Your organization is required to submit a quarterly FFR using Standard Form 425 (SF-425) within 30 days after the end of each calendar quarter. A final SF-425 will be due within 120 days after the end of the award period. This report reflects the actual cumulative federal expenditures incurred during the funding period and the remaining unobligated balance of federal funds. Under federal regulations, your organization is not permitted to draw down federal funding for costs incurred after the official award end date; however, you will have a 120-day period after the award end date during which you can draw down funds for eligible expenditures incurred before the award end date.

### How do we file Federal Financial Reports?

All COPS Office award recipients are strongly encouraged to submit the required quarterly SF-425 online.

To submit an FFR, follow these steps:

- Navigate to the JustGrants Home link on the left-hand side.
- Go to your Task List.
- Open the FFR you want to edit/submit.

  Once the FFR opens, the Recipient Information appears, select Continue to move to the next screen. Note: The data on this page is prepopulated from the award document and the entity profile.

  The Report Information screen contains several required fields.

  (a) Enter the Recipient Account Number.
  (b) Select the Report Type.
  (c) Select the Basis of Accounting. Scroll down to the Transactions section.

The following fields are not editable because they are not required for DOJ:

    (a)  10a. Cash Receipts

    (b)  10b. Cash Disbursements

    (c)  10c. Cash on Hand (line a minus b)

- Enter information in the following fields as appropriate:

    (a)  10d. Total Federal funds authorized

    (b)  10g. Total Federal share (sum lines e & f)

    (c)  10e. Federal share of expenditures

    (d)  10f. Federal share of unliquidated obligations

    (e)  10h. Unobligated balance of Federal funds (line d minus g)

    (f)  10j. Recipient share of expenditures

Cumulative expenditures must be entered in line 10e, 10j, 10f, 10j, 10m, and 10n. Cumulative expenditures are defined as: The amount from the awards inception to the end of the reporting period.

- Enter information in the following fields as appropriate:

    (a)  10k. Remaining recipient share to be provided (line i minus j)

    (b)  10l. Total Federal program income earned

    (c)  10m. Program Income expended in accordance with the deduction alternative

    (d)  10n. Program Income expended in accordance with the addition alternative

    (e)  10o. Unexpended program income

- Select Continue

In the Remarks and Certification screen, enter text in box 12. Additional Information.

- Note: If the figures in line 10e or 10j are less than the previous reporting period, you are required to add additional narrative in box 12 "Remarks" explaining this discrepancy. Failure to do so will result in a validation error.

- Select Upload Supporting Documents to attach a document

- Review the certification information. Select the Submit button.

The FFR status will be changed to "Resolved-Completed" once the FFR data is transferred to the Unified Financial Management System (UFMS).

## When are Federal Financial Reports due?

An SF-425 report must be submitted for each COPS Office award at the end of every calendar quarter and no later than 30 days after the last day of each reporting period, as detailed in table 1.

**Table 1. Due dates of SF-425 by quarter**

| Reporting quarter | SF-425 due date |
| --- | --- |
| January 1–March 31 | April 30 |
| April 1–June 30 | July 30 |
| July 1–September 30 | October 30 |
| October 1–December 31 | January 30 |

For your initial SF-425 submission, determine when the SF-425 reporting period that includes your award start date ended and complete an SF-425 to cover the period from the award start date to the end of that period (regardless of when the award was accepted). **You are required to submit an SF-425 even if you have not spent any money or incurred any costs during a reporting period.**

**Example:**

If your award start date is 09-01-24 and the current date is 11-15-24, then your first SF-425 would be due no later than 10-30-24 and would cover the period 09-01-24 (award start date) through 09-30-24 (end of the initial reporting quarter for this award). This SF-425 must be on file with the COPS Office before the submission deadline so that you can avoid being delinquent and successfully complete a drawdown of funds through ASAP (submit report as soon as you accept the award and have access JustGrants and ASAP).

Award recipients who do not submit an SF-425 report by the due date each quarter will be unable to draw down funds. The payment system contains a function which checks for SF-425 delinquency and will reject a drawdown attempt if the SF-425 is not current. Subsequent outreach through email or hard copy reminders may be sent to the recipient if the SF-425 is delinquent.

For general information or assistance in completing the SF-425 reports, go to **https://cops.usdoj.gov** or contact the COPS Office Response Center by phone at **AskCopsRC@usdoj.gov**.

## How will award funds be monitored?

The COPS Office and designated representatives from the Office of the Chief Financial Officer, Office of Justice Programs monitor the financial aspects of your organization's award through financial reports, on-site visits, office-based award reviews, meetings, telephone contacts, reports, audits, reviews of award change requests, and special request submissions.

# Performance Reports

Semiannual Performance Reports and a Final Performance (Closeout) Report are required to be submitted directly to the COPS Office via JustGrants. Agencies must submit a separate performance report for each award.

## How do we file a Performance Report?

Only the Grants Award Administrator for your organization will be able to view and submit a performance report. For information on assigning a Grant Award Administrator to your award, see the Entity Management Job Aid Reference Guide on the **JustGrants website**.

To submit your performance report, please log in to JustGrants and check your worklist or the "Funded Award Performance Management" tab for performance reports. The Grant Award Administrator can locate the current report question set in JustGrants in two locations: My Worklist or on the Performance Management tab of the funded award. Information on JustGrants Performance Reporting is found **here.**

If you experience issues with submitting your performance report, please contact JustGrants Support at **JustGrants.Support@usdoj.gov** or 833-872-5175.

Important reminder: The only role within JustGrants that can submit a performance report is the Grant Award Administrator

You should complete a final performance report within 120 days of the period of performance end date. To submit a final report, the Grants Award Administrator should locate the report question set in My Worklist or on the Performance Management tab. The report cover page will ask whether the report is interim progress report or a final report – please select "final" to view final report questions.

## When are Performance Reports due?

Semiannual performance reports are due March 2 and August 31, as shown in table 2.

**Table 2. Due dates of Performance Reports by semiannual dates**

| Reporting period | Performance Report due date |
|---|---|
| **August 1 – January 31** | March 2 |
| **February 1 – July 31** | August 31 |

## What kind of information will these reports require?

These reports will request information about the status of your award in terms of purchasing equipment, hiring personnel, delivering services, and progress in meeting milestones identified in the cooperative agreement, as well as general information about your organization.

## What if we make a mistake or need to modify the report after it is submitted?

You may log in to JustGrants to reopen and make edits to your Performance Report.

## Will the data that we submit be publicly available?

Performance Reports submitted to the COPS Office may be reported publicly in response to a Freedom of Information Act (FOIA) request.

If your organization has any questions regarding the submission of these required reports, please call the COPS Office Response Center at **AskCOPSRC@usdoj.gov**.

## Entity management

If you do not have the ability to submit your federal financial report or performance report, this may indicate that the Entity Administrator for your organization has not made the correct work assignment to your award. To confirm the work assignment has been properly made, the Entity Administrator should follow the steps below to confirm: 1. Log in to JustGrants. 2. Click "Awards" from the left menu. 3. Click "Show/Hide Roles." 4. Click the "Financial Manager" and "Grant Award Administrator" check boxes. 5. Click "Confirm." If the Financial Manager and Grant Award Administrator's names appear under the respective columns, then the work assignment has been properly made and those users should be able to complete and submit the reports.

If the names do not appear in the respective columns, the Entity Administrator should take the following steps: 1. Click the check box next to the award ID. 2. Choose a role (e.g., Financial Manager, Grant Award Administrator) from the "Choose Role" dropdown menu (bottom of the screen). 3. Choose the individual's name from the "Assign to" drop-down menu. 4. Click "Assign." Once the Entity Administrator has completed these steps, the assigned Financial Manager and Grant Award Administrator should be able to access and submit the respective reports.

## Contact points to obtain technical assistance and report violations

Any alleged violations, serious irregularities, or acts that may result in the use of public funds in a manner inconsistent with the Public Safety Partnership and Community Policing Act of 1994 or the purposes of this award may be reported to the U.S. Department of Justice. Furthermore, the COPS Office welcomes the opportunity to provide assistance regarding the implementation of award provisions to help ensure that federal award funds are spent responsibly. As such, the following contacts are provided to address noncompliance and technical assistance issues:

- If you suspect violations of a criminal nature, please contact the U.S. Department of Justice, Office of the Inspector General (OIG) at **https://oig.justice.gov/hotline**, **OIG.hotline@usdoj.gov** or 800-869-4499.

- If you suspect award violations (not criminal in nature) related to the award conditions listed in this manual, please contact the COPS Office Grant Monitoring Division at 800-421-6770.

- If you have any questions or need assistance regarding your award, please contact your COPS Office Program Manager.

# VII. When the Award Period Has Ended

At the end of your organization's award period, the COPS Office is responsible for the closeout of your award. As part of this process, the COPS Office requires documentation demonstrating that your organization has met all the programmatic and financial requirements of the award.

After the end of the award period, your organization will be asked to submit a Final Federal Financial Report (SF-425) and any applicable final performance reports.

## Final Federal Financial Report (SF-425)

The final Federal Financial Report (SF-425) for your award is due to the COPS Office no later than 120 days after the end date of the award period. The final report should reflect the total amount of allowable federal expenditures that were incurred during the life of the award, as well as the amount of unobligated funds remaining, if any. The federal funds expended should reflect only the actual allowable costs incurred relative to the specific program requirements for that award. In addition, once you have completed your final drawdown, this report should reconcile with the total amount of federal funds drawn down by your organization. The final SF-425 should also include the required minimum total amount of local (recipient) cash match contributed, if applicable.

### When should all the award monies be spent?

Award funds reflecting allowable project costs must be obligated before the end of the award period. Obligated funds cover monies spent, and expenses incurred but not yet paid, for any approved items listed in the award package. Your organization has up to 120 days after the end of the award period to pay for eligible expenses previously incurred, and to request reimbursement for any remaining eligible balance.

*Please be advised that 2 C.F.R. § 200.344(b) requires recipients to submit final SF-425s within 120 days after the expiration of the award.*

It is possible that your organization may have unobligated and unspent award funds remaining in your account following the award period due to an overestimate of item costs during the application period. Your organization should review its records carefully to ensure that it draws down and expends only the amount required for actual costs incurred during the award period. Any remaining unobligated or unspent funds should remain in your account and will be deobligated during the closeout process.

## Final Performance (Closeout) Report

After your award period has ended, your organization will be sent a final performance report via JustGrants and asked to complete it. This report will serve as your organization's final programmatic report on the award, and the information your organization provides in this report will be used to make a final assessment of your award progress.

## Equipment disposition

Each recipient must use any equipment funded through a COPS Office award for approved award-related purposes and must retain the equipment for the life of the award. Property records must be maintained by the recipient, which should include a description of the property; a serial number or another identification number; the source of the property; the name of the person or entity that holds the title; the acquisition date and cost of the property; the percentage of federal agency contribution toward the original purchase; the location, use, and condition of the property; and any ultimate disposition data, including the date of disposal and sale price of the property. A control system must be developed to ensure adequate safeguards to prevent loss, damage, or theft of the property. A physical inventory of the property must be conducted, and the results must be reconciled with the property records at least once every two years. 2 C.F.R. § 200.313(d).

A State or an Indian Tribe must use, manage, and dispose of equipment acquired under a Federal award by the state or an Indian Tribe in accordance with state or tribal laws and procedures. If such laws and procedures do not exist in an Indian Tribe, they must follow the guidance in 2 C.F.R. § 200.313. 2 C.F.R. § 200.313(b).

When the award has expired and equipment obtained under the award is no longer needed for the original project, program, or for other activities currently or previously supported by a federal agency, disposition of the equipment shall be made as follows:

Items of equipment with a current per-unit fair market value of $10,000 or less may be retained, sold, or otherwise disposed of with no further obligation to the awarding agency.

Items of equipment with a current per-unit fair market value in excess of $10,000 may be retained or sold and the awarding agency is entitled to an amount calculated by multiplying the current market value or proceeds from sale by the awarding agency's federal share in the cost of the original purchase.

For more information, please see 2 C.F.R. §§ 200.1 and 200.313.

# VIII. Conclusion

We hope that this manual has assisted you and your organization with your award questions. We welcome and encourage any comments you have regarding the COPS Office CPD Program and the materials we have developed for its administration. If you have specific comments regarding this manual or have any questions about your award, please call your COPS Office Program Manager.

Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," the COPS Office encourages recipients of U.S. Department of Justice funds to adopt and enforce policies that ban text messaging while driving and to establish workplace safety policies to decrease crashes caused by distracted drivers.

In addition, pursuant to Executive Order 13043, "Increasing Seat Belt Use in the United States," the COPS Office encourages recipients of U.S. Department of Justice funds to adopt and enforce on-the-job seat belt policies and programs for their employees when operating company-owned, rented, or personally owned vehicles.

# Appendices

## Appendix A. List of source documents

### A. Primary Sources

Public Safety Partnership and Community Policing Act of 1994, 34 U.S.C. § 10381 et seq.

### B. Secondary Sources

*Code of Federal Regulations (CFR)/Office of Management and Budget (OMB):*

2 C.F.R. Part 200 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards) as adopted by the U.S. Department of Justice in 2 C.F.R. § 2800.101

4 C.F.R. Parts 101-105, U.S. Department of Justice/Government Accountability Office, "Joint Federal Claims Collections Standards"

5 C.F.R. Part 1320, "Controlling Paperwork Burdens on the Public"

5 C.F.R. Part 151, "Political Activity of State and Local Officers or Employees"

28 C.F.R. Part 23, "Criminal Intelligence Systems Operating Policies"

28 C.F.R. Part 61, "Procedures for Implementing the National Environmental Policy Act"

28 C.F.R. Part83, "Government-Wide Requirements for Drug-Free Workplaces (Grants)"

28 C.F.R. Part 69, "New Restrictions on Lobbying"

31 C.F.R. Part 205, "Rules and Procedures for Efficient Federal-State Funds Transfers"

OMB Circular A-129, "Policies for Federal Credit Programs and Non-Tax Receivables"

48 C.F.R. Part 31 (Federal Acquisition Regulation), "Contract Cost Principles and Procedures"

*Executive Orders:*

Executive Order 12291, "Regulations"

Executive Order 12372, 28 C.F.R. Part 30, "Intergovernmental Review of Federal Programs"

Executive Order 12547, "Non-Procurement Debarments and Suspension"

Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving,"

Executive Order 13043, "Increasing Seat Belt Use in the United States"

# Appendix B. U.S. Department of Justice Certified Standard Assurances

On behalf of the Applicant, and in support of this application for a grant or cooperative agreement, I certify under penalty of perjury to the U.S. Department of Justice ("Department"), that all of the following are true and correct:

(1) I have the authority to make the following representations on behalf of myself and the Applicant. I understand that these representations will be relied upon as material in any Department decision to make an award to the Applicant based on its application.

(2) I certify that the Applicant has the legal authority to apply for the federal assistance sought by the application, and that it has the institutional, managerial, and financial capability (including funds sufficient to pay any required non-federal share of project costs) to plan, manage, and complete the project described in the application properly.

(3) I assure that, throughout the period of performance for the award (if any) made by the Department based on the application--

   a. the Applicant will comply with all award requirements and all federal statutes and regulations applicable to the award;

   b. the Applicant will require all subrecipients to comply with all applicable award requirements and all applicable federal statutes and regulations; and

   c. the Applicant will maintain safeguards to address and prevent any organizational conflict of interest, and also to prohibit employees from using their positions in any manner that poses, or appears to pose, a personal or financial conflict of interest.

(4) The Applicant understands that the federal statutes and regulations applicable to the award (if any) made by the Department based on the application specifically include statutes and regulations pertaining to civil rights and nondiscrimination, and, in addition--

   A. the Applicant understands that the applicable statutes pertaining to civil rights will include section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d); section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681); and section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102);

   B. the Applicant understands that the applicable statutes pertaining to nondiscrimination may include section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)); section 1407(e) of the Victims of Crime Act of 1984 (34 U.S.C. § 20110(e)); section 299A(b) of the Juvenile Justice and Delinquency Prevention Act of 2002 (34 U.S.C. § 11182(b)); and that the grant condition set out at section 40002(b)(13) of the Violence Against Women Act (34 U.S.C. § 12291(b)(13)), which will apply to all awards made by the Office on Violence Against Women, also may apply to an award made otherwise;

   C. the Applicant understands that it must require any subrecipient to comply with all such applicable statutes (and associated regulations); and

   D. on behalf of the Applicant, I make the specific assurances set out in 28 C.F.R. §§ 42.105 and 42.204.

(5) The Applicant also understands that (in addition to any applicable program-specific regulations and to applicable federal regulations that pertain to civil rights and nondiscrimination) the federal regulations applicable to the award (if any) made by the Department based on the application may include, but are not limited to, 2 C.F.R. Part 2800 (the DOJ "Part 200 Uniform Requirements") and 28 C.F.R. Parts 22 (confidentiality - research and statistical information), 23 (criminal intelligence systems), 38 (regarding faith-based or religious organizations participating in federal financial assistance programs), and 46 (human subjects protection).

(6) I assure that the Applicant will assist the Department as necessary (and will require subrecipients and contractors to assist as necessary) with the Department's compliance with section 106 of the National Historic Preservation Act of 1966 (54 U.S.C. § 306108), the Archeological and Historical Preservation Act of 1974 (54 U.S.C. §§ 312501-312508), and the National Environmental Policy Act of 1969 (42 U.S.C. §§ 4321-4335), and 28 C.F.R. Parts 61 (NEPA) and 63 (floodplains and wetlands).

(7) I assure that the Applicant will give the Department and the Government Accountability Office, through any authorized representative, access to, and opportunity to examine, all paper or electronic records related to the award (if any) made by the Department based on the application.

(8) I assure that, if the Applicant is a governmental entity, with respect to the award (if any) made by the Department based on the application--

    A.   it will comply with the requirements of the Uniform Relocation Assistance and Real Property Acquisitions Act of 1970 (42 U.S.C. §§ 4601-4655), which govern the treatment of persons displaced as a result of federal and federally-assisted programs; and

    B.   it will comply with requirements of 5 U.S.C. §§ 1501-1508 and 7324-7328, which limit certain political activities of State or local government employees whose principal employment is in connection with an activity financed in whole or in part by federal assistance.

(9) If the Applicant applies for and receives an award from the Office of Community Oriented Policing Services (COPS Office), I assure that as required by 34 U.S.C. § 10382(c)(11), it will, to the extent practicable and consistent with applicable law—including, but not limited to, the Indian Self-Determination and Education Assistance Act—seek, recruit, and hire qualified members of racial and ethnic minority groups and qualified women in order to further effective law enforcement by increasing their ranks within the sworn positions, as provided under 34 U.S.C. § 10382(c)(11).

(10) If the Applicant applies for and receives a DOJ award under the STOP School Violence Act program, I assure as required by 34 U.S.C. § 10552(a)(3), that it will maintain and report such data, records, and information (programmatic and financial) as DOJ may reasonably require.

I acknowledge that a materially false, fictitious, or fraudulent statement (or concealment or omission of a material fact) in this certification, or in the application that it supports, may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271-10273), and also may subject me and the Applicant to civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. §§ 3729-3730 and 3801-3812). I also acknowledge that the Department's awards, including certifications provided in connection with such awards, are subject to review by the Department, including by its Office of the Inspector General.

_____     _____

Signature of Law Enforcement Executive/Agency Executive     Date

(For your electronic signature, please type in your name)

_____     _____

Signature of Government Executive/Financial Official     Date

(For your electronic signature, please type in your name)

# Appendix C. U.S. Department of Justice Certifications Regarding Lobbying; Debarment, Suspension and Other Responsibility Matters; Drug-Free Workplace Requirements; Law Enforcement and Community Policing

Applicants should refer to the regulations cited below to determine the certification to which they are required to attest. Applicants should also review the instructions for certification included in the regulations before completing this form. The certifications shall be treated as a material representation of fact upon which reliance will be placed when the U.S. Department of Justice ("Department") determines to award the covered transaction, grant, or cooperative agreement.

1. LOBBYING

    As required by 31 U.S.C. § 1352, as implemented by 28 C.F.R. Part 69, the Applicant certifies and assures (to the extent applicable) the following:

    i.   No Federal appropriated funds have been paid or will be paid, by or on behalf of the Applicant, to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the making of any Federal grant, the entering into of any cooperative agreement, or the extension, continuation, renewal, amendment, or modification of any Federal grant or cooperative agreement;

    ii.  If the Applicant's request for Federal funds is in excess of $100,000, and any funds other than Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a member of Congress, an officer or employee of Congress, or an employee of a member of Congress in connection with this Federal grant or cooperative agreement, the Applicant shall complete and submit Standard Form - LLL, "Disclosure of Lobbying Activities" in accordance with its (and any DOJ awarding agency's) instructions; and

    iii. The Applicant shall require that the language of this certification be included in the award documents for all subgrants and procurement contracts (and their subcontracts) funded with Federal award funds and shall ensure that any certifications or lobbying disclosures required of recipients of such subgrants and procurement contracts (or their subcontractors) are made and filed in accordance with 31 U.S.C. § 1352.

2. DEBARMENT, SUSPENSION, AND OTHER RESPONSIBILITY MATTERS

    A.  Pursuant to Department regulations on nonprocurement debarment and suspension implemented at 2 C.F.R. Part 2867, and to other related requirements, the Applicant certifies, with respect to prospective participants in a primary tier "covered transaction," as defined at 2 C.F.R. § 2867.20(a), that neither it nor any of its principals—

    i.   is presently debarred, suspended, proposed for debarment, declared ineligible, sentenced to a denial of Federal benefits by a State or Federal court, or voluntarily excluded from covered transactions by any Federal department or agency;

         has within a three-year period preceding this application been convicted of a felony criminal violation under any Federal law, or been convicted or had a civil judgment rendered against it for commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, State, tribal, or local) transaction or private agreement or transaction; violation of

Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, tax evasion or receiving stolen property, making false claims, or obstruction of justice, or commission of any offense indicating a lack of business integrity or business honesty that seriously and directly affects its (or its principals') present responsibility;

ii. is presently indicted for or otherwise criminally or civilly charged by a governmental entity (Federal, State, tribal, or local) with commission of any of the offenses enumerated in paragraph (b) of this certification; and/or

iii. has within a three-year period preceding this application had one or more public transactions (Federal, State, tribal, or local) terminated for cause or default.

B. Where the Applicant is unable to certify to any of the statements in this certification, it shall attach an explanation to this application. Where the Applicant or any of its principals was convicted, within a three-year period preceding this application, of a felony criminal violation under any Federal law, the Applicant also must disclose such felony criminal conviction in writing to the Department (for OJP Applicants, to OJP at **Ojpcompliancereporting@usdoj.gov**; for OVW Applicants, to OVW at **OVW.GFMD@usdoj.gov**; or for COPS Applicants, to COPS at **AskCOPSRC@usdoj.gov**), unless such disclosure has already been made.

3. FEDERAL TAXES

A. If the Applicant is a corporation, it certifies either that (1) the corporation has no unpaid Federal tax liability that has been assessed, for which all judicial and administrative remedies have been exhausted or have lapsed, that is not being paid in a timely manner pursuant to an agreement with the authority responsible for collecting the tax liability, or (2) the corporation has provided written notice of such an unpaid tax liability (or liabilities) to the Department (for OJP Applicants, to OJP at **Ojpcompliancereporting@usdoj.gov**; for OVW Applicants, to OVW at **OVW.GFMD@usdoj.gov**; or for COPS Applicants, to COPS at **AskCOPSRC@usdoj.gov**).

B. Where the Applicant is unable to certify to any of the statements in this certification, it shall attach an explanation to this application.

4. DRUG-FREE WORKPLACE (GRANTEES OTHER THAN INDIVIDUALS)

As required by the Drug-Free Workplace Act of 1988, as implemented at 28 C.F.R. Part 83, Subpart F, for grantees, as defined at 28 C.F.R. §§ 83.620 and 83.650:

A. The Applicant certifies and assures that it will, or will continue to, provide a drug-free workplace by—

i. Publishing a statement notifying employees that the unlawful manufacture, distribution, dispensing, possession, or use of a controlled substance is prohibited in its workplace and specifying the actions that will be taken against employees for violation of such prohibition;

ii. Establishing an on-going drug-free awareness program to inform employees about—

a. The dangers of drug abuse in the workplace;

b. The Applicant's policy of maintaining a drug-free workplace;

c. Any available drug counseling, rehabilitation, and employee assistance programs; and

d. The penalties that may be imposed upon employees for drug abuse violations occurring in the workplace;

iii. Making it a requirement that each employee to be engaged in the performance of the award be given a copy of the statement required by paragraph (a);

iv. Notifying the employee in the statement required by paragraph (a) that, as a condition of employment under the award, the employee will—

   a. Abide by the terms of the statement; and

   b. Notify the employer in writing of the employee's conviction for a violation of a criminal drug statute occurring in the workplace no later than five calendar days after such conviction;

v. Notifying the Department, in writing, within 10 calendar days after receiving notice under subparagraph (d)(2) from an employee or otherwise receiving actual notice of such conviction. Employers of convicted employees must provide notice, including position title of any such convicted employee to the Department, as follows:

   For COPS award recipients - COPS Office, 145 N Street, NE, Washington, DC, 20530;

   For OJP and OVW award recipients - U.S. Department of Justice, Office of Justice Programs, ATTN: Control Desk, 810 h Street, N.W., Washington, D.C. 20531.
   Notice shall include the identification number(s) of each affected award;

vi. Taking one of the following actions, within 30 calendar days of receiving notice under subparagraph (d)(2), with respect to any employee who is so convicted:

   a. Taking appropriate personnel action against such an employee, up to and including termination, consistent with the requirements of the Rehabilitation Act of 1973, as amended; or

   b. Requiring such employee to participate satisfactorily in a drug abuse assistance or rehabilitation program approved for such purposes by a Federal, State, or local health, law enforcement, or other appropriate agency; and

vii. Making a good faith effort to continue to maintain a drug-free workplace through implementation of paragraphs (a), (b), (c), (d), (e), and (f).

**LAW ENFORCEMENT AGENCY CERTIFICATION REQUIRED UNDER DEPARTMENT OF JUSTICE DISCRETIONARY GRANT PROGRAMS ("SAFE POLICING CERTIFICATION")**

If this application is for a discretionary award pursuant to which award funds may be made available (whether by the award directly or by any subaward at any tier) to a State, local, college, or university law enforcement agency, the Applicant certifies that any such law enforcement agency to which funds will be made available has been certified by an approved independent credentialing body or has started the certification process. To become certified, a law enforcement agency must meet two mandatory conditions: (a) the agency's use of force policies adhere to all applicable federal, State, and local laws; and (b) the agency's use of force policies prohibit chokeholds except in situations where use of deadly force is allowed by law.

For detailed information on this certification requirement, see **https://cops.usdoj.gov/SafePolicingEO**. The Applicant acknowledges that compliance with this safe policing certification requirement does not ensure compliance with federal, state, or local law, and that such certification shall not constitute a defense in any federal lawsuit. Nothing in the safe policing certification process or safe policing requirement is intended to be (or may be) used by third parties to create liability by or against the United States or any of its officials, officers, agents or employees under any federal law. Neither the safe policing certification process nor the safe policing certification requirement is intended to (or does) confer any right on any third-person or entity seeking relief against the United States or any officer or employee thereof. No person or entity is intended to be (or is) a third-party beneficiary of the safe policing certification process, or, with respect to the safe policing certification requirement, such a beneficiary for purposes of any civil, criminal, or administrative action.

5. COORDINATION REQUIRED UNDER PUBLIC SAFETY AND COMMUNITY POLICING PROGRAMS

As required by the Public Safety Partnership and Community Policing Act of 1994, at 34 U.S.C. § 10382(c)(5), if this application is for a COPS award, the Applicant certifies that there has been appropriate coordination with all agencies that may be affected by its award. Affected agencies may include, among others, Offices of the United States Attorneys; State, local, or tribal prosecutors; or correctional agencies.

I acknowledge that a materially false, fictitious, or fraudulent statement (or concealment or omission of a material fact) in this certification, or in the application that it supports, may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271-10273), and also may subject me and the Applicant to civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. §§ 3729-3730 and 3801-3812). I also acknowledge that the Department's awards, including certifications provided in connection with such awards, are subject to review by the Department, including by its Office of the Inspector General.

_____          _____

Signature of Law Enforcement Executive/Agency Executive          Date

(For your electronic signature, please type in your name)

_____          _____

Signature of Government Executive/Financial Official          Date

(For your electronic signature, please type in your name)

# Appendix D. Conference and Event Guidance

## Conference and Event Approval, Planning, and Reporting FAQ

*Prior Approval*

i. **Approximately how long should it take to adequately complete the Conference & Events Submission form?**

The amount of time required to adequately complete the Conference & Events Submission Form will vary depending on the complexity of the proposed event. A small event (in terms of number of attendees, total cost, etc.) may require only an hour or two to complete the form because the event is basic or routine and data are not required in all of the available categories. On the other hand, a large event (in terms of number of attendees, multiple sessions occurring at the same time, etc.) may require several hours or days depending on the amount of required data (categories) and level of justification needed to support the event. Regardless of the size of any event, the supporting justification should be sufficient to support the agency's mission for conducting the event.

ii. **Which types of events do not require prior approval?**

Currently there are six types of events that do not require prior approval:

    a. Conferences held by grant recipients. (Note: Conferences held by cooperative agreement recipients do require prior approval.)

    b. Law enforcement operational activities, including staging, surveillance, investigation, intelligence, and undercover activities.

    c. Routine operational meetings (e.g., staff meetings or all-hands meetings) if held in a federal facility, if held by cooperative agreement recipients in a nonfederal facility that does not charge for its use, and if there are neither costs to the DOJ for logistical conference planning nor government-provided food or beverages. In all three of these instances, the answer to all the questions on the Prior Approval Not Required Checklist must be "No." Site visits are considered routine operational meetings regardless of location so long as there are no costs to the DOJ for meeting rooms, logistical conference planning, or food and beverages.

    d. Testing activities where the primary purpose of the event is to evaluate an applicant's qualifications to perform certain duties necessary to his or her job. This includes firearms and weaponry proficiency testing and certifications. A majority of the event must be devoted to administering and taking the test. Testing activities that are incidental to a training course or conference or are given upon its completion do require prior approval.

    e. Video conferences and webinars where there are neither costs to the DOJ for logistical conference planning nor government-provided food or beverages.

    f. Technical assistance visits where travel was made by an individual or a small group of project staff members to provide training or technical assistance to a particular entity; in this instance, the answer to all the questions on the Prior Approval Not Required Checklist must be "No."

iii. **Where should time staff spent working on the conference that is not related to planning be captured?**

Time spent working on a conference by staff or contractors can be classified as either logistical planning time or programmatic planning time. Programmatic planning includes time spent on activities such as developing the conference content and agenda, identifying and recruiting subject matter experts, and preparing written materials. Logistical planning includes time spent on tasks such as selecting a venue, ordering and setting up audio-video equipment, securing hotel rooms, processing registrations, providing onsite support during the event, and undertaking other nonprogrammatic functions.

iv. **If a cooperative agreement recipient or contractor is able to obtain a no-cost site for the event, are we still required to look into other facilities and provide justification for not selecting the other facilities?**

Yes. Cooperative agreement recipients and contractors should compare three or more facilities in a location. Facilities being compared should have provided a cost estimate and be able to accommodate the event as detailed in the requirements. A desired hotel may offer an incentive of no overall facility cost (e.g., for meeting rooms or audio-visual equipment) but may not be economical in other cost comparison items such as the availability of lodging at per diem rates, travel distance for attendees, etc. Also, recipients and contractors should maintain written documentation justifying their decision to select the chosen location in the event of a future audit.

v. **Is there a time frame after the COPS Office accepts a conference request that a cooperative agreement recipient or contractor can expect notification of approval?**

Each event request (meeting, conference, webinar, etc.) is unique with respect to how it will accomplish the COPS Office's mission. The key to any conference request moving through the review process is whether the package is complete. A complete package contains a detailed cost analysis and sufficient justification to support all categories within the package.

**Example:** An event is submitted for approval and consists of the following categories: printing and distribution, meals and incidental expenses (M&IE), lodging, transportation, and trainer or facilitator costs. The package contains a detailed cost analysis of each cost category (e.g., one trainer at $450 per day x 2 days = $900) and adequate justification explaining the purpose of the event and the role of the trainer. This package can move through the review process in a few days and allow ample time for travelers to make reservations, if the package is submitted within the required time frame. However, if the trainer or facilitator's costs in the submitted package exceed the COPS Office's threshold and if supporting justification is not included, a delay may occur while this justification is being retrieved.

To avoid delays in the approval process, all recipients and contractors should adhere to the time frame requirements for the dollar amount of their proposed event.

vi. **Once an event is approved, how do we handle any increases or decreases in the number of attendees originally proposed on the cost analysis spreadsheet submitted to the DOJ for approval?**

After receiving notification of approval from the COPS Office, all subsequent changes prior to the start day of the event should be sent to the COPS Office Conference Costs email address, as appropriate. **Example:** If the COPS Office approved on 9/1/2020 an event scheduled for 12/15/2020, the cooperative agreement recipient or contractor should notify the COPS Office of any changes in attendees as soon as possible (preferably 30 days or more in advance). This scenario holds true for changes to the start and end date, location, and any other cost-related category.

**vii. Does the $25 per person per day limit for meeting rooms and audio-visual costs also include service fees and taxes?**

Yes. The cost allowed for conference space and audio-visual equipment and services (fees and taxes) is limited to $31.25 per day per attendee and is not to exceed a cumulative total cost of $25,000. Total costs are defined as direct and indirect costs.

**viii. What if there are multiple meetings occurring within the larger event offered to all the attendees? Is the $31.25 per day per attendee limit applicable to each meeting? Example: A general session meeting contains all attendees and later breakout sessions are offered to the groups. Can each breakout session have its own $31.25 per person per day limit?**

No. Despite the multiple meetings offered within the larger event, the COPS Office considers and approves this type of situation to be a single event.

**ix. Can we accept complimentary food and beverage?**

Yes. Complimentary food and beverages may be accepted if offered to everyone. **Example:** Hotel W offers a complimentary continental breakfast to all its overnight customers regardless of any status they may have with the hotel chain. This type of complimentary offer is considered a business strategy of the hotel to promote an increase in overnight stays. You are not required to reduce your M&IE by the value of the food and beverage it offered to all customers as noted in this example.

**x. Are the thresholds ($8,750 for logistical planner, $35,000 for programmatic planner, and $20,000 for conference space and audio-visual equipment and services) a cumulative cost for the entire event or a per day cost?**

The cost allowed for conference space and audio-visual equipment and services (fees and taxes) is limited to $31.25 per day per attendee and is not to exceed a cumulative total cost of $25,000. The cost allowed for a logistical planner is the lesser of $62.50 per attendee or $11,000 per event. The cost allowed for a programmatic planner is the lesser of $250 per attendee or $43,750 per event.

**xi. To whom should I submit event requests?**

For all COPS Office events, the form should be sent to the COPS Office Conference Costs email address (**COPS.Conferencecosts@usdoj.gov**). Please do not send questions or other correspondence to this email address. This mailbox should be used only for the submission of conference forms and supporting documentation (e.g., hotel contracts).

**xii. How far in advance do I have to submit an event for review and approval?**

Requests for conferences costing $100,000 or less and not exceeding any cost thresholds (conference space and audio-visual equipment and services, logistical conference planner, and programmatic conference planner) must be submitted to the COPS Office 90 calendar days in advance of the earliest of the following:

- Start date of the conference
- Deadline for signing conference-related contracts
- Obligation of funds for conference costs (except for minimal costs required to assemble and submit the approval request)

Requests for conferences costing more than $100,000, or exceeding any one cost threshold (conference space and audio-visual equipment and services, logistical conference planner, or programmatic conference planner), must be submitted to the COPS Office 120 calendar days in advance of the earliest of the following:

- Start date of the conference
- Deadline for signing conference-related contracts
- Obligation of funds for conference costs (except for minimal costs required to assemble and submit the approval request)

If approval requests are submitted less than the required number of days in advance (as noted above), the COPS Office, in its sole discretion, may consider the late requests but cannot ensure the requests will receive a decision in time to avoid having to cancel the conference (particularly if any issues arise with specific items of cost in the request). Cancellation costs associated with conference requests that are submitted for late prior approval may be determined to be unallowable costs by the COPS Office.

**xiii. What are the most common mistakes made on the forms so that I can avoid them in the future and increase the likelihood of a quick review and approval decision for my event?**

The following are the most common mistakes found:

- *Inaccurate calculation of daily per diem*. Daily per diem rates for locations across the nation can be found on the GSA website. Ensure the daily rate used in the calculations corresponds to the specific location and dates of the meeting. In addition, remember that travel days are reimbursed at a slightly lower rate than meeting days. The lower rates must be used for days of travel both before and after the event. Table 3 includes these lower rates:

**Table 3. Per diem rates**

| Full per diem rate | Corresponding travel day rate (75%) |
|:---:|:---:|
| $46.00 | $34.50 |
| $51.00 | $38.25 |
| $56.00 | $42.00 |
| $61.00 | $45.75 |
| $66.00 | $49.50 |
| $71.00 | $53.25 |

**EXCEPTION:** If your organization has its own formal, written travel policy, your event submissions can reflect that policy instead of the rates in table 3. In these instances, state that you have a formal, written travel policy, and clearly explain the rates in the policy and how the corresponding numbers in your submission were derived.

- *Insufficient explanation and justification of transportation costs.* Remember to break out and briefly describe and justify the transportation costs that are included. **Example:** If participants are flying to your event and the tickets are being paid for with DOJ funding, you should include the anticipated number of people flying multiplied by the estimated cost per ticket. If cars will be rented, you should include a brief justification for why rental cars are being used instead of another form of ground transportation, such as taxis or shuttles.

- *Insufficient explanation and justification of audio-visual costs.* All audio-visual costs should be broken out and briefly described. The quantity of equipment to be rented (number of microphones, projectors, etc.) should be included, along with relevant costs and a brief justification for why the proposed equipment is required to conduct a successful meeting. A discussion of how the audio-visual services provider was selected should be included (for example, did you obtain three quotes?).

- *Insufficient explanation and justification of printing costs.* Proposed printing costs for participant materials should also be itemized and briefly described. Specifically, it is important to articulate why printed materials are needed instead of making materials available electronically (at low or no cost) to attendees before or after the event.

- *Insufficient explanation and justification of shipping costs.* Provide an itemization of these costs, along with a brief description of why the equipment and other materials being shipped are essential to hosting a successful conference.

- *Insufficient explanation and justification of consultant costs.* The maximum daily rate for subject matter experts who are being reimbursed for their time is noted in the Consultant/Contractor Fact Sheet at **https://cops.usdoj.gov/cpd#programdocuments**. Describe all consultant costs in detail and include a brief yet compelling justification for the proposed costs. Daily rates for subject matter experts above the maximum daily rate require prior approval by the COPS Office and DOJ. In cases where higher rates are included in the event submission, written documentation of prior approval is required and should be attached.

**xiv. Should I continue to exclude all food and beverage costs in my event submissions?**

Yes. The inclusion of food and beverage costs will delay the review process, and these costs are not likely to be approved. The only exception is when the location of the conference does not allow attendees to obtain food or beverages on their own or when this restriction would greatly disrupt the conference schedule. If you believe your event qualifies for such a rare exception, contact your Program Manager to discuss it before completing and submitting your form. If meals are included in your event submission, remember that attendees must subtract the meal costs from the M&IE reimbursement for the days on which the meals will occur.

**xv. Can you summarize what I can do to prevent follow-up questions about my submitted events that delay the review and approval process?**

As a general rule, explain how you derived every cost that you include in the conference submission form. For lines that do not provide space for you to add descriptive narrative, include your explanations and specific cost breakdowns in a separate tab or in a separate document that is submitted with the form. In addition, include the cooperative agreement or contract number on the form.

**xvi. What events qualify for the expedited review process?**

There is no expedited review process. Every effort is made to review all events as quickly as possible.

Most delays result from a need for additional information. Event requests are prioritized for review by balancing the following three criteria:

- The start date of the event
- The date the event submission was received by COPS Office

- The overall cost and complexity of the event

For example, conferences requiring approval by the assistant attorney general's administration and the deputy attorney general (over $100,000–$250,000) typically take longer to process, as they must go through COPS Office and DOJ reviews, result in more questions, and are more likely to have issues related to cost thresholds.

## *Reporting*

**xvii. Where can I find the most updated version of the conference reporting form to use for my submissions?**

The most updated version of the conference reporting form can be found under the Training Resources for award recipients section on the COPS Office Training page at **https://cops.usdoj.gov/training**.

**xviii.      If I have a question about conference reporting, to whom should I send it?**

Send your questions to your designated Program Manager. They are great resources and will be happy to assist you.

**xix.  Are we expected to have our staff track their time hour for hour for time spent on the event for planning, etc., or are reasonable estimates adequate for cost reporting purposes?**

Post-event reports must contain actual costs, not estimates. These costs should include logistical and programmatic planner staff time spent on these activities and any contracted planner costs.

**xx.  With conference cost reports now being due 30 days after the event, how should we handle costs for invoices that have not been received yet? Many invoices (such as for hotels) are not received within 30 days after the event. Should estimates be included on the cost report?**

All conference costs for events held by cooperative agreement recipients or contractors costing more than $20,000, or where more than 50% of attendees are DOJ employees, must be reported within *45 calendar days after the last day of the event*.

**xxi.  On the DOJ Conference & Events Submission Form under "A. General Conference Information," is item 19, "Reporting Period," the period in which the actual cost of the event is being reported, or should this be based on the end date of the event?**

This reporting requirement is based on the end date of the event. All conference costs for events held by cooperative agreement recipients or contractors costing over $20,000, or where more than 50% of attendees are DOJ employees, must be reported within 45 calendar days after the last day of the event. Example: A COPS Office–approved conference was conducted from 3/16/2021 through 3/20/2021. A completed Conference & Events Submission Form must be submitted, showing the prior approval amounts compared to the actual costs and explaining all variances greater than 10% or $1,000. Reports should be emailed to the COPS Office Conference Cost email address at **COPS.Conferencecosts@usdoj.gov**.

The following pages contain the conference reporting form template.



Department of Justice-Sponsored Conference
Request and Report

*A **RED** cell indicates that your entry exceeds the DOJ meal threshold AND cannot be submitted unless within the meal threshold.*
*A **YELLOW** cell indicates that your entry exceeds the DOJ threshold, and additional justification must be provided.*
*A GREY box indicates that no entry is required.*

| JMD FINANCE STAFF USE ONLY: | |
|---|---|
| JMD Tracking Number | |
| Date Received | |
| | |
| | |

| COMPONENT USE ONLY: | |
|---|---|
| Component Internal Tracking Number *(Optional)* : | |
| | |
| | |
| | |

| A. GENERAL CONFERENCE INFORMATION: | |
|---|---|
| 1. Name of Requestor | |
| 2. Component Name *(Drop Down)* | COPS - Office of Community Oriented Policing Services |
| 3. Is this submission for a conference request or report? *(Drop Down)* | Conference Request |
| 4. JMD Tracking # *(Report Only)* | |
| 5. If this is a Re-Submission of a previously disapproved conference, indicate original JMD Tracking Number. | |
| 6. Official Title of the Conference *(No Abbreviations)* | |
| 7. Is this a blanket request? (Y/N) *(Drop Down) If "YES" Skip A9-13,A16 and Sections C,D,& E1, If "NO" Skip A8* | |
| 8. If this is a Blanket Request, indicate for each: 1) Number of occurrences this fiscal year, 2) Locations, and 3) Start and End Dates | |
| 9. Conference Start Date *(MM/DD/YYYY)* | |
| 10. Conference End Date *(MM/DD/YYYY)* | |
| 11. Location: Country *(Drop Down)* | |
| 12. Location: State / Territory / Possession *(Drop Down)* | |
| 13. Location: City | |

DOJ-Sponsored Conference Request and Report Form_Version 2
Release Date: 4/1/13

Return To: JMD Finance Staff, TSG at Conference.and.Non-Federal.Center@usdoj.gov

Attachment 1
SUBMISSION FORM
1 of 6

| | Conference REQUEST Information | Conference REPORT Information |
|---|---|---|
| 14. Justification that conference is essential to accomplishing core mission | | |
| 15. Funding Appropriation Symbol | | |
| 16. Facility Name *(Specific)* | | |
| 17. Facility Type (Federal/Non-Federal) *(Drop Down)* | | |
| 18. Cooperative Agreement (Y/N) *(Drop Down)* | | |
| *(Required when reporting actuals)* *(Drop Down)* | | |
| | **Conference REQUEST Information** | **Conference REPORT Information** |
| 20. Number of DOJ Federal Attendees | | |
| 21. Number of Other Federal Attendees | | |
| 22. Number of Non-Federal Attendees | | |
| 23. Total Number of Attendees *(Auto-populates)* | 0 | |
| 24. Total number of attendees whose travel expenses are paid for by DOJ *(required)* | | |
| 25. Total Cost *(Auto-populates from entries below)* | $0 | |
| 26. Predominately Internal Event held at a Non-Federal Facility (Y/N) *(Auto-populates based on Facility Type and Number of Attendees)* | PLEASE PROVIDE NUMBER OF ATTENDEES | |

| **Competitive Contracting:** | | |
|---|---|---|
| *(Drop Down)* | | |
| *(Drop Down)* | | |

DOJ-Sponsored Conference Request and Report Form_Version 2
Release Date: 4/1/13

Return To:  JMD Finance Staff, TSG at  Conference.and.Non-Federal.Center@usdoj.gov

Attachment 1
SUBMISSION FORM
2 of 6

*When REPORTING quarterly conferences, only complete the request information if JMD approved your request and you have a JMD tracking number*

| B. TOTAL CONFERENCE COSTS: | Conference REQUEST Information | | | | Conference REPORT Information | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **ESTIMATED DIRECT COST** | **ESTIMATED INDIRECT COST** *(Funding from Cooperative Agreement)* | **ESTIMATED TOTAL COST** *(Auto-populates)* | **% OF TOTAL COST** *(Auto-populates)* | **ACTUAL DIRECT COST** | **ACTUAL INDIRECT COST** *(Funding from Cooperative Agreement)* | **ACTUAL TOTAL COST** *(Auto-populates)* | **VARIANCE** *(Between Actual and Estimate)* *(Auto-populates)* | **VARIANCE JUSTIFICATION** (Provide justification if variance is >$1,000 and >10% as indicated by a light yellow cell OR exceeds cost thresholds, as indicated by a bright yellow cell) |
| 1. Conference Meeting Space (including rooms for break-out sessions) | | | $         - | 0.00% | | | | | |
| 2. Audio-visual Equipment and Services | | | - | 0.00% | | | | | |
| 3. Printing and Distribution | | | - | 0.00% | | | | | |
| 4. Meals Provided by DOJ | | | | | | | | | |
| a. Breakfast | | | - | 0.00% | | | | | |
| b. Lunch | | | - | 0.00% | | | | | |
| c. Dinner | | | - | 0.00% | | | | | |
| 5. Refreshments Provided by DOJ | | | - | 0.00% | | | | | |
| 6. M&IE for Attendees | | | - | 0.00% | | | | | |
| 7. Lodging | | | - | 0.00% | | | | | |
| 8. Common Carrier Transportation | | | - | 0.00% | | | | | |
| 9. Local Transportation | | | - | 0.00% | | | | | |
| 10. Conference Planner - Logistical | | | - | 0.00% | | | | | |
| 11. Conference Planner - Programmatic | | | - | 0.00% | | | | | |
| 12. Conference Trainer/Instructor/Presenter/Facilitator | | | - | 0.00% | | | | | |
| 13. Other Costs: *( Itemize Below)* | | | | | | | | | |
| | | | - | 0.00% | | | | | |
| | | | - | 0.00% | | | | | |
| | | | - | 0.00% | | | | | |
| | | | - | 0.00% | | | | | |
| | | | - | 0.00% | | | | | |
| 14. Total Conference Cost: *(Auto-populates)* | $         - | $         - | $         - | 0.00% | | | | | |

DOJ-Sponsored Conference Request and Report Form_Version 2
Release Date: 4/1/13

Return To:  JMD Finance Staff, TSG at  Conference.and.Non-Federal.Center@usdoj.gov

Attachment 1
SUBMISSION FORM
3 of 6

**C.  MEALS & REFRESHMENTS THRESHOLD CALCULATOR**

| CONFERENCE LOCATION: | PER DIEM RATE | |
|---|---|---|
| 1.  Continental United States MI&E | GSA Per-Diem Rates | |
| 2.  Hawaii, Alaska, US Territories & Possessions MI&E | DOD Per-Diem Rates | |
| 3.  Foreign Country MI&E | State Department Per-Diem Rates | |

| D.  MEALS | NUMBER OF TIMES MEAL IS SERVED | NUMBER OF ATTENDEES | PER PERSON THRESHOLD ($) | TOTAL JMD THRESHOLD ($) |
|---|---|---|---|---|
| 1.  Breakfast | | 0 | SELECT PER DIEM RATE | N/A |
| 2.  Lunch | | 0 | SELECT PER DIEM RATE | N/A |
| 3.  Dinner | | 0 | SELECT PER DIEM RATE | N/A |

**E.  OTHER THRESHOLDS CALCULATOR**

| COST CATEGORY: | NUMBER OF ATTENDEES | PER PERSON THRESHOLD ($) | TOTAL JMD THRESHOLD ($) |
|---|---|---|---|
| 1.  Conference Space & Audio-visual Equipment and Services | 0 | $          25 | $          - |
| 2.  Logistical Conference Planner | 0 | $          50 | $          - |
| 3.  Programmatic Conference Planner | 0 | $         200 | $          - |

| F. JUSTIFICATION IF SUBMITTING CONFERENCE REQUEST FORM WITH ESTIMATED COSTS OVER THRESHOLD *(Complete if cells turn YELLOW)*: | |
|---|---|
| 1. Conference Space & Audio-visual Equipment and Services | |
| 2. Refreshments | |
| 3. Logistical Conference Planner | |
| 4. Programmatic Conference Planner | |

DOJ-Sponsored Conference Request and Report Form_Version 2
Release Date: 4/1/13

Return To:  JMD Finance Staff, TSG at  Conference.and.Non-Federal.Center@usdoj.gov

Attachment 1
SUBMISSION FORM
4 of 6

**G.  JUSTIFICATION REQUIRED FOR CONFERENCES WITH MEALS (*Complete if cells turn YELLOW*):**

| Government Provided Meals | |
|---|---|

**H.  JUSTIFICATION FOR NON-FEDERAL FACILITY (*Complete if cells turn YELLOW*) :**

| Justification for Using a Non-Federal Facility<br>*(Drop Down)* | |
|---|---|

**I. FACILITIES CONSIDERED**

| NAME | FACILITY TYPE<br>*(Drop Down)* | TOTAL EST. CONFERENCE COST | SELECTED (Y/N) | REASON FOR USE OR NON-USE |
|---|---|---|---|---|
| | **0** | $            - | YES | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DOJ-Sponsored Conference Request and Report Form_Version 2
Release Date: 4/1/13

Return To:  JMD Finance Staff, TSG at  Conference.and.Non-Federal.Center@usdoj.gov

Attachment 1
SUBMISSION FORM
5 of 6

**J. ESTIMATED ATTENDEE INFORMATION**

| ATTENDEE DUTY STATION | ATTENDEE ORGANIZATION | NUMBER OF ATTENDEES |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **TOTAL -** *(Breakout must match entry on line A23)* |  | **0** |

DOJ-Sponsored Conference Request and Report Form_Version 2
Release Date: 4/1/13

Return To:  JMD Finance Staff, TSG at  Conference.and.Non-Federal.Center@usdoj.gov

Attachment 1
SUBMISSION FORM
6 of 6

# Appendix E. Enhancement of contractor protection from reprisal for disclosure of certain information (41 U.S.C. § 4712)

**(a) Prohibition of reprisals**.--

**(1) In general**.--An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

**(2) Persons and bodies covered**.--The persons and bodies described in this paragraph are the persons and bodies as follows:

**(A)** A Member of Congress or a representative of a committee of Congress.

**(B)** An Inspector General.

**(C)** The Government Accountability Office.

**(D)** A Federal employee responsible for contract or grant oversight or management at the relevant agency.

**(E)** An authorized official of the Department of Justice or other law enforcement agency.

**(F)** A court or grand jury.

**(G)** A management official or other employee of the contractor, subcontractor, or grantee who has the responsibility to investigate, discover, or address misconduct.

**(3) Rules of construction**.--For the purposes of paragraph (1)--

**(A)** an employee who initiates or provides evidence of contractor, subcontractor, or grantee misconduct in any judicial or administrative proceeding relating to waste, fraud, or abuse on a Federal contract or grant shall be deemed to have made a disclosure covered by such paragraph; and

**(B)** a reprisal described in paragraph (1) is prohibited even if it is undertaken at the request of an executive branch official, unless the request takes the form of a non-discretionary directive and is within the authority of the executive branch official making the request.

**(b) Investigation of complaints**.--

**(1) Submission of complaint**.--A person who believes that the person has been subjected to a reprisal prohibited by subsection (a) may submit a complaint to the Inspector General of the executive agency involved. Unless the Inspector General determines that the complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant, the Inspector General shall investigate the complaint and, upon completion of such investigation, submit a report of the findings of the investigation to the person, the contractor or grantee concerned, and the head of the agency.

**(2) Inspector General action**.--

**(A) Determination or submission of report on findings**.--Except as provided under subparagraph (B), the Inspector General shall make a determination that a complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant or submit a report under paragraph (1) within 180 days after receiving the complaint.

**(B)** Extension of time.--If the Inspector General is unable to complete an investigation in time to submit a report within the 180-day period specified in subparagraph (A) and the person submitting the complaint agrees to an extension of time, the Inspector General shall submit a report under paragraph (1) within such additional period of time, up to 180 days, as shall be agreed upon between the Inspector General and the person submitting the complaint.

**(3) Prohibition on disclosure**.--The Inspector General may not respond to any inquiry or disclose any information from or about any person alleging the reprisal, except to the extent that such response or disclosure is--

**(A)** made with the consent of the person alleging the reprisal;

**(B)** made in accordance with the provisions of section 552a of title 5 or as required by any other applicable Federal law; or

**(C)** necessary to conduct an investigation of the alleged reprisal.

**(4) Time limitation**.--A complaint may not be brought under this subsection more than three years after the date on which the alleged reprisal took place.

**(c) Remedy and enforcement authority**.--

**(1)** In general.--Not later than 30 days after receiving an Inspector General report pursuant to subsection (b), the head of the executive agency concerned shall determine whether there is sufficient basis to conclude that the contractor or grantee concerned has subjected the complainant to a reprisal prohibited by subsection (a) and shall either issue an order denying relief or shall take one or more of the following actions:

**(A)** Order the contractor or grantee to take affirmative action to abate the reprisal.

**(B)** Order the contractor or grantee to reinstate the person to the position that the person held before the reprisal, together with compensatory damages (including back pay), employment benefits, and other terms and conditions of employment that would apply to the person in that position if the reprisal had not been taken.

**(C)** Order the contractor or grantee to pay the complainant an amount equal to the aggregate amount of all costs and expenses (including attorneys' fees and expert witnesses' fees) that were reasonably incurred by the complainant for, or in connection with, bringing the complaint regarding the reprisal, as determined by the head of the executive agency.

**Exhaustion of remedies**.--If the head of an executive agency issues an order denying relief under paragraph (1) or has not issued an order within 210 days after the submission of a complaint under subsection (b), or in the case of an extension of time under paragraph (b)(2)(B), not later than 30 days after the expiration of the extension of time, and there is no showing that such delay is due to the bad faith of the complainant, the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may bring a de novo action at law or equity against the contractor or grantee to seek compensatory damages and other relief available under this section in the appropriate district court of the United States, which shall have jurisdiction

over such an action without regard to the amount in controversy. Such an action shall, at the request of either party to the action, be tried by the court with a jury. An action under this paragraph may not be brought more than two years after the date on which remedies are deemed to have been exhausted.

**(2)** **Admissibility of evidence**.--An Inspector General determination and an agency head order denying relief under paragraph (2) shall be admissible in evidence in any de novo action at law or equity brought pursuant to this subsection.

**(3)** **Enforcement of orders**.--Whenever a person fails to comply with an order issued under paragraph (1), the head of the executive agency concerned shall file an action for enforcement of such order in the United States district court for a district in which the reprisal was found to have occurred. In any action brought under this paragraph, the court may grant appropriate relief, including injunctive relief, compensatory and exemplary damages, and attorney fees and costs. The person upon whose behalf an order was issued may also file such an action or join in an action filed by the head of the executive agency.

**(4)** **Judicial review**.--Any person adversely affected or aggrieved by an order issued under paragraph (1) may obtain review of the order's conformance with this subsection, and any regulations issued to carry out this section, in the United States court of appeals for a circuit in which the reprisal is alleged in the order to have occurred. No petition seeking such review may be filed more than 60 days after issuance of the order by the head of the executive agency. Review shall conform to chapter 7 of title 5. Filing such an appeal shall not act to stay the enforcement of the order of the head of an executive agency, unless a stay is specifically entered by the court.

**(5)** **Burdens of proof**.--The legal burdens of proof specified in section 1221(e) of title 5 shall be controlling for the purposes of any investigation conducted by an Inspector General, decision by the head of an executive agency, or judicial or administrative proceeding to determine whether discrimination prohibited under this section has occurred.

**(6)** **Rights and remedies not waivable**.--The rights and remedies provided for in this section may not be waived by any agreement, policy, form, or condition of employment.

**(d)** **Notification of employees**.--The head of each executive agency shall ensure that contractors, subcontractors, and grantees of the agency inform their employees in writing of the rights and remedies provided under this section, in the predominant native language of the workforce.

**(e)** **Construction**.--Nothing in this section may be construed to authorize the discharge of, demotion of, or discrimination against an employee for a disclosure other than a disclosure protected by subsection (a) or to modify or derogate from a right or remedy otherwise available to the employee.

**(f)** **Exceptions**.--

**(1)** This section shall not apply to any element of the intelligence community, as defined in section 3(4) of the National Security Act of 1947 (50 U.S.C. § 401a(4)).

**(2)** This section shall not apply to any disclosure made by an employee of a contractor, subcontractor, or grantee of an element of the intelligence community if such disclosure--

**(A)** relates to an activity of an element of the intelligence community; or

**(B)** was discovered during contract, subcontract, or grantee services provided to an element of the intelligence community.

**(g)** **Definitions**.--In this section:

**(1)** The term "abuse of authority" means an arbitrary and capricious exercise of authority that is inconsistent with the mission of the executive agency concerned or the successful performance of a contract or grant of such agency.

**(2)** The term "Inspector General" means an Inspector General appointed under the Inspector General Act of 1978 and any Inspector General that receives funding from, or has oversight over contracts or grants awarded for or on behalf of, the executive agency concerned.

**(h)** **Construction**.--Nothing in this section, or the amendments made by this section, 1 shall be construed to provide any rights to disclose classified information not otherwise provided by law.

**[(i) Repealed by Pub.L. 114-261, § 1(a)(3)(A)(ii), Dec. 14, 2016, 130 Stat. 1362]**

# Appendix F. 2 C.F.R. Appendix II to Part 200: Contract provisions for nonfederal entity contracts under federal awards

In addition to other provisions required by the Federal agency or non-Federal entity, all contracts made by the non-Federal entity under the Federal award must contain provisions covering the following, as applicable.

(A) Contracts for more than the simplified acquisition threshold, which is the inflation adjusted amount determined by the Civilian Agency Acquisition Council and the Defense Acquisition Regulations Council (Councils) as authorized by 41 U.S.C. 1908, must address administrative, contractual, or legal remedies in instances where contractors violate or breach contract terms, and provide for such sanctions and penalties as appropriate.

(B) All contracts in excess of $10,000 must address termination for cause and for convenience by the non-Federal entity including the manner by which it will be effected and the basis for settlement.

(C) Equal Employment Opportunity. Except as otherwise provided under 41 CFR Part 60, all contracts that meet the definition of "federally assisted construction contract" in 41 CFR Part 60-1.3 must include the equal opportunity clause provided under 41 CFR 60-1.4(b), in accordance with Executive Order 11246, "Equal Employment Opportunity" (30 FR 12319, 12935, 3 CFR Part, 1964-1965 Comp., p. 339), as amended by Executive Order 11375, "Amending Executive Order 11246 Relating to Equal Employment Opportunity," and implementing regulations at 41 CFR part 60, "Office of Federal Contract Compliance Programs, Equal Employment Opportunity, Department of Labor."

(D) Davis-Bacon Act, as amended (40 U.S.C. 3141-3148). When required by Federal program legislation, all prime construction contracts in excess of $2,000 awarded by non-Federal entities must include a provision for compliance with the Davis-Bacon Act (40 U.S.C. 3141-3144, and 3146-3148) as supplemented by Department of Labor regulations (29 CFR Part 5, "Labor Standards Provisions Applicable to Contracts Covering Federally Financed and Assisted Construction"). In accordance with the statute, contractors must be required to pay wages to laborers and mechanics at a rate not less than the prevailing wages specified in a wage determination made by the Secretary of Labor. In addition, contractors must be required to pay wages not less than once a week. The non-Federal entity must place a copy of the current prevailing wage determination issued by the Department of Labor in each solicitation. The decision to award a contract or subcontract must be conditioned upon the acceptance of the wage determination. The non-Federal entity must report all suspected or reported violations to the Federal awarding agency. The contracts must also include a provision for compliance with the Copeland "Anti-Kickback" Act (40 U.S.C. 3145), as supplemented by Department of Labor regulations (29 CFR Part 3, "Contractors and Subcontractors on Public Building or Public Work Financed in Whole or in Part by Loans or Grants from the United States"). The Act provides that each contractor or subrecipient must be prohibited from inducing, by any means, any person employed in the construction, completion, or repair of public work, to give up any part of the compensation to which he or she is otherwise entitled. The non-Federal entity must report all suspected or reported violations to the Federal awarding agency.

(E) Contract Work Hours and Safety Standards Act (40 U.S.C. 3701-3708). Where applicable, all contracts awarded by the non-Federal entity in excess of $100,000 that involve the employment of mechanics or laborers must include a provision for compliance with 40 U.S.C. 3702 and 3704, as supplemented by Department of Labor regulations (29 CFR Part 5). Under 40 U.S.C. 3702 of the Act, each contractor must be required to compute the wages of every mechanic and laborer on the basis of a standard work week of 40 hours. Work in excess of the standard work week is permissible provided that the worker is compensated at a rate of not less than one and a half times the basic rate of pay for all hours worked in excess of 40 hours in the work week. The requirements of

40 U.S.C. 3704 are applicable to construction work and provide that no laborer or mechanic must be required to work in surroundings or under working conditions which are unsanitary, hazardous or dangerous. These requirements do not apply to the purchases of supplies or materials or articles ordinarily available on the open market, or contracts for transportation or transmission of intelligence.

(F) Rights to Inventions Made Under a Contract or Agreement. If the Federal award meets the definition of "funding agreement" under 37 CFR §401.2 (a) and the recipient or subrecipient wishes to enter into a contract with a small business firm or nonprofit organization regarding the substitution of parties, assignment or performance of experimental, developmental, or research work under that "funding agreement," the recipient or subrecipient must comply with the requirements of 37 CFR Part 401, "Rights to Inventions Made by Nonprofit Organizations and Small Business Firms Under Government Grants, Contracts and Cooperative Agreements," and any implementing regulations issued by the awarding agency.

(G) Clean Air Act (42 U.S.C. 7401-7671q.) and the Federal Water Pollution Control Act (33 U.S.C. 1251-1387), as amended—Contracts and subgrants of amounts in excess of $150,000 must contain a provision that requires the non-Federal award to agree to comply with all applicable standards, orders or regulations issued pursuant to the Clean Air Act (42 U.S.C. 7401-7671q) and the Federal Water Pollution Control Act as amended (33 U.S.C. 1251-1387). Violations must be reported to the Federal awarding agency and the Regional Office of the Environmental Protection Agency (EPA).

(H) Debarment and Suspension (Executive Orders 12549 and 12689)—A contract award (see 2 CFR 180.220) must not be made to parties listed on the government wide exclusions in the System for Award Management (SAM), in accordance with the OMB guidelines at 2 CFR 180 that implement Executive Orders 12549 (3 CFR part 1986 Comp., p. 189) and 12689 (3 CFR part 1989 Comp., p. 235), "Debarment and Suspension." SAM Exclusions contains the names of parties debarred, suspended, or otherwise excluded by agencies, as well as parties declared ineligible under statutory or regulatory authority other than Executive Order 12549.

(I) Byrd Anti-Lobbying Amendment (31 U.S.C. 1352)—Contractors that apply or bid for an award exceeding $100,000 must file the required certification. Each tier certifies to the tier above that it will not and has not used Federal appropriated funds to pay any person or organization for influencing or attempting to influence an officer or employee of any agency, a member of Congress, officer or employee of Congress, or an employee of a member of Congress in connection with obtaining any Federal contract, grant or any other award covered by 31 U.S.C. 1352. Each tier must also disclose any lobbying with non-Federal funds that takes place in connection with obtaining any Federal award. Such disclosures are forwarded from tier to tier up to the non-Federal award.

(J) See § 200.323.

(K) See § 200.216.

[78 FR 78608, Dec. 26, 201, as amended at 79 FR 75888, Dec. 19, 2014; 85 FR 49577, Aug. 13, 2020]

# Appendix G. Remittance of Interest Earned Amounts

## 2 CFR § 200.305 (b)(9) – Payment (remittance of interest earned)

1. *Interest earned amounts up to $500 per year may be retained by the non-federal entity for administrative expense. Any additional interest earned on federal advance payments deposited in interest-bearing accounts must be remitted annually to the Department of Health and Human Services Payment Management System (PMS) through an electronic medium using either Automated Clearing House (ACH) network or a Fedwire Funds Service payment. Remittances must include pertinent information of the payee and nature of payment in the memo area (often referred to as "addenda records" by Financial Institutions) as that will assist in the timely posting of interest earned on federal funds. Pertinent details include the Payee Account Number (PAN) if the payment originated from PMS, or Agency information if the payment originated from ASAP, NSF or another federal agency payment system. The remittance must be submitted as follows:*

   i.    For ACH Returns:

   Routing Number: 051036706
   Account number: 303000
   Bank Name and Location: Credit Gateway - ACH Receiver St. Paul, MN

   ii.   For Fedwire Returns*:

   Routing Number: 021030004
   Account number: 75010501
   Bank Name and Location: Federal Reserve Bank Treas NYC/Funds Transfer Division New York, NY

   (* Please note organization initiating payment is likely to incur a charge from your Financial Institution for this type of payment)

   iii.  For International ACH Returns:

   Beneficiary Account: Federal Reserve Bank of New York/ITS (FRBNY/ITS)
   Bank: Citibank N.A. (New York)
   Swift Code: CITIUS33
   Account Number: 36838868
   Bank Address: 388 Greenwich Street, New York, NY 10013
   Payment Details (Line 70): Agency Name (abbreviated when possible) and ALC
   Agency POC: Michelle Haney, 301-492-5065

   iv.   For recipients that do not have electronic remittance capability, please make check** payable to: "The Department of Health and Human Services."

   Mail Check to Treasury approved lockbox:
   HHS Program Support Center, P.O. Box 530231, Atlanta, GA 30353-0231

   (** Please allow 4-6 weeks for processing of a payment by check to be applied to the appropriate PMS account)

Any additional information/instructions may be found on the PMS Web site at **https://pms.psc.gov/**. Instructions for returning interest on can be found at **https://pms.psc.gov/grant-recipients/returning-funds-interest.html**.

# Appendix H. Additional resources for Cooperative Agreement recipients

All recipients must follow the guidance in the financial fact sheets as outlined in this manual. The following are the fact sheets that can be found on the **Award Management Materials web page**:

- *Grant Adjustment Modifications – Budget Modification Fact Sheet*

- *Consultant Contractor Fact Sheet*

- *Indirect Costs Fact Sheet*

- *Program Income Fact Sheet*

- *Sole Source Justification Fact Sheet*

In addition to the above fact sheets, recipients should also refer to **The DOJ Grants Financial Guide**. The DOJ Grants Financial Guide (the "Guide") serves as the primary reference manual to assist OJP, OVW, and COPS Office award recipients in fulfilling their fiduciary responsibility to safeguard grant funds and ensure funds are used for the purposes for which they were awarded. It compiles a variety of laws, rules and regulations that affect the financial and administrative management of your award. There may be instances where the requirements may differ among the three grant-making components; to the extent possible, those differences are spelled out throughout the Guide. However, recipients (and subrecipients) should refer to the award terms and conditions outlined in this Award Owner's Manual to determine the specific requirements that apply to your award.

Some recipients may be awarded Cooperative Agreements to develop reports, publications, manuals, training, videos, and other products. The Cooperative Agreement, which is included in the Award Document, includes customized tasks and deliverables that may require the recipient to follow one or more of these resource documents or fact sheets applicable to their project:

- ***COPS Office Logo Standards Manual***
- ***In Person Curriculum Standards Guide***
- ***Instructor Quality Assurance Guide***
- **Non-TOT Instructor Guide Template**
- **Non-TOT Participant Guide Template**
- **Non-TOT PowerPoint Background**
- ***Online Curriculum Process Guide***
- **TOT Instructor Guide Template**
- **TOT Participant Guide Template**
- **TOT PowerPoint Background**

- ***Video Development Process Guide***
- ***The ADDIE Model of Instructional Design Fact Sheet***
- ***The COPS Office Editorial and Graphics Style Manual: Guide for Authors, New Revised Third Edition***
- ***Training Fact Sheet***
- ***Section 508 of the Rehabilitation Act of 1973***
- ***Webinar Fact Sheet***
- **Webinar Template**

# Glossary of Terms

**allowable costs.** Allowable costs are costs that will be paid for by this award program. Upon review of your submitted budget, any unallowable costs were removed. The award financial information included in your award package specifies your allowable costs, contains the final budget category amounts for which your organization was approved, and notes any relevant revisions that were made to your original budget submission.

**assistance listing.** The assistance listing contains a description and index of all forms of federal assistance. Each program is assigned an assistance listing number, which is used by auditors to track award revenues. It is also used in participating states by State Single Points of Contact in conducting the required intergovernmental reviews under Executive Order 12372. The assistance listing number for COPS Office awards is 16.710.

**audit.** Work done by auditors, including both the Office of the Inspector General (OIG) and state or local auditors, to examine financial statements and to review

- compliance with laws and regulations;
- economy and efficiency of operations;
- effectiveness in achieving program results;
- allowability of costs claimed against the award.

**authorized representative.** The authorized representatives are the individuals in your organization who have final authority and responsibility for all programmatic and financial decisions regarding this award. At the time of award application, your agency listed the authorized representatives for your agency. For non–law enforcement agencies (institutions of higher education, private organizations, etc.), the authorized representatives are the programmatic and financial officials who have the ultimate signatory authority to sign contracts on behalf of your organization. These executives are listed on your award document and are understood to be your authorized representatives. If any of the executive information is incorrect, please **revise** the information via JustGrants. For any assistance, please reference the **https://justicegrants.usdoj.gov/training/jarg-entity-management.pdf**.

**award end date.** This is the date until which your agency is authorized to purchase items or hire positions that were approved by the COPS Office. The award end date is found on your award document. Recipients may not make any purchases or hire any positions prior to this date without written approval from the COPS Office.

**award number.** The award number identifies your organization's award and can be found on your award package. This number should be used as a reference when corresponding with the COPS Office. Your award number is in the format 15JCOPS-24-GG-XXXXX-XXXX for awards made in FY 2024. The COPS Office tracks award information based upon this number.

**award start date.** This is the date on or after which your agency is authorized to purchase or hire any allowable equipment, services, personnel, or other costs that were approved by the COPS Office. The award start date is found on your award package. Recipients may not expend funds prior to this date without written approval from the COPS Office.

**career law enforcement officer.** The COPS Office statute defines a career law enforcement officer as a person hired on a permanent basis who is authorized by law, or by a state or local public agency, to engage in or oversee the prevention, detection, or investigation of violations of criminal laws.

**closeout.** This is the process in which the awarding agency, the COPS Office, determines that all applicable administrative actions and all required work and conditions of the award have been completed and met by the recipient and awarding agency.

**cognizant federal agency.** Your cognizant federal agency is generally the federal agency that provides your agency with the most federal money. The Office of Management and Budget (OMB) may have already assigned your cognizant federal agency to you. If this is the first federal award that your organization has received, the U.S. Department of Justice (DOJ) is your cognizant federal agency.

**community policing.** Community policing is a philosophy that promotes organizational strategies that support the systematic use of partnerships and problem-solving techniques to proactively address the immediate conditions that give rise to public safety issues such as violent crime, nonviolent crime, and fear of crime.

**consortium.** A consortium is a group of two or more governmental entities that agree to form a partnership to provide law enforcement services to their constituent communities.

**computing devices.** Computing devices are machines used to acquire, store, analyze, process, and publish data and other information electronically, including accessories (or "peripherals") for printing, transmitting, and receiving, or storing electronic information.

**cooperative agreement.** A legal instrument of financial assistance between a federal awarding agency and a nonfederal entity to carry out a public purpose authorized by a law of the United States that, consistent with 31 U.S.C. § 6302-6305, provides for substantial involvement between the federal awarding agency and the non-federal entity in carrying out the activity contemplated by the federal award.

**COPS Office.** The Office of Community Oriented Policing Services (COPS Office) is the office within the U.S. Department of Justice that is the grantor or awarding agency for your award. The COPS Office is responsible for assisting your agency with the administration and maintenance of your award for the entire award period. You can reach the COPS Office at 800-421-6770.

**COPS Office finance staff accountants.** The COPS Office finance staff accountants are responsible for your agency's financial and budgetary needs related to this award. A staff accountant has been assigned to your state and is available to answer any questions that you may have concerning the Quarterly Financial Status Reports (SF_425) and other financial aspects of your award. To identify your staff accountant, please call the COPS Office Response Center at **AskCOPSRC@usdoj.gov**.

**COPS Office Program Manager.** COPS Office Program Managers are trained to assist you with implementing and maintaining your CPD award. A Program Manager is assigned to your project and is available to answer any questions that you may have concerning the administrative, programmatic, and substantive aspects of your award. Your Program Manager can assist you with such matters as requesting an extension on your award or modifying the award and reviewing outlines for project deliverables. The name and phone number of your COPS Office Program Manager is provided on the award congratulatory letter and available by contacting the COPS Office Response Center at **AskCOPSRC@usdoj.gov**.

**disallowed costs.** Disallowed costs means those charges that are determined to be unallowable, in accordance with the applicable Federal statutes, regulations, or the terms and conditions of the federal award.

**Employer Identification Number (EIN) / OJP vendor number.** This number is usually your agency's nine-digit federal tax identification number as assigned to you by the Internal Revenue Service (IRS). Your accounting/bookkeeping department should have this number. In some cases, the EIN has been previously assigned to another agency within your jurisdiction. In this instance, a new vendor number will be assigned to you by the Office of the Chief Financial Officer. The newly assigned number is to be used for COPS Office administrative purposes only and should not be used for IRS purposes.

**equipment.** Equipment is tangible personal property (including information technology systems) having a useful life of more than one year and a per-unit acquisition cost that equals or exceeds $5,000.

**federally recognized tribe.** Tribal entities that are recognized and eligible for funding and services from the Bureau of Indian Affairs (BIA) by virtue of their status as Indian tribes. They are acknowledged to have the immunities and privileges available to other federally recognized Indian tribes by virtue of their government-to-government relationship with the United States as well as the responsibilities, power, limitations, and obligations of such tribes. Only federally recognized tribes are eligible to apply for COPS Office tribal award funds. For further information, contact BIA, Division of Tribal Government Services, MS-4631 – MIB, 1849 C Street NW, Washington, DC 20240, 202-208-2475.

**grant.** A legal instrument of financial assistance between a federal awarding agency and a non-federal entity to carry out a public purpose authorized by a law of the United States that, consistent with 31 U.S.C. § 6302-6305, does not provide for substantial involvement between the federal awarding agency and the non-Federal entity in carrying out the activity contemplated by the federal award.

**Grant Operations Staff.** COPS Office Grant Operations Staff are trained and available to assist you in addressing any compliance-related questions regarding your award. Grant monitoring specialists plan and conduct site visits and enhanced office-based grant reviews. During the life of your award, you may be selected for a monitoring site visit to assess your compliance with the terms and agreements of the award program, to review your community policing initiatives, and to provide technical and administrative support for your award. Please contact the COPS Office Response Center at **AskCOPSRC@usdoj.gov** if you have any compliance-related questions.

**Indian tribe.** For purposes of COPS Office awards, Indian tribe means any Indian tribe, band, nation, or other organized group or community, including any Alaska Native village or regional or village corporation as defined in or established pursuant to the Alaska Native Claims Settlement Act, which is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians. See Pub. L. 106–113, div. B, title I, §116, 113 Stat. 1501A–21.

**indirect costs.** If approved for your program, indirect costs means those costs incurred for a common or joint purpose benefitting more than one cost objective, and not readily assignable to the cost objectives specifically benefitted, without effort disproportionate to the results achieved.

**institutions of higher education (IHE).** Institution of higher education is defined at 20 U.S.C. 1001.

**local budget cycle.** Your agency's fiscal year. Some common examples include January 1 to December 31, October 1 to September 30, and July 1 to June 30. Some local budget cycles may extend up to 24 months.

**matching funds.** What a locality must contribute as a cash match toward total allowable project costs over the life of the program.

**mobile data computer/laptop.** A Mobile Data Computer (MDC) is a computer terminal mounted in a vehicle that is linked via wireless communication to a network that is often integrated with a CAD system. MDCs enable officers to complete previously handwritten reports on a computer. This often eliminates the need to enter duplicate information on multiple reports.

**modified total direct cost.** Modified total direct cost (MTDC) means all direct salaries and wages, applicable fringe benefits, materials and supplies, services, travel, and up to the first $50,000 of each subaward (regardless of the period of performance of the subawards under the award). MTDC excludes equipment, capital expenditures, charges for patient care, rental costs, tuition remission, scholarships and fellowships, participant support costs and the portion of each subaward in excess of $50,000. Other items may only be excluded when necessary to avoid a serious inequity in the distribution of indirect costs, and with the approval of the cognizant agency for indirect costs.

**National Incident-Based Reporting System (NIBRS).** A comprehensive reporting database. Agencies provide individual records for eight index crimes and 38 other offenses.

**nonfederal entity.** Nonfederal entity means a state, local government, Indian tribe, institution of higher education, or nonprofit organization that carries out a federal award as a recipient or subrecipient.

**nonprofit organization.** Nonprofit organization means any corporation, trust, association, cooperative, or other organization, not including institutions of higher education, that is operated primarily for scientific, educational, service, charitable, or similar purposes in the public interest; is not organized primarily for profit; and uses net proceeds to maintain, improve, or expand the operations of the organization.

**obligation of funds.** The COPS Office obligates federal funds when the award document is signed by the COPS Office Director or their designated official. For the recipient, award funds are obligated when monies are spent or orders are placed for purchasing approved technology or services under your CPD award. The term "encumbrance" is often used at the local and state levels to describe this type of transaction. Liquidated obligations are considered cash outlays or monies actually spent. Unliquidated obligations are obligations incurred and recorded but not yet paid (accrual basis of accounting) or not yet recorded and not yet paid (cash basis of accounting).

**OJP vendor number/EIN number.** This is your agency's nine-digit federal tax identification number assigned to you by the IRS. Your accounting/bookkeeping department should have this number.

If your EIN previously has been assigned to another agency within your jurisdiction, the Office of the Comptroller will assign a new OJP vendor number to you. The new assigned number is to be used for administrative purposes only, in connection with this award program, and should not be used for IRS purposes.

**participant support costs.** Participant support costs means direct costs for items such as stipends or subsistence allowances, travel allowances, and registration fees paid to or on behalf of participants or trainees (but not employees) in connection with conferences, or training projects.

**primary law enforcement authority.** An agency with primary law enforcement authority is the agency that is the first responder to calls for service, and has ultimate and final responsibility for the prevention, detection, or investigation of violations of criminal laws within its jurisdiction. Agencies are not considered to have primary law enforcement authority if they only respond to or investigate specific type(s) of crime(s), respond to or investigate crimes within a correctional institution, serve warrants, provide courthouse security, transport prisoners, or have cases referred to them for investigation or investigational support.

**program income.** Program income means gross income earned by the nonfederal entity that is directly generated by a supported activity or earned as a result of the federal award during the period of performance.

**Public Safety Partnership and Community Policing Act of 1994.** The COPS Office is charged with fulfilling the mandates of this law. The purposes of the law are to

- increase the number of community policing officers on the beat;

- provide additional and more effective training to law enforcement officers to enhance their problem-solving, service, and other skills needed in interacting with members of the community;

- encourage the development and implementation of innovative programs to permit members of the community to assist law enforcement agencies in the prevention of crime;

- encourage the development of new technologies to assist law enforcement agencies in reorienting the emphasis of their activities from reacting to crime to preventing crime.

**recipient.** The Uniform Guidance defines it as "Recipient means a non-Federal entity that receives a Federal award directly from a Federal awarding agency to carry out an activity under a Federal program. The term recipient does not include subrecipients. See also § 200.1 Non-Federal entity." 2 C.F.R. § 200.1.

**research and development.** Research and development (R&D) means all research activities, both basic and applied, and all development activities that are performed by non-Federal entities. The term "research" also includes activities involving the training of individuals in research techniques where such activities use the same facilities as other research and development activities and where such activities are not included in the instruction function. "Research" is defined as a systematic study directed toward fuller scientific knowledge or understanding of the subject studied. "Development" is the systematic use of knowledge and understanding gained from research directed toward the production of useful materials, devices, systems, or methods, including design and development of prototypes and processes.

**simplified acquisition threshold.** Simplified acquisition threshold means the dollar amount below which a nonfederal entity may purchase property or services using small purchase methods. Nonfederal entities adopt small purchase procedures in order to expedite the purchase of items costing less than the simplified acquisition threshold. The simplified acquisition threshold is set by the Federal Acquisition Regulation at 48 C.F.R. Subpart 2.1 (Definitions) and in accordance with 41 U.S.C. § 1908. Currently, the simplified acquisition threshold is $250,000.

**subaward.** Subaward means an award provided by a pass-through entity to a subrecipient for the subrecipient to carry out part of a federal award received by the pass-through entity. It does not include payments to a contractor or payments to an individual that is a beneficiary of a federal program. A subaward may be provided through any form of legal agreement, including an agreement that the pass-through entity considers a contract.

**subrecipient.** Subrecipient means a nonfederal entity that receives a subaward from a pass-through entity to carry out part of a federal program; but does not include an individual that is a beneficiary of such program. A subrecipient may also be a recipient of other federal awards directly from a federal awarding agency.

**supplanting.** For the purposes of your COPS Office CPD award, supplanting means replacing state, local, or Bureau of Indian Affairs (BIA) funds that otherwise would have been spent on award purposes with federal COPS Office funds. State, local, and tribal governments are prohibited from supplanting throughout the award period. This means that your agency may not use COPS Office funds to pay for any equipment/technology, services, personnel, or other items which, in the absence of the COPS Office program, would otherwise have been funded with state or

local funds or with funds supplied by the BIA. The COPS Office funds must instead be used to supplement, or increase, your budget on award purposes. For additional information on supplanting, please review the award condition titled "Supplementing, Not Supplanting" in this manual.

**supplies.** Supplies means all tangible personal property other than those described under equipment. A computing device is a supply if the acquisition cost is less than the lesser of the capitalization level established by the nonfederal entity for financial statement purposes or $5,000, regardless of the length of its useful life.

**System for Award Management (SAM).** The SAM database is the repository for standard information about federal financial assistance applicants, recipients, and subrecipients. Organizations that have previously submitted applications via **Grants.gov** are already registered with SAM, as it is a requirement for **Grants.gov** registration. Please note, however, that applicants must update or renew their SAM at least once per year to maintain an active status. Information about registration procedures can be accessed at **www.sam.gov**.

**unique entity identifier.** The Unique Entity ID (UEI) is a 12-character alpha-numeric value and once issued, will not change. Entities. A unique entity identifier is required of all applicants for COPS Office awards and must be updated every year in SAM.gov. This number will be used by the Federal Government to better track award recipient information throughout the award cycle and to provide consistent name and address data for electronic award application systems.

# 2024 COPS Office Community Policing Development (CPD) Program Award Owner's Manual

This manual was created to assist COPS Office CPD Program recipients with the administrative and financial matters associated with their award.

For more information about your award, please contact your COPS Office Program Manager. If you do not know the name or telephone number of your Program Manager, please contact the COPS Office Response Center at **AskCOPSRC@usdoj.gov**.



U.S. Department of Justice
Office of Community Oriented Policing Services
145 N Street NE
Washington, DC 20530

To obtain details on COPS Office programs,
call the COPS Office Response Center at 800-421-6770.
Visit the COPS Office online at **cops.usdoj.gov.**
Published August 2024