DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
KARUN A. TILAK, SBN 323939
JESSE E. LANIER, SBN 303395
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4223
Facsimile: (415) 437-4644
E-Mail:     Karun.Tilak@sfcityatty.org
            Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO

*[additional counsel on signature page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF TUCSON; and CITY OF SAN DIEGO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her Official Capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity,<br><br>Defendants. | Case No. 3:25-cv-09277-JD<br><br>**PLAINTIFFS' MOTION TO SHORTEN TIME**<br><br>Hearing Date:  December 18, 2025<br>Time:          10:00 a.m.<br>Judge:         Hon. James Donato<br>Place:         Courtroom 11<br><br>Date Filed:    October 28, 2025<br>Trial Date:    None Set |

Pursuant to Northern District of California Civil Local Rule 6-3(a), Plaintiffs[1] request that the Court shorten the time to hear Plaintiffs' concurrently filed Motion for Preliminary Injunction ("Motion"). Plaintiffs' proposal does not alter the briefing schedule for the Motion. Rather, Plaintiffs request that the Court schedule a hearing on the Motion on December 18, 2025—one day sooner than the 35-day default schedule established by Northern District of California Local Civil Rule 7-2(a)—so that the Court has sufficient time to rule on the Motion prior to January 9, 2026. The reason for Plaintiffs' request is that January 9, 2026 is the deadline for Plaintiffs to accept or reject the Department of Justice Office of Community Policing grants ("COPS Grants") that are the subject of this case.

As explained in the attached declaration of Jesse E. Lanier, Plaintiffs have met and conferred with Defendants'[2] counsel regarding the acceptance deadlines for the COPS Grants and the scheduling of Plaintiffs' Motion. While Defendants were amenable to extending the initial Grant acceptance deadline of November 24, 2025, they are unwilling to extend the deadline beyond January 9, 2026. Declaration of Jesse E. Lanier ("Lanier Decl.") ¶¶ 6–8. No previous time modifications have occurred in this case. *Id.* ¶ 10. If granted, Plaintiffs' requested time modification would have no effect on any other aspect of the case schedule. *Id.* ¶ 11.

## BACKGROUND

Plaintiffs' Motion seeks a preliminary injunction enjoining Defendants from imposing and enforcing a delineated set of unconstitutional and unlawful conditions on Plaintiffs' COPS Grants. These Grants support critical public safety functions for Plaintiffs' law enforcement agencies, including: recruiting and hiring of police officers to fill chronic gaps in staffing, funding mental health programs to assist officers (including trauma-informed counseling for conditions developed while responding to critical incidents), and training officers in de-escalation techniques and in how to more effectively interact with individuals experiencing mental health crises.

---

[1] Plaintiffs are the City and County of San Francisco, County of Santa Clara, City of Tucson, and City of San Diego.

[2] Defendants are the United States Department of Justice, Attorney General Pamela J. Bondi in her official capacity, the Office of Community Oriented Policing Services, and Cory D. Randolph in his official capacity.

The initial deadline to accept or reject the Grant conditions was November 24, 2025. Lanier Decl. ¶ 6. Upon filing the complaint, Plaintiffs' counsel reached out to Defendants' counsel to discuss a briefing schedule for either a temporary restraining order or preliminary injunction motion. *Id*. Defendants' counsel indicated that they would be willing to extend the November 24 deadline in light of the government shutdown and to permit orderly briefing on a preliminary injunction motion. *Id*.

The parties subsequently met and conferred on a proposed extension for the Grant acceptance deadline. On November 10, 2025, Defendants' counsel informed Plaintiffs' counsel that Defendants would agree to extend the Grant acceptance deadline to January 9, 2026. Lanier Decl. ¶ 8. The parties discussed a briefing schedule, and the available hearing dates before the January 9 deadline. *Id*.

Plaintiffs expressed concern that setting a hearing for January 8, 2026 would not afford the Court sufficient time to hear argument and issue a ruling prior to the expiration of the Grant deadline and requested an extension to January 16, 2026. After additional discussions, Defendants declined further to extend the Grant acceptance deadline and suggested the parties request a hearing be specially set on January 5. Lanier Decl. ¶ 8. Plaintiffs were concerned this date likewise did not afford the Court sufficient time to rule before the January 9 Grant deadline. Plaintiffs' counsel requested the extension be modified to accommodate the timing of the Court's ruling. Defendants declined. *Id*.

Plaintiffs are amenable to stipulating to a modified briefing schedule to accommodate the Thanksgiving holiday while ensuring all briefing is complete well before the noticed December 18 hearing date, but that agreement has not been finalized as of this filing.

Plaintiffs did not file their Motion earlier because they were engaged in good-faith efforts to stipulate to a briefing schedule until the afternoon of November 13, 2025. *Id*. ¶ 9.

## ARGUMENT

At issue in Plaintiffs' case are millions of dollars of critical grant funding to support the work of their law enforcement agencies. However, Plaintiffs now face the prospect of having to agree to a series of ambiguous, contradictory, and unlawful conditions that Defendants have imposed without constitutional or statutory authority, and in an arbitrary and capricious manner. As explained in the

declarations accompanying Plaintiffs' Motion, the loss of this funding would have profound negative consequences for public safety and community policing in Plaintiffs' communities.

Under the default schedule established by Northern District of California Local Civil Rule 7-2(a), Plaintiffs' motion would be heard at least 35 days from today—or December 19, 2025. However, because the Court's regular Thursday civil law and motion calendar falls on Christmas Day and New Years Day, the next available regular civil law and motion hearing date is January 8, 2026—just one day before the Grant extension.

## CONCLUSION

As such, Plaintiffs seek a hearing date for their Motion on December 18, 2025, one day short of the normal 35-day schedule.

Dated:  November 14, 2025                    Respectfully submitted,

                                      DAVID CHIU
                                      City Attorney
                                      YVONNE R. MERÉ
                                      Chief Deputy City Attorney
                                      MOLLIE M. LEE
                                      Chief of Strategic Advocacy
                                      SARA J. EISENBERG
                                      Chief of Complex and Affirmative Litigation
                                      KARUN A. TILAK
                                      JESSE E. LANIER
                                      Deputy City Attorneys

                               By:  /s/ *Jesse E. Lanier*
                                      JESSE E. LANIER
                                      Deputy City Attorney

                                      Attorneys for Plaintiffs
                                      CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI, SBN 289269
County Counsel

By: */s/ Bill Nguyen*
BILL NGUYEN
Deputy County Counsel

KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
BILL NGUYEN, SBN 333671
Deputy County Counsel
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone:   (408) 299-5900
Facsimile:    (408) 292-7240
E-Mail:        tony.lopresti@cco.sccgov.org

Attorneys for Plaintiff
COUNTY OF SANTA CLARA


ROI I. LUSK
City Attorney

By: */s/ Regina L. Nassen*
REGINA L. NASSEN, Ariz. Bar No. 014574*
Principal Assistant City Attorney

Tucson City Attorney's Office
255 W. Alameda, 7th Floor
P.O. Box 27210
Tucson, Arizona 85726-7210
Telephone: (520)837-4207
Facsimile: (520)623-9803
E-Mail: regina.nassen@tucsonaz.gov

ERIN B. BERNSTEIN, SBN 231539
PRIANKA MUNGALE, SBN 348165
Bradley Bernstein Sands, LLP
1212 Broadway, Suite 1100
Oakland, California 94612
Telephone: (510)380-5801
E-Mail: ebernstein@bradleybernstein.com

Attorneys for Plaintiff
CITY OF TUCSON

*Admitted *pro hac vice*

Motion to Shorten Time; Case No. 3:25-cv-09277-JD        5

HEATHER FERBERT, SBN 246759
City Attorney

By: */s/ Daniel Ikeri*
    DANIEL IKERI
    Deputy City Attorney

JEAN JORDAN, SBN 155009
Acting Assistant City Attorney
JULIE RAU, SBN 317658
Lead Deputy City Attorney
DANIEL IKERI, SBN 207674
Deputy City Attorney
1200 Third Avenue, Suite 1620
San Diego, CA 92101
Telephone:  (619) 236-6220
Facsimile:  (619) 236-7215
E-Mail:  Jrau@sandiego.org
    DIkeri@sandiego.org

Attorneys for Plaintiffs
CITY OF SAN DIEGO

**FILER'S ATTESTATION**

I, JESSE E. LANIER, am the ECF user whose identification and password are being used to file this PLAINTIFFS' MOTION TO SHORTEN TIME, I hereby attest that the other above-named signatories concur in this filing. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.