DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
KARUN A. TILAK, SBN 323939
JESSE E. LANIER, SBN 303395
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4223
Facsimile: (415) 437-4644
E-Mail:       Karun.Tilak@sfcityatty.org
              Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF TUCSON; and CITY OF SAN DIEGO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her Official Capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity,<br><br>Defendants. | Case No. 3:25-cv-09277-JD<br><br>**DECLARATION OF JESSE E. LANIER IN SUPPORT OF MOTION TO SHORTEN TIME**<br><br>Hearing Date:  December 18, 2025<br>Time:                10:00 a.m.<br>Judge:              Hon. James Donato<br>Place:               Courtroom 11<br><br>Date Filed:        October 28, 2025<br>Trial Date:         None Set |

I, Jesse E. Lanier, declare and state the following:

1. I am an attorney and a member of the Bar of this Court. I am a Deputy City Attorney with the San Francisco City Attorney's Office and an attorney of record for the Party City and County of San Francisco in the action *City and County of San Francisco v. DOJ*, No. 25-cv-9277 (N.D. Cal.), filed in this District on October 28, 2025. I make this declaration of my own personal knowledge. If called on to do so, I could and would testify to the matters stated here.

2. **Nature of Underlying Dispute**: Plaintiffs are concurrently filing a Motion for Preliminary Injunction ("Motion") that seeks an Order from this Court enjoining Defendants from imposing or enforcing a set of delineated conditions and requirements on certain grants that Plaintiffs have been awarded from the Department of Justice Office of Community Policing Services ("COPS Grants"). Specifically, Plaintiffs oppose Defendants' attempt to require Plaintiffs and their subrecipients to agree to and certify to compliance with the Trump Administration's ill-defined and legally incorrect recasting of federal anti-discrimination and civil rights laws; agree in advance to comply with all executive orders related to grants the President has issued and might issue in the future to advance his political agenda; and agree to certain ambiguous prohibitions on the use of grant funding that run contrary to the purpose of COPS Grants.

3. **Reason for Requested Modification and Substantial Harm or Prejudice That Would Occur Without the Requested Modification**: Defendants' actions have placed Plaintiffs in an untenable position of being forced to either accept ambiguous, contradictory, and unlawful grant conditions, or to surrender millions of dollars of funding that is essential to Plaintiffs' public safety and community policing efforts. That harm is immediate: Plaintiffs have until January 9, 2026 to determine whether to accept the COPS Grants and accede to the unlawful Grant conditions challenged in this case.

4. Under the default schedule established by N.D. Cal. Local Rule 7-2(a), Plaintiffs' preliminary injunction motion can only be heard at least 35 days after filing—on or after December 19, 2025. Based on this schedule, the earliest available hearing date on the Court's Thursday civil law and motion calendar is January 8, 2026—one day before the grant acceptance deadline. This is because both December 25, 2025 and January 1, 2026 are federal holidays.

5.  Because the default schedule would only permit the Court one day to rule on the Motion, Plaintiffs seek an earlier date to allow the Court sufficient time to rule on Plaintiffs' Motion before the January 9, 2026 acceptance deadline.

6.  **Efforts to Obtain Stipulation**: Upon filing the initial complaint on October 28, 2025, Plaintiffs' counsel reached out to Defendants' counsel to discuss a briefing schedule for a temporary restraining order or preliminary injunction motion. At the time, Plaintiffs' grant acceptance deadline was November 24, 2025. Defendants agreed to extend the November 24, 2025 Grant acceptance deadline in light of the government shutdown and to avoid the need for a temporary restraining order.

7.  Since that time, the parties have met and conferred by phone and email on a new grant acceptance deadline and a proposed briefing schedule.

8.  On November 10, 2025, Defendants' counsel informed Plaintiffs' counsel that Defendants would extend the grant acceptance deadline to January 9, 2026. The parties discussed a briefing schedule and the available hearing dates before the January 9 deadline. Plaintiffs expressed concern that setting a hearing for January 8, 2026 would not afford the Court sufficient time to hear argument and issue a ruling prior to the expiration of the grant deadline and requested an extension to January 16, 2026. Alternatively, Plaintiffs proposed that Defendants agree to a grant acceptance deadline of January 9, 2026 or two days after the court's ruling, whichever comes later. Defendants have declined to agree to either of these proposals. Defendants suggested the parties request a hearing be specially set for January 5, 2026. Plaintiffs are concerned this date likewise does not afford the Court sufficient time to rule before the January 9 grant deadline. Plaintiffs are amenable to stipulating to a modified briefing schedule to accommodate the Thanksgiving holiday while ensuring all breifing is complete well before the noticed December 18 hearing date, but that agreement has not been finalized as of this filing.

9.  Plaintiffs did not file their preliminary injunction motion sooner because they were engaged in ongoing good-faith efforts to stipulate to a briefing schedule through the afternoon of November 13, 2025.

10. **Previous Time Modifications:** No time modifications have previously been made in this case, either by stipulation or Court order.

11. **Effect of Time Modification on Schedule**: If granted, the time modification Plaintiffs request would accelerate hearing on Plaintiffs' Motion by one day.  This time modification would have no effect on any other aspect of the schedule already set for this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed in San Francisco, California, on November 14, 2025.

                                                            */s/ Jesse E. Lanier*
                                                            JESSE E. LANIER