CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7224
Facsimile: (415) 436-6748
jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>　　　Defendants. | Case No. 3:25-cv-09277-JD<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>The Honorable James Donato |

Defendants United States Department of Justice ("DOJ"), Pamela J. Bondi in her official capacity ("Bondi"), Office of Community Oriented Policing Services ("COPS"), and Cory D. Randolph in his official capacity ("Randolph," and together with DOJ, Bondi, and COPS, "Defendants"), hereby respond to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("FAC") as follows: The responses in numbered paragraphs below are to the allegations in each corresponding numbered paragraph of the FAC. Plaintiffs' topic headings are inserted below for ease of reference. Use of Plaintiffs' topic headings does not constitute an admission or acknowledgement by Defendants of their relevance or accuracy.

## INTRODUCTION

1. With respect to the first sentence of paragraph 1, the COPS Statute speaks for itself and is

DEFENDANTS' ANSWER
No. 3:25-cv-09277-JD　　　　　　　　　1

the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants admit the allegations in the second sentence of paragraph 1.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 2, and on that basis deny them.

3. Defendants admit that each Plaintiff received a COPS grant this year. Each grant speaks for itself and is the best evidence of its contents, and all allegations inconsistent therewith are denied. Defendants lack knowledge or information sufficient to admit or deny the allegations that the grants "meet critical needs," and that the grants are used "to recruit and hire police officers in order to address serious staffing shortage" and on that basis deny them.

4. Defendants admit that Plaintiffs must accept the terms of the COPS grants to receive the awarded funding. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5. The conditions speak for themselves and are the best evidence of their contents, and all allegations inconsistent therewith are denied. Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6. Denied.

7. Denied.

8. The first sentence contains Plaintiffs' characterization of the lawsuit and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the Plaintiffs' motivations in bringing this lawsuit, and on that basis deny the allegations. Defendants deny the remaining allegations in paragraph 8 and aver that Plaintiffs are not entitled to any relief.

**JURISDICTION AND VENUE**

9. Paragraph 9 contains Plaintiffs' legal conclusions regarding subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendants deny that the federal government has waived sovereign immunity under 28 U.S.C. § 1331.

10. Paragraph 10 contains Plaintiffs' legal conclusions regarding the Court's authority to issue the requested relief. To the extent a response is required, Defendants deny that the federal government has waived sovereign immunity under the Declaratory Judgment Act, 18 U.S.C. §§ 2201-02.

11. Paragraph 11 contains Plaintiffs' legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is governed by the terms of 28 U.S.C. § 1391(e).

### DIVISIONAL ASSIGNMENT

12. Paragraph 11 contains Plaintiffs' legal conclusions regarding divisional assignment to which no response is required. To the extent a response is required, Defendants admit that the divisional assignment is appropriate here.

### PARTIES

**I.    Plaintiffs**

13. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 13, and on that basis deny them.

14. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 14, and on that basis deny them.

15. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 15, and on that basis deny them.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 16, and on that basis deny them.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 17, and on that basis deny them.

**II.    Defendants**

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied.

### FACTUAL ALLEGATIONS

**I.    Congress Creates COPS Grants to Aid Local Law Enforcement in Community Policing**

22. The COPS Statute speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

23. The COPS Statute and the Law Enforcement Mental Health and Wellness Act speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

24. The COPS Statute speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

25. Admitted.

26. The Hiring Grant program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

27. The Hiring Grant program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

28. The COPS Microgrants program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

29. The COPS Microgrants program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

30. The Mental Health Grant program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

31. The Mental Health Grant program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

32. The Safer Outcomes Grant program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

33. The Safer Outcomes Grant program and notice of funding opportunity speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

## II. Plaintiffs Apply for and Receive COPS Grants to Address Critical Public Safety Needs

34. Admitted.

35. Admitted.

### A. The San Francisco Police Department Applies for and Receives the Hiring Grant to Address Critical Staffing Needs

36. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 36, and on that basis deny them.

37. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 37, and on that basis deny them.

38. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 38, and on that basis deny them.

39. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 39, and on that basis deny them.

40. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first, second, fourth, and fifth sentences of paragraph 40, and on that basis deny them. Defendants admit the allegations in the third sentence of paragraph 40.

41. Defendants admit that SFPD applied for a Hiring Grant in 2025. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 41, and on that basis deny them.

42. Admitted.

### B. The Tucson Police Department Applies for and Receives the COPS Microgrant to Recruit Qualified Applicants

43. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 43, and on that basis deny them.

44. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 44, and on that basis deny them.

45. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first, second, third, and fifth sentences of paragraph 45, and on that basis deny them. With respect to

the fourth sentence of paragraph 45, Defendants admit that TPD received a $6.24 million Hiring Grant in 2024. Except as expressly admitted, Defendants deny the allegations in paragraph 45.

46. Defendants admit that TPD applied for a recruitment microgrant on June 30, 2025. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 46, and on that basis deny them.

47. Admitted.

**C.** **The County of Santa Clara's Office of the Sheriff Applies for and Receives a COPS Mental Health Grant to Support Staff Wellness, Engagement, and Retention**

48. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 48, and on that basis deny them.

49. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 49, and on that basis deny them.

50. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 50, and on that basis deny them.

51. Defendants admit that SCCSO submitted an application for a Mental Health Grant on June 24, 2025. SCCSO's application speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

52. Admitted.

**D.** **The City of San Diego's Police Department Applies for and Receives a COPS Hiring Grant to Address Staffing Needs And a COPS Safer Outcomes Grant to Support and Implement De-Escalation and Crisis Response Officer Trainings**

53. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 53, and on that basis deny them.

54. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 54, and on that basis deny them.

55. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 55, and on that basis deny them.

56. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 56, and on that basis deny them.

57. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 57, and on that basis deny them.

58. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 58, and on that basis deny them.

59. Defendants admit that SDPD submitted an application for the Safer Outcomes Grant on June 24, 2025 and an application for the Hiring Grant on June 25, 2025. Those applications speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

60. Admitted.

**III.     The DOJ Inserts Unlawful and Unconstitutional Conditions into Plaintiffs' Grant Awards**

61. Admitted.

62. Defendants admit that the four types of grants at issue require grant recipients (1) to certify that they do "not operate any program (including any such programs having components relating to diversity, equity, and inclusion) that violates any applicable Federal civil rights or antidiscrimination laws" and (2) "comply with all applicable federal laws and Presidential Memoranda and all Executive Orders by the President." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 62.

63. Defendants admit that the notice of funding opportunity for the four types of grants at issue prohibit the use of awarded funds for specified purposes. Except as expressly admitted, Defendants deny the remaining allegations in paragraph 63.

64. The allegations in paragraph 64 constitute Plaintiffs' characterization of the lawsuit and no response is required. To the extent a response is required, denied.

**A.     The Discrimination Condition**

65. This condition speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

66. Denied.

67. Defendants deny the allegations in the first sentence of paragraph 67. The remaining allegations in paragraph 67 quote from various conditions in the grant award programs. Those conditions

speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

68. Defendants admit the second clause of the first sentence of paragraph 68. Defendants deny the remaining allegations in paragraph 68.

69. Defendants admit that Plaintiffs must stipulate that compliance with antidiscrimination law is material for purposes of the federal False Claims Act. Defendants deny the remaining allegations in paragraph 69.

70. Defendants admit that President Trump has issued a series of executive orders since his inauguration. Those executive orders speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

71. Defendants admit that Attorney General Bondi issued a memorandum titled "guidance for Recipients of Federal Funding Regarding Unlawful Discrimination" ("July Bondi Memo") on July 29, 2025. The July Bondi Memo speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

72. The July Bondi Memo speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

73. The July Bondi Memo speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

74. Defendants deny the first sentence of paragraph 74. The COPS statute speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in paragraph 74.

75. Denied.

76. Denied.

77. Denied.

**B.      The EO Condition**

78. Denied.

79. Defendants admit the first two sentences of paragraph 79. Defendants deny the remaining allegations of paragraph 79.

80. This condition speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

81. Defendants admit the first sentence of paragraph 81. Defendants deny the second sentence of paragraph 81.

82. Denied.

83. Denied.

84. Defendants admit that President Trump has issued executive orders and Presidential Memoranda during the first ten months of his current term. Those executive orders and Presidential Memoranda speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in paragraph 84.

85. The allegations in paragraph 85 constitute Plaintiffs' characterization of the lawsuit and no response is required. To the extent a response is required, denied.

**C.      The Federal Funding Restriction**

86. Defendants admit that the notice of funding opportunity for the four grant programs at issue include a section entitled "Federal Funding Restrictions" or "Allowable and Unallowable Costs." Those sections speak for themselves and are the best evidence of their contents, and all allegations concerning the contents inconsistent therewith are denied.

87. Denied.

88. The funding restriction speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

89. The funding restriction speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

90. The funding restriction speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

91. Denied.

**IV.  Plaintiffs Face a Hobson's Choice Between Acceding to Defendants' Unlawful Conditions and Giving Up Sorely Needed Public Safety Funding**

92.    Denied.

93.    Denied.

94.    Defendants admit that Plaintiffs face liability under the False Claims Act under the terms of that statute.  Except as expressly admitted, Defendants deny the allegations in paragraph 94.

95.    The DOJ's May 19, 2025 announcement speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Defendants deny the remaining allegations in paragraph 95.

96.    Assistant Attorney General Brett Shumate's announcement on June 11, 2025 speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Defendants deny the remaining allegations in paragraph 96.

97.    The condition that grant recipients must certify that compliance with antidiscrimination law is material for purposes of the False Claims Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.  Defendants deny the remaining allegations in paragraph 97.

98.    Denied.

99.    Denied.

100.   Denied.

101.   Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 101, and on that basis deny them.

102.   Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 102, and on that basis deny them.

103.   Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 103, and on that basis deny them.

104.   Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 104, and on that basis deny them.

105.   Defendants lack knowledge or information sufficient to admit or deny the allegations in

paragraph 105, and on that basis deny them.

106. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 106, and on that basis deny them.

### FIRST CAUSE OF ACTION

### Violation of Separation of Powers

107. Defendants incorporate by reference their response to the allegations in paragraphs 1-106 set forth above as if fully set forth herein.

108. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

109. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

110. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

111. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

112. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

113. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

114. The COPS statute speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

115. Defendants deny the first sentence of paragraph 115. The COPS statute speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

116. Denied.

117. Denied.

118. Denied.

## SECOND CAUSE OF ACTION

### Violation of Spending Power

119. Defendants incorporate by reference their response to the allegations in paragraphs 1-118 set forth above as if fully set forth herein.

120. With respect to the first sentence of paragraph 120, the Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the allegations in the second sentence of paragraph 120.

121. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

122. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

123. Denied.

#### a. Ambiguity

124. Denied.

125. Denied.

126. Denied.

#### b. Germaneness

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

## THIRD CAUSE OF ACTION

### Violation of Due Process Clause of the Fifth Amendment: Unconstitutional Vagueness

132. Defendants incorporate by reference their response to the allegations in paragraphs 1-131 set forth above as if fully set forth herein.

133. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

134. The Constitution speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. This condition speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in this paragraph.

140. This condition speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in this paragraph.

141. Denied.

142. This condition speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied. Defendants deny the remaining allegations in this paragraph.

143. Denied.

## FOURTH CAUSE OF ACTION

### Violation of the Administrative Procedure Act: Arbitrary and Capricious

144. Defendants incorporate by reference their response to the allegations in paragraphs 1-143 set forth above as if fully set forth herein.

145. Admitted.

146. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

147. Admitted.

148. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

149. The Administrative Procedure Act speaks for itself and is the best evidence of its contents,

and all allegations concerning the contents inconsistent therewith are denied.

150. Denied.

151. Denied.

152. Denied.

153. The allegations in paragraph 153 constitute Plaintiffs' characterization of the lawsuit and no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further aver that Plaintiffs are not entitled to any relief in this lawsuit.

### FIFTH CAUSE OF ACTION

### Violation of the Administrative Procedure Act:  Contrary to Constitution

154. Defendants incorporate by reference their response to the allegations in paragraphs 1-153 set forth above as if fully set forth herein.

155. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

156. Denied.

157. The allegations in paragraph 157 constitute Plaintiffs' characterization of the lawsuit and no response is required. To the extent a response is required, Defendants deny the allegations. Defendants further aver that Plaintiffs are not entitled to any relief in this lawsuit.

158. Denied.

### SIXTH CAUSE OF ACTION

### Violation of the Administrative Procedure Act:  Excess of Statutory Authority

159. Defendants incorporate by reference their response to the allegations in paragraphs 1-158 set forth above as if fully set forth herein.

160. The Administrative Procedure Act speaks for itself and is the best evidence of its contents, and all allegations concerning the contents inconsistent therewith are denied.

161. Admitted.

162. Denied.

163. Denied.

164. The allegations in paragraph 164 constitute Plaintiffs' characterization of the lawsuit and

no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants further aver that Plaintiffs are not entitled to any relief in this lawsuit.

**PRAYER FOR RELIEF**

The allegations in paragraphs 1 through 9 following the "WHEREFORE" clause consist of Plaintiffs' request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

Defendants deny each and every allegation not specifically and expressly admitted herein.

FURTHER answering, Defendants aver:

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST DEFENSE**

Plaintiffs' FAC fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' FAC.

**THIRD DEFENSE**

At all times alleged in the FAC, Defendants were acting in good faith, with justification, and pursuant to authority.

**FOURTH DEFENSE**

Defendants did not violate any Constitutional, statutory, or regulatory provision.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to attorneys' fees or costs.

Defendants reserve the right to amend their Answer to assert additional defenses in the event discovery or other developments indicate it would be appropriate.

WHEREFORE, having fully answered Plaintiffs' FAC, Defendants respectfully request that:

1.  Plaintiffs take nothing by reason of the Complaint;

2.  Judgment be entered in favor of Defendants and against Plaintiffs; and

The Court grant such other relief as it deems just and proper.

//

//

DATED: January 30, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Defendants