CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7224
    Facsimile:  (415) 436-6748
    jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-09277-JD<br><br>**CERTIFIED ADMINISTRATIVE RECORD:  VOLUME III**<br><br>The Honorable James Donato |



# FY25 COPS Hiring Program (CHP) Application Resource Guide

This application resource guide describes the award terms, conditions, and additional requirements that applicants should be aware of before applying to the COPS Office Hiring Program.

Please review each section carefully prior to submitting the application, to ensure that your agency will be able to comply with all legal and administrative requirements that govern the applicant for acceptance.

# Contents

Award Requirements (including Terms and Conditions) ........................................................................................................... 2

Additional National and Administrative Requirements .......................................................................................................... 12

Appendices.................................................................................................................................................................................... 15



U.S. Department of Justice
Office of Community Oriented Policing Services
145 N Street NE
Washington, DC 20530

Visit the COPS Office online: **https://cops.usdoj.gov/**

May 2025

COPS-AR-0148

# Award Requirements (including Terms and Conditions)

| | |
|---|---|
| 1. | Restrictions on Internal Confidentiality Agreements |
| 2. | Federal Civil Rights |
| 3. | Award Monitoring Activities |
| 4. | Authorized Representative Responsibility |
| 5. | Contract Provision |
| 6. | Award Owner's Manual |
| 7. | Duplicative Funding |
| 8. | Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons (Including Reporting Requirements and COPS Office Authority to Terminate Award) |
| 9. | Termination |
| 10. | Recipient Integrity and Performance Matters |
| 11. | Reporting Subawards and Executive Compensation |
| 12. | Assurances and Certifications |
| 13. | Conflict of Interest |
| 14. | Debarment and Suspension |
| 15. | Equal Employment Opportunity Plan (EEOP) |
| 16. | Employment Eligibility |
| 17. | Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information |
| 18. | False Statements |
| 19. | Mandatory Disclosure |
| 20. | Reports/Performance Goals |
| 21. | System for Award Management (SAM) and Universal Identifier Requirements |
| 22. | Additional High-Risk Recipient Requirements |
| 23. | Modifications |
| 24. | Contracts and/MOUs with Other Jurisdictions |
| 25. | Allowable Costs |
| 26. | Local Match |
| 27. | Extensions |
| 28. | Memorandum of Understanding Requirement (for School Resource Officers only) |
| 29. | Retention |
| 30. | Background Investigations |
| 31. | Supplementing, not Supplanting |
| 32. | Modifications |
| 33. | Community Policing |
| 34. | Career Law Enforcement Officer |
| 35. | Evaluation |
| 36. | Advancing Department of Justice Priority Problem Focus Areas |
| 37. | 8 USC 1373 Compliance |
| 38. | Federal Civil Rights and Nondiscrimination Laws (Certification) |
| 39. | Federal Laws, Presidential Memoranda, and Executive Orders |

COPS-AR-0149

Should any provision of a condition of this award be held to be invalid or unenforceable by its terms, then that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law (to any person or circumstance) under this award. Should it be held, instead, that a condition (or a provision thereof) is of utter invalidity or unenforceability, such condition (or such provision) shall be deemed severable from this award.

## 1. Restrictions on Internal Confidentiality Agreements

Recipients, subrecipients, or entities that receive a contract or subcontract with any funds under this award may not require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts the lawful reporting of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

## 2. Federal Civil Rights

The recipient and any subrecipient must comply with applicable federal civil rights and nondiscrimination statutes and regulations including: Section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), as implemented in Subparts C and D of 28 C.F.R. Part 42; section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), as implemented in Subpart G of 28 C.F.R. Part 42; section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681), as implemented in Subpart D of 28 C.F.R. Parts 42 and 54; section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102), as implemented in Subpart I of 28 C.F.R. Part 42; and section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)), as implemented in Subpart D of 28 C.F.R. Part 42.

In addition to applicable federal statutes and regulations that pertain to civil rights and nondiscrimination, the recipient and any subrecipient must comply with the requirements in 28 C.F.R. Parts 22 (Confidentiality of Identifiable Research and Statistical Information); 28 C.F.R. Part 23 (Criminal Intelligence Systems Operating Policies); 28 C.F.R. Part 38 (Partnerships with Faith-Based and Other Neighborhood Organizations); and 28 C.F.R. Part 46 (Protection of Human Subjects). For an overview of the civil rights laws and nondiscrimination requirements in connection with your award, please see **https://www.ojp.gov/program/civil-rights/overview**.

## 3. Award Monitoring Activities

Federal law requires that recipients receiving federal funding from the COPS Office must be monitored to ensure compliance with their award conditions and other applicable statutes and regulations. The COPS Office is also interested in tracking the progress of our programs and the advancement of community policing.

Both aspects of award implementation—compliance and programmatic benefits—are part of the monitoring process coordinated by the U.S. Department of Justice. Award monitoring activities conducted by the COPS Office include site visits, office-based grant reviews, alleged noncompliance reviews, financial and programmatic reporting, and audit resolution. As a COPS Office award recipient, you agree to cooperate with and respond to any requests for information pertaining to your award. This includes all financial records, such as general accounting ledgers and all supporting documents. All information pertinent to the implementation of the award is subject to agency review throughout the life of the award, during the close-out process, and for three-years after the submission of the final expenditure report. 2 C.F.R. §§ 200.334 and 200.337, and, as applicable, 34 U.S.C. § 10385(a).

## 4. Authorized Representative Responsibility

The recipient understands that, in accepting this award, the Authorized Representatives declare and certify, among other things, that they possess the requisite legal authority to accept the award on behalf of the recipient entity and, in so doing, accept (or adopt) all material requirements throughout the period of performance under this award. The recipient further understands, and agrees, that it will not assign anyone to the role of Authorized Representative during the period of performance under the award without first ensuring that the individual has the requisite legal authority.

COPS-AR-0150

## 5. Contract Provision

All contracts made by the recipients under the Federal award must contain the provisions required under 2 C.F.R. part 200, Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards.

For the full text of 2 C.F.R. Appendix II to Part 200, please refer to the Appendices of this application resource guide.

## 6. Award Owner's Manual

If awarded funding, recipient agrees to comply with the terms and conditions in the applicable COPS Office Program Award Owner's Manual; DOJ Grants Financial Guide; COPS Office statute (34 U.S.C. § 10381, et seq.) as applicable; Students, Teachers, and Officers Preventing (STOP) School Violence Act of 2018 (34 U.S.C. § 10551, et seq.) as applicable; the requirements of 2 C.F.R. Part 200 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards), including subsequent changes, as adopted by the U.S. Department of Justice in 2 C.F.R. § 2800.101; 48 C.F.R. Part 31 (FAR Part 31) as applicable (Contract Cost Principles and Procedures); the Cooperative Agreement as applicable; representations made in the application; and all other applicable program requirements, laws, orders, regulations, or circulars.

Failure to comply with one or more award requirements may result in remedial action including, but not limited to, withholding award funds, disallowing costs, suspending, or terminating the award, or other legal action as appropriate.

Should any provision of an award condition be deemed invalid or unenforceable by its terms, that provision will be applied to give it the maximum effect permitted by law. Should the provision be deemed invalid or unenforceable in its entirety, such provision will be severed from this award.

## 7. Duplicative Funding

Recipients agree to notify the COPS Office if they receive, from any other source, funding for the same item(s) or service(s) also funded under this award.

## 8. Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and COPS Office authority to terminate award)

During the time that the award is in effect, recipients, subrecipients at any tier and their employees must not engage in severe forms of trafficking in persons, procure commercial sex acts, or use forced labor in the performance of the award. The recipient must include this award term in any subaward to a private entity. The recipient must also promptly notify the COPS Office of any information received from any source alleging a violation of prohibited conduct described in the award term. (2 C.F.R. Part 175, Appendix A to Part 175.) To review the Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons, please see Appendices.

## 9. Termination

The award may be terminated, in whole or in part, to the extent such termination is authorized by law for the reasons set forth in 2. C.F.R. § 200.340 including, but not limited to, failure to comply with award terms and conditions or when the award no longer effectuates program goals or agency priorities.

COPS-AR-0151

## 10. Recipient Integrity and Performance Matters

Recipients that received $500,000 or more in a federal award agree to comply with the terms and conditions outlined in 2 C.F.R. Part 200, Appendix XII to part 200 — Award Term and Condition for Recipient Integrity and Performance Matters.

For the full text, please refer to the appendices of this application resource guide.

## 11. Reporting Subawards and Executive Compensation

The Federal Funding Accountability and Transparency Act of 2006 (FFATA) requires, among other things, that information on federal awards (federal financial assistance and expenditures) be made available to the public via a single, searchable website, which is **www.USASpending.gov**.

Applicants should note that all recipients of awards of $30,000 or more under this Notice of Funding Opportunity (NOFO), consistent with FFATA, will be required to report award information on any first-tier subawards totaling $30,000 or more and, in certain cases, to report information on the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients. If applicable, the FFATA Subaward Reporting System (FSRS) in the System for Award Management (SAM), accessible via the Internet at **http://www.sam.gov/fsrs**, is the reporting tool recipients under this NOFO will use to capture and report subaward information and any executive compensation data required by FFATA.

The subaward information entered in FSRS in SAM will then be displayed on **www.USASpending.gov**, associated with the prime award, furthering federal spending transparency.

Each applicant entity must ensure that it has the necessary processes and systems in place to comply with the applicable reporting requirements should it receive funding.

To review the FFATA Reporting Subaward and Executive Compensation Award Term, please refer to appendix C of this application resource guide.

## 12. Assurances and Certifications (also refer to U.S. Department of Justice Certified Standard Assurances and U.S. Department of Justice Certifications Regarding Lobbying, Debarment, Suspension and Other Responsibility Matters; Drug-Free Workplace; and Law Enforcement and Community Policing Requirements in Appendix D of this application resource guide)

Applicants to COPS Office programs are required to accept the standard Assurances and Certifications forms in JustGrants. Accepting these documents assures the COPS Office that you have read and understood and that you accept the requirements as outlined in the Assurances and Certifications. Please read these documents carefully, as acceptance of these documents is treated as material representation of fact upon which reliance will be placed when the U.S. Department of Justice determines to make an award.

## 13. Conflict of Interest

Recipients must disclose in writing to the COPS Office or pass-through entity, as applicable, any potential conflict of interest affecting the awarded federal funding in accordance with the Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 2 C.F.R. § 200.112.

COPS-AR-0152

## 14. Debarment and Suspension

Recipients agree not to award federal funds under this program to any party which is debarred or suspended from participation in federal assistance programs. 2 C.F.R. Part 180 (Government-wide Debarment and Suspension), and 2 C.F.R. Part 2867 (DOJ-specific requirements).

## 15. Equal Employment Opportunity Plan (EEOP)

Recipients may be required to comply with the federal regulations pertaining to the development and implementation of an Equal Employment Opportunity Plan (28 C.F.R. Part 42 subpart E). Please see Office of Civil Rights website **https://www.ojp.gov/eeop-notice** for additional information.

## 16. Employment Eligibility

Recipients agree to complete and keep on file, as appropriate, the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS) Employment Eligibility Verification Form (I-9). This form is to be used by recipients of federal funds to verify that persons are eligible to work in the United States. See Immigration Reform and Control Act of 1986 (IRCA), Public Law 99-603.

## 17. Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information

Recipients agree not to discharge, demote, or otherwise discriminate against an employee as reprisal for the employee disclosing information that they reasonably believe is evidence of gross mismanagement of a federal contract or award; a gross waste of federal funds; an abuse of authority relating to a federal contract or award; a substantial and specific danger to public health or safety; or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or award. Recipients also agree to provide to their employees in writing (in the predominant native language of the workforce) of the rights and remedies provided in 41 U.S.C. § 4712. Please refer to the appendices of this application resource guide for a full text of the statute.

## 18. False Statements

False statements or claims made in connection with COPS Office awards may result in fines, imprisonment, or debarment from participating in federal awards or contracts, and/or any other remedy available by law.

## 19. Mandatory Disclosure

Under 2 C.F.R. § 200.113, recipients and subrecipients are required to timely disclose in writing to the COPS Office or pass-through entity, as applicable, all federal criminal law violations involving fraud, bribery, or gratuity that may potentially affect the awarded federal funding. Recipients agree to report certain civil, criminal, or administrative proceedings in SAM if they received an award with the Term and Condition for Recipient Integrity and Performance Matters as outlined in 2 C.F.R. Part 200, Appendix XII to Part 200. Failure to make required disclosures can result in any of the remedies, including suspension and debarment, described in 2 C.F.R. § 200.339.

COPS-AR-0153

## 20. Reports/Performance Goals

To assist the COPS Office in monitoring and tracking the performance of your award, your agency will be responsible for submitting semi-annual programmatic performance reports that describe project activities during the reporting period and quarterly Federal Financial Reports using Standard Form 425 (SF-425). 2 C.F.R. §§ 200.328 -200.329. The performance report is used to track your agency's progress in implementing the award, and, as applicable, community policing strategies including gauging the effectiveness of your agency's community policing capacity. The Federal Financial Report is used to track the expenditures of the recipient's award funds on a cumulative basis throughout the life of the award.

## 21. System for Award Management (SAM) and Universal Identifier Requirements

The recipient agrees to comply with the following requirements of 2 C.F.R. Part 25, Appendix A to Part 25 – Award Term:

Unless exempted from this requirement under 2 C.F.R. § 25.110, the recipients must maintain the currency of their information in the SAM until submission of the final financial report required under this award or receipt of the final payment, whichever is later. This requires recipients to review and update the information at least annually after the initial registration and more frequently if required by changes in information or other award term.

To review the System for Award Management and Universal Identifier Award Term, please refer to the appendices of this application resource guide.

## 22. Additional High-Risk Recipient Requirements

Recipients agree to comply with any additional requirements that may be imposed during the award performance period if the awarding agency determines that the recipient is a high-risk recipient (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 2 C.F.R. § 200.208).

## 23. Modifications

Award modifications are evaluated on a case-by-case basis in accordance with 2 C.F.R. § 200.308(f). For federal awards in excess of $250,000, any modification request involving the reallocation of funding between budget categories that exceed or are expected to exceed 10 percent of the total approved budget requires prior written approval by the COPS Office. Regardless of the federal award amount or budget modification percentage, any reallocation of funding is limited to approved budget categories. In addition, any budget modification that changes the scope of the project requires prior written approval by the COPS Office. The COPS Office will not approve any modification request that results in an increase of federal funds.

## 24. Contracts and/MOUs with Other Jurisdictions

Any item, position, or service funded under the award may only be used for law enforcement activities or services that exclusively benefit the recipient and the population that it serves.

## 25. Allowable Costs

The funding under this award is for the payment of approved costs identified in the Award Package.

## 26. Local Match

CHP award recipients are required to contribute a local match of at least 25 percent towards the total cost of the approved award project, unless waived in writing by the COPS Office. The local match must be a cash match and must be paid during the award period. 34 U.S.C. § 10551(f).

COPS-AR-0154

## 27. Memorandum of Understanding Requirement (for School Resource Officers only)

Recipients using award funding to hire and/or deploy School Resource Officers into schools understand and agree to the following:

Your agency must submit a signed Memorandum of Understanding (MOU) between the law enforcement agency and the school partner(s) to the COPS Office before obligating or drawing down funds under this award. The MOU must be submitted to the COPS Office within 90 days of the date shown on the award letter.

Your agency's MOU must contain the following information:

- The purpose of the MOU
- Clearly defined roles and responsibilities of the school district and the law enforcement agency, focusing officers' roles on safety
- Information sharing
- Supervision responsibility and chain of command for the SRO
- Signatures

Note: Please refer to the MOU Fact Sheet for a detailed explanation of the requirements under each of the bullets

Your agency's implementation of the CHP award without submission and acceptance of the required MOU may result in expenditures not being reimbursed by the COPS Office and/or award de-obligation.

## 28. School Resource Officer (SRO) Training Requirement

COPS Office-funded SRO(s) are required to complete an SRO 40-hour basic training course from a list of COPS Office approved provider(s). Training must be completed no later than nine months after the date shown on the award congratulatory letter or six months from the SRO hire date; whichever comes first. If a COPS Office-funded SRO leaves the recipient agency after completing the training, the recipient agrees to pay for the new SRO, who is assigned to backfill this position, to attend a 40 hour basic training course. The new SRO must complete the training no later than nine months after being placed in the school. If the officer has completed 40-hour basic training within the last 12 months prior to the award date, the condition has been fulfilled. Any longer than 12 months will require the officers to retake the course. The agency must coordinate with the training provider if they want funds to cover registration and travel costs.

## 29. Retention

At the time of award application, your agency committed to retaining all sworn officer positions awarded under the CHP award with state and/or local funds for a minimum of 12 months following the conclusion of 36 months of federal funding for each position, over and above the number of locally-funded sworn officer positions that would have existed in the absence of the award. Your agency cannot satisfy the retention requirement by using CHP-funded positions to fill locally-funded vacancies resulting from attrition. 34 U.S.C. § 10382 (c)(8).

## 30. Background Investigations

Recipients agree to ensure that each officer(s) hired with CHP funding will be subject to a background investigation, notify the COPS Office upon completion of the background investigation for each officer hired under the CHP award, and cooperate with the COPS Office and provide updates on the status of background investigations upon request. (2 C.F.R. § 200.208)

COPS-AR-0155

If the COPS Office determines that CHP funds are being used to pay the salary and fringe benefits of an officer who has not undergone a background investigation, the COPS Office may temporarily suspend grant funds in accordance with 2 C.F.R. §200.339 until the agency can demonstrate the background investigation has been completed.

## 31. Supplementing, not Supplanting

State, local, and tribal government recipients must use award funds to supplement, and not supplant, state, local, or Bureau of Indian Affairs (BIA) funds that are already committed or otherwise would have been committed for award purposes (hiring, training, purchases, and/or activities) during the award period. In other words, state, local, and tribal government recipients may not use COPS Office funds to supplant (replace) state, local, or BIA funds that would have been dedicated to the COPS Office-funded item(s) in the absence of the COPS Office award. 34 U.S.C. § 10384(a).

## 32. Modifications

Occasionally, a change in an agency's fiscal or law enforcement situation necessitates a change in its COPS Office CHP award. Award modifications under CHP are evaluated on a case-by-case basis in accordance with 2 C.F.R. § 200.308(i). For federal awards in excess of $250,000, any modification request involving the reallocation of funding between budget categories that exceed or are expected to exceed 10 percent (10%) of the total approved budget requires prior written approval by the COPS Office. Regardless of the federal award amount or budget modification percentage, any reallocation of funding is limited to approved budget categories. In addition, any budget modification that changes the scope of the project requires prior written approval by the COPS Office. In addition, please be aware that the COPS Office will not approve any modification request that results in an increase of federal funds.

In addition, modification requests should be submitted to the COPS Office when an agency determines that it will need to shift officer positions awarded in one hiring category into a different hiring category and/or reduce the total number of positions awarded. For example, if an agency was awarded CHP funding for two new, additional sworn officer positions, but due to fiscal distress/constraints the agency needs to change the hiring category from the new hire category to the rehire category for officers laid off or scheduled for layoff on a specific future date post-application, the agency would have to request a modification. The COPS Office will only consider a modification request after an agency makes final, approved budget and/or personnel decisions. An agency may implement the modified award following written approval from the COPS Office. Please be aware that the COPS Office will not approve any modification request that results in an increase of federal funds.

During the CHP award period, it may become necessary for an agency to modify its CHP award due to changes in an agency's fiscal or law enforcement situation. Modification requests should be submitted to the COPS Office when an agency determines that it will need to shift officer positions awarded in one hiring category into a different hiring category, reduce the total number of positions awarded, shift funds among benefit categories, and/or reduce the entry-level salary and fringe benefit amounts. For example, an agency may have been awarded CHP funding for 10 new, additional full-time sworn officer positions, but due to severe fiscal distress/constraints, the agency determines it is unable to sustain all 10 positions and must reduce its request to five full-time positions; or an agency may have been awarded CHP funding for two new, additional sworn officer positions, but due to fiscal distress/constraints the agency needs to change the hiring category from the new hire category to the rehire category for officers laid off or scheduled for layoff on a specific future date post-application. Award modifications under CHP are evaluated on a case-by-case basis. The COPS Office will only consider a modification request after an agency makes final, approved budget and/or personnel decisions. An agency may implement the modified award following written approval from the COPS Office. Please be aware that the COPS Office will not approve any modification request that results in an increase of federal funds.

COPS-AR-0156

## 33. Community Policing

Community policing activities to be initiated or enhanced by your agency and the officers funded by this award program were identified and described in your CHP award application. Your agency developed a community policing plan for the CHP award with specific reference to a crime or disorder problem and the following elements of community policing: (a) problem solving— your agency's plan to assess and respond to the problem identified; (b) community partnerships and support, including related governmental and community initiatives that complement your agency's proposed use of CHP funding; and (c) organizational transformation—how your agency will use the funds to reorient its mission to community policing or enhance its involvement in and commitment to community policing. Throughout the CHP award period, your agency is required to implement the community policing plan it set forth in the CHP award application.

The COPS Office defines community policing as a philosophy that promotes organizational strategies that support the systematic use of partnerships and problem-solving techniques to proactively address the immediate conditions that give rise to public safety issues such as crime, social disorder, and fear of crime. CHP awards through the specific officers funded (or an equal number of redeployed veteran officers) must be used to initiate or enhance community policing activities. All newly hired additional or rehired officers (or an equal number of redeployed veteran officers) funded under CHP must implement your agency's approved community policing plan, which you described in your award application.

## 34. Career Law Enforcement Officer

Officer hiring funds may only be used to pay entry-level salaries and fringe benefits for full-time "career law enforcement officers" for 36 months. The COPS Office's statute defines a "career law enforcement officer" as "a person hired on a permanent basis who is authorized by law or by a state or local public agency to engage in or supervise the prevention, detection, or investigation of violations of criminal laws." (34 U.S.C. §10389(1)). A recipient agency may use officer hiring funds to pay the salary and benefits of recruits while in academy training to become "career law enforcement officers" if it is the standard practice of the agency to do so with locally-funded recruits. The State of Alaska, and any Indian tribe or tribal organization in that state, may also use officer hiring funds for a "village public safety officer" defined as "an individual employed as a village public safety officer under the program established by the state pursuant to Alaska Statute 18.65.670." (Tribal Law and Order Act of 2010, Pub. L. 111-211, title II, § 247 (a)(2)).

## 35. Evaluation

The COPS Office may conduct monitoring or sponsor national evaluations of its award programs. The recipient agrees to cooperate with the monitors and evaluators. 34 U.S.C. § 10385(b).

## 36. Advancing Department of Justice Priority Problem Focus Areas

This condition applies to agencies that selected one of the following priority crime problem/focus areas to address in their COPS Hiring Program (CHP) application:

- Violent Crime
- Squatting and Encampment Enforcement
- Homeland and Border Security
- Nuisance and Abatement and Quality of Life
- School Based Policing

COPS-AR-0157

Your agency understands and agrees to the following:

- Your agency will implement the one specific community policing plan identified in your CHP award application;
- Your agency will address its specific priority crime problem throughout the entire CHP award period;
- Your agency will implement any organizational changes identified in its CHP award application;
- Your agency will cooperate with any award monitoring by the COPS Office to ensure that it is initiating or enhancing its community policing efforts to address its priority crime problem, which may include your agency having to respond to additional or modified reporting requirements.

## 37. Compliance with 8 U.S.C. § 1373

All state or local government entities must require that no funded program or activity is subject to any prohibitions or restrictions on sending to, requesting or receiving from, maintaining, or exchanging information regarding citizenship or immigration status with components of the U.S. Department of Homeland Security or any other federal, state or local government entity. This includes any prohibitions or restrictions imposed or established by a state or local government entity or official. This condition applies throughout the grant award period. The full text of this grant condition may be found in the appendices in this application resource guide.

## 38. Federal Civil Rights and Nondiscrimination Laws (certification)

The recipient agrees that its compliance with all applicable Federal civil rights and nondiscrimination laws is material to the government's decision to make this award and any payment thereunder, including for purposes of the False Claims Act (31 U.S.C. 3729-3730 and 3801-3812), and, by accepting this award, certifies that it does not operate any programs (including any such programs having components relating to diversity, equity, and inclusion) that violate any applicable Federal civil rights or nondiscrimination laws.

## 39.    Federal Laws, Presidential Memoranda, and Executive Orders

Recipients of grant funding must comply with all applicable federal laws and Presidential Memoranda and all Executive Orders by the President.

COPS-AR-0158

# Additional National and Administrative Requirements

The following section describes the additional requirements applicants should be aware of before applying to COPS Office programs. Please review each section carefully. The submission of the application assures the COPS Office that your agency will comply with all legal and administrative requirements that govern the award.

## Disclosure of Lobbying Activities

The Anti-Lobbying Act (18 U.S.C. § 1913) restricts the use of appropriated funding for lobbying and makes these restrictions enforceable via large civil penalties, between $10,000 and $100,000 per each individual restricted occurrence of lobbying activity. These restrictions are in addition to the anti-lobbying restrictions and lobbying disclosure requirements imposed by 31 U.S.C. § 1352.

Indian tribes and tribal organizations are excluded from coverage under 31 U.S.C. § 1352 but only with respect to expenditures for purposes specified in 31 U.S.C. § 1352(a) that are permitted by other federal law. For these purposes, the terms "Indian tribe" and "tribal organization," respectively, have the meaning provided in section 4 of the Indian Self-Determination and Education Assistance Act (25 U.S.C. § 5304).

Although Indian tribes and tribal organizations are excluded from coverage as set forth under 31 U.S.C. § 1352, these entities still must obtain lobbying disclosure documentation and any required certifications from any subrecipients (recipients of a subaward (see "subaward" definition at 2 C.F.R. § 200.1)) or procurement contractors (recipients of a contract (see "contract" definition at 2 C.F.R. § 200.1) and their subcontractors) that would be required to report lobbying activities consistent with 31 U.S.C. § 1352.

In general, under the statutes above and as set out in the Cost Principles at 2 C.F.R. § 200.450, for most organizations, no federally appropriated funding made available under this grant program may be used, either directly or indirectly, to support the enactment, repeal, modification, or adoption of any law, regulation, or policy at any level of government without the express prior written approval of the U.S. Department of Justice. Any violation of this prohibition is subject to a minimum $10,000 fine for each occurrence.

## False Claim Act

Under the False Claim Act, any credible evidence that a person has submitted a false claim or has committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct involving COPS Office funds may be referred to the Office of Inspector General (OIG). The OIG may be contacted at **oig.hotline@usdoj.gov**, or 800-869-4499.

COPS-AR-0159

# Remedies for Noncompliance

Under 2 C.F.R. § 200.339, if recipient fails to comply with award terms and conditions, the Federal awarding agency may impose additional condition or take one or more of the following actions, as appropriate in the circumstances:

- Temporarily withhold cash payments pending correction of the deficiency by the non-Federal entity or more severe enforcement action by the Federal awarding agency or pass-through entity.
- Disallow (that is, deny both use of funds and any applicable matching credit for) all or part of the cost of the activity or action not in compliance.
- Wholly or partly suspend or terminate the Federal award.
- Initiate suspension or debarment proceedings as authorized under 2 CFR part 180 and Federal awarding agency regulations (or in the case of a pass-through entity, recommend such a proceeding be initiated by a Federal awarding agency).
- Withhold further Federal awards for the project or program.
- Take other remedies that may be legally available.

Prior to imposing sanctions, the COPS Office will provide reasonable notice to the recipient of its intent to impose sanctions and will attempt to resolve the problem informally. Appeal procedures will follow those in the U.S. Department of Justice regulations in 28 C.F.R. Part 18.

Awards terminated due to noncompliance with the federal statutes, regulations, or award terms and conditions will be reported to the integrity and performance system accessible through SAM (currently FAPIIS).

False statements or claims made in connection with COPS Office awards may result in fines, imprisonment, debarment from participating in federal awards or contracts, and any other remedy available by law.

Please be advised that recipients may not use COPS Office funding for the same item or service also funded by another U.S. Department of Justice award.

# Financial management and system of internal controls

Award recipients must, as set out in the Uniform Guidance at 2 C.F.R. 200.303, do the following:

- Establish and maintain effective internal control over the Federal award that provides reasonable assurance that the recipient is managing the Federal award in compliance with Federal statutes, regulations, and the terms and conditions of the Federal award. These internal controls should be in compliance with guidance in "Standards for Internal Control in the Federal Government" issued by the Comptroller General of the United States and the "Internal Control Integrated Framework," issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO).
- Comply with Federal statutes, regulations, and the terms and conditions of the Federal awards.
- Evaluate and monitor the recipient's compliance with statutes, regulations, and the terms and conditions of Federal awards.
- Take prompt action when instances of noncompliance are identified including noncompliance identified in audit findings.
- Take reasonable measures to safeguard protected personally identifiable information and other information the Federal awarding agency designates as sensitive or the recipient considers sensitive consistent with applicable Federal, state, local, and tribal laws regarding privacy and obligations of confidentiality.

COPS-AR-0160

# Audit requirement

The Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards at 2 C.F.R. Part 200, Subpart F - Audit Requirements, available at **https://www.ecfr.gov/current/title-2/subtitle-A/chapter-II/part-200/subpart-F**, establish the requirements for organizational audits that apply to COPS Office recipients. Recipients must arrange for the required organization-wide (not award-by-award) audit in accordance with the requirements of Subpart F.

# Civil Rights

All recipients are required to comply with nondiscrimination requirements contained in various federal laws. A memorandum addressing federal civil rights statutes and regulations from the Office for Civil Rights, Office of Justice Programs will be included in the award package for recipients. All applicants should consult the Assurances form to understand the applicable legal and administrative requirements.

Please be advised that a hold may be placed on this application if it is deemed that the applicant agency is not in compliance with federal civil rights law and/or is not cooperating with an ongoing federal civil rights investigation.

# Freedom of Information Act and Privacy Act (5 U.S.C. § 552 and 5 U.S.C. § 552a)

All applications submitted to the COPS Office (including all attachments to applications) are subject to the federal Freedom of Information Act (FOIA) and to the Privacy Act. By law, DOJ may withhold information that is responsive to a request if DOJ determines that the responsive information is protected from disclosure under the Privacy Act or falls within the scope of one or more of the nine statutory exemptions under FOIA. DOJ cannot agree in advance of a request pursuant to the FOIA not to release some or all portions of an application/award file.

In its review of records that are responsive to a FOIA request, the COPS Office will withhold information in those records that plainly falls within the scope of the Privacy Act or one of the statutory exemptions under FOIA. (Some examples include certain types of information in budgets, and names and contact information for project staff other than certain key personnel.) In appropriate circumstances, the COPS Office will request the views of the applicant/recipient that submitted a responsive document.

# Section 508 of the Rehabilitation Act

If you are an applicant using assistive technology and you encounter difficulty when applying, please contact the COPS Office Response Center at **AskCopsRC@usdoj.gov.**

The department is committed to ensuring equal access to all applicants and will assist any applicant who may experience difficulties with assistive technology when applying for awards using the COPS Office online system.

COPS-AR-0161

# Appendices

## Appendix A: 2 C.F.R. Part 200, Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards

In addition to other provisions required by the Federal agency or non-Federal entity, all contracts made by the non-Federal entity under the Federal award must contain provisions covering the following, as applicable.

(A) Contracts for more than the simplified acquisition threshold, which is the inflation adjusted amount determined by the Civilian Agency Acquisition Council and the Defense Acquisition Regulations Council (Councils) as authorized by 41 U.S.C. 1908, must address administrative, contractual, or legal remedies in instances where contractors violate or breach contract terms, and provide for such sanctions and penalties as appropriate.

(B) All contracts in excess of $10,000 must address termination for cause and for convenience by the non-Federal entity including the manner by which it will be effected and the basis for settlement.

(C) Equal Employment Opportunity. Except as otherwise provided under 41 CFR Part 60, all contracts that meet the definition of "federally assisted construction contract" in 41 CFR Part 60-1.3 must include the equal opportunity clause provided under 41 CFR 60-1.4(b), in accordance with Executive Order 11246, "Equal Employment Opportunity" (30 FR 12319, 12935, 3 CFR Part, 1964-1965 Comp., p. 339), as amended by Executive Order 11375, "Amending Executive Order 11246 Relating to Equal Employment Opportunity," and implementing regulations at 41 CFR part 60, "Office of Federal Contract Compliance Programs, Equal Employment Opportunity, Department of Labor."

(D) Davis-Bacon Act, as amended (40 U.S.C. 3141-3148). When required by Federal program legislation, all prime construction contracts in excess of $2,000 awarded by non-Federal entities must include a provision for compliance with the Davis-Bacon Act (40 U.S.C. 3141-3144, and 3146-3148) as supplemented by Department of Labor regulations (29 CFR Part 5, "Labor Standards Provisions Applicable to Contracts Covering Federally Financed and Assisted Construction"). In accordance with the statute, contractors must be required to pay wages to laborers and mechanics at a rate not less than the prevailing wages specified in a wage determination made by the Secretary of Labor. In addition, contractors must be required to pay wages not less than once a week. The non-Federal entity must place a copy of the current prevailing wage determination issued by the Department of Labor in each solicitation. The decision to award a contract or subcontract must be conditioned upon the acceptance of the wage determination. The non-Federal entity must report all suspected or reported violations to the Federal awarding agency. The contracts must also include a provision for compliance with the Copeland "Anti-Kickback" Act (40 U.S.C. 3145), as supplemented by Department of Labor regulations (29 CFR Part 3, "Contractors and Subcontractors on Public Building or Public Work Financed in Whole or in Part by Loans or Grants from the United States"). The Act provides that each contractor or subrecipient must be prohibited from inducing, by any means, any person employed in the construction, completion, or repair of public work, to give up any part of the compensation to which he or she is otherwise entitled. The non-Federal entity must report all suspected or reported violations to the Federal awarding agency.

(E) Contract Work Hours and Safety Standards Act (40 U.S.C. 3701-3708). Where applicable, all contracts awarded by the non-Federal entity in excess of $100,000 that involve the employment of mechanics or laborers must include a provision for compliance with 40 U.S.C. 3702 and 3704, as supplemented by Department of Labor regulations (29 CFR Part 5). Under 40 U.S.C. 3702 of the Act, each contractor must be required to compute the wages of every mechanic and laborer

COPS-AR-0162

on the basis of a standard work week of 40 hours. Work in excess of the standard work week is permissible provided that the worker is compensated at a rate of not less than one and a half times the basic rate of pay for all hours worked in excess of 40 hours in the work week. The requirements of 40 U.S.C. 3704 are applicable to construction work and provide that no laborer or mechanic must be required to work in surroundings or under working conditions which are unsanitary, hazardous or dangerous. These requirements do not apply to the purchases of supplies or materials or articles ordinarily available on the open market, or contracts for transportation or transmission of intelligence.

(F) Rights to Inventions Made Under a Contract or Agreement. If the Federal award meets the definition of "funding agreement" under 37 CFR §401.2 (a) and the recipient or subrecipient wishes to enter into a contract with a small business firm or nonprofit organization regarding the substitution of parties, assignment or performance of experimental, developmental, or research work under that "funding agreement," the recipient or subrecipient must comply with the requirements of 37 CFR Part 401, "Rights to Inventions Made by Nonprofit Organizations and Small Business Firms Under Government Grants, Contracts and Cooperative Agreements," and any implementing regulations issued by the awarding agency.

(G) Clean Air Act (42 U.S.C. 7401-7671q.) and the Federal Water Pollution Control Act (33 U.S.C. 1251-1387), as amended—Contracts and subgrants of amounts in excess of $150,000 must contain a provision that requires the non-Federal award to agree to comply with all applicable standards, orders or regulations issued pursuant to the Clean Air Act (42 U.S.C. 7401-7671q) and the Federal Water Pollution Control Act as amended (33 U.S.C. 1251-1387). Violations must be reported to the Federal awarding agency and the Regional Office of the Environmental Protection Agency (EPA).

(H) Debarment and Suspension (Executive Orders 12549 and 12689)—A contract award (see 2 CFR 180.220) must not be made to parties listed on the governmentwide exclusions in the System for Award Management (SAM), in accordance with the OMB guidelines at 2 CFR 180 that implement Executive Orders 12549 (3 CFR part 1986 Comp., p. 189) and 12689 (3 CFR part 1989 Comp., p. 235), "Debarment and Suspension." SAM Exclusions contains the names of parties debarred, suspended, or otherwise excluded by agencies, as well as parties declared ineligible under statutory or regulatory authority other than Executive Order 12549.

(I) Byrd Anti-Lobbying Amendment (31 U.S.C. 1352)—Contractors that apply or bid for an award exceeding $100,000 must file the required certification. Each tier certifies to the tier above that it will not and has not used Federal appropriated funds to pay any person or organization for influencing or attempting to influence an officer or employee of any agency, a member of Congress, officer or employee of Congress, or an employee of a member of Congress in connection with obtaining any Federal contract, grant or any other award covered by 31 U.S.C. 1352. Each tier must also disclose any lobbying with non-Federal funds that takes place in connection with obtaining any Federal award. Such disclosures are forwarded from tier to tier up to the non-Federal award.

(J) See §200.323.

(K) See §200.216.

(L) See §200.322.

[78 FR 78608, Dec. 26, 2013, as amended at 79 FR 75888, Dec. 19, 2014; 85 FR 49577, Aug. 13, 2020]

COPS-AR-0163

# Appendix B. 2 C. F. R. Part 200, Appendix XII to Part 200—Award Term and Condition for Recipient Integrity and Performance Matters

I. Reporting of Matters Related to Recipient Integrity and Performance

    a.   General Reporting Requirement.

        (1)  If the total value of your active grants, cooperative agreements, and procurement contracts from all Federal agencies exceeds $10,000,000 for any period of time during the period of performance of this Federal award, then you as the recipient must ensure the information available in the responsibility/qualification records through the System for Award Management (SAM.gov), about civil, criminal, or administrative proceedings described in paragraph (b) of this award term is current and complete. This is a statutory requirement under section 872 of Public Law 110-417, as amended (41 U.S.C. 2313). As required by section 3010 of Public Law 111-212, all information posted in responsibility/qualification records in SAM.gov on or after April 15, 2011 (except past performance reviews required for Federal procurement contracts) will be publicly available.

    b.   Proceedings About Which You Must Report.

        (1)  You must submit the required information about each proceeding that—

           (i)     Is in connection with the award or performance of a grant, cooperative agreement, or procurement contract from the Federal Government;

           (ii)    Reached its final disposition during the most recent five-year period; and

           (iii)   Is one of the following—

               (A)  A criminal proceeding that resulted in a conviction;

               (B)  A civil proceeding that resulted in a finding of fault and liability and payment of a monetary fine, penalty, reimbursement, restitution, or damages of $5,000 or more;

               (C)  An administrative proceeding that resulted in a finding of fault and liability and your payment of either a monetary fine or penalty of $5,000 or more or reimbursement, restitution, or damages in excess of $100,000; or

               (D)  Any other criminal, civil, or administrative proceeding if—

                  1.   It could have led to an outcome described in paragraph (b)(1)(iii)(A) through (C);

                  2.   It had a different disposition arrived at by consent or compromise with an acknowledgment of fault on your part; and

                  3.   The requirement in this award term to disclose information about the proceeding does not conflict with applicable laws and regulations.

    c.   Reporting Procedures. Enter the required information in SAM.gov for each proceeding described in paragraph (b) of this award term. You do not need to submit the information a second time under grants and cooperative agreements that you received if you already provided the information in SAM.gov because you were required to do so under Federal procurement contracts that you were awarded.

COPS-AR-0164

d.  Reporting Frequency. During any period of time when you are subject to the requirement in paragraph (a) of this award term, you must report proceedings information in SAM.gov for the most recent five-year period, either to report new information about a proceeding that you have not reported previously or affirm that there is no new information to report. If you have Federal contract, grant, and cooperative agreement awards with a cumulative total value greater than $10,000,000, you must disclose semiannually any information about the criminal, civil, and administrative proceedings.

e.  Definitions. For purposes of this award term—

Administrative proceeding means a non-judicial process that is adjudicatory in nature to make a determination of fault or liability (for example, Securities and Exchange Commission Administrative proceedings, Civilian Board of Contract Appeals proceedings, and Armed Services Board of Contract Appeals proceedings). This includes proceedings at the Federal and State level but only in connection with the performance of a Federal contract or grant. It does not include audits, site visits, corrective plans, or inspection of deliverables.

Conviction means a judgment or conviction of a criminal offense by any court of competent jurisdiction, whether entered upon a verdict or a plea, and includes a conviction entered upon a plea of nolo contendere.

Total value of currently active grants, cooperative agreements, and procurement contracts includes the value of the Federal share already received plus any anticipated Federal share under those awards (such as continuation funding).

II. [Reserved]

[89 FR 30207, Apr. 22, 2024]

COPS-AR-0165

# Appendix C: Federal Funding Accountability and Transparency Act (FFATA)—Reporting Subaward and Executive Compensation Award Term

2 C.F.R. Part 170, Appendix A to Part 170—Award term

I.  Reporting Subawards and Executive Compensation

    a.  *Reporting of first-tier subawards —*

        1.  *Applicability.* Unless the recipient is exempt as provided in paragraph (d) of this award term, the recipient must report each subaward that equals or exceeds $30,000 in Federal funds for a subaward to an entity or Federal agency. The recipient must also report a subaward if a modification increases the Federal funding to an amount that equals or exceeds $30,000. All reported subawards should reflect the total amount of the subaward.

        2.  *Reporting Requirements.*

            i.  The recipient must report each subaward described in paragraph (a)(1) of this award term to the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) in the System for Award Management (SAM) at ***http://www.sam.gov/fsrs***.

            ii.  For subaward information, report no later than the end of the month following the month in which the subaward was issued. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025).

    b.  *Reporting total compensation of recipient executives for entities —*

        1.  *Applicability.* The recipient must report the total compensation for each of the recipient's five most highly compensated executives for the preceding completed fiscal year if:

            i.  The total Federal funding authorized to date under this Federal award equals or exceeds $30,000;

            ii.  in the preceding fiscal year, the recipient received:

                (A)  80 percent or more of the recipient's annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and

                (B)  $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,

            iii.  The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (**15 U.S.C. 78m(a), 78o(d)**) or section 6104 of the Internal Revenue Code of 1986 after receiving this subaward. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at ***http://www.sec.gov/answers/execomp.htm***.)

COPS-AR-0166

2.   *Reporting Requirements.* The recipient must report executive total compensation described in paragraph (b)(1) of this appendix:

   i.   As part of the recipient's registration profile at ***https://www.sam.gov***.

   ii.  No later than the month following the month in which this Federal award is made, and annually after that. (For example, if this Federal award was made on November 7, 2025, the executive total compensation must be reported by no later than December 31, 2025.)

c.  *Reporting of total compensation of subrecipient executives —*

   1.   *Applicability.* Unless a first-tier subrecipient is exempt as provided in paragraph (d) of this appendix, the recipient must report the executive total compensation of each of the subrecipient's five most highly compensated executives for the subrecipient's preceding completed fiscal year, if:

      i.   The total Federal funding authorized to date under the subaward equals or exceeds $30,000;

      ii.  In the subrecipient's preceding fiscal year, the subrecipient received:

         (A)  80 percent or more of its annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,

         (B)  $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts), and Federal awards (and subawards) subject to the Transparency Act; and

      iii. The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (**15 U.S.C. 78m(a)**, **78o(d)**) or section 6104 of the Internal Revenue Code of 1986after receiving this subaward. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at ***http://www.sec.gov/answers/execomp.htm***.)

   2.   **Reporting Requirements. Subrecipients** must report to the recipient their executive total compensation described in paragraph (c)(1) of this appendix. The recipient is required to submit this information to the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) in SAM at ***http://www.sam.gov/fsrs*** no later than the end of the month following the month in which the subaward was made. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025).

d.  *Exemptions.*

   1.   A recipient with gross income under $300,000 in the previous tax year is exempt from the requirements to report:

      i.   Subawards, and

      ii.  The total compensation of the five most highly compensated executives of any subrecipient.

COPS-AR-0167

e.  *Definitions.*

For purposes of this award term:

*Entity* includes:

1.    Whether for profit or nonprofit:

    i.    A corporation;

    ii.    An association;

    iii.    A partnership;

    iv.    A limited liability company;

    v.    A limited liability partnership;

    vi.    A sole proprietorship;

    vii.    Any other legal business entity;

    viii. Another grantee or contractor that is not excluded by subparagraph (2); and

    ix.    Any State or locality;

2.    Does not include:

    i.    An individual recipient of Federal financial assistance; or

    ii.    A Federal employee.

*Executive* means an officer, managing partner, or any other employee holding a management position.

*Subaward* has the meaning given in **2 CFR 200.1**.

*Subrecipient* has the meaning given in **2 CFR 200.1**.

*Total Compensation* means the cash and noncash dollar value an executive earns during an entity's preceding fiscal year. This includes all items of compensation as prescribed in **17 CFR 229.402(c)(2)**.

[**89 FR 30111**, Apr. 22, 2024, as amended at **89 FR 79732**, Oct. 1, 2024]

COPS-AR-0168

# Appendix D: Assurances and Certifications

## Certified Standard Assurance

On behalf of the Applicant, and in support of this application for a grant or cooperative agreement, I certify under penalty of perjury to the U.S. Department of Justice ("Department"), that all of the following are true and correct:

(1) I have the authority to make the following representations on behalf of myself and the Applicant. I understand that these representations will be relied upon as material in any Department decision to make an award to the Applicant based on its application.

(2) I certify that the Applicant has the legal authority to apply for the federal assistance sought by the application, and that it has the institutional, managerial, and financial capability (including funds sufficient to pay any required non-federal share of project costs) to plan, manage, and complete the project described in the application properly.

(3) I assure that, throughout the period of performance for the award (if any) made by the Department based on the application—

   a. the Applicant will comply with all award requirements and all federal statutes and regulations applicable to the award;

   b. the Applicant will require all subrecipients to comply with all applicable award requirements and all applicable federal statutes and regulations; and

   c. the Applicant will maintain safeguards to address and prevent any organizational conflict of interest, and also to prohibit employees from using their positions in any manner that poses, or appears to pose, a personal or financial conflict of interest.

(4) The Applicant understands that the federal statutes and regulations applicable to the award (if any) made by the Department based on the application specifically include statutes and regulations pertaining to civil rights and nondiscrimination, and, in addition--

   a. the Applicant understands that the applicable statutes pertaining to civil rights will include section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d); section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681); and section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102);

   b. the Applicant understands that the applicable statutes pertaining to nondiscrimination may include section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)); section 1407(e) of the Victims of Crime Act of 1984 (34 U.S.C. § 20110(e)); section 299A(b) of the Juvenile Justice and Delinquency Prevention Act of 2002 (34 U.S.C. § 11182(b)); and that the grant condition set out at section 40002(b)(13) of the Violence Against Women Act (34 U.S.C. § 12291(b)(13)), which will apply to all awards made by the Office on Violence Against Women, also may apply to an award made otherwise;

   c. the Applicant understands that it must require any subrecipient to comply with all such applicable statutes (and associated regulations); and

   d. on behalf of the Applicant, I make the specific assurances set out in 28 C.F.R. §§ 42.105 and 42.204.

(5) The Applicant also understands that (in addition to any applicable program-specific regulations and to applicable federal regulations that pertain to civil rights and nondiscrimination) the federal regulations applicable to the award (if any) made by the Department based on the application may include, but are not limited to, 2 C.F.R. Part 2800 (the DOJ "Part 200 Uniform Requirements") and 28 C.F.R. Parts 22 (confidentiality - research and statistical information), 23 (criminal intelligence systems), 38 (regarding faith-based or religious organizations participating in federal financial assistance programs), and 46 (human subjects protection).

COPS-AR-0169

(6)  I assure that the Applicant will assist the Department as necessary (and will require subrecipients and contractors to assist as necessary) with the Department's compliance with section 106 of the National Historic Preservation Act of 1966 (54 U.S.C. § 306108), the Archeological and Historical Preservation Act of 1974 (54 U.S.C. §§ 312501-312508), and the National Environmental Policy Act of 1969 (42 U.S.C. §§ 4321-4335), and 28 C.F.R. Parts 61 (NEPA) and 63 (floodplains and wetlands).

(7)  I assure that the Applicant will give the Department and the Government Accountability Office, through any authorized representative, access to, and opportunity to examine, all paper or electronic records related to the award (if any) made by the Department based on the application.

(8)  If this application is for an award from the National Institute of Justice or the Bureau of Justice Statistics pursuant to which award funds may be made available (whether by the award directly or by any subaward at any tier) to an institution of higher education (as defined at 34 U.S.C. § 10251(a)(17)), I assure that, if any award funds actually are made available to such an institution, the Applicant will require that, throughout the period of performance—

   a.  each such institution comply with any requirements that are imposed on it by the First Amendment to the Constitution of the United States; and

   b.  subject to par. a, each such institution comply with its own representations, if any, concerning academic freedom, freedom of inquiry and debate, research independence, and research integrity, at the institution, that are included in promotional materials, in official statements, in formal policies, in applications for grants (including this award application), for accreditation, or for licensing, or in submissions relating to such grants, accreditation, or licensing, or that otherwise are made or disseminated to students, to faculty, or to the general public.

(9)  I assure that, if the Applicant is a governmental entity, with respect to the award (if any) made by the Department based on the application—

   a.  it will comply with the requirements of the Uniform Relocation Assistance and Real Property Acquisitions Act of 1970 (42 U.S.C. §§ 4601-4655), which govern the treatment of persons displaced as a result of federal and federally-assisted programs; and

   b.  it will comply with requirements of 5 U.S.C. §§ 1501-1508 and 7324-7328, which limit certain political activities of State or local government employees whose principal employment is in connection with an activity financed in whole or in part by federal assistance.

(10) If the Applicant applies for and receives an award from the Office of Community Oriented Policing Services (COPS Office), I assure that as required by 34 U.S.C. § 10382(c)(11), it will, to the extent practicable and consistent with applicable law--including, but not limited to, the Indian Self-Determination and Education Assistance Act--seek, recruit, and hire qualified members of racial and ethnic minority groups and qualified women in order to further effective law enforcement by increasing their ranks within the sworn positions, as provided under 34 U.S.C. § 10382(c)(11).

(11) If the Applicant applies for and receives a DOJ award under the STOP School Violence Act program, I assure as required by 34 U.S.C. § 10552(a)(3), that it will maintain and report such data, records, and information (programmatic and financial) as DOJ may reasonably require.

I acknowledge that a materially false, fictitious, or fraudulent statement (or concealment or omission of a material fact) in this certification, or in the application that it supports, may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271- 10273), and also may subject me and the Applicant to civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. §§ 3729-3730 and 3801-3812). I also acknowledge that the Department's awards, including certifications provided in connection with such awards, are subject to review by the Department, including by its Office of the Inspector General.

COPS-AR-0170

Certifications Regarding Lobbying; Debarment, Suspension, and Other Responsibility Matters; Federal Taxes and Assessments; Drug-Free Workplace Requirements; Coordination with Affected Agencies

Although the U.S. Department of Justice (DOJ) has made every effort to simplify the application process, federal law requires that an applicant must provide with its application a certification as to certain matters in order to be eligible to receive a federal grant or cooperative agreement. Applicants are expected to read carefully the certification requirements as set forth below—and any cited statute, regulation, or other material—before determining whether a certification properly may be made. (As an example, the applicant should first determine whether any condition legally required to be met has been met, such that an applicant's certification as to the condition would be verifiably accurate and true.)

Any certification that the applicant submits must be executed by an official who is both familiar with the requirements of the certification and authorized to make the certification on behalf of the applicant.

Elections or other selections of new officials—that is, changes in authorized representatives, such as a chief executive officer authorized to bind or otherwise act on behalf of the applicant—will not relieve the applicant of its obligations under any grant or cooperative agreement if funded.

Where the applicant is unable to make a certification or provide an assurance set out in this form, the applicant may still apply but is to attach an explanation to this application regarding the particular certification that cannot be made or assurance that cannot be provided. The DOJ may not be able to make an award to an applicant that is unable to make certifications or provide assurances required by law as a condition of eligibility for a DOJ federal award.

The DOJ will treat the applicant's certifications, upon their submission with the application, as representations of fact upon which the DOJ will rely in making any determination with respect to the application or in making any decision to award a federal grant or cooperative agreement to the applicant.

False statements or claims made in connection with DOJ grants (including cooperative agreements) may result in fines, imprisonment, debarment from participating in federal grants or contracts, or any other remedy available by law.

Applicants should refer to the regulations and other requirements cited below to determine the certification to which they are required to attest. Applicants should also review the instructions for certification included in the regulations or other cited requirements before completing this form. The certifications shall be treated as a material representation of fact upon which reliance will be placed when the U.S. Department of Justice ("Department") determines to award the covered transaction, grant, or cooperative agreement.

COPS-AR-0171

## 1. Lobbying

As required by 31 U.S.C. § 1352, as implemented by 28 C.F.R. Part 69, the Applicant certifies and assures (to the extent applicable) the following:

a.  No Federal appropriated funds have been paid or will be paid, by or on behalf of the Applicant, to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the making of any Federal grant, the entering into of any cooperative agreement, or the extension, continuation, renewal, amendment, or modification of any Federal grant or cooperative agreement;

b.  If the Applicant's request for Federal funds is in excess of $100,000, and any funds other than Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a member of Congress, an officer or employee of Congress, or an employee of a member of Congress in connection with this Federal grant or cooperative agreement, the Applicant shall complete and submit Standard Form - LLL, "Disclosure of Lobbying Activities" in accordance with its (and any DOJ awarding agency's) instructions; and

c.  The Applicant shall require that the language of this certification be included in the award documents for all subgrants and procurement contracts (and their subcontracts) funded with Federal award funds and shall ensure that any certifications or lobbying disclosures required of recipients of such subgrants and procurement contracts (or their subcontractors) are made and filed in accordance with 31 U.S.C. § 1352.

## 2. Debarment, Suspension, And Other Responsibility Matters

A.  Pursuant to Department regulations on nonprocurement debarment and suspension implemented at 2 C.F.R. Part 2867, and to other related requirements, the Applicant certifies, with respect to prospective participants in a primary tier "covered transaction," as defined at 2 C.F.R. § 2867.20(a), that neither it nor any of its principals--

a.  is presently debarred, suspended, proposed for debarment, declared ineligible, sentenced to a denial of Federal benefits by a State or Federal court, or voluntarily excluded from covered transactions by any Federal department or agency;

b.  has within a three-year period preceding this application been convicted of a felony criminal violation under any Federal law, or been convicted or had a civil judgment rendered against it for commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, State, tribal, or local) transaction or private agreement or transaction; violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, tax evasion or receiving stolen property, making false claims, or obstruction of justice, or commission of any offense indicating a lack of business integrity or business honesty that seriously and directly affects its (or its principals') present responsibility;

c.  is presently indicted for or otherwise criminally or civilly charged by a governmental entity (Federal, State, tribal, or local) with commission of any of the offenses enumerated in paragraph (b) of this certification; and/or

d.  has within a three-year period preceding this application had one or more public transactions (Federal, State, tribal, or local) terminated for cause or default.

B.  Where the Applicant is unable to certify to any of the statements in this certification, it shall attach an explanation to this application. Where the Applicant or any of its principals was convicted, within a three-year period preceding this application, of a felony criminal violation under any Federal law, the Applicant also must disclose such felony criminal conviction in writing to the Department (for OJP Applicants, to OJP at **Ojpcompliancereporting@usdoj.gov**; for OVW Applicants, to OVW at **OVW.GFMD@usdoj.gov**; or for COPS Applicants, to COPS at **AskCOPSRC@usdoj.gov**), unless such disclosure has already been made.

25

## 3. Federal Taxes

A.  If the Applicant is a corporation, it certifies either that (1) the corporation has no unpaid Federal tax liability that has been assessed, for which all judicial and administrative remedies have been exhausted or have lapsed, that is not being paid in a timely manner pursuant to an agreement with the authority responsible for collecting the tax liability, or (2) the corporation has provided written notice of such an unpaid tax liability (or liabilities) to the Department (for OJP Applicants, to OJP at **Ojpcompliancereporting@usdoj.gov**; for OVW Applicants, to OVW at **OVW.GFMD@usdoj.gov**; or for COPS Applicants, to COPS at **AskCOPSRC@usdoj.gov**).

B.  Where the Applicant is unable to certify to any of the statements in this certification, it shall attach an explanation to this application.

## 4. Drug-Free Workplace (Grantees Other Than Individuals)

As required by the Drug-Free Workplace Act of 1988, as implemented at 28 C.F.R. Part 83, Subpart F, for grantees, as defined at 28 C.F.R. §§ 83.620 and 83.650:

A. The Applicant certifies and assures that it will, or will continue to, provide a drug-free workplace by—

a.  Publishing a statement notifying employees that the unlawful manufacture, distribution, dispensing, possession, or use of a controlled substance is prohibited in its workplace and specifying the actions that will be taken against employees for violation of such prohibition;

b.  Establishing an on-going drug-free awareness program to inform employees about—

1.  The dangers of drug abuse in the workplace;

2.  The Applicant's policy of maintaining a drug-free workplace;

3.  Any available drug counseling, rehabilitation, and employee assistance programs; and

4.  The penalties that may be imposed upon employees for drug abuse violations occurring in the workplace;

c.  Making it a requirement that each employee to be engaged in the performance of the award be given a copy of the statement required by paragraph (a);

d.  Notifying the employee in the statement required by paragraph (a) that, as a condition of employment under the award, the employee will--

1.  Abide by the terms of the statement; and

2.  Notify the employer in writing of the employee's conviction for a violation of a criminal drug statute occurring in the workplace no later than five calendar days after such conviction;

e.  Notifying the Department, in writing, within 10 calendar days after receiving notice under subparagraph (d)(2) from an employee or otherwise receiving actual notice of such conviction. Employers of convicted employees must provide notice, including position title of any such convicted employee to the Department, as follows:

For COPS award recipients - COPS Office, 145 N Street, NE, Washington, DC, 20530;

For OJP and OVW award recipients - U.S. Department of Justice, Office of Justice Programs, ATTN: Control Desk, 999 North Capitol Street, NE Washington, DC 20531.

Notice shall include the identification number(s) of each affected award;

---

f.  Taking one of the following actions, within 30 calendar days of receiving notice under subparagraph (d)(2), with respect to any employee who is so convicted:

1.  Taking appropriate personnel action against such an employee, up to and including termination, consistent with the requirements of the Rehabilitation Act of 1973, as amended; or

2.  Requiring such employee to participate satisfactorily in a drug abuse assistance or rehabilitation program approved for such purposes by a Federal, State, or local health, law enforcement, or other appropriate agency; and

g.  Making a good faith effort to continue to maintain a drug-free workplace through implementation of paragraphs (a), (b), (c), (d), (e), and (f).

## 5. Coordination Required Under Public Safety and Community Policing Programs

As required by the Public Safety Partnership and Community Policing Act of 1994, at 34 U.S.C. § 10382(c)(5), if this application is for a COPS award, the Applicant certifies that there has been appropriate coordination with all agencies that may be affected by its award. Affected agencies may include, among others, Offices of the United States Attorneys; State, local, or tribal prosecutors; or correctional agencies.

I acknowledge that a materially false, fictitious, or fraudulent statement (or concealment or omission of a material fact) in this certification, or in the application that it supports, may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271-10273), and also may subject me and the Applicant to civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. §§ 3729-3730 and 3801-3812). I also acknowledge that the Department's awards, including certifications provided in connection with such awards, are subject to review by the Department, including by its Office of the Inspector General.

COPS-AR-0174

# Appendix E. 41 U.S.C. § 4712 - Enhancement of contractor protection from reprisal for disclosure of certain information

(a) Prohibition of reprisals.

(1) In general. An employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

(2) Persons and bodies covered. The persons and bodies described in this paragraph are the persons and bodies as follows:

(A) A Member of Congress or a representative of a committee of Congress.

(B) An Inspector General.

(C) The Government Accountability Office.

(D) A Federal employee responsible for contract or grant oversight or management at the relevant agency.

(E) An authorized official of the Department of Justice or other law enforcement agency.

(F) A court or grand jury.

(G) A management official or other employee of the contractor, subcontractor, grantee, subgrantee, or personal services contractor who has the responsibility to investigate, discover, or address misconduct.

(3) Rules of construction. For the purposes of paragraph (1)—

(A) an employee who initiates or provides evidence of contractor, subcontractor, grantee, subgrantee, or personal services contractor misconduct in any judicial or administrative proceeding relating to waste, fraud, or abuse on a Federal contract or grant shall be deemed to have made a disclosure covered by such paragraph; and

(B) a reprisal described in paragraph (1) is prohibited even if it is undertaken at the request of an executive branch official, unless the request takes the form of a non-discretionary directive and is within the authority of the executive branch official making the request.

(b) Investigation of complaints.

(1) Submission of complaint. A person who believes that the person has been subjected to a reprisal prohibited by subsection (a) may submit a complaint to the Inspector General of the executive agency involved. Unless the Inspector General determines that the complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant, the Inspector General shall investigate the complaint and, upon completion of such investigation, submit a report of the findings of the investigation to the person, the contractor, subcontractor, grantee, subgrantee, or personal services contractor concerned, and the head of the agency.

COPS-AR-0175

**(2)** Inspector General action.

   **(A)** Determination or submission of report on findings. Except as provided under subparagraph (B), the Inspector General shall make a determination that a complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant or submit a report under paragraph (1) within 180 days after receiving the complaint.

   **(B)** Extension of time. If the Inspector General is unable to complete an investigation in time to submit a report within the 180-day period specified in subparagraph (A) and the person submitting the complaint agrees to an extension of time, the Inspector General shall submit a report under paragraph (1) within such additional period of time, up to 180 days, as shall be agreed upon between the Inspector General and the person submitting the complaint.

**(3)** Prohibition on disclosure. The Inspector General may not respond to any inquiry or disclose any information from or about any person alleging the reprisal, except to the extent that such response or disclosure is—

   **(A)** made with the consent of the person alleging the reprisal;

   **(B)** made in accordance with the provisions of section 552a of title 5 [5 USCS § 552a] or as required by any other applicable Federal law; or

   **(C)** necessary to conduct an investigation of the alleged reprisal.

**(4)** Time limitation. A complaint may not be brought under this subsection more than three years after the date on which the alleged reprisal took place.

(c) Remedy and enforcement authority.

**(1)** In general. Not later than 30 days after receiving an Inspector General report pursuant to subsection (b), the head of the executive agency concerned shall determine whether there is sufficient basis to conclude that the contractor, subcontractor, grantee, subgrantee, or personal services contractor concerned has subjected the complainant to a reprisal prohibited by subsection (a) and shall either issue an order denying relief or shall take one or more of the following actions:

   **(A)** Order the contractor, subcontractor, grantee, subgrantee, or personal services contractor to take affirmative action to abate the reprisal.

   **(B)** Order the contractor, subcontractor, grantee, subgrantee, or personal services contractor to reinstate the person to the position that the person held before the reprisal, together with compensatory damages (including back pay), employment benefits, and other terms and conditions of employment that would apply to the person in that position if the reprisal had not been taken.

   **(C)** Order the contractor, subcontractor, grantee, subgrantee, or personal services contractor to pay the complainant an amount equal to the aggregate amount of all costs and expenses (including attorneys' fees and expert witnesses' fees) that were reasonably incurred by the complainant for, or in connection with, bringing the complaint regarding the reprisal, as determined by the head of the executive agency.

   **(D)** Consider disciplinary or corrective action against any official of the executive agency, if appropriate.

**(2)** Exhaustion of remedies. If the head of an executive agency issues an order denying relief under paragraph (1) or has not issued an order within 210 days after the submission of a complaint under subsection (b), or in the case of an extension of time under paragraph (b)(2)(B), not later than 30 days after the expiration of the extension of time, and there is no showing that such delay is due to the bad faith of the complainant, the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may

COPS-AR-0176

bring a de novo action at law or equity against the contractor, subcontractor, grantee, subgrantee, or personal services contractor to seek compensatory damages and other relief available under this section in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy. Such an action shall, at the request of either party to the action, be tried by the court with a jury. An action under this paragraph may not be brought more than two years after the date on which remedies are deemed to have been exhausted.

**(3)** Admissibility of evidence. An Inspector General determination and an agency head order denying relief under paragraph (2) shall be admissible in evidence in any de novo action at law or equity brought pursuant to this subsection.

**(4)** Enforcement of orders. Whenever a person fails to comply with an order issued under paragraph (1), the head of the executive agency concerned shall file an action for enforcement of such order in the United States district court for a district in which the reprisal was found to have occurred. In any action brought under this paragraph, the court may grant appropriate relief, including injunctive relief, compensatory and exemplary damages, and attorney fees and costs. The person upon whose behalf an order was issued may also file such an action or join in an action filed by the head of the executive agency.

**(5)** Judicial review. Any person adversely affected or aggrieved by an order issued under paragraph (1) may obtain review of the order's conformance with this subsection, and any regulations issued to carry out this section, in the United States court of appeals for a circuit in which the reprisal is alleged in the order to have occurred. No petition seeking such review may be filed more than 60 days after issuance of the order by the head of the executive agency. Review shall conform to chapter 7 of title 5. Filing such an appeal shall not act to stay the enforcement of the order of the head of an executive agency, unless a stay is specifically entered by the court.

**(6)** Burdens of proof. The legal burdens of proof specified in section 1221(e) of title 5 [5 USCS § 1221(e)] shall be controlling for the purposes of any investigation conducted by an Inspector General, decision by the head of an executive agency, or judicial or administrative proceeding to determine whether discrimination prohibited under this section has occurred.

**(7)** Rights and remedies not waivable. The rights and remedies provided for in this section may not be waived by any agreement, policy, form, or condition of employment.

(d) Notification of employees. The head of each executive agency shall ensure that contractors, subcontractors, grantees, subgrantees, and personal services contractors of the agency inform their employees in writing of the rights and remedies provided under this section, in the predominant native language of the workforce.

(e) Construction. Nothing in this section may be construed to authorize the discharge of, demotion of, or discrimination against an employee for a disclosure other than a disclosure protected by subsection (a) or to modify or derogate from a right or remedy otherwise available to the employee.

(f) Exceptions.

**(1)** This section shall not apply to any element of the intelligence community, as defined in section 3(4) of the National Security Act of 1947 (50 U.S.C. 401a(4)).

**(2)** This section shall not apply to any disclosure made by an employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor of an element of the intelligence community if such disclosure—

    **(A)** relates to an activity of an element of the intelligence community; or

    **(B)** was discovered during contract, subcontract, grantee, subgrantee, or personal services contractor services provided to an element of the intelligence community.

COPS-AR-0177

(g) Definitions. In this section:

**(1)** The term "abuse of authority" means an arbitrary and capricious exercise of authority that is inconsistent with the mission of the executive agency concerned or the successful performance of a contract or grant of such agency.

**(2)** The term "Inspector General" means an Inspector General appointed under chapter 4 of title 5 [5 USCS §§ 401 et seq.] and any Inspector General that receives funding from, or has oversight over contracts or grants awarded for or on behalf of, the executive agency concerned.

(h) Construction. Nothing in this section, or the amendments made by this section, shall be construed to provide any rights to disclose classified information not otherwise provided by law.

(i) [Deleted]

Added Jan. 2, 2013, P. L. 112-239, Div A, Title VIII, Subtitle C, § 828(a)(1), 126 Stat. 1837; Dec. 26, 2013, P. L. 113-66, Div A, Title X, Subtitle I, § 1091(e), 127 Stat. 876; Dec. 16, 2016, P. L. 114-261, § 1(a)(2), (3)(A), 130 Stat. 1362; Dec. 27, 2020, P.L. 116-260, Div U, Title VIII, § 801, 134 Stat. 2297; Dec. 23, 2022, P.L. 117-263, Div A, Title VIII, Subtitle A, § 807(b), 136 Stat. 2704; Dec. 27, 2022, P.L. 117-286, § 4(b)(74), 136 Stat. 4351.

Recipients and subrecipients who wish to use the U.S. Department of Justice, Office of Inspector General whistleblower information brochure to inform their employees of their rights may obtain a copy at **https://oig.justice.gov/sites/default/files/2020-04/NDAA-brochure.pdf**.

COPS-AR-0178

# Appendix F: System for Award Management (SAM) and Universal Identifier Award Term

2 C.F.R. Part 200, Appendix A to Part 25—Award Term *2 C.F.R. Part 25, Appendix A to Part 25*

I. System for Award Management (SAM.gov) and Universal Identifier Requirements

    a.   Requirement for System for Award Management.

        (1)  Unless exempt from this requirement under **2 CFR 25.110**, the recipient must maintain a current and active registration in SAM.gov. The recipient's registration must always be current and active until the recipient submits all final reports required under this Federal award or receives the final payment, whichever is later. The recipient must review and update its information in SAM.gov at least annually from the date of its initial registration or any subsequent updates to ensure it is current, accurate, and complete. If applicable, this includes identifying the recipient's immediate and highest-level owner and subsidiaries and providing information about the recipient's predecessors that have received a Federal award or contract within the last three years.

    b.   Requirement for Unique Entity Identifier (UEI).

        (1)  If the recipient is authorized to make subawards under this Federal award, the recipient:

            (i)    Must notify potential subrecipients that no entity may receive a subaward until the entity has provided its UEI to the recipient.

            (ii)   Must not make a subaward to an entity unless the entity has provided its UEI to the recipient. Subrecipients are not required to complete full registration in SAM.gov to obtain a UEI.

    c.   Definitions. For the purposes of this award term:

System for Award Management (SAM.gov) means the Federal repository into which a recipient must provide the information required for the conduct of business as a recipient. Additional information about registration procedures may be found in SAM.gov (currently at ***https://www.sam.gov***).

Unique entity identifier means the universal identifier assigned by SAM.gov to uniquely identify an entity.

Entity is defined at **2 CFR 25.400** and includes all of the following types as defined in **2 CFR 200.1**:

    (1)  Non-Federal entity;

    (2)  Foreign organization;

    (3)  Foreign public entity;

    (4)  Domestic for-profit organization; and

    (5)  Federal agency.

Subaward has the meaning given in **2 CFR 200.1**.

Subrecipient has the meaning given in **2 CFR 200.1**.

COPS-AR-0179

## Appendix G: Award Condition for Compliance with 8 U.S.C. § 1373

Authority to obligate or expend contingent on compliance with this condition.

State or local government entity recipients of this award, and any subrecipient of this award at any tier that is an entity of a State or of a unit of local government, must comply with 8 U.S.C. §1373, which provides that such entities may not prohibit, or in any way restrict, any government entity or official from sending to, receiving from, maintaining, or exchanging information regarding citizenship or immigration status, lawful or unlawful, of any individual with components of the U.S. Department of Homeland Security or any other federal, state or local government entity. This includes any prohibitions or restrictions imposed or established by a State or local government entity or official.

Any obligations or expenditures of a recipient or subrecipient that are impermissible under this condition shall be unallowable costs for purposes of this award.

References to the Immigration and Naturalization Service in 8 U.S.C. 1373 are to be read, as a legal matter, as references to components of the U.S. Department of Homeland Security.

COPS-AR-0180

## Appendix H: Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons (Including Reporting Requirements and COPS Office Authority to Terminate Award) Condition

The recipient and subrecipient agree to comply with the following requirements of 2 C.F.R. Part 175, Appendix A to Part 175 – Award Term:

I. Trafficking in Persons

    a. Provisions applicable to a recipient that is a private entity.

        (1) Under this award, the recipient, its employees, subrecipients under this award, and subrecipient's employees must not engage in:

            (i) Severe forms of trafficking in persons;

            (ii) The procurement of a commercial sex act during the period of time that this award or any subaward is in effect;

            (iii) The use of forced labor in the performance of this award or any subaward; or

            (iv) Acts that directly support or advance trafficking in persons, including the following acts:

                (A) Destroying, concealing, removing, confiscating, or otherwise denying an employee access to that employee's identity or immigration documents;

                (B) Failing to provide return transportation or pay for return transportation costs to an employee from a country outside the United States to the country from which the employee was recruited upon the end of employment if requested by the employee, unless:

                    1. Exempted from the requirement to provide or pay for such return transportation by the Federal department or agency providing or entering into the grant or cooperative agreement; or

                    2. The employee is a victim of human trafficking seeking victim services or legal redress in the country of employment or a witness in a human trafficking enforcement action;

                (C) Soliciting a person for the purpose of employment, or offering employment, by means of materially false or fraudulent pretenses, representations, or promises regarding that employment;

                (D) Charging recruited employees a placement or recruitment fee; or

                (E) Providing or arranging housing that fails to meet the host country's housing and safety standards.

        (2) The Federal agency may unilaterally terminate this award or take any remedial actions authorized by 22 U.S.C. 7104b(c), without penalty, if any private entity under this award:

            (i) Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or

            (ii) Has an employee that is determined to have violated a prohibition in paragraph (a)(1) of this this appendix through conduct that is either:

                (A) Associated with the performance under this award; or

                (B) Imputed to the recipient or the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in 2 CFR part 180, "OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement)," as implemented by DOJ at 2 C.F.R. Part 2867.

    b. Provision applicable to a recipient other than a private entity.

(1)  The Federal agency may unilaterally terminate this award or take any remedial actions authorized by 22 U.S.C. 7104b(c), without penalty, if a subrecipient that is a private entity under this award:

(i)  Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or

(ii)  Has an employee that is determined to have violated a prohibition in paragraph (a)(1) of this appendix through conduct that is either:

(A)  Associated with the performance under this award; or

(B)  Imputed to the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in 2 CFR part 180, "OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement)," as implemented by 2 C.F.R. Part 2867.

c.  Provisions applicable to any recipient.

(1)  The recipient must inform the Federal agency and the Inspector General of the Federal agency immediately of any information you receive from any source alleging a violation of a prohibition in paragraph (a)(1) of this appendix.

(2)  The Federal agency's right to unilaterally terminate this award as described in paragraphs (a)(2) or (b)(1) of this appendix:

(i)  Implements the requirements of 22 U.S.C. 78, and

(ii)  Is in addition to all other remedies for noncompliance that are available to the Federal agency under this award.

(3)  The recipient must include the requirements of paragraph (a)(1) of this award term in any subaward it makes to a private entity.

(4)  If applicable, the recipient must also comply with the compliance plan and certification requirements in 2 CFR 175.105(b).

COPS-AR-0182

d.  Definitions. For purposes of this award term:

Employee means either:

(1)  An individual employed by the recipient or a subrecipient who is engaged in the performance of the project or program under this award; or

(2)  Another person engaged in the performance of the project or program under this award and not compensated by the recipient including, but not limited to, a volunteer or individual whose services are contributed by a third party as an in-kind contribution toward cost sharing requirements.

Private Entity means any entity, including for-profit organizations, nonprofit organizations, institutions of higher education, and hospitals. The term does not include foreign public entities, Indian Tribes, local governments, or states as defined in 2 CFR 200.1.

The terms "severe forms of trafficking in persons," "commercial sex act," "sex trafficking," "Abuse or threatened abuse of law or legal process," "coercion," "debt bondage," and "involuntary servitude" have the meanings given at section 103 of the TVPA, as amended (22 U.S.C. 7102).

COPS-AR-0183

 

# FY25 Resource Guide for Community Policing Advancement (CPA) Programs

## Award Certifications and Assurances, Award Terms and Conditions, Appendices, and Additional Requirements

This resource guide describes the award terms and conditions and other requirements that applicants should be aware of before applying to this COPS Office program. If awarded funds, by accepting your COPS Office award, your organization agrees to comply with all of the terms, conditions, and other requirements in your award package and any additional special or high-risk conditions that may be imposed on your award.



U.S. Department of Justice
Office of Community Oriented Policing Services
145 N Street NE
Washington, DC 20530

Visit the COPS Office online: **https://cops.usdoj.gov**

May 2025

COPS-AR-0184

# Contents

Terms, Conditions, and Other Award Requirements ................................................................................................. 3

    I. Disclosure of Lobbying Activities ...................................................................................................................... 3

    II. Prior Approval, Planning, and Reporting of Conference/Meetings/Training Costs ................................. 3

    III. Determination of Suitability for Youth-Centered Projects ....................................................................... 3

    IV. Assurances and Certifications (also refer to "U.S. Department of Justice Certified Standard Assurances and U.S. Department of Justice Certifications Regarding Lobbying; Debarment, Suspension and Other Responsibility Matters; Drug-Free Workplace Requirements; Law Enforcement and Community Policing" of this Guide and Standard Application forms.)4

    V. Supplementing, Not Supplanting ..................................................................................................................... 4

    VI. Sole Source Justification ................................................................................................................................ 4

    VII. System for Award Management (SAM) and Universal Identifier requirements .................................. 5

    VIII. Reporting Subaward and Executive Compensation ................................................................................. 5

    IX. Contract Provision ......................................................................................................................................... 5

    X. Restrictions on Internal Confidentiality Agreements ................................................................................. 5

    XI. Mandatory Disclosure .................................................................................................................................... 5

    XII. Debarment and Suspension ......................................................................................................................... 6

    XIII. Recipient Integrity and Performance Matters ......................................................................................... 6

    XIV. False Statements .......................................................................................................................................... 6

    XV. Duplicative Funding ...................................................................................................................................... 6

    XVI. Additional High-Risk Recipient Requirements ........................................................................................ 6

    XVII. Modifications ............................................................................................................................................... 6

    XVIII. Evaluations ................................................................................................................................................. 6

    XIX. Allowable Costs ........................................................................................................................................... 6

    XX. Equal Employment Opportunity Plan (EEOP) ........................................................................................... 7

    XXI. Employment Eligibility ................................................................................................................................ 7

    XXII. Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information .......... 7

    XXIII. Federal Civil Rights .................................................................................................................................... 7

    XXIV. Conflict of Interest .................................................................................................................................... 8

    XXV. Reports/Performance Goals ...................................................................................................................... 8

    XXVI. Extensions ................................................................................................................................................... 8

    XXVII. Computer Network Requirement ........................................................................................................... 8

    XXVIII. Award Monitoring Activities ................................................................................................................. 8

    XXIX. Public Release Information ....................................................................................................................... 9

    XXX. Paperwork Reduction Act Clearance and Privacy Act Review ............................................................. 9

    XXXI. Copyright ................................................................................................................................................... 9

    XXXII. Human Subjects Research ...................................................................................................................... 10

    XXXIII. Domestic Preferences in Procurement ............................................................................................... 10

    XXXIV. Prohibition on Certain Telecommunications and Video Surveillance Services or Equipment ...... 10

XXXV. Termination ................................................................................................................................ 10

XXXVI. Award Owner's Manual ............................................................................................................ 10

XXXVII. Travel Costs ............................................................................................................................. 11

XXXVIII. Authorized Representative Responsibility ............................................................................. 11

XXXIX. Information Data Breach ........................................................................................................... 11

XL. Training Guiding Principles ............................................................................................................. 11

XLI. Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons ............... 11

XLII. Compliance with 8 U.S.C. § 1373 ................................................................................................. 11

XLIII. Federal Civil Rights and Nondiscrimination Laws (Certification) ................................................ 12

XLIV. Federal Laws, Presidential Memoranda, and Executive Orders .................................................. 12

Other Requirements ............................................................................................................................ 12


Appendices ........................................................................................................................................... 14

Appendix A. U.S. Department of Justice Certified Standard Assurances ............................................ 14

Appendix B. U.S. Department of Justice Certifications Regarding Lobbying; Debarment, Suspension, and Other Responsibility Matters; Drug-Free Workplace Requirements; Law Enforcement and Community Policing ........................... 17

Appendix C. 2 C.F.R. Part 200, Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards ........................................................................................................... 20

Appendix D. 2 C. F. R. Part 200, Appendix XII to Part 200—Award Term and Condition for Recipient Integrity and Performance Matters .................................................................................................... 22

Appendix E. 41 U.S.C. § 4712 - Enhancement of contractor protection from reprisal for disclosure of certain information . 24

Appendix F. Federal Funding Accountability and Transparency Act (FFATA)—Reporting Subaward and Executive Compensation Award Term ...................................................................................... 28

Appendix G. System for Award Management (SAM) and Universal Identifier Award Term ................ 31

Appendix H. Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons (Including Reporting Requirements and COPS Office Authority to Terminate Award) ........................... 33

Appendix I. Compliance with 8 U.S.C. § 1373 .................................................................................... 37

Appendix J. Blank SF-424 Application for Federal Assistance ............................................................ 37

Appendix K. Intergovernmental Review Process, Points of Contact by State ..................................... 37


Glossary of Terms ................................................................................................................................ 38

COPS-AR-0186

# Terms, Conditions, and Other Award Requirements

As community policing is common sense policing, throughout the Notice of Funding Opportunity (NOFO) materials, the terms 'community policing' and 'common sense policing' are used interchangeably, unless otherwise specified.

Should any provision of a condition of this award be held to be invalid or unenforceable by its terms, then that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law (to any person or circumstance) under this award. Should it be held, instead, that a condition (or a provision thereof) is of utter invalidity or unenforceability, such condition (or such provision) shall be deemed severable from this award.

## I. Disclosure of Lobbying Activities

This disclosure form shall be completed by the reporting entity, whether subrecipient or prime federal recipient, at the initiation or receipt of a covered federal action, or a material change to a previous filing, pursuant to title 31 U.S.C. § 1352. The filing of a form is required for each payment or agreement to make payment to any lobbying entity for influencing or attempting to influence an officer or employee of any agency, a member of Congress, an officer or employee of Congress, or an employee of a member of Congress in connection with a covered federal action. Complete all items that apply for both the initial filing and material change reports. Refer to the implementing guidance published by the Office of Management and Budget for additional information.

If this applies to your agency, you are required to complete the disclosure form when initiating the application in grants.gov. If you need to complete and submit additional forms, please complete and submit them as attachments to your application online.

Please be advised that all recipients and subrecipients must comply with the provisions of 2 C.F.R. § 200.450, as appropriate, regarding unallowable costs under the Federal award associated with lobbying or influencing activities. Additional restrictions in 2 C.F.R. § 200.450(c) are applicable to nonprofit organizations and institutions of higher education

## II. Prior Approval, Planning, and Reporting of Conference/Meetings/Training Costs

Recipients are required to obtain written approval from the COPS Office prior to entering into any contract, agreement or other obligation for costs related to any conference, meeting, retreat, seminar, symposium, training activity, or similar event funded under this award. For more information, please visit **https://www.ojp.gov/funding/financialguidedoj/overview**.

## III. Determination of Suitability for Youth-Centered Projects

An additional award condition will apply to all youth-centered awards. This condition will require recipients and subrecipients to make determinations of suitability before certain covered individuals interact with participating minors under the age of 18 years old in the course of activities funded under the award.

COPS-AR-0187

# IV. Assurances and Certifications (also refer to "U.S. Department of Justice Certified Standard Assurances and U.S. Department of Justice Certifications Regarding Lobbying; Debarment, Suspension and Other Responsibility Matters; Drug-Free Workplace Requirements; Law Enforcement and Community Policing" of this Guide and Standard Application forms.)

Applicants to COPS Office programs are required to accept the standard Assurances and Certifications forms in JustGrants. Accepting these documents assures the COPS Office that you have read and understood and that you accept the terms and conditions as outlined in the Assurances and Certifications. Please read these documents carefully, as acceptance of these documents are treated as material representation of fact upon which reliance will be placed when the U.S. Department of Justice determines to make an award.

To review the Assurances and Certifications, please see Appendices.

## V. Supplementing, Not Supplanting

The COPS Office nonsupplanting requirement mandates that award funds not be used to replace state or local funds (or, for tribal recipients, BIA funds) that would, in the absence of federal assistance, be made available for award purposes (hiring, training, purchases, and/or other activities). Instead, award funds must be used to increase the total amount of funds that would otherwise be made available for award purposes. 34 U.S.C. § 10384 (a).

An award recipient may not use COPS Office funds to pay for any item or cost associated with this funding request that the recipient is already obligated to pay. Nonfederal funds allocated to pay for award purposes may not be reallocated to other purposes or refunded should COPS Office funding be awarded. Nonfederal funds must remain available for and devoted to that purpose, with COPS Office funds supplementing those nonfederal funds. Funding awarded cannot be obligated until after the award start date (unless an exception is authorized in writing by the COPS Office). This means that COPS Office funds cannot be applied to any agency cost incurred prior to the award start date.

The possibility of supplanting will be the subject of careful application review, possible pre-award review, and post- award monitoring and audit. Any supplanting of nonfederal funds by COPS Office award funds may be grounds for potential suspension.

If you have questions concerning the nonsupplanting requirement while completing this application, please contact the COPS Office Response Center at 800-421-6770 or **AskCopsRC@usdoj.gov** for further information.

## VI. Sole Source Justification

Please see Sole Source Justification Fact Sheet, **https://cops.usdoj.gov/pdf/2025ProgramDocs/Sole_Source_Justification_Fact_Sheet.pdf**.

COPS-AR-0188

# VII. System for Award Management (SAM) and Universal Identifier requirements

Unless exempted from this requirement under 2 C.F.R. § 25.110, the recipients must maintain the currency of their information in the SAM until submission of the final financial report required under this award or receipt of the final payment, whichever is later. This requires recipients to review and update the information at least annually after the initial registration and more frequently if required by changes in information or other award term. To review the System for Award Management and Universal Identifier Award Term, please see Appendices.

# VIII. Reporting Subaward and Executive Compensation

The Federal Funding Accountability and Transparency Act of 2006 (FFATA) requires, among other things, that information on federal awards (federal financial assistance and expenditures) be made available to the public via a single, searchable website, which is **https://www.USASpending.gov**. Applicants should note that all recipients of awards of $30,000 or more under this NOFO, consistent with FFATA, will be required to report award information on any first-tier subawards totaling $30,000 or more and, in certain cases, to report information on the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients. If applicable, the FFATA Subaward Reporting System (FSRS), accessible via the Internet at **https://www.fsrs.gov** is the reporting tool recipients under this NOFO will use to capture and report subaward information and any executive compensation data required by FFATA. The subaward information entered in FSRS will then be displayed on **https://www.USASpending.gov**, associated with the prime award, furthering federal spending transparency. Each applicant entity must ensure that it has the necessary processes and systems in place to comply with the applicable reporting requirements should it receive funding. To review the FFATA Reporting Subaward and Executive Compensation Award Term, please see Appendices.

# IX. Contract Provision

All contracts made by the recipients under the federal award must contain the provisions required under 2 C.F.R. Part 200 (Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards.) To review the full text of 2 C.F.R. Part 200, Appendix II to Part 200, please see Appendices.

# X. Restrictions on Internal Confidentiality Agreements

Recipients, subrecipients, or entities that receive a contract or subcontract with any funds under this award may not require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts the lawful reporting of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information. (Annual Appropriations Act.)

# XI. Mandatory Disclosure

Under 2 C.F.R. § 200.113, recipients and subrecipients are required to timely disclose in writing to the COPS Office or pass-through entity, as applicable, all federal criminal law violations involving fraud, bribery, or gratuity that may potentially affect the awarded federal funding. Recipients that receive an award of more than $500,000 must also report certain civil, criminal, or administrative proceedings in SAM, and are required to comply with the Term and Condition for Recipient Integrity and Performance Matters as set out in 2 C.F.R. Part 200, Appendix XII to Part 200. Failure to make required disclosures can result in any of the remedies, including suspension and debarment, described in 2 C.F.R. § 200.339.

COPS-AR-0189

## XII. Debarment and Suspension

Recipients agree not to award federal funds under this program to any party which is debarred or suspended from participation in federal assistance programs. 2 C.F.R. Part 180 (Governmentwide Nonprocurement Debarment and Suspension) and 2 C.F.R. Part 2867 (DOJ Nonprocurement Debarment and Suspension).

## XIII. Recipient Integrity and Performance Matters

Recipients that received $500,000 or more in a federal award agree to comply with the terms and conditions outlined in 2 C.F.R. Part 200, Appendix XII to part 200 — Award Term and Condition for Recipient Integrity and Performance Matters. To review the full text of 2 C.F.R. Part 200, Appendix XII to Part 200, please see Appendices.

## XIV. False Statements

False statements or claims made in connection with COPS Office awards may result in fines, imprisonment, or debarment from participating in federal awards or contracts, and/or any other remedy available by law.

## XV. Duplicative Funding

Recipients agree to notify the COPS Office if they receive, from any other source, funding for the same item(s) or service(s) also funded under this award.

## XVI. Additional High-Risk Recipient Requirements

Recipients agree to comply with any additional requirements that may be imposed during the award performance period if the awarding agency determines that the recipient is a high-risk award recipient (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 2 C.F.R. § 200.208).

## XVII. Modifications

Award modifications are evaluated on a case-by-case basis in accordance with 2 C.F.R. § 200.308(f). For federal awards in excess of $250,000, any modification request involving the reallocation of funding between budget categories that exceed or are expected to exceed 10 percent of the total approved budget requires prior written approval by the COPS Office. Regardless of the federal award amount or budget modification percentage, any reallocation of funding is limited to approved budget categories. In addition, any budget modification that changes the scope of the project requires prior written approval by the COPS Office. The COPS Office will not approve any modification request that results in an increase of federal funds.

## XVIII. Evaluations

The COPS Office may conduct monitoring or sponsor national evaluations of COPS Office award programs. Recipients agree to cooperate with the monitors and evaluators. 34 U.S.C. § 10385(b).

## XIX. Allowable Costs

The funding under this award is for the payment of approved costs identified in the Award Package.

COPS-AR-0190

# XX. Equal Employment Opportunity Plan (EEOP)

Recipients may be required to comply with the federal regulations pertaining to the development and implementation of an Equal Employment Opportunity Plan. 28 C.F.R. Part 42 subpart E. Please see Office of Civil Rights website **https://www.ojp.gov/eeop-notice** for additional information.

# XXI. Employment Eligibility

Recipients agree to complete and keep on file, as appropriate, the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS) Employment Eligibility Verification Form (I-9). This form is to be used by recipients of federal funds to verify that persons are eligible to work in the United States. See Immigration Reform and Control Act of 1986 (IRCA), Public Law 99-603.

# XXII. Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information

Recipients agree not to discharge, demote, or otherwise discriminate against an employee as reprisal for the employee disclosing information that he or she reasonably believes is evidence of gross mismanagement of a federal contract or grant; a gross waste of federal funds; an abuse of authority relating to a federal contract or grant; a substantial and specific danger to public health or safety; or a violation of law, rule, or regulation related to a federal contract (including the competition for or negotiation of a contract) or grant. Recipients also agree to provide to their employees in writing (in the predominant native language of the workforce) of the rights and remedies provided in 41 U.S.C. § 4712. To review the full text of the statute, please see Appendices.

# XXIII. Federal Civil Rights

The recipient and any subrecipient must comply with applicable federal civil rights and nondiscrimination statutes and regulations including: Section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), as implemented in Subparts C and D of 28 C.F.R. Part 42; section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), as implemented in Subpart G of 28 C.F.R. Part 42; section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681), as implemented in Subpart D of 28 C.F.R. Parts 42 and 54; section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102), as implemented in Subpart I of 28 C.F.R. Part 42; and section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)), as implemented in Subpart D of 28 C.F.R. Part 42.

In addition to applicable federal statutes and regulations that pertain to civil rights and nondiscrimination, the recipient and any subrecipient must comply with the requirements in 28 C.F.R. Parts 22 (Confidentiality of Identifiable Research and Statistical Information); 28 C.F.R. Part 23 (Criminal Intelligence Systems Operating Policies); 28 C.F.R. Part 38 (Partnerships

COPS-AR-0191

with Faith-Based and Other Neighborhood Organizations); and 28 C.F.R. Part 46 (Protection of Human Subjects). For an overview of the civil rights laws and nondiscrimination requirements in connection with your award, please see **https://www.ojp.gov/program/civil-rights/overview**.

# XXIV. Conflict of Interest

Recipients must disclose in writing to the COPS Office or pass-through entity, as applicable, any potential conflict of interest affecting the awarded federal funding in accordance with the Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 2 C.F.R. § 200.112.

# XXV. Reports/Performance Goals

To assist the COPS Office in monitoring and tracking the performance of your award, your agency will be responsible for submitting semiannual programmatic performance reports that describe project activities during the reporting period and quarterly Federal Financial Reports using Standard Form 425 (SF-425). 2 C.F.R. §§ 200.328–200.329. The performance report is used to track your agency's progress in implementing the award, and, as applicable, community policing strategies including gauging the effectiveness of your agency's community policing capacity. The Federal Financial Report is used to track the expenditures of the recipient's award funds on a cumulative basis throughout the life of the award.

# XXVI. Extensions

Recipients may request an extension of the award period to receive additional time to implement your award program. Such extensions do not provide additional funding. Only recipients that can provide a reasonable justification for delays will be granted no-cost extensions. Extension requests must be received prior to the end date of the award.

# XXVII. Computer Network Requirement

Recipients agree that no award funds may be used to maintain or establish a computer network unless such network blocks the viewing, downloading, and exchanging of pornography. Nothing in this requirement limits the use of funds necessary for any federal, state, tribal, or local law enforcement agency or any other entity carrying out criminal investigations, prosecution, or adjudication activities. (Annual Appropriations Act.)

# XXVIII. Award Monitoring Activities

Federal law requires that recipients receiving federal funding from the COPS Office must be monitored to ensure compliance with their award conditions and other applicable statutes and regulations. The COPS Office is also interested in tracking the progress of our programs and the advancement of community policing.

Both aspects of award implementation—compliance and programmatic benefits—are part of the monitoring process coordinated by the U.S. Department of Justice. Award monitoring activities conducted by the COPS Office include site visits, enhanced office-based grant reviews, alleged noncompliance reviews, financial and performance reporting, and audit

COPS-AR-0192

resolution. As a COPS Office award recipient, you agree to cooperate with and respond to any requests for information pertaining to your award. This includes all financial records, such as general accounting ledgers and all supporting documents. All information pertinent to the implementation of the award is subject to agency review throughout the life of the award, during the close-out process, and for three years after submission of the final expenditure report. 2 C.F.R. §§ 200.334 and 200.337 and, as applicable, 34 U.S.C. § 10385(a).

## XXIX. Public Release Information

Recipients agree to submit one copy of all reports and proposed publications resulting from the award ninety (90) days prior to public release. Any publications (written, curricula, visual, sound, or websites) or computer programs, whether or not published at government expense, shall contain the following statement:

> This project was supported, in whole or in part, by federal award number 2021-XX-XX-XXXX awarded to [entity] by the U.S. Department of Justice, Office of Community Oriented Policing Services. The opinions contained herein are those of the author(s) or contributor(s) and do not necessarily represent the official position or policies of the U.S. Department of Justice. References to specific individuals, agencies, companies, products, or services should not be considered an endorsement by the author(s) or the U.S. Department of Justice. Rather, the references are illustrations to supplement discussion of the issues.

> The Internet references cited in this publication were valid as of the date of publication. Given that URLs and websites are in constant flux, neither the author(s) nor the COPS Office can vouch for their current validity.

## XXX. Paperwork Reduction Act Clearance and Privacy Act Review

Recipients agree, if required, to submit all surveys, interview protocols, and other information collections to the COPS Office for submission to the Office of Management and Budget (OMB) for clearance under the Paperwork Reduction Act (PRA). Before submission to OMB, all information collections that request personally identifiable information must be reviewed by the COPS Office to ensure compliance with the Privacy Act. The Privacy Act compliance review and the PRA clearance process may take several months to complete. 44 U.S.C. §§ 3501–3520 and 5 U.S.C. § 552a.

## XXXI. Copyright

In accordance with 2 C.F.R. § 200.315(b), recipients may copyright any work that is subject to copyright and was developed, or for which ownership was purchased, under an award. The COPS Office reserves a royalty-free, nonexclusive, and irrevocable license to reproduce, publish, or otherwise use the work, in whole or in part (including create derivative works), for Federal Government purposes and to authorize others to do so. The COPS Office license applies to (1) the copyright in any work developed under the award including any related subaward or contract and (2) any rights of copyright to which the recipient, including its subrecipient or contractor, purchases ownership with award funds. Recipients agree that they are responsible for acquiring the rights, and ensuring that their subrecipients/contractors/authors acquire the rights, to copyrighted material for inclusion in U.S. Department of Justice publications and other deliverables developed under the award, including the payment of required fees. The COPS Office may make available for reproduction material produced under the award by any means, including a DOJ website, a hard copy, or in electronic form, without restriction. The COPS

COPS-AR-0193

Office reserves the right, at its discretion, not to publish products and deliverables developed under the award as a U.S. Department of Justice resource. Products and deliverables developed with award funds and published as a U.S. Department of Justice resource will contain the following copyright notice:

> This resource was developed under a federal award and may be subject to copyright. The U.S. Department of Justice reserves a royalty-free, nonexclusive, and irrevocable license to reproduce, publish, or otherwise use the work for Federal Government purposes and to authorize others to do so. This resource may be freely distributed and used for noncommercial and educational purposes only.

## XXXII. Human Subjects Research

Recipients agree to comply with 28 C.F.R. Part 46 Protection of Human Subjects prior to expending award funds to perform human subjects research. Recipients also agree to comply with 28 C.F.R. Part 22 Confidentiality of Identifiable Research and Statistical Information to safeguard certain personally identifiable information.

## XXXIII. Domestic Preferences in Procurement

To the extent practicable and consistent with applicable law under the award, recipients and subrecipients will provide a preference for the procurement or use of goods produced and services offered in the United States as described in 2 C.F.R. § 200.322 and Executive Order 14005 Ensuring the Future is Made in All of America by All of America's Worker (January 25, 2021).

## XXXIV. Prohibition on Certain Telecommunications and Video Surveillance Services or Equipment

Award funds may not be used to procure or obtain any covered telecommunication and video surveillance services or equipment as described in 2 C.F.R. § 200.216

## XXXV. Termination

The award may be terminated, in whole or in part, to the extent such termination is authorized by law for the reasons set forth in 2. C.F.R. § 200.340 including, but not limited to, failure to comply with award terms and conditions or when the award no longer effectuates program goals or agency priorities.

## XXXVI. Award Owner's Manual

If awarded funding, the recipient agrees to comply with the terms and conditions in the Award Owner's Manual; DOJ Grants Financial Guide; COPS Office statute (34 U.S.C. § 10381, et seq.) as applicable; Students, Teachers, and Officers Preventing (STOP) School Violence Act of 2018 (34 U.S.C. § 10551, et seq.) as applicable; 2 C.F.R. Part 200 (Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards); 48 C.F.R. Part 31 (Contract Cost Principles and Procedures) as applicable; the Cooperative Agreement as applicable; representations made in the application; and all other applicable requirements.

COPS-AR-0194

# XXXVII. Travel Costs

Travel costs for transportation, lodging and subsistence, and related items are allowable with prior approval from the COPS Office. Payment for allowable travel costs will be in accordance with 2 C.F.R. § 200.475.

# XXXVIII. Authorized Representative Responsibility

The recipient understands that, in accepting this award, the Authorized Representative declares and certifies, among other things, that he or she possesses the requisite legal authority to accept the award on behalf of the recipient entity and, in so doing, accepts (or adopts) all material requirements that relate to conduct throughout the period of performance under this award. The recipient further understands, and agrees, that it will not assign anyone to the role of Authorized Representative during the period of performance under the award without first ensuring that the individual has the requisite legal authority.

# XXXIX. Information Data Breach

Recipients that will use or operate a Federal information system or will create, collect, use, process, store, maintain, disseminate, disclose, or dispose of PII within the scope of the award must have procedures in place to respond to a breach and to notify the COPS Office in the event of a breach.

# XL. Training Guiding Principles

The recipient understands that any training or training materials developed or delivered with award funding provided by the Office of Community Oriented Policing Services is to adhere to the following guiding principles–

1.  Trainings must comply with applicable law.
2.  The content of trainings and training materials must be accurate, appropriately tailored, and focused.
3.  Trainers must be well-qualified and skilled in presenting the subject area.
4.  Trainers must demonstrate the highest standards of professionalism

For more information, please visit **https://cops.usdoj.gov/training**.

# XLI. Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons

The COPS Office is authorized to terminate an award to a private entity, without penalty, if the recipient or a subrecipient: (a) engages in severe forms of trafficking in persons during the period of time that the award is in effect; (b) procures a commercial sex act during the period of time that the award is in effect; or (c) uses forced labor in the performance of the award or subawards under the award. 2 C.F.R. § 175.10. To review the Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons, please see Appendices.

# XLII. Compliance with 8 U.S.C. § 1373

All state or local government entities must require that no funded program or activity is subject to any prohibitions or restrictions on sending to, requesting or receiving from, maintaining, or exchanging information regarding citizenship or immigration status with components of the U.S. Department of Homeland Security or any other federal, state or local

COPS-AR-0195

government entity. This includes any prohibitions or restrictions imposed or established by a State or local government entity or official. This condition applies throughout the grant award period. The full text of this grant condition may be found in the appendices in this application resource guide.

# XLIII. Federal Civil Rights and Nondiscrimination Laws (Certification)

The recipient agrees that its compliance with all applicable Federal civil rights and nondiscrimination laws is material to the government's decision to make this award and any payment thereunder, including for purposes of the False Claims Act (31 U.S.C. 3729-3730 and 3801-3812), and, by accepting this award, certifies that it does not operate any programs (including any such programs having components relating to diversity, equity, and inclusion) that violate any applicable Federal civil rights or nondiscrimination laws.

# XLIV. Federal Laws, Presidential Memoranda, and Executive Orders

Recipients of grant funding must comply with all applicable federal laws and Presidential Memoranda and all Executive Orders by the President.

# Other Requirements

The following sections describe the additional requirements applicants should be aware of before applying to COPS Office programs. Please review each section carefully. The submission of the application assures the COPS Office that your agency will comply with all legal and administrative requirements that govern the award.

## Curriculum Development

The COPS Office defines training as the teaching and learning activities carried out for the primary purpose of helping members of an organization acquire and apply the knowledge, skills, abilities, and attitudes needed by a particular job or organization. Training is driven by specific goals and objectives; it is not a single event but rather an ongoing process that requires continuous self-reflection and evaluation.

The COPS Office trainings are national in scope and should have a specific law enforcement audience: executives, first line supervisors, line officers, dispatchers, joint community and officers, etc. COPS Office training supports the needs of the law enforcement field and strives to increase public safety.

The COPS Office has a series of requirements for the development and delivery of in-person and online training. These requirements can be found in the Curriculum Standards, Review, and Approval Guides, which were established to provide guidance to COPS Office training providers and program managers on instructional design, promising practices, and the process by which curricula will be reviewed and approved by the COPS Office. There are two guides specific to training type: (1) online training and (2) in-person training. They can be found at **https://cops.usdoj.gov/training**.

The COPS Office also has a series of requirements that instructors must meet prior to becoming instructors for COPS Office courses and for the duration of their instructor tenure. Those requirements can be found in the COPS Office Instructor Quality Assurance Guide, which can be accessed at **https://cops.usdoj.gov/training**.

In addition, the COPS Office has a series of technical requirements for online courses. Those requirements can be found at **https://cops.usdoj.gov/training**.

COPS-AR-0196

Applicants that propose the development and/or delivery of in-person training or development and/or online launch of training should clearly articulate the steps they propose to ensure all content, instructors, and technical requirements meet the requirements set forth by the COPS Office. Applicants should not assume that reviewers are experts in the course they are proposing in the application and should provide specific process steps and information pertinent to achieve effective training outcomes.

If awarded funds to develop and/or deliver training under a cooperative agreement, recipients will be required to follow these guides and comply with all terms outlined in the cooperative agreement.

## Federal Leadership on Reducing Text Messaging While Driving

Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," the COPS Office encourages recipients of U.S. Department of Justice funds to adopt and enforce policies that ban text messaging while driving and to establish workplace safety policies to decrease crashes caused by distracted drivers.

## Increasing Seat Belt Use in the United States

Pursuant to Executive Order 13043, "Increasing Seat Belt Use in the United States," the COPS Office encourages recipients of U.S. Department of Justice funds to adopt and enforce on-the-job seat belt policies and programs for their employees when operating company-owned, rented, or personally owned vehicles.

COPS-AR-0197

# Appendices

## Appendix A. U.S. Department of Justice Certified Standard Assurances

The following is the text of the U.S. Department of Justice Certified Standard Assurances, which the applicant will review and accept electronically in JustGrants as part of the application process.

On behalf of the Applicant, and in support of this application for a grant or cooperative agreement, I certify under penalty of perjury to the U.S. Department of Justice ("Department"), that all of the following are true and correct:

1. I have the authority to make the following representations on behalf of myself and the Applicant. I understand that these representations will be relied upon as material in any Department decision to make an award to the Applicant based on its application.

2. I certify that the Applicant has the legal authority to apply for the federal assistance sought by the application, and that it has the institutional, managerial, and financial capability (including funds sufficient to pay any required non-federal share of project costs) to plan, manage, and complete the project described in the application properly.

3. I assure that, throughout the period of performance for the award (if any) made by the Department based on the application—

    a. the Applicant will comply with all award requirements and all federal statutes and regulations applicable to the award;

    b. the Applicant will require all subrecipients to comply with all applicable award requirements and all applicable federal statutes and regulations; and

    c. the Applicant will maintain safeguards to address and prevent any organizational conflict of interest, and also to prohibit employees from using their positions in any manner that poses, or appears to pose, a personal or financial conflict of interest.

4. The Applicant understands that the federal statutes and regulations applicable to the award (if any) made by the Department based on the application specifically include statutes and regulations pertaining to civil rights and nondiscrimination, and, in addition—

    a. the Applicant understands that the applicable statutes pertaining to civil rights will include section 601 of the Civil Rights Act of 1964 (42 U.S.C. § 2000d); section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); section 901 of the Education Amendments of 1972 (20 U.S.C. § 1681); and section 303 of the Age Discrimination Act of 1975 (42 U.S.C. § 6102);

    b. the Applicant understands that the applicable statutes pertaining to nondiscrimination may include section 809(c) of Title I of the Omnibus Crime Control and Safe Streets Act of 1968 (34 U.S.C. § 10228(c)); section 1407(e) of the Victims of Crime Act of 1984 (34 U.S.C. § 20110(e)); section 299A(b) of the Juvenile Justice and Delinquency Prevention Act of 2002 (34 U.S.C. § 11182(b)); and that the grant condition set out at section 40002(b)(13) of the Violence Against Women Act (34 U.S.C. § 12291(b)(13)), which will apply to all awards made by the Office on Violence Against Women, also may apply to an award made otherwise;

    c. the Applicant understands that it must require any subrecipient to comply with all such applicable statutes (and associated regulations); and

    d. on behalf of the Applicant, I make the specific assurances set out in 28 C.F.R. §§ 42.105 and 42.204.

COPS-AR-0198

5. The Applicant also understands that (in addition to any applicable program-specific regulations and to applicable federal regulations that pertain to civil rights and nondiscrimination) the federal regulations applicable to the award (if any) made by the Department based on the application may include, but are not limited to, 2 C.F.R. Part 2800 (the DOJ "Part 200 Uniform Requirements") and 28 C.F.R. Parts 22 (confidentiality - research and statistical information), 23 (criminal intelligence systems), 38 (regarding faith-based or religious organizations participating in federal financial assistance programs), and 46 (human subjects protection).

6. I assure that the Applicant will assist the Department as necessary (and will require subrecipients and contractors to assist as necessary) with the Department's compliance with section 106 of the National Historic Preservation Act of 1966 (54 U.S.C. § 306108), the Archeological and Historical Preservation Act of 1974 (54 U.S.C. §§ 312501-312508), and the National Environmental Policy Act of 1969 (42 U.S.C. §§ 4321-4335), and 28 C.F.R. Parts 61 (NEPA) and 63 (floodplains and wetlands).

7. I assure that the Applicant will give the Department and the Government Accountability Office, through any authorized representative, access to, and opportunity to examine, all paper or electronic records related to the award (if any) made by the Department based on the application.

8. If this application is for an award from the National Institute of Justice or the Bureau of Justice Statistics pursuant to which award funds may be made available (whether by the award directly or by any subaward at any tier) to an institution of higher education (as defined at 34 U.S.C. § 10251(a)(17)), I assure that, if any award funds actually are made available to such an institution, the Applicant will require that, throughout the period of performance—

   a. each such institution comply with any requirements that are imposed on it by the First Amendment to the Constitution of the United States; and

   b. subject to par. a, each such institution comply with its own representations, if any, concerning academic freedom, freedom of inquiry and debate, research independence, and research integrity, at the institution, that are included in promotional materials, in official statements, in formal policies, in applications for grants (including this award application), for accreditation, or for licensing, or in submissions relating to such grants, accreditation, or licensing, or that otherwise are made or disseminated to students, to faculty, or to the general public.

9. I assure that, if the Applicant is a governmental entity, with respect to the award (if any) made by the Department based on the application—

   a. it will comply with the requirements of the Uniform Relocation Assistance and Real Property Acquisitions Act of 1970 (42 U.S.C. §§ 4601-4655), which govern the treatment of persons displaced as a result of federal and federally-assisted programs; and

   b. it will comply with requirements of 5 U.S.C. §§ 1501-1508 and 7324-7328, which limit certain political activities of State or local government employees whose principal employment is in connection with an activity financed in whole or in part by federal assistance.

10. If the Applicant applies for and receives an award from the Office of Community Oriented Policing Services (COPS Office), I assure that as required by 34 U.S.C. § 10382(c)(11), it will, to the extent practicable and consistent with applicable law--including, but not limited to, the Indian Self-Determination and Education Assistance Act--seek, recruit, and hire qualified members of racial and ethnic minority groups and qualified women in order to further effective law enforcement by increasing their ranks within the sworn positions, as provided under 34 U.S.C. § 10382(c)(11).

COPS-AR-0199

11. If the Applicant applies for and receives a DOJ award under the STOP School Violence Act program, I assure as required by 34 U.S.C. § 10552(a)(3), that it will maintain and report such data, records, and information (programmatic and financial) as DOJ may reasonably require.

I acknowledge that a materially false, fictitious, or fraudulent statement (or concealment or omission of a material fact) in this certification, or in the application that it supports, may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271- 10273), and also may subject me and the Applicant to civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. §§ 3729-3730 and 3801-3812). I also acknowledge that the Department's awards, including certifications provided in connection with such awards, are subject to review by the Department, including by its Office of the Inspector General.

COPS-AR-0200

# Appendix B. U.S. Department of Justice Certifications Regarding Lobbying; Debarment, Suspension, and Other Responsibility Matters; Drug-Free Workplace Requirements; Law Enforcement and Community Policing

The following are the texts of certifications which the applicant will be expected to review and accept electronically as appropriate.

Applicants should refer to the regulations and other requirements cited below to determine the certification to which they are required to attest. Applicants should also review the instructions for certification included in the regulations or other cited requirements before completing this form. The certifications shall be treated as a material representation of fact upon which reliance will be placed when the U.S. Department of Justice ("Department") determines to award the covered transaction, grant, or cooperative agreement.

1.  LOBBYING

    As required by 31 U.S.C. § 1352, as implemented by 28 C.F.R. Part 69, the Applicant certifies and assures (to the extent applicable) the following:

    (a) No Federal appropriated funds have been paid or will be paid, by or on behalf of the Applicant, to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the making of any Federal grant, the entering into of any cooperative agreement, or the extension, continuation, renewal, amendment, or modification of any Federal grant or cooperative agreement;

    (b) If the Applicant's request for Federal funds is in excess of $100,000, and any funds other than Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a member of Congress, an officer or employee of Congress, or an employee of a member of Congress in connection with this Federal grant or cooperative agreement, the Applicant shall complete and submit Standard Form - LLL, "Disclosure of Lobbying Activities" in accordance with its (and any DOJ awarding agency's) instructions; and

    (c) The Applicant shall require that the language of this certification be included in the award documents for all subgrants and procurement contracts (and their subcontracts) funded with Federal award funds and shall ensure that any certifications or lobbying disclosures required of recipients of such subgrants and procurement contracts (or their subcontractors) are made and filed in accordance with 31 U.S.C. § 1352.

2.  DEBARMENT, SUSPENSION, AND OTHER RESPONSIBILITY MATTERS

    A.  Pursuant to Department regulations on nonprocurement debarment and suspension implemented at 2 C.F.R. Part 2867, and to other related requirements, the Applicant certifies, with respect to prospective participants in a primary tier "covered transaction," as defined at 2 C.F.R. § 2867.20(a), that neither it nor any of its principals—

    (a) is presently debarred, suspended, proposed for debarment, declared ineligible, sentenced to a denial of Federal benefits by a State or Federal court, or voluntarily excluded from covered transactions by any Federal department or agency;

17

    (b)  has within a three-year period preceding this application been convicted of a felony criminal violation under any Federal law, or been convicted or had a civil judgment rendered against it for commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, State, tribal, or local) transaction or private agreement or transaction; violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, tax evasion or receiving stolen property, making false claims, or obstruction of justice, or commission of any offense indicating a lack of business integrity or business honesty that seriously and directly affects its (or its principals') present responsibility;

    (c)  is presently indicted for or otherwise criminally or civilly charged by a governmental entity (Federal, State, tribal, or local) with commission of any of the offenses enumerated in paragraph (b) of this certification; and/or

    (d)  has within a three-year period preceding this application had one or more public transactions (Federal, State, tribal, or local) terminated for cause or default.

  B.  Where the Applicant is unable to certify to any of the statements in this certification, it shall attach an explanation to this application. Where the Applicant or any of its principals was convicted, within a three-year period preceding this application, of a felony criminal violation under any Federal law, the Applicant also must disclose such felony criminal conviction in writing to the Department (for OJP Applicants, to OJP at **Ojpcompliancereporting@usdoj.gov**; for OVW Applicants, to OVW at **OVW.GFMD@usdoj.gov**; or for COPS Applicants, to COPS at **AskCOPSRC@usdoj.gov**), unless such disclosure has already been made.

3.  FEDERAL TAXES

  A.  If the Applicant is a corporation, it certifies either that (1) the corporation has no unpaid Federal tax liability that has been assessed, for which all judicial and administrative remedies have been exhausted or have lapsed, that is not being paid in a timely manner pursuant to an agreement with the authority responsible for collecting the tax liability, or (2) the corporation has provided written notice of such an unpaid tax liability (or liabilities) to the Department (for OJP Applicants, to OJP at **Ojpcompliancereporting@usdoj.gov**; for OVW Applicants, to OVW at **OVW.GFMD@usdoj.gov**; or for COPS Applicants, to COPS at **AskCOPSRC@usdoj.gov**).

  B.  Where the Applicant is unable to certify to any of the statements in this certification, it shall attach an explanation to this application.

4.  DRUG-FREE WORKPLACE (GRANTEES OTHER THAN INDIVIDUALS)

As required by the Drug-Free Workplace Act of 1988, as implemented at 28 C.F.R. Part 83, Subpart F, for grantees, as defined at 28 C.F.R. §§ 83.620 and 83.650

  A.  The Applicant certifies and assures that it will, or will continue to, provide a drug-free workplace by—

    (a)  Publishing a statement notifying employees that the unlawful manufacture, distribution, dispensing, possession, or use of a controlled substance is prohibited in its workplace and specifying the actions that will be taken against employees for violation of such prohibition;

    (b)  Establishing an on-going drug-free awareness program to inform employees about—

      (1)  The dangers of drug abuse in the workplace;

      (2)  The Applicant's policy of maintaining a drug-free workplace;

      (3)  Any available drug counseling, rehabilitation, and employee assistance programs; and

      (4)  The penalties that may be imposed upon employees for drug abuse violations occurring in the workplace;

COPS-AR-0202

(c)  Making it a requirement that each employee to be engaged in the performance of the award be given a copy of the statement required by paragraph (a);

(d)  Notifying the employee in the statement required by paragraph (a) that, as a condition of employment under the award, the employee will—

(1)  Abide by the terms of the statement; and

(2)  Notify the employer in writing of the employee's conviction for a violation of a criminal drug statute occurring in the workplace no later than five calendar days after such conviction;

(e)  Notifying the Department, in writing, within 10 calendar days after receiving notice under subparagraph (d)(2) from an employee or otherwise receiving actual notice of such conviction. Employers of convicted employees must provide notice, including position title of any such convicted employee to the Department, as follows

For COPS award recipients - COPS Office, 145 N Street, NE, Washington, DC, 20530;

For OJP and OVW award recipients - U.S. Department of Justice, Office of Justice Programs, ATTN: Control Desk, 810 7th Street, N.W., Washington, D.C. 20531.

Notice shall include the identification number(s) of each affected award;

(f)  Taking one of the following actions, within 30 calendar days of receiving notice under subparagraph (d)(2), with respect to any employee who is so convicted:

(1)  Taking appropriate personnel action against such an employee, up to and including termination, consistent with the requirements of the Rehabilitation Act of 1973, as amended; or

(2)  Requiring such employee to participate satisfactorily in a drug abuse assistance or rehabilitation program approved for such purposes by a Federal, State, or local health, law enforcement, or other appropriate agency; and

(g)  Making a good faith effort to continue to maintain a drug-free workplace through implementation of paragraphs (a), (b), (c), (d), (e), and (f).

5.   COORDINATION REQUIRED UNDER PUBLIC SAFETY AND COMMUNITY POLICING PROGRAMS

As required by the Public Safety Partnership and Community Policing Act of 1994, at 34 U.S.C. § 10382(c)(5), if this application is for a COPS award, the Applicant certifies that there has been appropriate coordination with all agencies that may be affected by its award. Affected agencies may include, among others, Offices of the United States Attorneys; State, local, or tribal prosecutors; or correctional agencies.

I acknowledge that a materially false, fictitious, or fraudulent statement (or concealment or omission of a material fact) in this certification, or in the application that it supports, may be the subject of criminal prosecution (including under 18 U.S.C. §§ 1001 and/or 1621, and/or 34 U.S.C. §§ 10271- 10273), and also may subject me and the Applicant to civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. §§ 3729-3730 and 3801-3812). I also acknowledge that the Department's awards, including certifications provided in connection with such awards, are subject to review by the Department, including by its Office of the Inspector General.

COPS-AR-0203

# Appendix C. 2 C.F.R. Part 200, Appendix II to Part 200—Contract Provisions for Non-Federal Entity Contracts Under Federal Awards

In addition to other provisions required by the Federal agency or non-Federal entity, all contracts made by the non-Federal entity under the Federal award must contain provisions covering the following, as applicable.

(A) Contracts for more than the simplified acquisition threshold, which is the inflation adjusted amount determined by the Civilian Agency Acquisition Council and the Defense Acquisition Regulations Council (Councils) as authorized by 41 U.S.C. 1908, must address administrative, contractual, or legal remedies in instances where contractors violate or breach contract terms, and provide for such sanctions and penalties as appropriate.

(B) All contracts in excess of $10,000 must address termination for cause and for convenience by the non-Federal entity including the manner by which it will be effected and the basis for settlement.

(C) Equal Employment Opportunity. Except as otherwise provided under 41 CFR Part 60, all contracts that meet the definition of "federally assisted construction contract" in 41 CFR Part 60-1.3 must include the equal opportunity clause provided under 41 CFR 60-1.4(b), in accordance with Executive Order 11246, "Equal Employment Opportunity" (30 FR 12319, 12935, 3 CFR Part, 1964-1965 Comp., p. 339), as amended by Executive Order 11375, "Amending Executive Order 11246 Relating to Equal Employment Opportunity," and implementing regulations at 41 CFR part 60, "Office of Federal Contract Compliance Programs, Equal Employment Opportunity, Department of Labor."

(D) Davis-Bacon Act, as amended (40 U.S.C. 3141-3148). When required by Federal program legislation, all prime construction contracts in excess of $2,000 awarded by non-Federal entities must include a provision for compliance with the Davis-Bacon Act (40 U.S.C. 3141-3144, and 3146-3148) as supplemented by Department of Labor regulations (29 CFR Part 5, "Labor Standards Provisions Applicable to Contracts Covering Federally Financed and Assisted Construction"). In accordance with the statute, contractors must be required to pay wages to laborers and mechanics at a rate not less than the prevailing wages specified in a wage determination made by the Secretary of Labor. In addition, contractors must be required to pay wages not less than once a week. The non-Federal entity must place a copy of the current prevailing wage determination issued by the Department of Labor in each NOFO. The decision to award a contract or subcontract must be conditioned upon the acceptance of the wage determination. The non-Federal entity must report all suspected or reported violations to the Federal awarding agency. The contracts must also include a provision for compliance with the Copeland "Anti-Kickback" Act (40 U.S.C. 3145), as supplemented by Department of Labor regulations (29 CFR Part 3, "Contractors and Subcontractors on Public Building or Public Work Financed in Whole or in Part by Loans or Grants from the United States"). The Act provides that each contractor or subrecipient must be prohibited from inducing, by any means, any person employed in the construction, completion, or repair of public work, to give up any part of the compensation to which he or she is otherwise entitled. The non-Federal entity must report all suspected or reported violations to the Federal awarding agency.

(E) Contract Work Hours and Safety Standards Act (40 U.S.C. 3701-3708). Where applicable, all contracts awarded by the non-Federal entity in excess of $100,000 that involve the employment of mechanics or laborers must include a provision for compliance with 40 U.S.C. 3702 and 3704, as supplemented by Department of Labor regulations (29 CFR Part 5). Under 40 U.S.C. 3702 of the Act, each contractor must be required to compute the wages of every mechanic and laborer on the basis of a standard work week of 40 hours. Work in excess of the standard work week is permissible provided that the worker is compensated at a rate of not less than one and a half times the basic rate of pay for all hours worked in excess of 40 hours in the work week. The requirements of 40 U.S.C. 3704 are applicable to construction work and provide that no laborer or mechanic must be required to

COPS-AR-0204

work in surroundings or under working conditions which are unsanitary, hazardous or dangerous. These requirements do not apply to the purchases of supplies or materials or articles ordinarily available on the open market, or contracts for transportation or transmission of intelligence.

(F) Rights to Inventions Made Under a Contract or Agreement. If the Federal award meets the definition of "funding agreement" under 37 CFR §401.2 (a) and the recipient or subrecipient wishes to enter into a contract with a small business firm or nonprofit organization regarding the substitution of parties, assignment or performance of experimental, developmental, or research work under that "funding agreement," the recipient or subrecipient must comply with the requirements of 37 CFR Part 401, "Rights to Inventions Made by Nonprofit Organizations and Small Business Firms Under Government Grants, Contracts and Cooperative Agreements," and any implementing regulations issued by the awarding agency.

(G) Clean Air Act (42 U.S.C. 7401-7671q.) and the Federal Water Pollution Control Act (33 U.S.C. 1251-1387), as amended—Contracts and subgrants of amounts in excess of $150,000 must contain a provision that requires the non-Federal award to agree to comply with all applicable standards, orders or regulations issued pursuant to the Clean Air Act (42 U.S.C. 7401-7671q) and the Federal Water Pollution Control Act as amended (33 U.S.C. 1251-1387). Violations must be reported to the Federal awarding agency and the Regional Office of the Environmental Protection Agency (EPA).

(H) Debarment and Suspension (Executive Orders 12549 and 12689)—A contract award (see 2 CFR 180.220) must not be made to parties listed on the governmentwide exclusions in the System for Award Management (SAM), in accordance with the OMB guidelines at 2 CFR 180 that implement Executive Orders 12549 (3 CFR part 1986 Comp., p. 189) and 12689 (3 CFR part 1989 Comp., p. 235), "Debarment and Suspension." SAM Exclusions contains the names of parties debarred, suspended, or otherwise excluded by agencies, as well as parties declared ineligible under statutory or regulatory authority other than Executive Order 12549.

(I) Byrd Anti-Lobbying Amendment (31 U.S.C. 1352)—Contractors that apply or bid for an award exceeding $100,000 must file the required certification. Each tier certifies to the tier above that it will not and has not used Federal appropriated funds to pay any person or organization for influencing or attempting to influence an officer or employee of any agency, a member of Congress, officer or employee of Congress, or an employee of a member of Congress in connection with obtaining any Federal contract, grant or any other award covered by 31 U.S.C. 1352. Each tier must also disclose any lobbying with non-Federal funds that takes place in connection with obtaining any Federal award. Such disclosures are forwarded from tier to tier up to the non-Federal award.

(J) See §200.323.

(K) See §200.216.

(L) See §200.322.

[78 FR 78608, Dec. 26, 2013, as amended at 79 FR 75888, Dec. 19, 2014; 85 FR 49577, Aug. 13, 2020]

COPS-AR-0205

# Appendix D. 2 C. F. R. Part 200, Appendix XII to Part 200—Award Term and Condition for Recipient Integrity and Performance Matters

I. Reporting of Matters Related to Recipient Integrity and Performance

*(a). General Reporting Requirement*

(1) If the total value of your currently active grants, cooperative agreements, and procurement contracts from all Federal awarding agencies exceeds $10,000,000 for any period of time during the period of performance of this Federal award, then you as the recipient during that period of time must maintain the currency of information reported to the System for Award Management (SAM) that is made available in the designated integrity and performance system (currently the Federal Awardee Performance and Integrity Information System (FAPIIS)) about civil, criminal, or administrative proceedings described in paragraph 2 of this award term and condition. This is a statutory requirement under section 872 of Public Law 110-417, as amended (41 U.S.C. 2313). As required by section 3010 of Public Law 111-212, all information posted in the designated integrity and performance system on or after April 15, 2011, except past performance reviews required for Federal procurement contracts, will be publicly available.

*2. Proceedings About Which You Must Report*

(1) Submit the information required about each proceeding that:

> (i). Is in connection with the award or performance of a grant, cooperative agreement, or procurement contract from the Federal Government;

> (ii). Reached its final disposition during the most recent five-year period; and

> (iii). Is one of the following:

>> (A) A criminal proceeding that resulted in a conviction, as defined in paragraph 5 of this award term and condition;

>> (B) A civil proceeding that resulted in a finding of fault and liability and payment of a monetary fine, penalty, reimbursement, restitution, or damages of $5,000 or more;

>> (C) An administrative proceeding, as defined in paragraph 5. of this award term and condition, that resulted in a finding of fault and liability and your payment of either a monetary fine or penalty of $5,000 or more or reimbursement, restitution, or damages in excess of $100,000; or

>> (D) Any other criminal, civil, or administrative proceeding if:

>>> (1) It could have led to an outcome described in paragraph 2.c.(1), (2), or (3) of this award term and condition;

>>> (2) It had a different disposition arrived at by consent or compromise with an acknowledgment of fault on your part; and

>>> (3) The requirement in this award term and condition to disclose information about the proceeding does not conflict with applicable laws and regulations.

COPS-AR-0206

*c. Reporting Procedures*

Enter in the SAM Entity Management area the information that SAM requires about each proceeding described in paragraph 2 of this award term and condition. You do not need to submit the information a second time under assistance awards that you received if you already provided the information through SAM because you were required to do so under Federal procurement contracts that you were awarded.

*d. Reporting Frequency*

During any period of time when you are subject to the requirement in paragraph 1 of this award term and condition, you must report proceedings information through SAM for the most recent five year period, either to report new information about any proceeding(s) that you have not reported previously or affirm that there is no new information to report. Recipients that have Federal contract, grant, and cooperative agreement awards with a cumulative total value greater than $10,000,000 must disclose semiannually any information about the criminal, civil, and administrative proceedings.

*e. Definitions*

For purposes of this award term and condition:

> *Administrative proceeding* means a non-judicial process that is adjudicatory in nature in order to make a determination of fault or liability (e.g., Securities and Exchange Commission Administrative proceedings, Civilian Board of Contract Appeals proceedings, and Armed Services Board of Contract Appeals proceedings). This includes proceedings at the Federal and State level but only in connection with performance of a Federal contract or grant. It does not include audits, site visits, corrective plans, or inspection of deliverables.

> *Conviction,* for purposes of this award term and condition, means a judgment or conviction of a criminal offense by any court of competent jurisdiction, whether entered upon a verdict or a plea, and includes a conviction entered upon a plea of nolo contendere.

> Total value of currently active grants, cooperative agreements, and procurement contracts includes—

>> (1) Only the Federal share of the funding under any Federal award with a recipient cost share or match; and

>> (2) The value of all expected funding increments under a Federal award and options, even if not yet exercised.

B. [Reserved]

[80 FR 43310, July 22, 2015, as amended at 85 FR 49582, Aug. 13, 2020]

COPS-AR-0207

# Appendix E. 41 U.S.C. § 4712 - Enhancement of contractor protection from reprisal for disclosure of certain information

**(a) Prohibition of reprisals.**

**(1)** In general. An employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

**(2)** Persons and bodies covered. The persons and bodies described in this paragraph are the persons and bodies as follows:

**(A)** A Member of Congress or a representative of a committee of Congress.

**(B)** An Inspector General.

**(C)** The Government Accountability Office.

**(D)** A Federal employee responsible for contract or grant oversight or management at the relevant agency.

**(E)** An authorized official of the Department of Justice or other law enforcement agency.

**(F)** A court or grand jury.

**(G)** A management official or other employee of the contractor, subcontractor, grantee, subgrantee, or personal services contractor who has the responsibility to investigate, discover, or address misconduct.

**(3)** Rules of construction. For the purposes of paragraph (1)—

**(A)** an employee who initiates or provides evidence of contractor, subcontractor, grantee, subgrantee, or personal services contractor misconduct in any judicial or administrative proceeding relating to waste, fraud, or abuse on a Federal contract or grant shall be deemed to have made a disclosure covered by such paragraph; and

**(B)** a reprisal described in paragraph (1) is prohibited even if it is undertaken at the request of an executive branch official, unless the request takes the form of a non-discretionary directive and is within the authority of the executive branch official making the request.

**(b) Investigation of complaints.**

**(1)** Submission of complaint. A person who believes that the person has been subjected to a reprisal prohibited by subsection (a) may submit a complaint to the Inspector General of the executive agency involved. Unless the Inspector General determines that the complaint is frivolous, fails to allege a

COPS-AR-0208

violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant, the Inspector General shall investigate the complaint and, upon completion of such investigation, submit a report of the findings of the investigation to the person, the contractor, subcontractor, grantee, subgrantee, or personal services contractor concerned, and the head of the agency.

**(2)** Inspector General action.

**(A)** Determination or submission of report on findings. Except as provided under subparagraph (B), the Inspector General shall make a determination that a complaint is frivolous, fails to allege a violation of the prohibition in subsection (a), or has previously been addressed in another Federal or State judicial or administrative proceeding initiated by the complainant or submit a report under paragraph (1) within 180 days after receiving the complaint.

**(B)** Extension of time. If the Inspector General is unable to complete an investigation in time to submit a report within the 180-day period specified in subparagraph (A) and the person submitting the complaint agrees to an extension of time, the Inspector General shall submit a report under paragraph (1) within such additional period of time, up to 180 days, as shall be agreed upon between the Inspector General and the person submitting the complaint.

**(3)** Prohibition on disclosure. The Inspector General may not respond to any inquiry or disclose any information from or about any person alleging the reprisal, except to the extent that such response or disclosure is—

**(A)** made with the consent of the person alleging the reprisal;

**(B)** made in accordance with the provisions of section 552a of title 5 [5 USCS § 552a] or as required by any other applicable Federal law; or

**(C)** necessary to conduct an investigation of the alleged reprisal.

**(4)** Time limitation. A complaint may not be brought under this subsection more than three years after the date on which the alleged reprisal took place.

**(c) Remedy and enforcement authority.**

**(1)** In general. Not later than 30 days after receiving an Inspector General report pursuant to subsection (b), the head of the executive agency concerned shall determine whether there is sufficient basis to conclude that the contractor, subcontractor, grantee, subgrantee, or personal services contractor concerned has subjected the complainant to a reprisal prohibited by subsection (a) and shall either issue an order denying relief or shall take one or more of the following actions:

**(A)** Order the contractor, subcontractor, grantee, subgrantee, or personal services contractor to take affirmative action to abate the reprisal.

**(B)** Order the contractor, subcontractor, grantee, subgrantee, or personal services contractor to reinstate the person to the position that the person held before the reprisal, together with compensatory damages (including back pay), employment benefits, and other terms and

25

conditions of employment that would apply to the person in that position if the reprisal had not been taken.

**(C)** Order the contractor, subcontractor, grantee, subgrantee, or personal services contractor to pay the complainant an amount equal to the aggregate amount of all costs and expenses (including attorneys' fees and expert witnesses' fees) that were reasonably incurred by the complainant for, or in connection with, bringing the complaint regarding the reprisal, as determined by the head of the executive agency.

**(D)** Consider disciplinary or corrective action against any official of the executive agency, if appropriate.

**(2)** Exhaustion of remedies. If the head of an executive agency issues an order denying relief under paragraph (1) or has not issued an order within 210 days after the submission of a complaint under subsection (b), or in the case of an extension of time under paragraph (b)(2)(B), not later than 30 days after the expiration of the extension of time, and there is no showing that such delay is due to the bad faith of the complainant, the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may bring a de novo action at law or equity against the contractor, subcontractor, grantee, subgrantee, or personal services contractor to seek compensatory damages and other relief available under this section in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy. Such an action shall, at the request of either party to the action, be tried by the court with a jury. An action under this paragraph may not be brought more than two years after the date on which remedies are deemed to have been exhausted.

**(3)** Admissibility of evidence. An Inspector General determination and an agency head order denying relief under paragraph (2) shall be admissible in evidence in any de novo action at law or equity brought pursuant to this subsection.

**(4)** Enforcement of orders. Whenever a person fails to comply with an order issued under paragraph (1), the head of the executive agency concerned shall file an action for enforcement of such order in the United States district court for a district in which the reprisal was found to have occurred. In any action brought under this paragraph, the court may grant appropriate relief, including injunctive relief, compensatory and exemplary damages, and attorney fees and costs. The person upon whose behalf an order was issued may also file such an action or join in an action filed by the head of the executive agency.

**(5)** Judicial review. Any person adversely affected or aggrieved by an order issued under paragraph (1) may obtain review of the order's conformance with this subsection, and any regulations issued to carry out this section, in the United States court of appeals for a circuit in which the reprisal is alleged in the order to have occurred. No petition seeking such review may be filed more than 60 days after issuance of the order by the head of the executive agency. Review shall conform to chapter 7 of title 5. Filing such an appeal shall not act to stay the enforcement of the order of the head of an executive agency, unless a stay is specifically entered by the court.

**(6)** Burdens of proof. The legal burdens of proof specified in section 1221(e) of title 5 [5 USCS § 1221(e)] shall be controlling for the purposes of any investigation conducted by an Inspector General, decision by the head of an executive agency, or judicial or administrative proceeding to determine whether discrimination prohibited under this section has occurred.

COPS-AR-0210

**(7)** Rights and remedies not waivable. The rights and remedies provided for in this section may not be waived by any agreement, policy, form, or condition of employment.

**(d) Notification of employees.** The head of each executive agency shall ensure that contractors, subcontractors, grantees, subgrantees, and personal services contractors of the agency inform their employees in writing of the rights and remedies provided under this section, in the predominant native language of the workforce.

**(e) Construction.** Nothing in this section may be construed to authorize the discharge of, demotion of, or discrimination against an employee for a disclosure other than a disclosure protected by subsection (a) or to modify or derogate from a right or remedy otherwise available to the employee.

**(f) Exceptions.**

**(1)** This section shall not apply to any element of the intelligence community, as defined in section 3(4) of the National Security Act of 1947 (50 U.S.C. 401a(4)).

**(2)** This section shall not apply to any disclosure made by an employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor of an element of the intelligence community if such disclosure—

**(A)** relates to an activity of an element of the intelligence community; or

**(B)** was discovered during contract, subcontract, grantee, subgrantee, or personal services contractor services provided to an element of the intelligence community.

**(g) Definitions.** In this section:

**(1)** The term "abuse of authority" means an arbitrary and capricious exercise of authority that is inconsistent with the mission of the executive agency concerned or the successful performance of a contract or grant of such agency.

**(2)** The term "Inspector General" means an Inspector General appointed under chapter 4 of title 5 [5 USCS §§ 401 et seq.] and any Inspector General that receives funding from, or has oversight over contracts or grants awarded for or on behalf of, the executive agency concerned.

**(h) Construction.** Nothing in this section, or the amendments made by this section, shall be construed to provide any rights to disclose classified information not otherwise provided by law.

**(i) [Deleted]**

[Added Jan. 2, 2013, P. L. 112-239, Div A, Title VIII, Subtitle C, § 828(a)(1), 126 Stat. 1837; Dec. 26, 2013, P. L. 113-66, Div A, Title X, Subtitle I, § 1091(e), 127 Stat. 876; Dec. 16, 2016, P. L. 114-261, § 1(a)(2), (3)(A), 130 Stat. 1362; Dec. 27, 2020, P.L. 116-260, Div U, Title VIII, § 801, 134 Stat. 2297; Dec. 23, 2022, P.L. 117-263, Div A, Title VIII, Subtitle A, § 807(b), 136 Stat. 2704; Dec. 27, 2022, P.L. 117-286, § 4(b)(74), 136 Stat. 4351.]

COPS-AR-0211

# Appendix F. Federal Funding Accountability and Transparency Act (FFATA)—Reporting Subaward and Executive Compensation Award Term

2 C.F.R. Part 170, Appendix A to Part 170—Award term

## I. REPORTING SUBAWARDS AND EXECUTIVE COMPENSATION

*a. Reporting of first-tier subawards—*

> 1. *Applicability.* Unless the recipient is exempt as provided in paragraph (d) of this award term, the recipient must report each subaward that equals or exceeds $30,000 in Federal funds for a subaward to an entity or Federal agency. The recipient must also report a subaward if a modification increases the Federal funding to an amount that equals or exceeds $30,000. All reported subawards should reflect the total amount of the subaward.
>
> 2. *Reporting Requirements.*
>> (i) The recipient must report each subaward described in paragraph (a)(1) of this award term to the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) at **http://www.fsrs.gov**.
>>
>> (ii) For subaward information, report no later than the end of the month following the month in which the subaward was issued. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025).

*b. Reporting total compensation of recipient executives for non-Federal entities—*

1. *Applicability.* The recipient must report the total compensation for each of the recipient's five most highly compensated executives for the preceding completed fiscal year if:

> i. The total Federal funding authorized to date under this Federal award equals or exceeds $30,000;
>
> ii. in the preceding fiscal year, the recipient received:
>> (A) 80 percent or more of the recipient's annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act, and
>>
>> (B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,
>
> iii. The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at **http://www.sec.gov/answers/execomp.htm**.)

COPS-AR-0212

2. *Reporting Requirements.* The recipient must report executive total compensation described in paragraph (b)(1) of this appendix:

    i. As part of the recipient's registration profile at *https://www.sam.gov.*

    ii. No later than the month following the month in which this Federal award is made, and annually after that. (For example, if this Federal award was made on November 7, 2025, the executive total compensation must be reported by no later than December 31, 2025.)

c. *Reporting of total compensation of subrecipient executives—*

    1. *Applicability.* Unless a first-tier subrecipient is exempt as provided in paragraph (d) of this appendix, the recipient must report the executive total compensation of each of the subrecipient's five most highly compensated executives for the subrecipient's preceding completed fiscal year, if:

        i. The total Federal funding authorized to date under the subaward equals or exceeds $30,000;

        ii. in the subrecipient's preceding fiscal year, the subrecipient received:

            (A) 80 percent or more of its annual gross revenues from Federal procurement contracts (and subcontracts) and Federal awards (and subawards) subject to the Transparency Act; and,

            (B) $25,000,000 or more in annual gross revenues from Federal procurement contracts (and subcontracts), and Federal awards (and subawards) subject to the Transparency Act; and

        iii. The public does not have access to information about the compensation of the executives through periodic reports filed under section 13(a) or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m(a), 78o(d)) or section 6104 of the Internal Revenue Code of 1986. (To determine if the public has access to the compensation information, see the U.S. Security and Exchange Commission total compensation filings at **http://www.sec.gov/answers/execomp.htm**.)

    2. *Reporting Requirements.* Subrecipients must report to the recipient their executive total compensation described in paragraph (c)(1) of this appendix. The recipient is required to submit this information to the Federal Funding Accountability and Transparency Act Subaward Reporting System (FSRS) at **http://www.fsrs.gov** no later than the end of the month following the month in which the subaward was made. (For example, if the subaward was made on November 7, 2025, the subaward must be reported by no later than December 31, 2025).

d. *Exemptions.*

    1. A recipient with gross income under $300,000 in the previous tax year is exempt from the requirements to report:

        i. Subawards, and

        ii. The total compensation of the five most highly compensated executives of any subrecipient.

e. *Definitions.* For purposes of this award term:

COPS-AR-0213

*Entity* includes:

    (1) Whether for profit or nonprofit:

        (i) A corporation;

        (ii) An association;

        (iii) A partnership;

        (iv) A limited liability company;

        (v) A limited liability partnership;

        (vi) A sole proprietorship;

        (vii) Any other legal business entity;

        (viii) Another grantee or contractor that is not excluded by subparagraph (2); and

        (ix) Any State or locality;

    (2) Does not include:

        (i) An individual recipient of Federal financial assistance; or

        (ii) A Federal employee.

*Executive* means an officer, managing partner, or any other employee holding a management position.

*Subaward* has the meaning given in **2 CFR 200.1**.

*Subrecipient* has the meaning given in **2 CFR 200.1**.

*Total Compensation* means the cash and noncash dollar value an executive earns during an entity's preceding fiscal year. This includes all items of compensation as prescribed in **17 CFR 229.402(c)(2)**.

*[**89 FR 30111**, Apr. 22, 2024, as amended at **89 FR 79732**, Oct. 1, 2024]*

COPS-AR-0214

# Appendix G. System for Award Management (SAM) and Universal Identifier Award Term

2 C.F.R. Part 25, Appendix A to Part 25—Award Term

**I.** System for Award Management and Universal Identifier Requirements

**A.** Requirement for System for Award Management

Unless you are exempted from this requirement under 2 CFR 25.110, you as the recipient must maintain current information in the SAM. This includes information on your immediate and highest level owner and subsidiaries, as well as on all of your predecessors that have been awarded a Federal contract or Federal financial assistance within the last three years, if applicable, until you submit the final financial report required under this Federal award or receive the final payment, whichever is later. This requires that you review and update the information at least annually after the initial registration, and more frequently if required by changes in your information or another Federal award term.

**B.** Requirement for Unique Entity Identifier

If you are authorized to make subawards under this Federal award, you:

**1.** Must notify potential subrecipients that no entity (see definition in paragraph C of this award term) may receive a subaward from you until the entity has provided its Unique Entity Identifier to you.

**2.** May not make a subaward to an entity unless the entity has provided its Unique Entity Identifier to you. Subrecipients are not required to obtain an active SAM registration, but must obtain a Unique Entity Identifier.

**C.** Definitions

For purposes of this term:

**1.** System for Award Management (SAM) means the Federal repository into which a recipient must provide information required for the conduct of business as a recipient. Additional information about registration procedures may be found at the SAM internet site (currently at https:// www.sam.gov).

**2.** Unique Entity Identifier means the identifier assigned by SAM to uniquely identify business entities.

COPS-AR-0215

**3.** Entity includes non-Federal entities as defined at 2 CFR 200.1 and also includes all of the following, for purposes of this part:

 **a.** A foreign organization;

 **b.** A foreign public entity;

 **c.** A domestic for-profit organization; and

 **d.** A Federal agency.

**4.** Subaward has the meaning given in 2 CFR 200.1.

**5.** Subrecipient has the meaning given in 2 CFR 200.1.

[75 FR 55671, 55673, Sept. 14, 2010; 79 FR 75871, Dec. 19, 2014; 80 FR 54407, Sept. 10, 2015; 85 FR 49506, 49525, Aug. 13, 2020; 86 FR 10439, Feb. 22, 2021]

COPS-AR-0216

# Appendix H. Prohibited Conduct by Recipients and Subrecipients Related to Trafficking in Persons (Including Reporting Requirements and COPS Office Authority to Terminate Award)

**Condition:**

The recipient and subrecipient agree to comply with the requirements in 2 C.F.R. § 175.15(b) – Award Term:

I. Trafficking in persons.

(a) Provisions applicable to a recipient that is a private entity.

(1) Under this award, the recipient, its employees, subrecipients under this award, and subrecipient's employees must not engage in:

(i) Severe forms of trafficking in persons;

(ii) The procurement of a commercial sex act during the period of time that this award or any subaward is in effect;

(iii) The use of forced labor in the performance of this award or any subaward; or

(iv) Acts that directly support or advance trafficking in persons, including the following acts:

(A) Destroying, concealing, removing, confiscating, or otherwise denying an employee access to that employee's identity or immigration documents;

(B) Failing to provide return transportation or pay for return transportation costs to an employee from a country outside the United States to the country from which the employee was recruited upon the end of employment if requested by the employee, unless:

(*1*) Exempted from the requirement to provide or pay for such return transportation by the Federal department or agency providing or entering into the grant or cooperative agreement; or

(*2*) The employee is a victim of human trafficking seeking victim services or legal redress in the country of employment or a witness in a human trafficking enforcement action;

(C) Soliciting a person for the purpose of employment, or offering employment, by means of materially false or fraudulent pretenses, representations, or promises regarding that employment;

(D) Charging recruited employees a placement or recruitment fee; or

(E) Providing or arranging housing that fails to meet the host country's housing and safety standards

COPS-AR-0217

(2). The Federal agency may unilaterally terminate this award or take any remedial actions authorized by **22 U.S.C. 7104b(c)**, without penalty, if any private entity under this award:

(i) Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or

(ii) Has an employee that is determined to have violated a prohibition in paragraph (a)(1) of this this appendix through conduct that is either:

(A) Associated with the performance under this award; or

(B) Imputed to the recipient or the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in **2 CFR part 180**, "OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement)," as implemented by our agency at [agency must insert reference here to its regulatory implementation of the OMB guidelines in **2 CFR part 180** (for example, "2 CFR part XX")].

(b) Provision applicable to a recipient other than a private entity.

(1) The Federal agency may unilaterally terminate this award or take any remedial actions authorized by **22 U.S.C. 7104b(c)**, without penalty, if a subrecipient that is a private entity under this award:

(i) Is determined to have violated a prohibition in paragraph (a)(1) of this appendix; or

(ii) Has an employee that is determined to have violated a prohibition in paragraph (a)(1) of this appendix through conduct that is either:

(A) Associated with the performance under this award; or

(B) Imputed to the subrecipient using the standards and due process for imputing the conduct of an individual to an organization that are provided in **2 CFR part 180**, "OMB Guidelines to Agencies on Government-wide Debarment and Suspension (Nonprocurement)," as implemented by our agency at [agency must insert reference here to its regulatory implementation of the OMB guidelines in **2 CFR part 180** (for example, "2 CFR part XX")].

(c) Provisions applicable to any recipient.

(1) The recipient must inform the Federal agency and the Inspector General of the Federal agency immediately of any information you receive from any source alleging a violation of a prohibition in paragraph (a)(1) of this appendix.

(2) The Federal agency's right to unilaterally terminate this award as described in paragraphs (a)(2) or (b)(1) of this appendix:

(i) Implements the requirements of **22 U.S.C. 78**, and

(ii) Is in addition to all other remedies for noncompliance that are available to the Federal agency under this award.

COPS-AR-0218

(3) The recipient must include the requirements of paragraph (a)(1) of this award term in any subaward it makes to a private entity.

(4) If applicable, the recipient must also comply with the compliance plan and certification requirements in **2 CFR 175.105(b)**.

(d) Definitions. For purposes of this award term:

*Employee* means either:

(1) An individual employed by the recipient or a subrecipient who is engaged in the performance of the project or program under this award; or

(2) Another person engaged in the performance of the project or program under this award and not compensated by the recipient including, but not limited to, a volunteer or individual whose services are contributed by a third party as an in-kind contribution toward cost sharing requirements.

*Private Entity* means any entity, including for-profit organizations, nonprofit organizations, institutions of higher education, and hospitals. The term does not include foreign public entities, Indian Tribes, local governments, or states as defined in **2 CFR 200.1**.

The terms "severe forms of trafficking in persons," "commercial sex act," "sex trafficking," "Abuse or threatened abuse of law or legal process," "coercion," "debt bondage," and "involuntary servitude" have the meanings given at section 103 of the TVPA, as amended (**22 U.S.C. 7102**).

COPS-AR-0219

3. "Private entity":

    i. Means any entity other than a State, local government, Indian tribe, or foreign public entity, as those terms are defined in 2 CFR 175.25.

    ii. Includes:

        A. A nonprofit organization, including any nonprofit institution of higher education, hospital, or tribal organization other than one included in the definition of Indian tribe at 2 CFR 175.25(b).

        B. A for-profit organization.

4. "Severe forms of trafficking in persons," "commercial sex act," and "coercion" have the meanings given at section 103 of the TVPA, as amended (22 U.S.C. 7102).

COPS-AR-0220

## Appendix I. Compliance with 8 U.S.C. § 1373

Authority to obligate or expend contingent on compliance with this condition.

State or local government entity recipients of this award, and any subrecipient of this award at any tier that is an entity of a state or of a unit of local government, must comply with 8 U.S.C. §1373, which provides that such entities may not prohibit, or in any way restrict, any government entity or official from sending to, receiving from, maintaining, or exchanging information regarding citizenship or immigration status, lawful or unlawful, of any individual with components of the U.S. Department of Homeland Security or any other federal, state or local government entity. This includes any prohibitions or restrictions imposed or established by a state or local government entity or official.

Any obligations or expenditures of a recipient or subrecipient that are impermissible under this condition shall be unallowable costs for purposes of this award.

References to the Immigration and Naturalization Service in 8 U.S.C. 1373 are to be read, as a legal matter, as references to components of the U.S. Department of Homeland Security.

## Appendix J. Blank SF-424 Application for Federal Assistance

For the most current version of the SF-424 form and instructions, please visit **https://grants.gov/forms/forms-repository/sf-424-family**.

## Appendix K. Intergovernmental Review Process, Points of Contact by State

Executive Order 12372 requires applicants from state and local units of government or other organizations or individuals providing service within a state to submit a copy of the application to the state single point of contact (SPOC), if one exists and if this program has been selected for review by the state. Before the application due date, you must contact your state SPOC to find out if this program has been selected for review and comply with the state's process under Executive Order 12372. The Catalog of Federal Domestic Assistance reference for this program is number 16.710, "Public Safety and Community Policing Grants."

A current list of state SPOCs is listed at **https://www.ojp.gov/IntergovernmentalReviewSPOCList.pdf**. States that are not listed have chosen not to participate in the intergovernmental review process and therefore do not have an SPOC.

COPS-AR-0221

# Glossary of Terms

The following information is provided to assist you with the completion of your COPS Office award program application forms. The list includes some of the most common terms that are used in the application forms. For additional assistance or clarification regarding any part of the application, please contact the COPS Office Response Center at **AskCopsRC@usdoj.gov**.

**allowable costs.** Allowable costs are costs that will be paid for by this award program.

**authorized representatives.** The authorized representatives are the individuals in your organization who have final authority and responsibility for all programmatic and financial decisions regarding your application and, if funded, your award. For law enforcement agencies, the listed law enforcement executive (usually chief of police, sheriff, etc.) and the government executive (usually mayor, board president, etc.) are your agency's authorized officials.

**authorized organizational representative (AOR).** A person authorized by your e-business POC to submit applications to Grants.gov. This privilege should be provided only to those individuals who currently have signature authority for submitting award applications. The name of the individual designated as an AOR will be populated by the Grants.gov system in award application package forms, which require signatures. An organization can assign as many AORs to use Grants.gov as necessary.

**award end date.** This is the date until which your agency is authorized to purchase items or hire positions that were approved by the COPS Office. If funded, the award end date is found on your award document. Recipients may not make any purchases or hire any positions after this date without written approval from the COPS Office.

**award number.** If awarded, the award number identifies your agency's specific award, and can be found on your award document. This number should be used as a reference when corresponding with the COPS Office. The COPS Office tracks award information based upon this number.

**award start date.** This is the date on or after which your agency is authorized to purchase items or hire positions that were approved by the COPS Office. If funded, the award start date is found on your award document. Recipients may not make any purchases or hire any positions prior to this date without written approval from the COPS Office.

**career law enforcement officer.** The COPS Office statute defines a career law enforcement officer as a person hired on a permanent basis who is authorized by law or by a state or local public agency to engage in or oversee the prevention, detection, or investigation of violations of criminal laws.

**Catalog of Federal Domestic Assistance (CFDA).** The CFDA is an annual government-wide publication that contains a description and index of all forms of federal assistance. Each program is assigned a CFDA number, which is used by auditors to track award revenues under the Single Audit Act. It is also used in participating states by state single points of contact (SPOC) in conducting the required intergovernmental reviews under Executive Order 12372. The CFDA number for all COPS Office programs is 16.710.

**closeout.** The process in which the awarding agency, the COPS Office, determines that all applicable administrative actions and all required work and conditions of the award have been completed and met by the recipient and awarding agency.

COPS-AR-0222

**Cognizant Federal Agency.** The federal agency that generally provides the most federal financial assistance to the recipient of funds. Cognizance is assigned by the Office of Management and Budget (OMB).

**community policing.** Community policing is a philosophy that promotes organizational strategies that support the systematic use of partnerships and problem-solving techniques to proactively address the immediate conditions that give rise to public safety issues such as violent crime, nonviolent crime, and fear of crime.

**computing devices.** Computing devices are machines used to acquire, store, analyze, process, and publish data and other information electronically, including accessories (or "peripherals") for printing, transmitting, and receiving, or storing electronic information.

**cooperative agreement.** A legal instrument of financial assistance between a federal awarding agency and a non-federal entity to carry out a public purpose authorized by a law of the United States that, consistent with 31 U.S.C. § 6302-6305, provides for substantial involvement between the federal awarding agency and the non-federal entity in carrying out the activity contemplated by the federal award.

**COPS Office.** The Office of Community Oriented Policing Services (COPS Office) is the office within the U.S. Department of Justice that, if awarded, is your grantor or awarding agency for your COPS Office award. The COPS Office is responsible for administering your award for the entire award period. You can reach the COPS Office at **AskCopsRC@usdoj.gov**.

**COPS Office finance staff.** Members of the COPS Office finance staff handle your agency's financial and budgetary needs related to your application. A financial analyst is assigned to your state and is available to answer any questions that you may have concerning the financial aspects of your award, if funded. To identify your state assigned financial analyst, please call the COPS Office Response Center at **AskCopsRC@usdoj.gov**, or visit the COPS Office web site at **https://cops.usdoj.gov**.

**disallowed costs.** Disallowed costs means those charges that are determined to be unallowable, in accordance with the applicable Federal statutes, regulations, or the terms and conditions of the federal award.

**DUNS number.** DUNS stands for "data universal numbering system." DUNS numbers are issued by Dun and Bradstreet (D&B) and consist of nine or thirteen digits. If your institution does not have one, call 866-705-5711 to receive one free of charge. You can also request your DUNS number online at **https://www.dnb.com/us**.

**e-business point of contact (POC).** Your e-business POC is the person who will designate which staff members can submit applications through Grants.gov. When you register with SAM, your institution will be asked to designate an e-Business POC.

**equipment.** Equipment is tangible personal property (including information technology systems) having a useful life of more than one year and a per-unit acquisition cost that equals or exceeds $5,000.

**federally recognized tribe.** Tribal entities that are recognized and eligible for funding and services from the Bureau of Indian Affairs by virtue of their status as Indian tribes. They are acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States as well as the responsibilities, power, limitation, and obligations of such tribes. Only federally recognized tribes are eligible to apply for COPS Office tribal award funds. For further information, contact: Bureau of Indian Affairs, Division of Tribal Government Services, MS-4631-MIB, 1849 C Street NW, Washington, DC 20240, 202-208-2475.

COPS-AR-0223

**grant.** A legal instrument of financial assistance between a federal awarding agency and a non-federal entity to carry out a public purpose authorized by a law of the United States that, consistent with 31 U.S.C. § 6302-6305, does not provide for substantial involvement between the federal awarding agency and the non-Federal entity in carrying out the activity contemplated by the federal award.

**Indian tribe.** For purposes of COPS Office awards, Indian tribe means a tribe, band, pueblo, nation, or other organized group or community of Indians, including an Alaska Native village (as defined in or established under the Alaska Native Claims Settlement Act (43 U.S.C.§ 1601 et seq.), that is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians. See 34 U.S.C. § 10389(3).

**indirect costs.** Indirect (facilities & administrative (F&A)) costs means those costs incurred for a common or joint purpose benefitting more than one cost objective, and not readily assignable to the cost objectives specifically benefitted, without effort disproportionate to the results achieved.

**institutions of higher education (IHE).** Institution of higher education is defined at 20 U.S.C. 1001.

**Local Area Unemployment Statistics (LAUS).** The Bureau of Labor Statistics' LAUS program provides monthly estimates of unemployment for communities. For more information and detailed instructions for looking up your local area's unemployment rate, please visit **https://www.bls.gov/lau/data.htm**.

**local budget cycle.** Your agency's fiscal year. Some common examples include January 1 to December 31, October 1 to September 30, and July 1 to June 30. Some local budget cycles may extend up to 24 months.

**M-PIN.** Password used by your e-business point of contact to designate which staff members can submit applications to Grants.gov.

**matching funds.** What a locality must contribute as a cash match toward total allowable project costs over the life of the program.

**mobile data computer/laptop.** A Mobile Data Computer (MDC) is a computer terminal mounted in a vehicle that is linked via wireless communication to a network that is often integrated with a CAD system. MDCs enable officers to complete previously handwritten reports on a computer. This often eliminates the need to enter duplicate information on multiple reports.

**modified total direct cost.** Modified total direct cost (MTDC) means all direct salaries and wages, applicable fringe benefits, materials and supplies, services, travel, and up to the first $25,000 of each subaward (regardless of the period of performance of the subawards under the award). MTDC excludes equipment, capital expenditures, charges for patient care, rental costs, tuition remission, scholarships and fellowships, participant support costs and the portion of each subaward in excess of $25,000. Other items may only be excluded when necessary to avoid a serious inequity in the distribution of indirect costs, and with the approval of the cognizant agency for indirect costs.

**nonfederal entity.** Nonfederal entity means a state, local government, Indian tribe, institution of higher education, or nonprofit organization that carries out a federal award as a recipient or subrecipient.

COPS-AR-0224

**nonprofit organization.** Nonprofit organization means any corporation, trust, association, cooperative, or other organization, not including institutions of higher education, that is operated primarily for scientific, educational, service, charitable, or similar purposes in the public interest; is not organized primarily for profit; and uses net proceeds to maintain, improve, or expand the operations of the organization.

**obligation of funds.** If this application is awarded, the COPS Office obligates federal funds when the award document is signed by the director or his or her designated official. For the recipient, award funds are obligated when monies are spent directly on purchasing items approved under the award. The term *encumbrance* is often used at the local and state levels to describe this type of transaction. Liquidated obligations are considered cash outlays or monies actually spent. Unliquidated obligations are obligations incurred and recorded but not yet paid (accrual basis of accounting) or not yet recorded and not yet paid (cash basis of accounting).

**OJP vendor number/EIN number.** This is your organization's nine-digit federal tax identification number assigned to you by the IRS. Your accounting/bookkeeping department should have this number. If your EIN previously has been assigned to another organization within your jurisdiction, the Office of the Comptroller will assign a new OJP vendor number to you. The new assigned number is to be used for administrative purposes only, in connection with this award program, and should not be used for IRS purposes.

**ORI (Originating Agency Identifier) number.** This number is assigned by the FBI and is your organization's originating agency identifier. The first two letters are your state abbreviation, the next three numbers are your county's code, and the final two numbers identify your jurisdiction within your county. When you contact the COPS Office with a question, you can use the ORI number, and we will be able to assist you. If you are a previous COPS Office award recipient, you may have been assigned an ORI number through the COPS Office if the FBI had not previously assigned your organization this identifier number.

**participant support costs.** Participant support costs means direct costs for items such as stipends or subsistence allowances, travel allowances, and registration fees paid to or on behalf of participants or trainees (but not employees) in connection with conferences, or training projects.

**primary law enforcement authority.** An agency with primary law enforcement authority is defined as the first responder to calls for service for all types of criminal incidents within its jurisdiction. Agencies are not considered to have primary law enforcement authority if they only respond to or investigate specific type(s) of crime(s); respond to or investigate crimes within a correctional institution; serve warrants; provide courthouse security; transport prisoners; and/or have cases referred to them for investigation or investigational support.

**program income.** Program income means gross income earned by the non-Federal entity that is directly generated by a supported activity or earned as a result of the Federal award during the period of performance.

**Public Safety Partnership and Community Policing Act of 1994.** The COPS Office is charged with fulfilling the mandates of this law. The purposes of the law are to

- increase the number of community policing officers on the beat;
- provide additional and more effective training to law enforcement officers to enhance their problem solving, service, and other skills needed in interacting with members of the community;
- encourage the development and implementation of innovative programs to permit members of the community to assist law enforcement agencies in the prevention of crime;
- encourage the development of new technologies to assist law enforcement agencies in reorienting the emphasis of their activities from reacting to crime to preventing crime.

COPS-AR-0225

**recipient.** The Uniform Guidance defines it as "Recipient means a non-Federal entity that receives a Federal award directly from a Federal awarding agency to carry out an activity under a Federal program. The term recipient does not include subrecipients. See also § 200.69 Non-Federal entity." 2 C.F.R. § 200.86.

**research and development.** Research and development (R&D) means all research activities, both basic and applied, and all development activities that are performed by non-Federal entities. The term "research" also includes activities involving the training of individuals in research techniques where such activities use the same facilities as other research and development activities and where such activities are not included in the instruction function. "Research" is defined as a systematic study directed toward fuller scientific knowledge or understanding of the subject studied. "Development" is the systematic use of knowledge and understanding gained from research directed toward the production of useful materials, devices, systems, or methods, including design and development of prototypes and processes.

**school resource officer (SRO).** A career law enforcement officer, with sworn authority, deployed in community-oriented policing, and assigned by the employing police department or agency to work in collaboration with schools and community-based organizations to (a) address crime and disorder problems, gangs, and drug activities affecting or occurring in our around and elementary or secondary school; (b) deploy or expand crime prevention efforts for students; (C) educate likely school-age victims in crime prevention and safety; (d) develop or expand community justice initiatives for students; (e) train students in conflict resolution, restorative justice, and crime awareness; (f) assist in the identification of physical changes in the environment that may reduce crime in or around the school; and (g) assist in developing school policy that addresses crime and to recommend procedural changes.

**simplified acquisition threshold.** Simplified acquisition threshold means the dollar amount below which a non-Federal entity may purchase property or services using small purchase methods. Non-Federal entities adopt small purchase procedures in order to expedite the purchase of items costing less than the simplified acquisition threshold. The simplified acquisition threshold is set by the Federal Acquisition Regulation at 48 C.F.R. Subpart 2.1 (Definitions) and in accordance with 41 U.S.C. § 1908. Currently, the simplified acquisition threshold is $250,000.

**subaward.** Subaward means an award provided by a pass-through entity to a subrecipient for the subrecipient to carry out part of a Federal award received by the pass-through entity. It does not include payments to a contractor or payments to an individual that is a beneficiary of a Federal program. A subaward may be provided through any form of legal agreement, including an agreement that the pass-through entity considers a contract.

**subrecipient.** Subrecipient means a non-Federal entity that receives a subaward from a pass-through entity to carry out part of a Federal program; but does not include an individual that is a beneficiary of such program. A subrecipient may also be a recipient of other Federal awards directly from a Federal awarding agency.

**supplanting.** COPS Office award funds may not be used to supplant (replace) state, local, or Bureau of Indian Affairs (BIA) funds that would be made available in the absence of federal COPS Office award funding. Program funds must be used to increase the amount of state, local, or BIA funds otherwise budgeted for the award purposes, plus any additional state, local, or BIA funds budgeted for these purposes.

**supplies.** Supplies means all tangible personal property other than those described under equipment. A computing device is a supply if the acquisition cost is less than the lesser of the capitalization level established by the non-Federal entity for financial statement purposes or $5,000, regardless of the length of its useful life.

COPS-AR-0226

**System for Award Management (SAM).** Institutions applying for any type of award from the Federal Government must register with SAM. The SAM database is the repository for standard information about federal financial assistance applicants, recipients, and sub-recipients. Applicants must update or renew their SAM at least once per year to maintain an active status. Information about registration procedures can be accessed at **www.sam.gov**.

**training.** The COPS Office defines training as the teaching and learning activities carried out for the primary purpose of helping members of an organization acquire and apply the knowledge, skills, abilities, and attitudes needed by a particular job or organization. Training is driven by specific goals and objectives; it is not a single event but rather an ongoing process that requires continuous self-reflection and evaluation. Guides, webinars, articles, conference presentations, tool kits, podcasts, videos, blogs, and newsfeeds (to provide a few examples) can serve as support material in trainings or as standalone materials to increase knowledge, but on their own are not defined as training by the COPS Office.

**Unique Entity Identifier (UEI).** Identifier assigned by the System for Award Management (SAM) to all entities (public and private companies, individuals, institutions, or organizations) who register to do business with the Federal Government.

COPS-AR-0227