HEATHER FERBERT, City Attorney
JEAN JORDAN, Assistant City Attorney
JULIE RAU, Deputy City Attorney
California State Bar No. 317658
JENNIFER M. MARTIN, Deputy City Attorney
California State Bar No. 322048
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Plaintiff CITY OF SAN DIEGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; and CITY OF TUCSON,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her Official Capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity, | Case No. 3:25-cv-09277-JD<br><br>**SUPPLEMENTAL DECLARATION OF KYLE MEAUX IN SUPPORT OF PLAINTIFF CITY OF SAN DIEGO'S MOTION FOR SUMMARY JUDGMENT** |

## DECLARATION OF KYLE MEAUX

I, Kyle Meaux, declare as follows:

1.    I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would testify competently to the matters set forth below.

2.    I am the Assistant Director for the San Diego Police Department's Chief's Office. My duties include overseeing, managing, and directing the operations of the Finance Division within the San Diego Police Department (SDPD). This includes Information Technology, Fiscal, Grants, and Payroll Units. I have been employed with SDPD since 2007.

3. In my role as Assistant Director, I am responsible for overseeing the Department's grants management, including the administration of federal grant awards from the U.S. Department of Justice, Office of Community Oriented Policing Services ("COPS Office").

4. I previously submitted a sworn declaration in this matter, dated November 13, 2025, in support of Plaintiffs' motion for a preliminary injunction. Everything I said in that declaration remains true, including the critical role that COPS program funding plays in ensuring that SDPD can continue to hire and retain qualified officers and implement essential training programs.

5. In my prior declaration, I discussed the two federal grants SDPD received from the COPS Office on October 10, 2025: (a) the SDPD Hiring Grant Award for $750,000 to hire and/or rehire additional career law enforcement officers in support of SDPD's community policing capacity and the Community and Youth Services Division; and (b) the SDPD Safer Outcomes Grant Award for $500,000 to implement a virtual reality training system for de-escalation, crisis intervention, mental health crisis response, and disability awareness training. As I discussed in my prior declaration, SDPD faces a staffing shortfall of approximately 200 officers and relies on significant overtime to meet the public safety needs of the City. If SDPD were unable to accept or use these funds, there are no alternative funds in place to cover these expenses, and the City would be forced to re-evaluate current projects and divert funds from other critical resources.

6. I understand that on January 21, 2026, the Court issued a preliminary injunction enjoining certain conditions in SDPD's COPS grant awards. Because of the injunction, the City has been able to accept the SDPD Hiring Grant Award and the SDPD Safer Outcomes Grant Award without the enjoined challenged conditions.

7. With respect to the Hiring Grant, the Community and Youth Services Division is in the process of identifying two new hires that will be partially funded

Dec. of Kyle Meaux ISO Plaintiffs' Mtn. for Summary Judgment                    3:25-cv-09277-JD

by the grant for the upcoming police academy class, which begins on April 27, 2026. SDPD will repeat this process for the three-year grant period. With respect to the Safer Outcomes Grant, SDPD has identified a vendor for the hardware and software and the virtual reality training system for training the trainer course. The Department is currently setting up accounting with the Department of Finance, and the Department anticipates the contract to be completed in the later months of 2026.

8.    If the injunction were lifted and SDPD were required to forego its COPS grant awards, the Department would face the same profound challenges described in my prior declaration. The City continues to experience significant budgetary difficulties. There are no alternative funds in place to cover the $750,000 Hiring Grant or the $500,000 Safer Outcomes Grant. SDPD would likely have to re-evaluate current projects and force command leaders to make difficult decisions about whether to divert funds from other critical resources or lose these valuable programs. Loss of the Hiring Grant funds would impair SDPD's ability to address its approximately 200-officer staffing shortfall and to scale the Community and Youth Services Division. Loss of the Safer Outcomes Grant funds would directly harm SDPD's ability to provide the ongoing de-escalation and crisis response training necessary to stay current with best practices. The alternative—to forego these programs—would create significant stress on City staff and would have potential negative public safety consequences for San Diego.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April ___15___, 2026 in San Diego, California.

_____
Kyle Meaux