DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
KARUN A. TILAK, SBN 323939
JESSE E. LANIER, SBN 303395
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4223
Facsimile: (415) 437-4644
E-Mail:  Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF TUCSON; and CITY OF SAN DIEGO,<br><br>        Plaintiffs,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her Official Capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity,<br><br>        Defendants. | Case No. 25-cv-09277-JD<br><br>**DECLARATION OF MONICA PRIETO IN SUPPORT OF PLAINTIFF'S MOTION FOR _____**<br><br>Date Filed:        April __, 2026<br>Trial Date:        None Set |

DECL. OF CHIEF MONICA PRIETO;                    1
CASE NO. 25-CV-09277

## DECLARATION OF MONICA PRIETO

I, Monica Prieto, declare as follows

1.      I am a resident of the State of Arizona. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters set forth below.

2.      I have been a sworn officer in the Tucson Police Department ("TPD" or "Department") since 1999. In February 2026, I was promoted to Chief of Police. I served as the Deputy Chief of Police for three years prior to my appointment as Chief. I have completed executive education at the Police Executive Research Forum's Senior Management Institute for Police and am a graduate of Northwestern University's Center for Public Safety, School of Police Staff and Command. During my service, I have worked in patrol, investigations, and street crime plainclothes assignments.

3.      TPD is the municipal law enforcement agency with primary law enforcement authority for the public safety of approximately 550,000 residents and thousands of visitors in the City of Tucson ("Tucson").

4.      Chad Kasmar, my predecessor Chief of Police, previously submitted a sworn declaration in this matter, dated November 12, 2025, in support of Plaintiffs' motion for a preliminary injunction. I have reviewed that declaration carefully. Everything that former Chief Kasmar said in that declaration remains true, including the duties of the Chief of Police, the Department, the City of Tucson, and the critical role that federal funding from the Department of Justice plays in ensuring that TPD can continue to hire and retain qualified officers.

5.      In his declaration, former Chief Kasmar discussed TPD's staffing challenges, the importance of the Department's $175,000 FY25 COPS Microgrant (the "Recruitment Microgrant"), and the Department's plan to use that grant to fund expanded TPD recruiting efforts.

6.      I understand that on January 21, 2026, the court issued a preliminary injunction enjoining certain conditions in TPD's COPS Recruitment Microgrant. Because of the injunction, TPD was able to accept the award. This funding is critical to advancing TPD's ability to develop and sustain effective recruiting pipelines aimed at achieving a fully staffed, trained, and diverse police force.

DECL. OF CHIEF MONICA PRIETO;                    2
CASE NO. 25-CV-09277

7.    The funds are intended to expand recruitment outreach through travel to key target markets across the United States, including university and military base career fairs, where TPD can engage with large candidate pools. In addition, the funding supports an expanded digital and online advertising presence through social media, television, and radio, allowing TPD to broaden its reach and visibility. A portion of the funds is also designated for a customer relationship management (CRM) system to enhance communication with applicants, track candidate progress through the hiring pipeline, and ensure consistent, high-quality engagement throughout the process.

8.    The ability to fully utilize these funds as intended is essential to strengthening TPD's recruitment capacity, and keeping the injunction in place would allow the Department to maximize the impact of this investment on building a qualified and diverse workforce. To date the Tucson Police Department has spent $8,129 - sending personnel to recruit at Luke Air Force Base near Phoenix, Arizona and for customer relations management software. The remaining funds will be used for travel to future recruitment events, advertising and printed materials.

9.    If the injunction were lifted and TPD were required to forego its Recruitment Microgrant award, the Department would continue to face the same profound challenges described in former Chief Kasmar's declaration, with one less important tool to try to address them.  Tucson continues to experience significant budgetary difficulties, and it would be difficult for TPD to fund its expanded recruitment efforts and internal talent pipelines without the assistance of the Recruitment Microgrant. TPD would either have to forgo those efforts, decreasing its ability to recruit and retain qualified individuals who are able to enhance TPD's cooperative relationship with our diverse community—which is more important now than ever—or reallocate dollars away from other important services.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April __14__, 2026 at Tucson, Arizona.

_____
Monica Prieto

DECL. OF CHIEF MONICA PRIETO;                    3
CASE NO. 25-CV-09277