DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
KARUN A. TILAK, SBN 323939
JESSE E. LANIER, SBN 303395
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 554-4223
Facsimile: (415) 437-4644
E-Mail:  Jesse.Lanier@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF TUCSON; and CITY OF SAN DIEGO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her Official Capacity; OFFICE OF COMMUNITY ORIENTED POLICING SERVICES; and CORY D. RANDOLPH, in his official capacity,<br><br>    Defendants. | Case No. 25-cv-09277-JD<br><br>**SUPPLEMENTAL DECLARATION OF SHERIFF ROBERT JONSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date Filed:    October 28, 2025<br>Trial Date:    None Set |

**DECLARATION OF SHERIFF ROBERT JONSEN**

I, Robert Jonsen, declare:

1.    I am a resident of the State of California, and I am over the age of 18 years.  I make this supplemental declaration in support of Plaintiffs' motion for summary judgment.  I am competent to testify as to the matters in this declaration, and I make it based on my personal knowledge, as well as my review of relevant business records.

2.    I am the Sheriff for the County of Santa Clara ("Santa Clara").  I was elected to this position by the voters of Santa Clara County in the November 2022 general election, and I assumed office in December 2022 when Santa Clara's Board of Supervisors appointed me to fill the remainder of my predecessor's term after her departure from office.

3.    Before I was elected Sheriff, I served as the Chief of Police for the City of Palo Alto Police Department from 2018 to 2022.  Prior to that, I also served as the Chief of Police for the City of Menlo Park Police Department.  I began my career in law enforcement in 1986 with the County of Los Angeles Sheriff's Department, where I served for 27 years in numerous roles, eventually rising to the rank of Captain.  In total, my career in law enforcement service spans about 40 years.

4.    I have devoted my career to public service and protection.  As a law enforcement officer, I believe that my fundamental duty is to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all people to liberty, equality, and justice.  This statement of my values appears prominently on the website for the County of Santa Clara's Office of the Sheriff ("Sheriff's Office"), and I believe in it wholeheartedly.

5.    I also care deeply about fostering integrity and compassion in my field.  I am a certified instructor for Compassion Cultivation Training, a program developed at Stanford University, and I graduated as a trained mindfulness facilitator from the Semel Institute for Neuroscience and Human Behavior at the University of California, Los Angeles.  I have brought mindfulness and compassion training to the employees of the agencies I have led, including the Sheriff's Office.  I have witnessed firsthand the profound effects that a focus on compassion and mindfulness can have for public safety personnel and their interactions with the communities they serve.

SUPP. DECL. OF SHERIFF ROBERT JONSEN;                2
CASE NO. 25-CV-09277

6. As my background reflects, I am committed to building and sustaining positive relationships between the community and the law enforcement officers under my command. I often say that "respect-based policing" is the cornerstone of my philosophy.

7. I previously submitted in this matter a sworn declaration dated November 3, 2025, in support of Plaintiffs' motion for a preliminary injunction. Other than minor changes (set forth in paragraph 9 below) to the distribution of grant funds across projects, everything I said in that declaration remains true as of the date of this declaration, including about the critical role that mental health programs supported by the Law Enforcement Mental Health and Wellness Act Program ("Mental Health Grant") Award will play in ensuring staff wellness, engagement, and retention.

8. In my prior declaration, I discussed (1) recent events and data reflecting that mental wellness is an acutely important issue for Sheriff's Office staff; (2) related challenges of understaffing and retention; and (3) three programs—a secular chaplaincy program, a Courageous Hearts training program, and a pilot wellness-check program—that my Office planned to support with the Mental Health Grant Award.

9. I understand that on January 21, 2026, the court issued a preliminary injunction enjoining the federal government from applying certain conditions to the County through the Sheriff's Office's Mental Health Grant Award. Because of the injunction, the Sheriff's Office has been able to accept the Mental Health Grant Award and has begun to implement project plans for this grant. A contract for the secular chaplaincy program is in process, with an estimated $37,000 budgeted for this year and another $37,000 budgeted for next year, so that a part-time law enforcement chaplain can provide confidential counseling, referrals, critical-incident response, and non-denominational spiritual care. A contract for the pilot wellness-check program is also in process, with the goal of providing 300 thirty-minute sessions to law enforcement staff at a rate of $150 per session with a licensed therapist. My Office is working on a contract for the Courageous Heart training program, which will provide six training sessions and materials for up to 550 individuals, including high-risk Sheriff's Office personnel—like those working in or exposed to Special Weapons and Tactics, sex crimes, and in-custody mental health services—as well as key stakeholders from Santa Clara's District Attorney's Office and Probation Department; the estimated cost of this project is $100 per individual. And the

SUPP. DECL. OF SHERIFF ROBERT JONSEN;    3
CASE NO. 25-CV-09277

remaining $26,000 will be devoted to shorter-term wellness projects, likely related to peer support and burnout prevention.

10.    If the injunction were lifted and the Sheriff's Office were required to forgo its Mental Health Grant Award, the Office would face the same profound challenges described in my prior declaration.  Santa Clara continues to experience significant budgetary difficulties, and it would be challenging for the Office to find $200,000 to support its mental health programming.  To close the gap, the Office would have to either reallocate money from other services—including possibly public safety services—or discontinue absolutely critical programming it has now initiated for staff to cope with the high-stress nature of their work protecting community safety and caring for individuals housed in the County jails.  Either choice is untenable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 15, 2026, at San José, California.

_____
ROBERT JONSEN

SUPP. DECL. OF SHERIFF ROBERT JONSEN;          4
CASE NO. 25-CV-09277