CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7224
Facsimile: (415) 436-6748
jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>　　　　Defendants. | Case No. 3:25-cv-09277-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: August 20, 2026<br>Time: 10:00 a.m.<br><br>The Honorable James Donato |

I.      **Introduction**

As Defendants noted in their opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment (ECF No. 59, "Cross-MSJ"), many of the arguments in these summary judgment proceedings have been presented to the Court previously. *Id.* at 5. Accordingly, in the interest of judicial efficiency, Defendants rest on—and expressly preserve—the merits arguments advanced in their Cross-MSJ.

In addition to the merits issues, Defendants note that to the extent the Court is inclined to issue any relief to Plaintiffs, that relief should be limited to vacatur and should not include an injunction. "The Supreme Court has cautioned that a district court vacating an agency action under the APA should not issue an injunction unless doing so would 'have [a] meaningful practical effect independent of its vacatur.'" *O.A. v. Trump*, 404 F. Supp. 3d 109, 153-54 (D.D.C. 2019) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561

U.S. 139, 165 (2010)).  Among other reasons, that is because "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto*, 561 U.S. at 165-66.  Accordingly, as long as "a less drastic remedy" is available—including "partial or complete vacatur" of the agency rule—"recourse to the additional and extraordinary relief of an injunction" is not just unnecessary, it is inappropriate. *Id.*  In fact, it is standard practice under the APA *to vacate* unlawful agency action—rather than to also issue additional, freestanding injunctive relief.  *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 (D.C. Cir. 2001) (noting that a party who "prevails on its APA claim . . . is entitled to relief under that statute, which normally will be a vacatur of the agency's order," and that the plaintiff in that case had "introduced a good deal of confusion by seeking an injunction").  Here, vacatur would provide Plaintiffs with complete relief, and an additional injunction is unnecessary.

Finally, Defendants briefly address one evidentiary issue; namely, that the Bondi and Blanche Memos are neither properly considered nor necessary to decide the legal issues in this case.  Plaintiffs postulate that "Defendants are evidently wary" of the Bondi and Blanche Memos and speculate that it is for that reason that Defendants object to the Court's consideration of those documents.  ECF No. 60 ("Opp.") at 1-2.  Plaintiffs misconstrue Defendants' objection—Defendants simply seek to define the proper scope of the Court's analysis of these legal claims and protect the record in this case.

## II.   The Bondi And Blanche Memos Are Irrelevant To Plaintiffs' Constitutional And *Ultra Vires* Claims

Plaintiffs first argue that the Court may consider the Bondi and Blanche Memos in its analysis of Plaintiffs' constitutional and *ultra vires* claims because the Court is not limited to the certified administrative record for those types of claims.  Opp. at 2-3.  But while the Opposition seeks to establish what materials—in the abstract—a court might consider in analyzing constitutional and *ultra vires* claims, the Opposition is silent about why, in this particular case, the Bondi and Blanche Memos are relevant to the Court's analysis of those constitutional claims in the first place.  Indeed, the operative First Amended Complaint makes two salient allegations.  First, that Plaintiffs "bring this lawsuit to challenge the imposition of the challenged Conditions on their COPS Grants."  ECF No. 17 ("FAC") ¶ 8.  And, second, that "*after* each of the Plaintiffs submitted their Applications" for the notice of funding opportunities ("NOFOs") at issue—NOFOs that indisputably already incorporated and "impos[e]d" the Challenged

Conditions—then-Attorney General Bondi issued the Bondi Memo. *Id.* ¶ 71 (emphasis added). Plaintiffs thus contend that the Challenged Conditions are facially invalid and that they were invalid from the moment Defendants required them in the NOFOs.

But rather than relying on extraneous materials like the Bondi and Blanch Memos, Plaintiffs' constitutional claims should be analyzed based on (1) the plain text of those Challenged Conditions and (2) Defendants' constitutional, statutory, and/or regulatory authority to require those conditions. Indeed, that is the clear thrust of Plaintiffs' own framing of their constitutional and *ultra vires* claims:

- "By imposing the Challenged Conditions on grant recipients, Defendants are unilaterally attaching new conditions to federal funding without constitutional authorization from Congress and in the absence of statutory authority to do so." FAC ¶ 116 (Count I, separation of powers claim).

- "[I]n contravention of the spending power, [the Challenged Conditions] are ambiguous, are not germane to the purposes of the statutes that authorize the COPS Grants, and require recipients to engage in actions that are themselves unconstitutional." *Id.* ¶ 123 (Count II, spending power claim).

- "Each of the Challenged Conditions is unconstitutionally vague." *Id.* ¶ 135 (Count II, violation of due process clause of the Fifth Amendment: unconstitutional vagueness claim).

- "No law or provision of the Constitution authorizes Defendants to impose extra-statutory conditions not authorized by Congress on congressionally appropriated funds. The Challenged Conditions are not authorized by any statute under which the COPS Grant exists, nor under any other statute, and are in fact contrary to the requirements of the COPS Statute." *Id.* ¶ 162 (Count VI, violation of the Administrative Procedure Act: excess of statutory authority claim).

Each of these legal questions can be answered by reference to the text of the Challenged Conditions and the underlying statutes, regulations, and constitutional provisions. In short, it is unnecessary for the Court to consider either the Bondi or Blanche Memos (both of which post-date the agency's imposition of the Challenged Conditions at issue) to resolve Plaintiffs' constitutional and/or *ultra vires* claims, and those memos are thus irrelevant to the Court's analysis of those legal claims.

## III.    The Court Should Not Consider The Bondi And Blanche Memos In Its Analysis Of The APA Claim

Plaintiffs next argue that the Bondi and Blanche Memos—although indisputably not part of the agency's certified administrative record—can also be considered in their fourth cause of action for purported violations of the Administrative Procedure Act ("APA").  Opp. at 3-4.  Not so.

Plaintiffs first inaccurately characterize the record and contend that "Defendants conceded in their preliminary injunction briefing and at the hearing that the final agency action at issue is the decision to include the Challenged Conditions in the grant awards" and that the "final agency action at issue is not, in other words, the issuance of any of the NOFOs[.]"  Opp. at 3 (citing ECF No. 49 at 10 n.5 and ECF No. 41 at 10:12-20); *see also id.* at 4 (stating that "Defendants have conceded [the grant awards] mark the final agency actions at issue").  But there is no such concession by Defendants in the record.  The preliminary injunction hearing transcript instead demonstrates that Defendants did not contest that there was a final agency action here—Defendants never "conceded" that the specific relevant agency action was the final grant awards (as opposed to the NOFOs).  *See* ECF No. 41 at 10:12-20.  That is important because the NOFOs, which incorporated the Challenged Conditions, clearly pre-dated the Bondi and Blanche Memos, and Defendants thus could not have considered the Bondi and Blanche Memos when they decided to incorporate the Challenged Conditions in the NOFOs.  *See* AR-0001, 0036, 0077, 0113; *see also Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (the "whole record" includes "all documents and materials directly or indirectly considered by agency decision-makers") (emphasis removed).  It would thus be improper for this Court to consider those later documents in connection with Plaintiffs' APA claim because "agency action must be examined by scrutinizing the administrative record at the time the agency made its decision."[1]  *Asarco, Inc. v. E.P.A.*, 616 F.2d 1153, 1159 (9th Cir. 1980); *Sw. Ctr. for Biological*

---

[1] Plaintiffs also argue that other materials in the certified administrative record post-date the NOFOs.  Opp. at 3 (citing AR228-537, 861-1010).  But Defendants elected to include the grant applications and grant awards in the administrative record for the sake of clarity and to make evidentiary citations more convenient for the parties and the Court.  By including those materials in the administrative record, Defendants were not suggesting, for example, that *these specific* Plaintiffs' grant applications where material to Defendants' prior decision to require *all* grant recipients to agree to the Challenged Conditions.  Plaintiffs also invoke certain supplemental materials that *Plaintiffs* asked Defendants to include in a supplemental administrative record.  *See* Opp. at 3; *see also* ECF No. 54 (Supplemental Administrative Record, including the DOJ Grants Financial Guide).  Defendants should not be penalized for working cooperatively with Plaintiffs in an effort to reduce burdens on the judiciary.

*Diversity v. U.S.F.S.*, 100 F.3d 1443, 1450 (9th Cir. 1996) ("Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision").

Finally, Plaintiffs argue that the Court can review the Bondi and Blanche Memos under the second exception to the general rule that review of an agency decision is limited to the administrative record that the agency compiles, *i.e.*, where "the agency has relied on documents not in the record." Opp. at 3-4 (quoting *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005)). Here, Plaintiffs speculate that it "is exceedingly unlikely, bordering on incredible, that Defendants did not consider these missives when deciding to include the Challenged Conditions in grant awards issued in October of the same year." Opp. at 4. But the fact that the Bondi and Blanche Memos are not included in the administrative record establishes that the agency *did not* rely on those documents when it decided to require the Challenged Conditions of *all* grant recipients by issuing the NOFOs. Nor is it clear what is "incredible" about this conclusion—the NOFOs were issued *months* before Plaintiffs received their grant awards, and those NOFOs all incorporated the Challenged Conditions. *See* AR-0001, 0036, 0077, 0113. There is thus nothing surprising, "exceedingly unlikely," or "bordering on incredible" (Opp. at 4) about the facts that the later grant awards also incorporated those Challenged Conditions and that the agency did not rely on the Bondi or Blanche Memos when it included those Challenged Conditions in the grant awards.

In short, the Court should decline Plaintiffs' invitation to expand the scope of its review in this case to irrelevant and improper documents, including the Bondi and Blanche Memos.

## IV.    Conclusion

For the foregoing reasons, as well as the reasons in Defendants' Cross-Motion, the Court should deny Plaintiffs' motion for summary judgment and grant Defendants' cross-motion for summary judgment.

DATED:  July 10, 2026                              Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Defendants